IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>MY PILLOW, INC., et al.<br><br>      Defendants. | Case No. 1:21-cv-00445-CJN<br>Judge Carl J. Nichols |

**MY PILLOW, INC.'S MOTION FOR MODIFICATION OF MEMORANDUM OPINION AND ORDER DATED AUGUST 11, 2021, TO INCLUDE CERTIFICATION OF CONTROLLING QUESTIONS OF LAW**

Pursuant to 28 U.S.C. § 1292(b), Defendant My Pillow, Inc. ("MyPillow") hereby moves the United States District Court for the District of Columbia for modification of the Court's Memorandum Opinion and Order of August 11, 2021 as follows:

1. Modification of the Court's Order dated August 11, 2021 (ECF #53) to add the following text at the end, as the final paragraph:

    Notwithstanding the Court's decision to deny the Motion to Dismiss filed by Defendant My Pillow, Inc. (ECF #30), the motion presents controlling questions of law as to which there is substantial ground for difference of opinion, with respect to the First Amendment issues presented, specifically,

    a. Whether a defamation complaint by "a public official against critics of [its] official conduct" must be dismissed at the pleading stage under *New York Times v. Sullivan* if the complaint (a) fails to allege any direct evidence of a statement or act that the defendant knew was false, and (b) relies only on circumstantial inferences to prove reckless disregard; and

  b. Whether, under *New York Times v. Sullivan,* a court may deny a motion to dismiss a defamation complaint by "a public official against critics of [its] official conduct" without taking judicial notice of material establishing a robust public debate on the issues set forth in the complaint.

Immediate appeal by My Pillow, Inc. from this order may materially advance the ultimate termination of the litigation by clarifying the degree to which defamation claims in this context should be dismissed at the pleadings stage. Accordingly, this Court concludes that an interlocutory appeal by My Pillow, Inc. of its order would be appropriate and useful, if the Court of Appeals in its discretion permits such an appeal.

2. Modification of the Court's Memorandum Opinion dated August 11, 2021 (ECF #54) to add the following text at the end, as the final paragraph:

Notwithstanding the foregoing, Defendant My Pillow, Inc.'s motion presents controlling questions of law as to which there is substantial ground for difference of opinion, with respect to the First Amendment issues presented, specifically,

  a. Whether a defamation complaint by "a public official against critics of [its] official conduct" must be dismissed at the pleading stage under *New York Times v. Sullivan* if the complaint (a) fails to allege any direct evidence of a statement or act that the defendant knew was false, and (b) relies only on circumstantial inferences to prove reckless disregard; and

  b. Whether, under *New York Times v. Sullivan,* a court may deny a motion to dismiss a defamation complaint by "a public official against critics of [its] official conduct" without taking judicial notice of material establishing a robust public debate on the issues set forth in the complaint.

Immediate appeal by My Pillow, Inc. from this order may materially advance the ultimate termination of the litigation by clarifying the degree to which defamation claims in this context should be dismissed at the pleadings stage. Accordingly,

this Court concludes that an interlocutory appeal by My Pillow, Inc. of its order would be appropriate and useful, if the Court of Appeals in its discretion permits such an appeal.

This Motion is based upon all the pleadings, files, records, and proceedings herein, including without limitation Defendant My Pillow, Inc.'s accompanying Memorandum in Support of Motion for Modification of Memorandum Opinion and Order Dated August 11, 2021 to Include Certification of Controlling Questions of Law.

DATED: August 24, 2021

**LEWIN & LEWIN, LLP**

By */s/ Nathan Lewin*
Nathan Lewin (D.C. Bar No. 38299)
888 17th Street NW
Fourth Floor
Washington, DC 20006
Telephone: (202) 828-1000
nat@lewinlewin.com

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (MN Bar No. 195042)*
Joseph A. Pull (D.C. Bar No. 982468)
Abraham S. Kaplan (MN Bar No. 399507)*
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com

* Admitted Pro Hac Vice

*Counsel for Defendant My Pillow, Inc.*