IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| US DOMINION, INC., et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:21-cv-00445 (CJN) |
| MY PILLOW, INC., et al., ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

Upon consideration of all the pleadings, files, records, and proceedings herein, and Defendant My Pillow, Inc.'s Motion for Modification of Memorandum Opinion and Order Dated August 11, 2021, to Include Certification of Controlling Questions of Law, the Court finds:

1. The Motion to Dismiss filed by Defendant My Pillow, Inc. (ECF #30) presents controlling questions of law as to which there is substantial ground for difference of opinion, and immediate appeal by My Pillow, Inc. from the Court's order denying the Motion to Dismiss (ECF #53) may materially advance the ultimate termination of this litigation.

2. The Motion to Dismiss presents questions of law as to which there is substantial ground for difference of opinion with respect to the First Amendment issues presented, including questions about the requirements of the "actual malice" element and about the Court's ability to take judicial notice of publications not referenced in the Complaint with regard to the "actual malice" element. Specifically, these questions are

    a. Whether a defamation complaint by "a public official against critics of [its] official conduct" must be dismissed at the pleading stage under *New York Times v. Sullivan* if the complaint (a) fails to allege any direct evidence of a statement or act that the defendant knew was false, and (b) relies only on circumstantial inferences to prove reckless disregard; and

    b. Whether, under *New York Times v. Sullivan,* a court may deny a motion to dismiss a defamation complaint by "a public official against critics of [its] official conduct" without taking judicial notice of material establishing a robust public debate on the issues set forth in the complaint.

3. These questions are controlling in this action, because different interpretations of these questions could require granting My Pillow, Inc.'s motion to dismiss.

4. Substantial ground for difference of opinion exists concerning the application of Supreme Court precedent and precedent within the Court of Appeals for the District of Columbia Circuit.

5. Immediate appeal by My Pillow, Inc. from this order may materially advance the ultimate termination of this litigation by clarifying the degree to which defamation claims in this context should be dismissed at the pleadings stage.

6. Accordingly, this Court agrees that an interlocutory appeal by My Pillow, Inc. of its order would be appropriate and useful, if the Court of Appeals in its discretion permits such an appeal.

For the foregoing reasons, it is hereby **ORDERED** that My Pillow, Inc.'s Motion for Modification of Memorandum Opinion and Order Dated August 11, 2021, to Include Certification of Controlling Questions of Law is granted. The Court's Order dated August 11, 2021 (ECF #53) is modified to add the following text at the end, as the final paragraph:

    Notwithstanding the Court's decision to deny the Motion to Dismiss filed by Defendant My Pillow, Inc. (ECF #30), the motion presents controlling questions

of law as to which there is substantial ground for difference of opinion, with respect to the First Amendment issues presented, specifically,

    a. Whether a defamation complaint by "a public official against critics of [its] official conduct" must be dismissed at the pleading stage under *New York Times v. Sullivan* if the complaint (a) fails to allege any direct evidence of a statement or act that the defendant knew was false, and (b) relies only on circumstantial inferences to prove reckless disregard; and

    b. Whether, under *New York Times v. Sullivan,* a court may deny a motion to dismiss a defamation complaint by "a public official against critics of [its] official conduct" without taking judicial notice of material establishing a robust public debate on the issues set forth in the complaint.

Immediate appeal by My Pillow, Inc. from this order may materially advance the ultimate termination of the litigation by clarifying the degree to which defamation claims in this context should be dismissed at the pleadings stage. Accordingly, this Court concludes that an interlocutory appeal by My Pillow, Inc. of its order would be appropriate and useful, if the Court of Appeals in its discretion permits such an appeal.

The Court's Memorandum Opinion dated August 11, 2021 (ECF #54) is modified to add the following text at the end, as the final paragraph:

Notwithstanding the foregoing, Defendant My Pillow, Inc.'s motion presents controlling questions of law as to which there is substantial ground for difference of opinion, with respect to the First Amendment issues presented, specifically,

    a. Whether a defamation complaint by "a public official against critics of [its] official conduct" must be dismissed at the pleading stage under *New York Times v. Sullivan* if the complaint (a) fails to allege any direct evidence of a statement or act that the defendant knew was false, and (b) relies only on circumstantial inferences to prove reckless disregard; and

    b. Whether, under *New York Times v. Sullivan,* a court may deny a motion to dismiss a defamation complaint by "a public official against critics of [its] official conduct" without taking judicial notice of material establishing a robust public debate on the issues set forth in the complaint.

Immediate appeal by My Pillow, Inc. from this order may materially advance the ultimate termination of the litigation by clarifying the degree to which defamation claims in this context should be dismissed at the pleadings stage. Accordingly, this Court concludes that an interlocutory appeal by My Pillow, Inc. of its order would be appropriate and useful, if the Court of Appeals in its discretion permits such an appeal.

DATE: _____       _____, 2021
    CARL J. NICHOLS
    United States District Judge