# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.* ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Cause No. 1:21-cv-00445-CJN |
| ) | Judge Carl J. Nichols |
| MY PILLOW, INC., and ) | |
| MICHAEL J. LINDELL, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MICHAEL J. LINDELL'S NOTICE OF JOINDER IN DEFENDANT MY PILLOW, INC.'S, MOTION FOR MODIFICATION OF MEMORANDUM OPINION AND ORDER DATED AUGUST 11, 2021, TO INCLUDE CERTIFICATION OF CONTROLLING QUESTIONS OF LAW**

PLEASE TAKE NOTICE that Defendant Michael J. Lindell ("Mr. Lindell") joins in and adopts Defendant My Pillow, Inc.'s ("MyPillow"), Motion for Modification of Memorandum Opinion and Order Dated August 11, 2021, to Include Certification of Controlling Questions of Law (the "Motion") (ECF No. 58) as to all arguments and authorities by reference for all purposes, as if fully set forth at length in this Notice, because (a) the Court's ruling (ECF Nos. 53-54) on both MyPillow's motion to dismiss (ECF No. 30) and Mr. Lindell's motion to dismiss (ECF No. 34) was based on the same statements made by Mr. Lindell that the Court imputed to MyPillow and (b) the questions and arguments contained in the Motion directly affect Mr. Lindell's rights and remedies under the law.

The First Amendment is under attack as lawfare is waged against citizens who criticize how their government conducts elections. Dominion performs an essential governmental function (voting operations) and is therefore a public official under well-settled case law. Dominion has attempted to silence Mr. Lindell (and others including

established news organizations) through cease-and-desist letters and billion–dollar defamation lawsuits after Mr. Lindell, a "citizen critic," made comments concerning evidence that electronic voting machines manufactured by Dominion and others were hacked during the November 2020 general election. A robust public debate regarding the November 2020 general election is essential to the functioning of our Republic. This case raises fundamental questions regarding the First Amendment's "actual malice" boundaries under *New York Times v. Sullivan*, 376 U.S. 254 (1964), where a plaintiff is a public official who was responsible for performing governmental functions fundamental to democracy.

Accordingly, Mr. Lindell respectfully prays the Court:

(a) Grant the Motion (ECF No. 58);

(b) Revise the Order (ECF No. 53) as requested by the Motion, with the addition that an interlocutory appeal by Mr. Lindell of the Order would be appropriate and useful, if the Court of Appeals in its discretion permits such an appeal; and

(c) Revise the Memorandum Opinion (ECF No. 54) as requested by the Motion, with the addition that an interlocutory appeal by Mr. Lindell of the Order would be appropriate and useful, if the Court of Appeals in its discretion permits such an appeal

Dated: August 25, 2021                    Respectfully submitted,

*/s/ Douglas A. Daniels*
Douglas A. Daniels
D.C. Bar No. TX0205
Heath A. Novosad
D.C. Bar No. TX0207
DANIELS & TREDENNICK PLLC
6363 Woodway Dr., Suite 700
Houston, TX 77057-1759
(713) 917-0024 Telephone
(713) 917-0026 Facsimile
Email: doug.daniels@dtlawyers.com
Email: heath.novosad@dtlawyers.com

>Earl N. "Trey" Mayfield, III
>D.C. Bar No. 459998
>JURIS DAY, PLLC
>10521 Judicial Drive, Suite 200
>Fairfax, Virginia 22030
>Telephone: (703) 268-5600
>tmayfield@jurisday.com
>
>*Counsel for Defendant Michael J. Lindell*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties of record through the Court's CM ECF system on August 25, 2021.

>/s/ *Douglas A. Daniels*
>Douglas A. Daniels