# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| US DOMINION, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-00445-CJN |
| | ) | Judge Carl J. Nichols |
| v. | ) | |
| | ) | |
| MY PILLOW, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MY PILLOW, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR MODIFICATION OF MEMORANDUM OPINION AND ORDER DATED AUGUST 11, 2021, TO INCLUDE CERTIFICATION OF CONTROLLING QUESTIONS OF LAW

**LEWIN & LEWIN, LLP**
Nathan Lewin (D.C. Bar No. 38299)
888 17th Street NW
Fourth Floor
Washington, DC 20006
Telephone: (202) 828-1000
nat@lewinlewin.com

*Counsel for Defendant My Pillow, Inc.*

Alan Dershowitz (MA Bar No. 121200)
1575 Massachusetts Avenue
Cambridge, MA 02138

*Of Counsel for Defendant My Pillow, Inc.*

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker (MN Bar No. 195042)*
Joseph A. Pull (D.C. Bar No. 982468)
Ryan P. Malone (MN Bar No. 0395795)*
Abraham S. Kaplan (MN Bar No. 399507)*
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
parker@parkerdk.com
pull@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com

* Admitted Pro Hac Vice

*Counsel for Defendant My Pillow, Inc.*

# TABLE OF CONTENTS

TABLE OF CONTENTS ...........................................................................................i

TABLE OF AUTHORITIES ...................................................................................ii

I.   JUDGE KETANJI BROWN JACKSON CERTIFIED FOR
     INTERLOCUTORY REVIEW THRESHOLD RULINGS APPROVING
     EXTENDED LITIGATION ..............................................................................2

II.  INTERLOCUTORY REVIEW IS APPROPRIATE UNDER 28 U.S.C. §
     1292(B) ..............................................................................................................3

     A.   MyPillow Presents Controlling Questions of Law ...............................4

     B.   Dominion Misstates the Second Question of Law ................................6

     C.   Dominion's "Public Official" Status Is a Third Controlling Question
          of Law ....................................................................................................8

     D.   Interlocutory Review Would "Materially Advance the Disposition of
          the Litigation" .......................................................................................9

CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Arpaio v. Zucker*, 414 F. Supp. 3d 84 (D.D.C. 2019) ............................................5

*Azima v. RAK Investment Authority*, 325 F. Supp.3d 30 (D.D.C. 2018)....................3

*Barrientos v. Corecivic, Inc.,* 951 F.3d 1269 (11th Cir. 2020) ...........................9

*Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583 (1st Cir. 1980) ...............5

*Fairbanks v. Roller*, 314 F.Supp.3d 85 (D.D.C. 2018) ......................................7

*Farah v. Esquire Magazine, Inc.*, 863 F. Supp.2d 29 (D.D.C. 2012) ................................7

*Government of Guam v. United States*, 2019 WL 1003606 (D.D.C. 2019)......................2

*Government of Guam v. United States*, 950 F.3d 104 (D.C. Cir. 2020)..........................2, 3

*Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657 (1989) ...................5

*Hutchinson v. Proxmire*, 443 U.S. 111 (1979)....................................................5

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 2 F.4th 1199 (9th Cir. 2021)..................................................9

*Int'l Soc. for Krishna Consciousness, Inc. v. Air Canada*, 727 F.2d 253 (2d Cir. 1984) ... 4

*Kahl v. Bureau of National Affairs*, 2015 WL 13546450 (D.D.C. 2015) .........................2

*Kahl v. Bureau of National Affairs, Inc.,* 856 F.3d 106 (D.C. Cir. 2017).....................2, 3

*Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235 (D.D.C. 2003)....................4

*Mamani v. Berzain*, 825 F.3d 1304 (11th Cir. 2016) ...........................................4

*McFarlane v. Sheridan Sq. Press, Inc.*, 91 F.3d 1501 (D.C. Cir. 1996) ...........................7

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) .......................................3

*Molock v. Whole Foods Mkt. Grp., Inc.*, 317 F. Supp. 3d 1 (D.D.C. 2018)..............4, 6, 10

*Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150 (D.D.C. 2018)....................................................................................4

*New York Times v. Sullivan*, 376 U.S. 254 (1964) ....................................passim

*S.B.L. By & Through T.B. v. Evans*, 80 F.3d 307 (8th Cir. 1996)......................................4

*Tah v. Glob. Witness Publ'g, Inc*., 991 F.3d 231 (D.C. Cir. 2021) ...............................5, 7

*Tavoulareas v. Piro*, 817 F.2d 762 (D.C. Cir. 1987)...................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ..................................8

*Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996).......................................9

## Statutes

28 U.S.C. § 1292(b)..................................................................................passim

## Rules

12(b)(6)..................................................................................................7

My Pillow, Inc. ("MyPillow") asks this Court to take a modest step that would enable the Court of Appeals to consider, as a matter of law, whether the long and expensive proceeding that will necessarily follow this Court's denial of MyPillow's Motion to Dismiss is constitutionally permissible. Indeed, the protections of the First Amendment could be rendered meaningless if Dominion's defamation action based on statements about the integrity of the election process is allowed to proceed against Mike Lindell and MyPillow based on nothing other than Dominion's one-sided allegations. The chilling effect of litigation under such a standard is antithetical to the fundamental right under our Constitution to speak out on matters of public concern.

If this Court enters a certification finding, the Court of Appeals will then be able to decide under the procedure prescribed by 28 U.S.C. § 1292(b) – before full briefing and argument on an appeal – whether to permit an appeal to proceed. Dominion's 18-page Opposition to MyPillow's Motion may then be presented to the Court of Appeals for its evaluation in deciding whether to accept the appeal, together with MyPillow's response. If the Court of Appeals agrees to hear the appeal and reverses this Court's order – as MyPillow contends it should – Dominion's lawsuit against MyPillow will be over. Hence, the overriding purpose of the statutory authorization of an interlocutory appeal will be fulfilled. Should the Court of Appeals agree with this Court's ruling, MyPillow's constitutional challenge to the proof that Dominion alleges will have been resolved.

The course MyPillow urges was followed on more than one occasion by District Judge Ketanji Brown Jackson before she became a member of the Court of Appeals. In rulings issued in 2015 and 2019, Judge Jackson asked the Court of Appeals to review

threshold decisions she had issued in favor of plaintiffs in litigation that would have been lengthy and complicated. In both instances, the Court of Appeals agreed to an interlocutory review of her rulings. MyPillow asks this Court to follow the precedent set by Judge Jackson.

## I.

## JUDGE KETANJI BROWN JACKSON CERTIFIED FOR INTERLOCUTORY REVIEW THRESHOLD RULINGS APPROVING EXTENDED LITIGATION

MyPillow's Motion cites at pages 3-4 the certification made by Judge Jackson in *Kahl v. Bureau of National Affairs, Inc.,* 856 F.3d 106 (D.C. Cir. 2017). Judge Jackson's opinion explaining why she certified her ruling for interlocutory appeal is *Kahl v. Bureau of National Affairs*, 2015 WL 13546450 (D.D.C. 2015). MyPillow cites and relies principally on that precedent in its Motion because *Kahl* turned on the application of the constitutional "actual malice" standard under *New York Times v. Sullivan*, 376 U.S. 254 (1964), just as this case does.

But that was not the only Section 1292(b) certification made by then-District Judge Jackson. In February 2019, Judge Jackson certified for interlocutory appeal an order she had entered in September 2018 denying a motion to dismiss a complaint filed by the Government of Guam. *Government of Guam v. United States*, 2019 WL 1003606 (D.D.C. 2019). The Court of Appeals agreed to hear the interlocutory appeal, as it had done in the *Kahl* case. The Court reversed Judge Jackson's decision and remanded "with instructions to dismiss the complaint." *Government of Guam v. United States*, 950 F.3d 104, 118 (D.C. Cir. 2020).

2

Dominion acknowledges Judge Jackson's ruling in the *Kahl* case only in footnote 2 of its Opposition, where it disparages its precedential impact because it "involves the appeal of a summary judgment decision" rather than a ruling on a motion to dismiss. The *Government of Guam* case – in which Judge Jackson certified the ruling she had made for the plaintiff on a motion to dismiss – proves, however, that Judge Jackson accorded no significance to whether the certified ruling was on a motion to dismiss or on a motion for summary judgment.

At page 3 of its Opposition, Dominion cites Judge Jackson's opinion denying certification in *Azima v. RAK Investment Authority*, 325 F. Supp.3d 30 (D.D.C. 2018), but fails to note that she was considering whether to certify the denial of a motion to dismiss. It is plain from her opinions that the precise juncture of the litigation is not a factor in deciding whether to certify. In the *Azima* case she denied certification only because there was no "substantial ground for a difference of opinion" on the *forum non conveniens* claim that the defendant had asserted. *Id.* at 36-37.

## II.

### INTERLOCUTORY REVIEW IS APPROPRIATE UNDER 28 U.S.C. § 1292(b)

Dominion paints 28 U.S.C. § 1292(b) as a statute that should never or rarely be used. Opp. at 3-4 (ECF #72). The question before the Court, however, is not how often Section 1292(b) *should* be used, but whether it is appropriate *in this case*. Thus, in *Mohawk Indus., Inc. v. Carpenter*, cited by Dominion (Opp. at 3), the Supreme Court affirmed that "district courts should not hesitate to certify an interlocutory appeal" in appropriate circumstances. 558 U.S. 100, 111 (2009). This case presents appropriate circumstances, as many others

have. *Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150 (D.D.C. 2018); *Molock v. Whole Foods Mkt. Grp., Inc.*, 317 F. Supp. 3d 1 (D.D.C. 2018).

## A.    MyPillow Presents Controlling Questions of Law

Dominion argues that MyPillow has not identified any "pure questions of law" for appeal. Opp. at 4 (ECF #72). By denying MyPillow's Motion to Dismiss, this Court decided when, under the "actual malice" standard of *New York Times v. Sullivan,* a public official may be criticized in an ongoing public debate concerning the public issue of the accuracy of an election count. That plainly presents a question of law.

The cases Dominion cites on this point concern completely different kinds of issues than are presented here. *Mamani v. Berzain*, 825 F.3d 1304 (11th Cir. 2016), addresses wrongful-death claims under the Torture Victims Protection Act, Alien Tort Statute, and state law. *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003), is an unfair competition case. *S.B.L. By & Through T.B. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996), is a tort case concerning alleged sexual abuse by a teacher. *Int'l Soc. for Krishna Consciousness, Inc. v. Air Canada*, 727 F.2d 253, 256 (2d Cir. 1984), concerns whether an airport's actions constituted state action. None of these cases addresses the question of whether a defamation complaint's allegation of "actual malice" is constitutionally adequate. *Mamani*, in fact, characterizes a dispute between the parties concerning a "heightened knowledge standard" as a pure question of law, but the Eleventh Circuit declined to reach that question because it was not raised in the district court. 825 F.3d at

1313, n.4. In this case, the contours of the heightened standard of "actual malice" is a proper question of law for a Section 1292(b) appeal.[1]

Dominion acknowledges that a question of "actual malice" has been treated on at least two occasions in this Circuit as a proper basis for a Section 1292(b) appeal (Opp. at 5 (ECF #72)), but argues that an interlocutory appeal of a summary judgment order may be proper while the interlocutory appeal of an order denying a motion to dismiss is not. As MyPillow demonstrates *supra,* Judge Jackson saw no difference between the two.

Moreover, a critical reason for the "actual malice" requirement – to spare critics of official action protected by the First Amendment the expense of litigation – is undermined by allowing an appeal on these issues to wait. *See, e.g., New York Times v. Sullivan,* 376 U.S. 254, 279 (1964); *Tah v. Glob. Witness Publ'g, Inc*., 991 F.3d 231, 240 (D.C. Cir. 2021); *Arpaio v. Zucker*, 414 F. Supp. 3d 84, 92 (D.D.C. 2019) (district court refused to "pry open the gates of discovery" due to debatable issues). *See also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 589 (1st Cir. 1980) (Section 1292(b) appeal into

---

[1] The defamation cases Dominion cites also do not address what constitutes a "controlling question of law" for purposes of a Section 1292(b) appeal. *Tavoulareas v. Piro*, 817 F.2d 762 (D.C. Cir. 1987), does not mention Section 1292(b), and the D.C. Circuit in that case affirmed a trial court's *judgment notwithstanding the verdict* in favor of a defamation defendant because actual malice had not been proved. The Court of Appeals acknowledged its obligation to "exercise particularly careful review" and noted, "The Supreme Court and other courts have more often than not concluded that public figure libel plaintiffs failed to adduce evidence of sufficient clarity to convincingly support a jury finding of actual malice." *Id*. at 789. *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657 (1989), does not mention Section 1292(b) because it was decided on appeal from a jury verdict. *Hutchinson v. Proxmire*, 443 U.S. 111 (1979), does not mention Section 1292(b), and the Court found "actual malice" did not need to be shown because the plaintiff was not a public figure.

"detailed, fact-sensitive" and "particularized determinations" in addressing whether there was actual malice in a defamation lawsuit brought by a public figure).

Dominion's argument that no "controlling" question is presented for appeal (Opp. at 7-8 (ECF #72)) is particularly surprising. A "procedural determination that may significantly impact the action" is a controlling question. *Molock,* 317 F. Supp.3d at 4. The "actual malice" questions at issue here go to the heart of Dominion's claims. If the complaint fails to plead actual malice – an element of the claim – then it must be dismissed. If a ruling for MyPillow on either of the questions presented in MyPillow's Motion requires dismissal because Dominion failed to plead actual malice, this Court was wrong on a "controlling" question of law. The questions therefore have a "significant impact" on this lawsuit if the Court of Appeals disagrees with this Court's view.

## B.    Dominion Misstates the Second Question of Law

Dominion falsely asserts that in its Motion to Dismiss, MyPillow asked this Court to "accept the truth of statements in documents outside the pleadings." Opp. at 12 (ECF #72). MyPillow made no such request. MyPillow explicitly *disclaimed* any such request.

> MyPillow's motion does not, as Dominion charges, ask this Court to "accept the truth of statements in documents outside the pleadings" or "draw inferences and resolve factual disputes in Defendants' favor." . . . MyPillow's citations prove only an irrefutable fact – that voting machine integrity in the 2020 election is a widely and hotly debated topic. The Court need not address the truth of these reports to conclude that Lindell's statements were made during a broad and deep public debate.

Reply Mem. at 4 (ECF #49). *See also* My Pillow, Inc.'s Mem. in Supp. of Mot. for Modification of Mem. Op. at 8 (ECF #58-1) ("judicial notice of the public debate and

governmental investigations surrounding Dominion . . . . published materials showing the existence of the public debate").

MyPillow asks this Court to assess the validity of Dominion's "inherently implausible" argument to establish actual malice by considering not just the one-sided allegations in the complaint but also that there were many published statements on this subject, whether they were true or false. These public statements demonstrate that the allegedly defamatory statements cannot be deemed "inherently implausible," because they reflect huge differences of public opinion, and thus, as a matter of law, Dominion has not and cannot meet the "reckless person" standard.

Precedents relevant to Question Two are *Fairbanks v. Roller*, 314 F.Supp.3d 85 (D.D.C. 2018) (considering "news articles" that were "statements made on the internet" to show the existence of "ongoing public debate about whether the alt-right movement had turned the gesture into a hate symbol"); *Farah v. Esquire Magazine, Inc.*, 863 F. Supp.2d 29, 35 (D.D.C. 2012) (considering "Internet postings" to show "those statements were made . . . . and their written content"); *Tah*, 991 F.3d at 240 (plaintiff must show defendant actually "harbored subjective doubt" to establish actual malice); and *McFarlane v. Sheridan Sq. Press, Inc.*, 91 F.3d 1501, 1513-1514 (D.C. Cir. 1996) (government investigation of plaintiff can lead defendant to believe claims are true). The Supreme Court also stated that when a court determines whether a complaint specially pleads *scienter*, it must consider "the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular . . . matters of

which a court may take judicial notice" to determine whether the special pleading standard

has been met. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

Dominion cannot distinguish these cases, but admits that they stand for the

proposition that a court may take judicial notice of extra-pleading documents "to show that

those statements were made," Opp. at 13, n.5 (ECF #72). This is precisely the purpose for

which MyPillow asks the Court to take judicial notice. Dominion's Opposition does not

even attempt to address MyPillow's argument on its merits. Instead, Dominion misstates

the argument, attacks its straw man, and moves on.

**C.      Dominion's "Public Official" Status Is a Third Controlling Question of Law**

Dominion's Opposition unexpectedly adds a *third* question of law that is of great

significance and importance in the application of the constitutional rule of *New York Times

v. Sullivan* – the status of a private entity that engages, with the use of modern technological

devices, in the performance of official conduct that was historically carried out by

individuals who were "public officials." Although Paragraph 157 of its Complaint boasts

that elections in 28 states were "administered" by "using Dominion's tabulation devices to

count paper ballots," its Opposition says it is "simply false" to say that Dominion

administers elections and is subject to the same level of criticism that may constitutionally

be directed to individuals who used to "count paper ballots." In light of Dominion's

Opposition, the proper legal definition of a "public figure" in the application of *New York

Times v. Sullivan* is now another controlling question of law that calls for resolution by a

definitive decision of the Court of Appeals.

If an interlocutory appeal is certified by this Court and the Court of Appeals agrees to have the issues briefed and argued, the grounds for a potential reversal of this Court's ruling are not limited by the issues presented in the certification. If the District Court's denial of a motion to dismiss is certified, the parties and the Court of Appeals may consider and decide all issues that relate to the validity of the denial of the Motion to Dismiss. The Supreme Court squarely and unconditionally held in an opinion by Justice Ginsburg (responding to a question that the Court had initiated) that in a Section 1292(b) interlocutory appeal, "the appellate court may address any issue fairly included within the certified order because 'it is the *order* that is appealable, and not the controlling question identified by the district court.'" *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (emphasis original). *See also Barrientos v. Corecivic, Inc.,* 951 F.3d 1269, 1275 (11th Cir. 2020); *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 2 F.4th 1199, 1203 (9th Cir. 2021) ("We review an order denying summary judgment *de novo.*"). Whether Dominion should be deemed a "public official" in ruling on a motion to dismiss based on *New York Times v. Sullivan* will be an issue of law for the Court of Appeals to decide, even if it is not one of the certified questions.

### D.   Interlocutory Review Would "Materially Advance the Disposition of the Litigation"

Dominion contends that an interlocutory appeal would not materially advance the termination of the litigation. Opp. at 14-16 (ECF #72). This is demonstrably wrong. If Dominion's complaint failed to plead actual malice – an essential element of Dominion's

claim – then the complaint must be dismissed. That would materially advance the termination of the litigation.

The remote possibility that Dominion could remedy its omission with an Amended Complaint does not affect the Section 1292(b) standard. "To satisfy this element a movant need not show that a reversal on appeal would actually end the litigation. Instead, the relevant inquiry is whether reversal would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense." *Molock*, 317 F. Supp.3d at 6-7 (certifying appeal "given the potential of avoiding burdensome discovery costs and conserving judicial resources in the event of a reversal"). In the unlikely event that Dominion could amend its lengthy and detailed complaint to meet the "actual malice" standard, the Court of Appeals' decision would surely guide and streamline discovery.

## CONCLUSION

For the foregoing reasons, this Court should modify its Memorandum Opinion and Order to include conclusions authorizing an interlocutory appeal

DATED:  September 28, 2021      **LEWIN & LEWIN, LLP**

By */s/ Nathan Lewin*
    Nathan Lewin (D.C. Bar No. 38299)
    888 17th Street NW
    Fourth Floor
    Washington, DC 20006
    Telephone: (202) 828-1000
    nat@lewinlewin.com

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (MN Bar No. 195042)*
    Joseph A. Pull (D.C. Bar No. 982468)
    Ryan P. Malone (MN Bar No. 0395795)*
    Abraham S. Kaplan (MN Bar No. 399507)*
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com
    pull@parkerdk.com
    malone@parkerdk.com
    kaplan@parkerdk.com

    * Admitted Pro Hac Vice

    *Counsel for Defendant My Pillow, Inc.*