

October 1, 2021

<u>**VIA EMAL**</u>
Stephen Shackelford, Jr., Esq.
SShackelford@susmangodfrey.com
Laranda Walker, Esq.
LWalker@susmangodfrey.com
Katie Sammons, Esq.
KSAMMONS@SusmanGodfrey.com

RE:     ***US Dominion, Inc., et al. v. My Pillow, Inc., et al.***
***Court File No.: 1:21-cv-00445-CJN***

Dear Counsel:

This letter responds to the emails between counsel regarding MyPillow's purported obligation to Answer and the timing of a meet and confer to set a discovery schedule. Copies of those emails are attached as Exhibits A and B.

**<u>Answer</u>**

You have asserted  that MyPillow's failure to file an Answer to Dominion's Complaint on September 24 is "not permitted under the rules" and that if we do not file an Answer "within 7 days," you will consider our clients "to be in default."

MyPillow and Mr. Lindell each filed, on September 23 and 24, 2021, respectively, a "Notice in Lieu of Filing Answer," setting forth the reason why no Answer was filed by either defendant on September 24. (Doc Nos. 74 & 75). That reason will endure until there is a resolution of the current appeal processes filed by MyPillow and Mr. Lindell.

(1)     Both MyPillow and Mr. Lindell filed Motions for certification under 28 U.S.C. 1292(b) of an interlocutory appeal of the denial of their Motions To Dismiss. (Doc Nos. 58 & 59). Judge Nichols entered an order prescribing dates for the filing of an Opposition to the Motions and for the defendants' Replies to the Opposition. (Minute Order, September 2, 2021). While Judge Nichols has the Motions for Certification, the Opposition, and the Replies under advisement, the Notices correctly recite that it would be premature for MyPillow to file an Answer.

ANDREW D. PARKER

CHRISTOPHER M. DANIELS

JESSE H. KIBORT

RUSSELL M. "MICK" SPENCE

ELIZABETH S. WRIGHT

ALEC J. BECK

LORI A. JOHNSON

JOSEPH A. PULL

RYAN P. MALONE

JORDON A. GREENLEE

ABRAHAM S. KAPLAN

JUSTIN S. BOSCHWITZ

FREDERICK C. BROWN
   OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



The Notices declare that notwithstanding this prematurity, MyPillow and Mr. Lindell "will file an Answer if" Judge Nichols so orders. Consequently, Dominion cannot seriously claim that MyPillow is "in default" if they fail to file an Answer "within 7 days". The case law is clear, "[f]or default judgment, defendant must be considered a totally unresponsive party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotations omitted). *See also Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc.,* 900 F. Supp. 507, 511 (D.D.C. 1995), supplemented, 923 F. Supp. 4 (D.D.C. 1996) ("default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party").

(2)      Both My Pillow and Mr. Lindell also filed on September 9, 2021, Notices of Appeal under 28 U.S.C. 1291. (Doc Nos. 64 & 66). The Notices of Appeal state that the District Court's denial of their Motions To Dismiss are "collateral orders" that are immediately appealable under 28 U.S.C. 1291. The Court of Appeals has docketed the appeal and set an appellate schedule.

Ms. Walker's email of September 30, 2021, cites two cases to support her conclusion, stated  in a footnote to Dominion's Opposition to MyPillow's Motion for Certification, that an immediate appeal is "frivolous." The cases cited are inapposite.

The majority opinion in *New York Times v. Sullivan,* 376 U.S. 254 (1964), described the First Amendment right that the decision secured as a "***privilege*** for criticism of official conduct," "the ***privilege*** for the citizen-critic of government," and other related privilege. 376 U.S. at 282 & n. 21 (emphasis added). The opinion recognized this "privilege" as "a fair equivalent of the ***immunity*** granted to the officials themselves." 376 U.S. at 283 (emphasis added). The denial of a motion to dismiss a defamation lawsuit abridging this "privilege" and "immunity" is the legal equivalent of a denial of absolute or qualified immunity, which is immediately appealable under 28 U.S.C. 1291.

The Notices of Appeal filed by MyPillow and Mr. Lindell cited, in addition to the landmark Supreme Court opinion in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), two cases that recognized immediate appellate jurisdiction over otherwise early interlocutory rulings rejecting immunity defenses. The Supreme Court's decision in *Mitchell v. Forsyth*, 472 U.S. 511, 524-530 (1985), and the decision of the United States Court of Appeals for the District of Columbia Circuit in *Meredith v. Federal Mine Safety and Health Review Commission*, 177 F.3d 1042, 1048-1052 (D.C. Cir. 1999), both support immediate appellate jurisdiction over a "collateral order" denying the privilege and immunity recognized in *New York Times v. Sullivan*.



October 1, 2021
Page 3

There is, therefore, no substance to the repeated declarations made that an appeal in this case at this juncture is "frivolous." Dominion's cited cases do not concern appeals of district-court denials of absolute or qualified immunity and do not address the basis for MyPillow's 1291 appeal.

**Meet and Confer**

Finally, Dominion's suggestion that MyPillow join "a group to discuss discovery coordination and a joint scheduling order" is oblivious of the different procedural stages of our case compared to the other cases. Although Judge Nichols considered the cases together for the purpose of the Motions To Dismiss, only MyPillow and Mr. Lindell are seeking immediate appellate review pursuant to *New York Times v. Sullivan.* While the MyPillow lawsuit is on appeal certain other cases have not yet even filed a responsive pleading, while other cases have fully Answered.

Only in *Dominion v. Giuliani* was there a "Joint Meet and Confer Report" which Judge Nichols reviewed. Following this review, Judge Nichols ordered an "updated Joint Meet and Confer Report" after the "parties in all related cases have had the opportunity to discuss a Joint Scheduling Order." MyPillow has not had an opportunity to present its position to the Court regarding consolidated discovery. No order has been issued in the *Dominion v. MyPillow* lawsuit requiring a meet and confer or consolidating the schedule for discovery. It is not the appropriate time for a meet and confer that includes MyPillow and we do not believe that Judge Nichols has ordered that in this case. My Pillow will take the opportunity to discuss these matters and present its opposition to consolidation should it still be required once the appeal process is completed.

Again, we suggest that we jointly request a status conference with the Court to provide our positions on these issues and get the court's direction regarding the disputed matters. Please advise if you wish to proceed with such a request.

Sincerely,

*/s/ Andrew D. Parker*

Andrew D. Parker

ADP/jlt
Enclosures

# EXHIBIT A

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Sent:** Tuesday, September 28, 2021 11:52 AM
**To:** Andrew Parker <parker@parkerdk.com>; Douglas A. Daniels <doug.daniels@dtlawyers.com>
**Cc:** Stephen Shackelford <SShackelford@susmangodfrey.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Davida Brook <DBrook@susmangodfrey.com>; Tom Clare <tom@clarelocke.com>; Megan Meier <megan@clarelocke.com>; Bill Dunseth <bdunseth@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>; Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Florence Chen <FChen@susmangodfrey.com>
**Subject:** Dominion v. MyPillow, et al: Defendants' Answer

Andrew and Doug:

MyPillow and Mr. Lindell failed to answer Dominion's complaint on September 24.  This is not permitted under the rules.  Please file an answer within 7 days, or we will consider your clients to be in default.

In the meantime, we will include you on separate email correspondence with counsel for Mr. Giuliani and Ms. Powell where, in accordance with Judge Nichol's September 27 order in the *Giuliani* case (attached), we are trying to convene a group to discuss discovery coordination and a joint scheduling order.

Thanks,
Laranda

**Laranda Moffett Walker**
**Susman Godfrey LLP**
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK**
Office:  713.653.7842
Mobile:  225.485.4533

Susman Godfrey 2019 Year in Review

1

Exhibit A-1

**From:** Andrew Parker
**Sent:** Wednesday, September 29, 2021 9:56 AM
**To:** Laranda Walker <LWalker@susmangodfrey.com>; Douglas A. Daniels <doug.daniels@dtlawyers.com>
**Cc:** Stephen Shackelford <SShackelford@susmangodfrey.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Davida Brook <DBrook@susmangodfrey.com>; Tom Clare <tom@clarelocke.com>; Megan Meier <megan@clarelocke.com>; Bill Dunseth <bdunseth@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>; Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Florence Chen <FChen@susmangodfrey.com>
**Subject:** RE: Dominion v. MyPillow, et al: Defendants' Answer

Laranda,

This is in response to your email below sent yesterday. As indicated in our Notice in lieu of Answer, no Answer was filed in this case because the matter is on appeal to the DC Circuit Court of Appeals (Circuit Case No. 21-7103, Doc. #1914267) which affects the entirety of this case and an Answer is not appropriate at this time.   The matter has been docketed at the Court of Appeals and an order setting a schedule has been issued by the Court of Appeals. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Price v. Dunn*, 139 S. Ct. 1533, 1537, 204 L. Ed. 2d 238, 242, 2019 U.S. LEXIS 3401, *10 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U. S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982)).  *See also Bombardier Corp. v. Amtrak,* 2002 U.S. App. LEXIS 25858, *2, 2002 WL 31818924. There has been no ruling which would revest jurisdiction in the District Court.

Your assertion that MyPillow is, or in  seven days will be, in default is specious.  MyPillow has and continues to defend against the claims in this case.  Rule 55 provides that a default judgment is appropriate when a defendant "has failed to plead or otherwise defend…"  Fed. R. Civ. P. 55(a).  MyPillow has briefed and presented oral argument on a motion to dismiss and has sought an appeal to the D.C. Circuit Court of Appeals and has filed a Notice in lieu of Answer with the District Court.  Any suggestion that MyPillow has failed to plead or defend against Dominion's lawsuit is inaccurate and improper.  No Answer to the complaint is required at this time.  Neither your demand nor directive changes that.  We are certainly not waiving our right to Answer, if necessary, at the appropriate time.

Thank you, Andrew Parker



ANDREW D. PARKER
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

Confidentiality Notice: This email transmission and its attachments, if any, are confidential and intended only for the use of particular persons and entities. They also may be attorney work product and/or protected by the attorney-client privilege or other privileges. Delivery to someone other

Exhibit A-2

than the intended recipient(s) shall not be deemed to waive any privilege. Review, distribution, storage, transmittal or other use of the email and any attachment by an unintended recipient is expressly prohibited. If you are not the named addressee (or its agent) or this email has been addressed to you in error, please immediately notify the sender by reply email and permanently delete the email and its attachments.

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Sent:** Thursday, September 30, 2021 10:34 AM
**To:** Douglas A. Daniels <doug.daniels@dtlawyers.com>; Andrew Parker <parker@parkerdk.com>
**Cc:** Stephen Shackelford <SShackelford@susmangodfrey.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Davida Brook <DBrook@susmangodfrey.com>; Tom Clare <tom@clarelocke.com>; Megan Meier <megan@clarelocke.com>; Bill Dunseth <bdunseth@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>; Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Florence Chen <FChen@susmangodfrey.com>; Heath A. Novosad <heath@dtlawyers.com>
**Subject:** Re: Dominion v. MyPillow, et al: Defendants' Answer

Andrew and Doug,

Thank you for your emails. We disagree with your assertion that the District Court lacks jurisdiction. A notice of appeal from a nonappealable order—in this case, Judge Nichol's order denying Defendants' motions to dismiss—does not deprive the district court of jurisdiction. *See, e.g., Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 75 (D.D.C. 2010) ("[I]t is well-settled that neither a denial of a motion for summary judgment nor a denial of a motion to dismiss are considered 'final orders' that are appealable under § 1291."); *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 315 F. Supp. 2d 63, 66 (D.D.C. 2004) ("It is settled that a notice of appeal from an unappealable order does not divest the district court of jurisdiction."). Notwithstanding your clients' refusal to participate, we will meet and confer with counsel for the *Giuliani* and *Powell* defendants and work towards a joint scheduling order, as instructed by Judge Nichols, without your input.  If we reach agreement, we will ask the Court to enter the scheduling order in all three cases.

Thanks,
Laranda

1

# EXHIBIT B

**From:** Stephen Shackelford <SShackelford@susmangodfrey.com>
**Sent:** Thursday, September 16, 2021 12:24 PM
**To:** Howard Kleinhendler <howard@kleinhendler.com>; Jesse Binnall <jesse@binnall.com>; Lawrence J. Joseph <ljoseph@larryjoseph.com>; Abraham Kaplan <kaplan@parkerdk.com>; Andrew Parker <parker@parkerdk.com>; Douglas A. Daniels <doug.daniels@dtlawyers.com>; Earl N. Mayfield, III <tmayfield@jurisday.com>; Elizabeth Wright <wright@parkerdk.com>; Greg Arenson <arenson@parkerdk.com>; Heath Novosad <heath.novosad@dtlawyers.com>; Joe Pull <Pull@parkerdk.com>; Nathan Lewin <nat@lewinlewin.com>; Ryan Malone <Malone@parkerdk.com>
**Cc:** Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>; Clare Locke Dominion Team <dominion@clarelocke.com>; Joe Sibley <sibley@camarasibley.com>
**Subject:** Dominion cases - discovery plan and scheduling

Counsel—the Court has ordered Dominion and Mr. Giuliani to file a discovery plan and proposed schedule under LR 16.3(d) by tomorrow, September 17. We have been meeting and conferring with Mr. Sibley, and we have determined that we should include you all in these discussions, to coordinate discovery among these three cases. Please let us know your availability to meet and confer on a discovery plan and schedule next week. Thanks.

--Stephen

Exhibit B-1

**From:** Andrew Parker <parker@parkerdk.com>
**Sent:** Friday, September 17, 2021 4:26 PM
**To:** Stephen Shackelford <SShackelford@susmangodfrey.com>; Howard Kleinhendler <howard@kleinhendler.com>; Jesse Binnall <jesse@binnall.com>; Lawrence J. Joseph <ljoseph@larryjoseph.com>; Abraham Kaplan <kaplan@parkerdk.com>; Douglas A. Daniels <doug.daniels@dtlawyers.com>; Earl N. Mayfield, III <tmayfield@jurisday.com>; Heath Novosad <heath.novosad@dtlawyers.com>; Joe Pull <Pull@parkerdk.com>; Nathan Lewin <nat@lewinlewin.com>; Ryan Malone <Malone@parkerdk.com>
**Cc:** Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>; Clare Locke Dominion Team <dominion@clarelocke.com>; Joe Sibley <sibley@camarasibley.com>
**Subject:** RE: Dominion cases - discovery plan and scheduling

Stephen,

In light of our appeal to the DC Circuit Court of Appeals, My Pillow does not intend to coordinate a discovery schedule in the underlying case at this time.
Beyond that, My Pillow reserves all rights.

Thank you, ADP



ANDREW D. PARKER
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

Confidentiality Notice: This email transmission and its attachments, if any, are confidential and intended only for the use of particular persons and entities. They also may be attorney work product and/or protected by the attorney-client privilege or other privileges. Delivery to someone other than the intended recipient(s) shall not be deemed to waive any privilege. Review, distribution, storage, transmittal or other use of the email and any attachment by an unintended recipient is expressly prohibited. If you are not the named addressee (or its agent) or this email has been addressed to you in error, please immediately notify the sender by reply email and permanently delete the email and its attachments.

Exhibit B-2

**From:** Stephen Shackelford <SShackelford@susmangodfrey.com>
**Sent:** Tuesday, September 28, 2021 12:30 PM
**To:** Howard Kleinhendler <howard@kleinhendler.com>; Jesse Binnall <jesse@binnall.com>; Lawrence J. Joseph <ljoseph@larryjoseph.com>; Abraham Kaplan <kaplan@parkerdk.com>; Andrew Parker <parker@parkerdk.com>; Douglas A. Daniels <doug.daniels@dtlawyers.com>; Earl N. Mayfield, III <tmayfield@jurisday.com>; Elizabeth Wright <wright@parkerdk.com>; Greg Arenson <arenson@parkerdk.com>; Heath Novosad <heath.novosad@dtlawyers.com>; Joe Pull <Pull@parkerdk.com>; Nathan Lewin <nat@lewinlewin.com>; Ryan Malone <Malone@parkerdk.com>
**Cc:** Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>; Clare Locke Dominion Team <dominion@clarelocke.com>; Joe Sibley <sibley@camarasibley.com>
**Subject:** RE: Dominion cases - discovery plan and scheduling

Hello all—can counsel for the Powell Defendants, Mr. Lindell, MyPillow, and Mr. Giuliani all please let us know your availability next week for the meet and confer discussed below? Attached is the latest order from Judge Nichols, which he issued in the *Giuliani* litigation, and which clearly indicates he expects us all to confer about a joint scheduling order. Please let us know days and time windows that work, so we can coordinate it. Thanks.

--Stephen

Exhibit B-3

**From:** Andrew Parker <parker@parkerdk.com>
**Sent:** Wednesday, September 29, 2021 2:52 PM
**To:** Douglas A. Daniels <doug.daniels@dtlawyers.com>; Stephen Shackelford <SShackelford@susmangodfrey.com>; Howard Kleinhendler <howard@kleinhendler.com>; Jesse Binnall <jesse@binnall.com>; Lawrence J. Joseph <ljoseph@larryjoseph.com>; Abraham Kaplan <kaplan@parkerdk.com>; Earl N. Mayfield, III <tmayfield@jurisday.com>; Heath A. Novosad <heath@dtlawyers.com>; Joe Pull <Pull@parkerdk.com>; Nathan Lewin <nat@lewinlewin.com>; Ryan Malone <Malone@parkerdk.com>
**Cc:** Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>; Clare Locke Dominion Team <dominion@clarelocke.com>; Joe Sibley <sibley@camarasibley.com>
**Subject:** RE: Dominion cases - discovery plan and scheduling


Stephen,

Thank you for your email below sent yesterday afternoon.  The chain also includes your email from September 16 on the same subject.  I have attached my response to your email of September 16 for ease of reference.  MyPillow's position remains the same.  In light of the appeal status of this case, proceeding to a discovery schedule at this time is premature.  Jurisdiction in this case is currently at the Court of Appeals.

MyPillow has not and does not agree to consolidate Dominion's lawsuit against MyPillow with Dominion's lawsuits against Giuliani, Powell, Byrne, and/or One America News, so it will not be productive to discuss a joint scheduling order during a conference with those parties, particularly since the My Pillow lawsuit is currently on appeal while the other cases are not.  We will certainly follow an applicable court order to the contrary and will present argument on these issues, if necessary, at the appropriate time. As you note in your email, the order to meet and confer was issued in the *Giuliani* litigation, to which MyPillow is not a party.

Without waiving any jurisdictional issue, if you wish to jointly request a status conference with Judge Nichols to discuss these and related issues, please let me know.

Andrew




ANDREW D. PARKER
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100


1

Exhibit B-4

Confidentiality Notice: This email transmission and its attachments, if any, are confidential and intended only for the use of particular persons and entities. They also may be attorney work product and/or protected by the attorney-client privilege or other privileges. Delivery to someone other than the intended recipient(s) shall not be deemed to waive any privilege. Review, distribution, storage, transmittal or other use of the email and any attachment by an unintended recipient is expressly prohibited. If you are not the named addressee (or its agent) or this email has been addressed to you in error, please immediately notify the sender by reply email and permanently delete the email and its attachments.

**From:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>
**Sent:** Thursday, September 30, 2021 10:29 AM
**To:** Jesse Binnall <jesse@binnall.com>; Lawrence J. Joseph <ljoseph@larryjoseph.com>; Abraham Kaplan <kaplan@parkerdk.com>; Andrew Parker <parker@parkerdk.com>; Douglas A. Daniels <doug.daniels@dtlawyers.com>; Earl N. Mayfield, III <tmayfield@jurisday.com>; Elizabeth Wright <wright@parkerdk.com>; Greg Arenson <arenson@parkerdk.com>; heath.novosad@dtlawyers.com; Joe Pull <Pull@parkerdk.com>; Nathan Lewin <nat@lewinlewin.com>; Ryan Malone <Malone@parkerdk.com>; Joseph D. Sibley IV <sibley@camarasibley.com>
**Cc:** Stephen Shackelford <SShackelford@susmangodfrey.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Laranda Walker <LWalker@susmangodfrey.com>; Florence Chen <FChen@susmangodfrey.com>; Dominion ClareLocke <dominion@clarelocke.com>
**Subject:** Dominion Cases--Discovery Plan and Scheduling

Based on the responses we've received, we suggest convening by zoom at 4:00 p.m. eastern on Thursday, October 7 to discuss the Joint Discovery Plan.  We're happy to send a zoom invite to anyone who plans to participate.  Just let us know who to send it to.  Thanks.

Katie Sammons I Partner I **Susman Godfrey LLP**
o 713.653.7864 I c 713.515.0745
ksammons@susmangodfrey.com

**Houston I New York I Los Angeles I Seattle**

This communication may contain confidential or privileged information.
If you have received this email in error, please destroy it.

1

Exhibit B-5