

Douglas A. Daniels
6363 Woodway Drive, Suite 700
Houston, TX 77057
(713) 917-0024 Office
(713) 917-0026 Fax
doug.daniels@dtlawyers.com

October 1, 2021

<u>Via Email</u>
Stephen Shackelford, Jr., Esq.
SShackelford@susmangodfrey.com
Laranda Walker, Esq.
LWalker@susmangodfrey.com
Katie Sammons, Esq.
KSAMMONS@SusmanGodfrey.com

    Re: *US Dominion, Inc., et al. v. My Pillow, Inc., et al.*; Cause No. 1:21-cv-00445-CJN

Counsel:

  This letter responds to the emails between counsel regarding Mr. Lindell's purported obligation to Answer and the timing of a meet and confer to set a discovery schedule. Copies of those emails are attached.

  **<u>Answer</u>**

  You have asserted that Mr. Lindell's failure to file an Answer to Dominion's Complaint on September 24 is "not permitted under the rules" and that if we do not file an Answer "within 7 days" you will consider our clients "to be in default."

  MyPillow and Mr. Lindell each filed, on September 23 and 24, 2021, respectively, a "Notice in Lieu of Filing Answer" setting forth the reason why no Answer was filed by either defendant on September 24. (Docs. 74 & 75). That reason will endure until there is a resolution of the current appeal processes filed by MyPillow and Mr. Lindell.

  Both MyPillow and Mr. Lindell filed Motions for certification under 28 U.S.C. 1292(b) for an interlocutory appeal of the denial of their Motions To Dismiss. (Docs. 58 & 59). Judge Nichols entered orders prescribing dates for the filing of an Opposition to the Motions and for the defendants' replies to the Opposition. (September 2, 2021 Minute Order). While Judge Nichols



October 1, 2021
Page 2

has the Motions for Certification, the Opposition, and the Replies under advisement, the Notices correctly recite that it would be premature for MyPillow and Mr. Lindell to file an Answer.

The Notices declare that notwithstanding this prematurity, MyPillow and Mr. Lindell "will file an Answer if" Judge Nichols so orders. Consequently, Dominion cannot seriously claim that MyPillow and Mr. Lindell are "in default" if they fail to file an Answer "within 7 days." The case law is clear, "[f]or default judgment, defendant must be considered a totally unresponsive party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotations omitted). A default judgment is appropriate when a party exhibits a lack of good faith or a showing of a willful disregard or contempt of the process of the court. *Manos v. Fickenscher*, 62 A.2d 791, 793 (D.C. 1948); *see also Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc.*, 900 F. Supp. 507, 511 (D.D.C. 1995), supplemented, 923 F. Supp. 4 (D.D.C. 1996) ("default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party").

Both My Pillow and Mr. Lindell also filed on September 9, 2021, Notices of Appeal under 28 U.S.C. 1291 (Docs. 64 & 66). The Notices of Appeal stated that the District Court's denial of their Motions To Dismiss are "collateral orders" that are immediately appealable under 28 U.S.C. 1291. The Court of Appeals has docketed the appeal and set an appellate schedule.

Ms. Walker's email of September 30, 2021, cites two cases to support her conclusion, stated in a footnote to Dominion's Opposition to MyPillow's Motion for Certification, that an immediate appeal is "frivolous." The cases cited are inapposite.

The majority opinion in *New York Times v. Sullivan,* 376 U.S. 254 (1964), described the First Amendment right that the decision secured as a "***privilege*** for criticism of official conduct," "the ***privilege*** for the citizen-critic of government," and "the ***privilege*** immunizing honest misstatements of fact." 376 U.S. at 282 & n. 21 (emphasis added). The opinion recognized this "privilege" as "a fair equivalent of the ***immunity*** granted to the officials themselves." 376 U.S. at 283 (emphasis added). The denial of a motion to dismiss a defamation lawsuit abridging this "privilege" and "immunity" is the legal equivalent of a denial of absolute or qualified immunity, which is immediately appealable under 28 U.S.C. 1291.

The Notices of Appeal filed by MyPillow and Mr. Lindell cited, in addition to the landmark Supreme Court opinion in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), two cases that recognized immediate appellate jurisdiction over otherwise early interlocutory rulings rejecting immunity defenses. The Supreme Court's decision in *Mitchell v. Forsyth*, 472 U.S. 511, 524-530 (1985), and the decision of the United States Court of Appeals for the District of Columbia Circuit in *Meredith v. Federal Mine Safety and Health Review Commission*, 177 F.3d 1042, 1048-1052 (D.C. Cir. 1999), both support immediate appellate jurisdiction over a "collateral order" denying the privilege and immunity recognized in *New York Times v. Sullivan*.



October 1, 2021
Page 3

There is, therefore, no substance to the repeated declarations made that an appeal in this case at this juncture is "frivolous." The cited cases do not concern appeals of district-court denials of absolute or qualified immunity and do not address the basis for Mr. Lindell's 28 U.S.C. 1291 appeal.

**Meet and Confer**

Finally, Dominion's suggestion that MyPillow and Mr. Lindell join "a group to discuss discovery coordination and a joint scheduling order" is oblivious of the different procedural stages of our case and the other cases. Although Judge Nichols considered the cases together for purpose of the Motions To Dismiss, only MyPillow and Mr. Lindell are seeking immediate appellate review pursuant to *New York Times v. Sullivan.* While the *MyPillow/Lindell* lawsuit is on appeal, certain other cases have not yet even filed a responsive pleading, while other cases have fully answered.

Only in *Dominion v. Giuliani* was there a "Joint Meet and Confer Report" which Judge Nichols reviewed. Following this review, Judge Nichols ordered an "updated Joint Meet and Confer Report" after the "parties in all related cases have had the opportunity to discuss a Joint Scheduling Order." Mr. Lindell has not had an opportunity to present his position to the Court regarding consolidated discovery and no order has been issued in the *Dominion v. MyPillow/Lindell* lawsuit requiring a meet and confer or consolidating the schedule for discovery. It is not the appropriate time for a meet and confer that includes Mr. Lindell and we do not believe that Judge Nichols has ordered that in this case. Mr. Lindell will take the opportunity to discuss these matters and present its opposition to consolidation should it still be required once the appeal process is completed.

We agree with MyPillow's suggestion that we jointly request a status conference with the court to provide our positions on these issues and get the court's direction regarding the disputed matters. Please advise if you agree to proceed with this request.

Very truly yours,

Daniels & Tredennick PLLC



Douglas A. Daniels

Enclosures

| | |
|---|---|
| **From:** | Douglas A. Daniels |
| **To:** | Stephen Shackelford; Howard Kleinhendler; Jesse Binnall; Lawrence J. Joseph; Abraham S. Kaplan; Andrew D. Parker; Earl N. Mayfield, III; Elizabeth S. Wright; Gregory Arenson; Heath A. Novosad; Joseph Alan Pull; Nathan Lewin; Ryan Malone |
| **Cc:** | Dominion ListserveSusmanGodfrey; Clare Locke Dominion Team; Joe Sibley |
| **Subject:** | Re: Dominion cases - discovery plan and scheduling |

Stephen,

We appreciate you reaching out regarding a joint scheduling order. Mr. Lindell will not be participating in such discussions, nor will he agree to any such order at this time.

Mr. Lindell does not agree to consolidation of the cases, and other than the fact that Dominion is a party to each of the actions, Mr. Lindell does not agree the cases are related. Any argument or insinuation otherwise is incorrect.

Mr. Lindell and MyPillow filed appeals under 28 U.S.C. §§ 1291 and 1292(b). As you know, this divests the Court of jurisdiction. Accordingly, all actions have been stayed pending resolution by the Court of Appeals. At the appropriate time, Mr. Lindell will brief the Court as to why consolidation is inappropriate. For the time being, however, such an argument is premature.

Regards,
-Doug

---

**From:** Stephen Shackelford <SShackelford@susmangodfrey.com>
**Date:** Tuesday, September 28, 2021 at 12:30 PM
**To:** Howard Kleinhendler <howard@kleinhendler.com>, Jesse Binnall <jesse@binnall.com>, "Lawrence J. Joseph" <ljoseph@larryjoseph.com>, "Abraham S. Kaplan" <kaplan@parkerdk.com>, "Andrew D. Parker" <parker@parkerdk.com>, Douglas Daniels <doug.daniels@dtlawyers.com>, "Earl N. Mayfield, III" <tmayfield@jurisday.com>, "Elizabeth S. Wright" <wright@parkerdk.com>, Gregory Arenson <arenson@parkerdk.com>, Heath Novosad <heath@dtlawyers.com>, Joseph Alan Pull <pull@parkerdk.com>, Nathan Lewin <nat@lewinlewin.com>, Ryan Malone <malone@parkerdk.com>
**Cc:** Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>, Clare Locke Dominion Team <dominion@clarelocke.com>, Joe Sibley <sibley@camarasibley.com>
**Subject:** RE: Dominion cases - discovery plan and scheduling

CAUTION: EXTERNAL EMAIL

Hello all—can counsel for the Powell Defendants, Mr. Lindell, MyPillow, and Mr. Giuliani all please let us know your availability next week for the meet and confer discussed below? Attached is the latest order from Judge Nichols, which he issued in the *Giuliani* litigation, and which clearly indicates he expects us all to confer about a joint scheduling order. Please let us know days and time windows that work, so we can coordinate it. Thanks.

--Stephen

**From:** Howard Kleinhendler <howard@kleinhendler.com>
**Sent:** Thursday, September 16, 2021 10:30 PM
**To:** Stephen Shackelford <SShackelford@susmangodfrey.com>; Jesse Binnall <jesse@binnall.com>; Lawrence J. Joseph <ljoseph@larryjoseph.com>; Abraham S. Kaplan <kaplan@parkerdk.com>; Andrew D. Parker <parker@parkerdk.com>; Douglas A. Daniels <doug.daniels@dtlawyers.com>; Earl N. Mayfield, III <tmayfield@jurisday.com>; Elizabeth S. Wright <wright@parkerdk.com>; Gregory Arenson <arenson@parkerdk.com>; Heath Novosad <heath.novosad@dtlawyers.com>; Joseph Alan Pull <pull@parkerdk.com>; Nathan Lewin <nat@lewinlewin.com>; Ryan Malone <malone@parkerdk.com>
**Cc:** Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>; Clare Locke Dominion Team <dominion@clarelocke.com>; Joe Sibley <sibley@camarasibley.com>
**Subject:** RE: Dominion cases - discovery plan and scheduling

EXTERNAL Email

Stephen:

Thanks for your note below. We agree to coordinate discovery with Mr. Giuliani and the Lindell parties if they are amenable.

However, due to scheduling issues, we are unable to participate in a call until the week of October 4.

Howard Kleinhendler Esquire

369 Lexington Avenue, 12th Floor
New York, New York 10017
Office (917) 793-1188
Mobile (347) 840-2188
howard@kleinhendler.com
www.kleinhendler.com

**From:** Stephen Shackelford <SShackelford@susmangodfrey.com>
**Sent:** Thursday, September 16, 2021 1:24 PM
**To:** Howard Kleinhendler <howard@kleinhendler.com>; Jesse Binnall <jesse@binnall.com>; Lawrence J. Joseph <ljoseph@larryjoseph.com>; Abraham S. Kaplan <kaplan@parkerdk.com>;

Andrew D. Parker <parker@parkerdk.com>; Douglas A. Daniels <doug.daniels@dtlawyers.com>; Earl N. Mayfield, III <tmayfield@jurisday.com>; Elizabeth S. Wright <wright@parkerdk.com>; Gregory Arenson <arenson@parkerdk.com>; Heath Novosad <heath.novosad@dtlawyers.com>; Joseph Alan Pull <pull@parkerdk.com>; Nathan Lewin <nat@lewinlewin.com>; Ryan Malone <malone@parkerdk.com>
**Cc:** Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>; Clare Locke Dominion Team <dominion@clarelocke.com>; Joe Sibley <sibley@camarasibley.com>
**Subject:** Dominion cases - discovery plan and scheduling

Counsel—the Court has ordered Dominion and Mr. Giuliani to file a discovery plan and proposed schedule under LR 16.3(d) by tomorrow, September 17. We have been meeting and conferring with Mr. Sibley, and we have determined that we should include you all in these discussions, to coordinate discovery among these three cases. Please let us know your availability to meet and confer on a discovery plan and schedule next week. Thanks.

--Stephen

| | |
|---|---|
| **From:** | Douglas A. Daniels |
| **To:** | Laranda Walker; Andrew Parker |
| **Cc:** | Stephen Shackelford; Justin A. Nelson; Davida Brook; Tom Clare; Megan Meier; Bill Dunseth; Brooke Behrens; Katie Sammons; Florence Chen; Heath A. Novosad |
| **Subject:** | Re: Dominion v. MyPillow, et al: Defendants" Answer |
| **Date:** | Wednesday, September 29, 2021 11:23:43 AM |
| **Attachments:** | image100059.png<br>image902059.png<br>image742121.png<br>image382139.png<br>image492717.png<br>image661894.png |

Laranda,

I have your email below, along with Andy Parker's response earlier this morning on behalf of My Pillow. On behalf of Mike Lindell, we join in My Pillow's position in its entirety regarding the effect of our pending appeal on the District Court's jurisdiction, as well as the effect of Mr. Lindell's ongoing defense of the lawsuit, and are not waiving Mr. Lindell's right to file an answer, if necessary, at the appropriate time.

Regards,
-Doug


Douglas A. Daniels
Partner | Daniels & Tredennick PLLC
6363 Woodway Dr., Suite 700, Houston, Texas 77057
P: 713.917.0024 | C: 713.705.0690

**Attorneys licensed in**
**TX, AR, CA, CO, MN, MO, NE, NY, OK, D.C.**

**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Date:** Tuesday, September 28, 2021 at 11:52 AM
**To:** Andrew Parker <parker@parkerdk.com>, Douglas Daniels <doug.daniels@dtlawyers.com>
**Cc:** Stephen Shackelford <SShackelford@susmangodfrey.com>, "Justin A. Nelson" <jnelson@SusmanGodfrey.com>, Davida Brook <DBrook@susmangodfrey.com>, Tom Clare <tom@clarelocke.com>, Megan Meier <megan@clarelocke.com>, Bill Dunseth <bdunseth@susmangodfrey.com>, Brooke Behrens <BBehrens@susmangodfrey.com>, Katie Sammons <KSAMMONS@SusmanGodfrey.com>, Florence Chen <FChen@susmangodfrey.com>
**Subject:** Dominion v. MyPillow, et al: Defendants' Answer

> CAUTION: EXTERNAL EMAIL

Andrew and Doug:

MyPillow and Mr. Lindell failed to answer Dominion's complaint on September 24. This is not permitted under the rules. Please file an answer within 7 days, or we will consider your clients to be in default.

In the meantime, we will include you on separate email correspondence with counsel for Mr. Giuliani and Ms. Powell where, in accordance with Judge Nichol's September 27 order in the *Giuliani* case (attached), we are trying to convene a group to discuss discovery coordination and a joint scheduling order.

Thanks,
Laranda

**Laranda Moffett Walker**
**Susman Godfrey LLP**
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON** • **LOS ANGELES** • **SEATTLE** • **NEW YORK**
Office:  713.653.7842
Mobile:  225.485.4533

Susman Godfrey 2019 Year in Review

| | |
|---|---|
| **From:** | Laranda Walker |
| **To:** | Douglas A. Daniels; Andrew Parker |
| **Cc:** | Stephen Shackelford; Justin A. Nelson; Davida Brook; Tom Clare; Megan Meier; Bill Dunseth; Brooke Behrens; Katie Sammons; Florence Chen; Heath A. Novosad |
| **Subject:** | Re: Dominion v. MyPillow, et al: Defendants" Answer |
| **Date:** | Thursday, September 30, 2021 10:34:07 AM |
| **Attachments:** | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |

**CAUTION: EXTERNAL EMAIL**

Andrew and Doug,

Thank you for your emails. We disagree with your assertion that the District Court lacks jurisdiction. A notice of appeal from a nonappealable order—in this case, Judge Nichol's order denying Defendants' motions to dismiss—does not deprive the district court of jurisdiction. *See, e.g., Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 75 (D.D.C. 2010) ("[I]t is well-settled that neither a denial of a motion for summary judgment nor a denial of a motion to dismiss are considered 'final orders' that are appealable under § 1291."); *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 315 F. Supp. 2d 63, 66 (D.D.C. 2004) ("It is settled that a notice of appeal from an unappealable order does not divest the district court of jurisdiction."). Notwithstanding your clients' refusal to participate, we will meet and confer with counsel for the *Giuliani* and *Powell* defendants and work towards a joint scheduling order, as instructed by Judge Nichols, without your input. If we reach agreement, we will ask the Court to enter the scheduling order in all three cases.

Thanks,
Laranda

**From:** "Douglas A. Daniels" <doug.daniels@dtlawyers.com>
**Date:** Wednesday, September 29, 2021 at 11:24 AM
**To:** Laranda Walker <LWalker@susmangodfrey.com>, Andrew Parker <parker@parkerdk.com>
**Cc:** Stephen Shackelford <SShackelford@susmangodfrey.com>, Justin Nelson <jnelson@SusmanGodfrey.com>, Davida Brook <DBrook@susmangodfrey.com>, Tom Clare <tom@clarelocke.com>, Megan Meier <megan@clarelocke.com>, Bill Dunseth <bdunseth@susmangodfrey.com>, Brooke Behrens <BBehrens@susmangodfrey.com>, Katie

Sammons <KSAMMONS@SusmanGodfrey.com>, Florence Chen <FChen@susmangodfrey.com>, "Heath A. Novosad" <heath@dtlawyers.com>
**Subject:** Re: Dominion v. MyPillow, et al: Defendants' Answer

EXTERNAL Email

Laranda,

I have your email below, along with Andy Parker's response earlier this morning on behalf of My Pillow. On behalf of Mike Lindell, we join in My Pillow's position in its entirety regarding the effect of our pending appeal on the District Court's jurisdiction, as well as the effect of Mr. Lindell's ongoing defense of the lawsuit, and are not waiving Mr. Lindell's right to file an answer, if necessary, at the appropriate time.

Regards,
-Doug



Douglas A. Daniels
Partner | Daniels & Tredennick PLLC
6363 Woodway Dr., Suite 700, Houston, Texas 77057
P: 713.917.0024 | C: 713.705.0690

**Attorneys licensed in
TX, AR, CA, CO, MN, MO, NE, NY, OK, D.C.**



**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Date:** Tuesday, September 28, 2021 at 11:52 AM
**To:** Andrew Parker <parker@parkerdk.com>, Douglas Daniels <doug.daniels@dtlawyers.com>
**Cc:** Stephen Shackelford <SShackelford@susmangodfrey.com>, "Justin A. Nelson" <jnelson@SusmanGodfrey.com>, Davida Brook <DBrook@susmangodfrey.com>, Tom Clare <tom@clarelocke.com>, Megan Meier <megan@clarelocke.com>, Bill Dunseth <bdunseth@susmangodfrey.com>, Brooke Behrens <BBehrens@susmangodfrey.com>, Katie Sammons <KSAMMONS@SusmanGodfrey.com>, Florence Chen <FChen@susmangodfrey.com>
**Subject:** Dominion v. MyPillow, et al: Defendants' Answer

CAUTION: EXTERNAL EMAIL

Andrew and Doug:

MyPillow and Mr. Lindell failed to answer Dominion's complaint on September 24. This is not permitted under the rules. Please file an answer within 7 days, or we will consider your clients to be in default.

In the meantime, we will include you on separate email correspondence with counsel for Mr. Giuliani and Ms. Powell where, in accordance with Judge Nichol's September 27 order in the *Giuliani* case (attached), we are trying to convene a group to discuss discovery coordination and a joint scheduling order.

Thanks,
Laranda

**Laranda Moffett Walker**
**Susman Godfrey LLP**
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**
Office:  713.653.7842
Mobile:  225.485.4533

[Susman Godfrey 2019 Year in Review](#)

| From: | Katie Sammons |
|---|---|
| To: | Jesse Binnall; Lawrence J. Joseph; Abraham S. Kaplan; Andrew D. Parker; Douglas A. Daniels; Earl N. Mayfield, III; Elizabeth S. Wright; Gregory Arenson; Heath A. Novosad; Joseph Alan Pull; Nathan Lewin; Ryan Malone; Joseph D. Sibley IV |
| Cc: | Stephen Shackelford; Justin A. Nelson; Laranda Walker; Florence Chen; Dominion ClareLocke |
| Subject: | Dominion Cases--Discovery Plan and Scheduling |
| Date: | Thursday, September 30, 2021 10:28:50 AM |

**CAUTION: EXTERNAL EMAIL**

Based on the responses we've received, we suggest convening by zoom at 4:00 p.m. eastern on Thursday, October 7 to discuss the Joint Discovery Plan. We're happy to send a zoom invite to anyone who plans to participate. Just let us know who to send it to. Thanks.

Katie Sammons I Partner I **Susman Godfrey LLP**
o 713.653.7864 I c 713.515.0745
ksammons@susmangodfrey.com

**Houston** I **New York** I **Los Angeles** I **Seattle**

This communication may contain confidential or privileged information.
If you have received this email in error, please destroy it.