IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>MY PILLOW, INC., and MICHAEL J. LINDELL,<br><br>    Defendants. | Case No. 1:21-cv-00445-CJN |

### PLAINTIFFS' MOTION FOR STATUS CONFERENCE

Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Plaintiffs") respectfully move the Court for a status conference in order to seek guidance from the Court on whether (i) this Court currently has jurisdiction over Defendants and (ii) whether this case is consolidated for purposes of discovery with Plaintiffs and Defendants in the *Giuliani* and *Powell* cases (identified more specifically below). Plaintiffs contend that the answer to both questions is yes. Defendants maintain the answer is no.

On Thursday, October 7, 2021, Defendants filed a Motion for Status Conference. That motion and this one relate to the same issues. The following background explains the nature of the disputes.

1.

Defendants filed motions to dismiss Plaintiffs' complaint on April 19 and 22, 2021. (Dkt. 30, 34) On August 11, 2021, the Court issued an Order and Memorandum Opinion denying Defendants' motions to dismiss. (Dkt. 53, 54)

1

2.

On August 23, in response to an unopposed motion for extension of time, the Court ordered Defendants to answer or otherwise respond to Plaintiffs' complaint no later than September 24, 2021. (8/23/21 Minute Orders)

3.

On August 24, the day after the Court set the unopposed deadline for Defendants to answer, MyPillow moved the Court to modify its August 11, 2021 Order and Memorandum Opinion in order to certify two proposed questions for immediate appeal. (Dkt. 58) Lindell joined in MyPillow's motion on August 25. (Dkt. 59) Plaintiffs filed a memorandum in opposition to the motion on September 21 (Dkt. 72), and Defendants filed a reply memorandum on September 28 (Dkt. 76, 77). Defendants' motion for modification is pending.

4.

While briefing was proceeding on Defendants' motion for modification, on September 9 and 10, Defendants filed notices of appeal to the United States Court of Appeals for the District of Columbia Circuit regarding the Court's August 11 denial of their motions to dismiss. (Dkt. 64, 66) The notice of appeal was docketed in the Court of Appeals on September 15, at which time the appellate court set deadlines for the parties to submit various documents (including a November 1, 2021 deadline for the submission of dispositive motions) but ordered that briefing in the case be deferred pending further order of the court. (USCA Case No. 21-7103 c/w No. 21-7104, 9/15/21 Order, Document #1914267)

5.

On September 23 and 24, instead of complying with the Court's August 23 orders, Defendants each filed a Notice in Lieu of Filing Answer. (Dkt. 74, 75) In their notices, Defendants

informed the Court that, despite the Court's August 23 orders, they would not answer or otherwise respond to Plaintiffs' complaint until after this Court rules on the motion for modification (Dkt. 58) and the Court of Appeals takes further action on their notices of appeal (Dkt. 64, 66).

6.

On September 17, the parties in *US Dominion, Inc. et al v. Giuliani*, No. 1:21-cv-00213-CJN, submitted a Joint Meet and Confer Report pursuant to Local Civil Rule 16.3. (No. 1:21-cv-00213-CJN, Dkt. 40) In that report, Plaintiffs informed the Court that the *Giuliani* case was related to other matters pending before this Court, namely the instant case as well as *US Dominion, Inc. et al v. Powell et al*, No. 1:21-cv-00040-CJN. Plaintiffs suggested that, in the interest of judicial economy and minimizing the burden on third parties, discovery be consolidated among those matters and a uniform Scheduling Order be negotiated and entered. In response, this Court issued a Minute Order in *US Dominion, Inc. et al v. Giuliani*, No. 1:21-cv-00213-CJN, ordering the parties to submit an updated Joint Meet and Confer Report once the Parties in all related cases have had the opportunity to discuss a Joint Scheduling Order. (No. 1:21-cv-00213-CJN, 9/27/21 Minute Order) Three days later, on September 30, 2021, the Court entered a Minute Order in *US Dominion, Inc. et al v. Powell et al*, No. 1:21-cv-00040-CJN, ordering the parties to submit a Joint Meet and Confer Report once the Parties in all related cases have had the opportunity to discuss a Joint Scheduling Order. (No. 1:21-cv-00040-CJN, 9/30/21 Minute Order)

7.

In accordance with the Court's instruction, Plaintiffs' counsel reached out to Defendants' counsel and counsel for defendants in the *Giuliani* and *Powell* cases to schedule a meeting to discuss the terms of a Joint Scheduling Order. MyPillow's and Lindell's counsel refused to participate in a meeting; they asserted that their appeals divested the Court of jurisdiction and that

they do not agree that Judge Nichols's orders requiring coordination of discovery apply to this case. Plaintiffs' counsel and counsel for defendants in *Giuliani* and *Powell* met over Zoom on Thursday, October 7, 2021. After discussion, Plaintiffs and the *Giuliani* and *Powell* defendants agreed to briefly postpone discussions on a Joint Scheduling Order until this Court provides direction on whether it currently has jurisdiction over Defendants and whether they must participate. The parties were concerned that negotiating a schedule without Defendants would both violate the intention of the Court's previous orders and, to the extent the Court intended to include Defendants' cases in discovery coordination, require the parties to negotiate the terms of a Joint Scheduling Order a second time, once Defendants are required to participate.

8.

As identified above, Plaintiffs and Defendants disagree as to the current status of this case on two issues: (i) whether this Court currently has jurisdiction over Defendants and (ii) whether Defendants' cases are coordinated for discovery purposes.

9.

Plaintiffs believe that:

(1) Defendants are improperly attempting to appeal an order that is clearly interlocutory and non-appealable. *See Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 75 (D.D.C. 2010) ( "[I]t is well-settled that neither a denial of a motion for summary judgment nor a denial of a motion to dismiss are considered 'final orders' that are appealable under § 1291"); *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1133 (D.C.Cir.2004) ("Denial of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is not ordinarily subject to interlocutory appeal. It is neither a final decision nor a proper subject for appeal under the 'collateral order' doctrine.") (citation

omitted); *Hoffman v. Bailey*, 668 Fed. Appx. 579, 580 (5th Cir. 2016) (finding that collateral order doctrine did not apply to court's denial of defendant's motion to dismiss plaintiffs' defamation claims and appellate court therefore lacked jurisdiction);

(2) Because Defendants are attempting to appeal orders that cannot be appealed, this Court continues to have jurisdiction over this case. *See McKesson HBOC, Inc. v. Islamic Republic of Iran*, 315 F. Supp. 2d 63, 66 (D.D.C. 2004) ("It is settled that a notice of appeal from an unappealable order does not divest the district court of jurisdiction.");

(3) As set forth above, Defendants violated this Court's August 23, 2021 orders by filing a Notice in Lieu of Filing Answer rather than filing an answer on or before September 24, 2021; and

(4) The Court should require Defendants to answer Plaintiffs' complaint without further delay and meet and confer with all counsel for *Giuliani* and *Powell* on the terms of a Joint Scheduling Order. *See Hammon v. Barry*, 752 F. Supp. 1087, 1092 (D.D.C. 1990) ("Instead of allowing the Hammon plaintiffs to willy-nilly deprive this Court of jurisdiction, thus bringing [these] proceedings to a standstill while a non-appealable ruling wends its way through the appellate process, the Court will disregard the notice of appeal [from a non-appealable order] and proceed with the case" (internal citations and quotation marks omitted)).

10.

Plaintiffs and Defendants agree that a conference with the Court is the most efficient way to seek clarity on these issues. Plaintiffs proposed a joint motion for a status conference, but the parties did not reach agreement on the content of the motion. Consequently, Defendants filed their

motion on October 7, and Plaintiffs file theirs on October 8. Despite their differences, both motions raise the same issues for resolution.

For these reasons, Plaintiffs respectfully request that the Court set a status conference in this matter.

Dated: October 8, 2021

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443*)*
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117*)*
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice)*
SUSMAN GODFREY LLP

Respectfully submitted,

      /s/ Laranda Walker
Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Attorneys for Plaintiffs*

1201 Third Avenue, Suite 3800
Seattle, WA 98101
(206) 516-3880
smorrissey@susmangodfrey.com

## STATEMENT OF CONFERENCE

In accordance with Local Rule 7(m), Plaintiffs state that the parties conferred regarding the submission of a joint motion for a status conference prior to Plaintiffs filing this Motion. Defendants stated that they do not oppose the request for a status conference; however, the parties could not agree on the text of a joint motion.

/s/ Laranda Walker

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2021, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand will serve counsel for the parties.

/s/ Laranda Walker