**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., AND DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | **Case No. 1:21-cv-00445-CJN** |
| MY PILLOW, INC., AND MICHAEL J. LINDELL, | ) ) ) | |
| *Defendants*. | ) ) | |

## THE PARTIES' JOINT STATUS REPORT

Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"); and Defendants MyPillow, Inc. ("MyPillow") and Michael J. Lindell ("Lindell") (Dominion, MyPillow, and Lindell collectively as "the Parties") respectfully file the Parties' Joint Status Report ("Joint Status Report") in accordance with the Court's October 25, 2021 request, and would show onto the Court as follows:

## I.
## BACKGROUND

On October 25, 2021, the Court held a status conference and requested that the Parties meet and confer regarding four specific issues:

1.    How the MyPillow and Lindell claims against Dominion should be treated, i.e., are they separate claims? Are they compulsory counterclaims? Does it matter?

2.    Whether MyPillow and Lindell must answer Dominion's complaint before the Court of Appeals for the District of Columbia Circuit rules on the appeal docketed as 21-7103 c/w 21-7104 (the "Appellate Issues").

3.    Whether and when Dominion must answer or otherwise respond to MyPillow's and Lindell's complaints, currently pending under Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN.

4.     Whether there should be any discovery involving MyPillow or Lindell pending resolution of the Appellate Issues.

The Parties have reached agreement on issues one and three. They do not agree on the answers to issues two and four, which remain contested.  Smartmatic, which is a defendant in *Lindell v. US Dominion, Inc. et al*, Case No. 1:21-cv-02296, participated in the Parties' October 29, 2021 telephonic meet and confer, and Smartmatic was sent a copy of an initial draft of this Report for their comment and inclusion of their position.  *See* Exhibit A, November 2-5, 2021 email exchange between H Novosad, M Sinclair and others.  As indicated in Exhibit A, Smartmatic has chosen not to comment on or submit its position on the issues addressed herein.

Accordingly, the Parties file this Joint Status Report setting forth their agreements and the issues that remain for the Court to resolve.

## II.
## JOINT STATUS REPORT

### A.
### AGREED UPON ISSUES

**1.     How the MyPillow and Lindell claims against Dominion should be treated, i.e., are they separate claims? Are they compulsory counterclaims? Does it matter?**

- **Dominion, MyPillow, and Lindell's Response:**

Dominion, MyPillow, and Lindell differ as to whether MyPillow and Lindell's claims constitute compulsory counterclaims.  Nevertheless, they have reached agreement regarding how those claims should proceed at this time.  The Parties agree that if the Court orders MyPillow and Lindell to answer Dominion's complaint in Case No. 1:21-cv-00445-CJN (whether that be before or after the Appellate Issues are resolved), MyPillow and Lindell will answer within 21 days or no later than a date ordered by the Court and incorporate the claims against Dominion currently asserted in Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN as counterclaims in Case No. 1:21-cv-00445-CJN.  If Dominion's claims against MyPillow and Lindell are dismissed by the

appellate court, MyPillow and Lindell reserve the right to move, after a reasonable time or within 21 days, to transfer their cases back to the District of Minnesota (from which they were transferred to this Court). Dominion reserves its right to object to any attempt by MyPillow or Lindell transfer the cases back.

3.    **Whether and when Dominion must answer or otherwise respond to MyPillow's and Lindell's complaints, currently pending under Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN.**

- **Dominion, MyPillow, and Lindell's Response Regarding Dominion's Answer Date:**

Dominion, MyPillow, and Lindell have reached the following agreement: Dominion's response deadline to MyPillow and Lindell's affirmative claims under Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN is stayed pending resolution of the Appellate Issues and MyPillow and Lindell's subsequent filing of their affirmative claims in Case No. 1:21-cv-00445-CJN. Such an approach is consistent with the Court's Minute Order dated October 18, 2021 and the Court's Oral Order on October 25, 2021. Upon filing of MyPillow and Lindell's affirmative claims in Case No. 1:21-cv-0045-CJN, should such filing be necessary, Dominion's deadline for answering or otherwise responding to counterclaims asserted by MyPillow and Lindell will be in accordance with the Federal Rules of Civil Procedure, the agreement of the Parties, or as directed by the Court.

- **Lindell's Response Regarding Smartmatic's Answer Date:**

On October 26, 2021, counsel for Lindell spoke with Smartmatic's counsel and informed them of the Court's October 25, 2021 stay regarding the deadlines for 1:21-cv-02296-CJN and 1:21-cv-02294-CJN, which extended the deadline from the Court's October 18, 2021 Minute Order. Counsel for Smartmatic indicated that it was their belief that they had a deadline of October 27, 2021 to answer or otherwise respond to Lindell's complaint. Counsel for Lindell made clear that it was Lindell's position that Smartmatic was under no obligation to answer or otherwise

respond to Lindell's complaint, and that Lindell would make no argument that Smartmatic waived any defenses it had by not responding to the complaint on or before October 27, 2021.  Despite knowledge of Lindell's position and the stay and in contravention to them, Smartmatic chose to file a motion to dismiss Lindell's affirmative claims on October 27, 2021.  Considering the Court's Minute Order and Oral Order, Lindell should not be required to answer Smartmatic's motion to dismiss at this time.

If Smartmatic is allowed to proceed with its motion to dismiss, then Defendants Dominion and Smartmatic will be on different trajectories in Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN because, as addressed by The Parties' agreement to this issue, Dominion's deadlines have been stayed.  As a practical matter, that result is undesirable.

Smartmatic argues the claims brought by Lindell are frivolous and must be dismissed with all haste.  Lindell strongly disagrees with Smartmatic on the issues presented in their motion to dismiss, but nonetheless understands they will likely request a hearing soon after any response.  The Court will either grant the motion, necessitating at least two hearings—one for Smartmatic's MTD and another for Dominion's subsequent MTD—on substantially the same issues of law and fact, or wait until the Appellate Issues have been determined and Dominion's stay has lifted, requiring only one hearing for both motions to dismiss.

As for the first, it is inapposite to judicial economy and efficiency to have two hearings regarding the same issues of law and fact.  The Court was well aware of this when it heard Sidney Powell, Rudolph Giuliani, MyPillow, and Lindell's motions to dismiss together.  While MyPillow and Lindell objected to being heard with Powell and Giuliani because the facts, law, and duties are substantially different, The Parties here have agreed to consolidate Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN with Case No. 1:21-cv-0045-CJN consistent with their agreement to issue

No. 1.[1]  In the interest of judicial economy and efficiency, therefore, the Court should hear both Smartmatic and Dominion's motions to dismiss together.  Considering Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN are stayed according to the Court's Minute and Oral Order and The Parties' agreement pending resolution of the Appellate Issues, the Court should likewise make clear that deadlines for Smartmatic are also stayed.

Such a clarification likewise does not prejudice Smartmatic or Lindell.  With regard to Smartmatic, they chose to file their motion to dismiss at this time despite knowledge of the stay and Lindell's position.  Further, because one hearing best promotes judicial economy and efficiency, a response to Smartmatic's motion to dismiss at this time is unnecessary.  Once the stay for Dominion has been lifted consistent with Court's orders and The Parties agreement to issue Nos. 1 and 3, Lindell and MyPillow will answer and file their counterclaims.  At that time, Dominion will have the opportunity to file a motion to dismiss and MyPillow and Lindell will respond.  Also at that time, Lindell will respond to Smartmatic's motion to dismiss.  Then the Court may hear both motions to dismiss at the same time, which leverages the most favorable judicial economy and efficiency.  Beyond delaying resolution of Smartmatic's motion to dismiss for judicial economy and efficiency, Smartmatic has not suffered any undue prejudice.

Moving forward with Smartmatic's motion at this time, however, does prejudice Lindell.  Because the issues of law and fact regarding Lindell's claims against both Smartmatic and Dominion are inexorably tied together (indeed, Lindell has alleged that Smartmatic conspired with Dominion), any response by Lindell to Smartmatic's motion to dismiss will unfairly provide Dominion a free look at Lindell's responses before Dominion's deadline to move to dismiss.  Thus, any response by Lindell at this time would be prejudicial to his rights.

---

1 MyPillow and Lindell do not believe their affirmative claims are compulsory and reserve the right to brief the Court on these issues if it becomes necessary.

Accordingly, Lindell requests clarification of the Court's Minute Order to include that all deadlines in Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN are stayed pending resolution of the Appellate Issues. Lindell would also ask that the Court set a status conference upon resolution of the Appellate Issues to provide a scheduling order for any answer, motion to dismiss, and response.

- **MyPillow Response to Regarding Smartmatic's Answer Date:**

Considering the Parties' agreement to combine these cases under issue No. 1, MyPillow believes that a stay of Case Nos. 1:21-cv-02296-CJN and 1:21-cv-02294-CJN promotes judicial economy and efficiency.

**B.**
**DISPUTED ISSUES REMAINING**

2.     **Whether MyPillow and Lindell must answer Dominion's complaint before the Court of Appeals for the District of Columbia Circuit rules on the appeal docketed as 21-7103 c/w 21-7104 (the "Appellate Issues").**

- **Dominion's Response:**

As argued during the October 25, 2021 status conference, Dominion believes MyPillow and Lindell were required to timely answer Dominion's complaint following the Court's order denying their motion to dismiss. Their attempt to appeal the Court's order did not change their response deadline because the order they are attempting to appeal is non-appealable.[2] *See Price v. Socialist People's Libyan Arab Jamahiriya*, 389 F.3d 192, 199 (D.C. Cir. 2004). This Court continues to have jurisdiction over the lawsuit (although possibly not over the precise order appealed), and its August 23, 2021 Minute Order instructing Defendants to respond to Dominion's

---

[2] On November 1, 2021, Dominion filed its motion to dismiss MyPillow and Lindell's appeal for lack of subject matter jurisdiction, explaining that the collateral order doctrine—which is the sole basis Defendants cite for their appeal—does not apply because Defendants fail to satisfy the three *Cohen* requirements. USCA Case #21-7103, Document #192515.

complaint by September 24, 2021 is still in effect. *See McKesson HBOC, Inc. Islamic Republic of Iran*, 315 F.Supp.2d 63, 66 (D.D.C. 2004). Notwithstanding these facts, Dominion offered to stay the obligations of MyPillow and Lindell to answer now if they will agree to proceed with discovery while the Appellate Issues are being resolved.

- **MyPillow/Lindell's Response:**

MyPillow and Lindell do not have an obligation to answer Dominion's complaint pending resolution of the Appellate Issues because jurisdiction over Dominion's action against these defendants lies solely with the Court of Appeals for the District of Columbia Circuit.

MyPillow and Lindell filed their respective notices of appeal in this Court on September 9, 2021 and September 10, 2021 (ECF Doc. 64, 66) ("The Notices"). "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58. This Court therefore lacks jurisdiction over the case. *See, e.g., Princz v. Fed. Republic of Germany,* 302 U.S. App. D.C. 383, 998 F.2d 1, 1 (1993) (finding an order to stay "all proceedings" in the district court following notice of appeal would be "unnecessary" because of the loss of jurisdiction). *See also United States v. Anderson,* 545 F.3d 1072, 1080 n.8 (D.C. Cir. 2008) (a district court is without jurisdiction to enter an amended judgment during the pendency of an appeal). If MyPillow and Lindell were to answer Dominion's complaint while their appeals remained pending, their answers would amount to nullities. *See May v. Sheahan*, 226 F.3d 876, 881 (7th Cir. 2000) (an amended complaint filed during the pendency of a qualified immunity interlocutory appeal was a nullity, because the district court was divested of jurisdiction to accept an amended complaint).

To the extent the Court would like detailed briefing on the jurisdictional issue, MyPillow and Lindell will provide the Court additional argument and authority.

**4.      Whether there should be any discovery involving MyPillow or Lindell pending resolution of the Appellate Issues.**

- **Dominion's Response:**

Because this Court continues to have jurisdiction over discovery, MyPillow and Lindell should be required to participate in discovery pending resolution of the Appellate Issues. Dominion should not be required to postpone discovery in either this or the *Giuliani* and *Powell* cases while MyPillow and Lindell's appeal runs its course, and it would be inefficient to reach agreement with the *Giuliani* and *Powell* defendants on a discovery schedule if that schedule could be subject to revision if the Appellate Issues are resolved against MyPillow and Lindell. MyPillow and Lindell would not be prejudiced by this approach. Even were they successful in their appeal, they would be subject to subpoena for documents and other information relevant to the *Giuliani* and *Powell* cases.

It is particularly inappropriate to put discovery on hold in this case because (1) Defendants' appeals are solely based on the collateral order doctrine and (2) the First Amendment argument upon which Defendants rely has never been recognized by any court of appeals or served as the basis for immediate appeal of a 12(b)(6) order under the collateral order doctrine. The Supreme Court has instructed that if an appeal is "truly collateral," then the underlying proceedings should not be delayed, and should instead continue, while the appeal is pending. *Johnson v. Jones*, 515 U.S. 304, 311 (1995) ("The requirement that the matter be separate from the merits of the action itself means that review now is less likely to force the appellate court to consider approximately the same (or a very similar) matter more than once, and also seems less likely to delay trial court proceedings (for, if the matter is truly collateral, those proceedings might continue while the appeal

is pending).")).  Dominion moved to dismiss Defendants' appeals for lack of subject matter jurisdiction because the collateral order doctrine does not apply, but Defendants' reliance upon the collateral order doctrine requires Defendants to agree that the underlying cases should continue to go forward while their appeals remain pending.

Dominion proposed that MyPillow and Lindell agree, at the very least, to participate in discussions with Dominion and the *Giuliani* and *Powell* defendants on a schedule and agree to be bound by the negotiated schedule if the Appellate Issues are resolved against them.

- **MyPillow/Lindell's Response:**

As discussed above in response to issue No. 2, the Notices appeal a collateral order and divest the Court of jurisdiction. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *Mitchell v. Forsyth*, 472 U.S. 511, 524-530 (1985); *Meredith v. Federal Mine Safety and Health Review Commission*, 177 F.3d 1042, 1048-1052 (D.C. Cir. 1999).  Contrary to Dominion's position above, the law is clear that discovery shall not proceed pending resolution of a collateral order regarding immunity like those filed by MyPillow and Lindell.  *See Mitchell v. Forsyth*, 472 U.S. at 526 (holding that a defendant pleading immunity is entitled to dismissal before the commencement of discovery); *Meredith*, 177 F.3d at 1051 (holding immunity provides entitlement to avoid the burdens of discovery, "[b]ecause immunity from the burdens of litigation is effectively lost if a case is erroneously permitted to go to trial.").  Accordingly, it would be improper to conduct discovery in this case.  *See id*.  If the Appellate Issues are resolved in Dominion's favor, discovery should proceed in the ordinary course after the answers and counterclaims are filed.

Without waiver of the foregoing, and expressly without waiver of any argument regarding consolidation or jurisdiction, MyPillow and Lindell will participate in limited, non-binding discovery discussions with Dominion and other parties pending resolution of the Appellate Issues.

## III.
## <u>CONCLUSION</u>

The Parties request that the Court issue orders consistent with the agreements in Section

IIA.  The issues outlined in Section IIB remain in dispute.

Dated: November 5, 2021

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443*)*
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117*)*
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

Respectfully submitted,

        /s/ Laranda Walker
Thomas A. Clare, P.C. (D.C. Bar No.
461964)
Megan L. Meier (D.C. Bar No.
985553)
Dustin A. Pusch (D.C. Bar No.
1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Attorneys for Plaintiffs*

**PARKER DANIELS KIBORT LLC**

*/s/ Andrew D. Parker*

Andrew D. Parker (MN Bar No. 195042)
Joseph A. Pull (D.C. Bar No. 982468)
Abraham S. Kaplan (MN Bar No.
399507)
Ryan P. Malone (MN Bar No. 0395795)

888 Colwell Building
123 N. Third Street Minneapolis, MN
55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
malone@parkerdk.com

**LEWIN & LEWIN, LLP**

Nathan Lewin (D.C. Bar No. 38299)
888 17th Street NW
Fourth Floor
Washington, DC 20006
Telephone: (202) 828-1000
nat@lewinlewin.com

*Counsel for Defendant My Pillow, Inc*

**DANIELS & TREDENNICK PLLC**

*/s/ Douglas A. Daniels*

Douglas A. Daniels
Texas State Bar No. 00793579
Heath A. Novosad
Texas State Bar No. 24037199

6363 Woodway Dr., Suite 700
Houston, TX 77057-1759
(713) 917-0024 Telephone
(713) 917-0026 Facsimile
Email: doug.daniels@dtlawyers.com
Email: heath@dtlawyers.com

Earl N. "Trey" Mayfield, III
D.C. Bar No. 459998
JURIS DAY, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Telephone: (703) 268-5600
Email: tmayfield@jurisday.com

*Counsel for Defendant Michael J. Lindell*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties of record through the Court's CM ECF system on November 5, 2021.

*/s/ Douglas A. Daniels*

Douglas A. Daniels