**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **US DOMINION, INC., DOMINION** ) <br> **VOTING SYSTEMS, INC., AND** ) <br> **DOMINION VOTING SYSTEMS** ) <br> **CORPORATION,** ) <br> *Plaintiffs/Counter-Defendants,* ) <br> ) <br> **v.** ) <br> ) <br> **MY PILLOW, INC. AND** ) <br> **MICHAEL J. LINDELL,** ) <br> *Defendants/Third-Party Plaintiffs,* ) <br> ) <br> **v.** ) <br> ) <br> **SMARTMATIC USA CORP.,** ) <br> **SMARTMATIC INTERNATIONAL** ) <br> **HOLDING B.V., SGO CORPORATION** ) <br> **LIMITED, AND HAMILTON PLACE** ) <br> **STRATEGIES, LLC,** ) <br> *Third-Party Defendants.* ) | **Case No. 1:21-cv-00445-CJN** |

**THIRD-PARTY PLAINTIFF MICHAEL J. LINDELL'S MEMORANDUM IN**
**OPPOSITION TO SMARTMATIC'S MOTION FOR EXTENSION OF TIME**

Despite being under no deadline to do so, Smartmatic[1] unilaterally and without conferring chose to file its Motion to Dismiss (Dkt. No. 94) Michael Lindell's Third-Party Claims (Dkt. No. 87) such that Lindell's response would be due 3 days before Christmas and its reply would be due December 29.  A different choice would have been to use the 30-60 days to accept service and additional 60-90 days to move to dismiss to avoid any party being forced to brief Smartmatic's motion to dismiss over Christmas, but Smartmatic did not choose that option. Lindell timely responded to Smartmatic's motion (Dkt. No. 104).  Smartmatic does not now wish to adhere to the briefing schedule it chose, and instead somehow twists logic to blame Lindell for

---

[1] "Smartmatic" refers collectively to Third-Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited.

the timing of Smartmatic's reply – timing that is 100% Smartmatic's own doing.  Its motion for

an extension of time (Dkt. No. 105) should be denied.

Smartmatic has chosen to litigate this case uncooperatively and obstreperously.  To wit:

- Smartmatic filed its original motion to dismiss Lindell's claims despite being under no obligation to do so and with representation from Lindell's counsel that it would make no timeliness argument if Smartmatic did not file that day;

- After Lindell filed his Third-Party Complaint against Smartmatic, he sent Smartmatic's counsel a request to waive service of process – Smartmatic's counsel completely ignored that email;

- Lindell has reached agreement on briefing schedules for all past motions and upcoming motions to dismiss with counsel for Dominion and Hamilton Place Strategies – Smartmatic has not even attempted to confer, much less reach an agreement;

- While Smartmatic's counsel has attended Court-ordered all-counsel meet-and-confers, beyond appearing and not objecting to agreements reached by other counsel, Smartmatic does not meaningfully participate;

- Again, Smartmatic chose to file their Motion to Dismiss Lindell's Third-Party Claims with a briefing schedule that would have required Lindell to respond three days before Christmas;

- Smartmatic's counsel has sent Lindell's counsel another letter with a response date of New Year's Eve (Lindell's counsel indicated that he would agree to Smartmatic's request for more time only if Smartmatic would unequivocally withdraw that letter; Smartmatic refused);

- Despite Smartmatic choosing a briefing schedule that requires its reply to be due no later than December 29 (now December 27 because of Lindell's response date), it now inexplicably asks the Court for an extension until January 3 – 4 days after its original deadline to file a reply;

- Finally, Smartmatic first reached out to Lindell at 4:00 PM on December 21 about an extension and apparently spent the next 6:45 working on its motion for an extension, including participating an email exchange attached as Exhibit A – time that could have been spent working on a reply.

Lindell objects to Smartmatic's characterization of his opposition to this motion.  It is the

totality of the circumstances – and not simply Smartmatic's choice not to confer – that leads

Lindell to oppose a request that, in ordinary circumstances, he would have agreed to without hesitation.

Smartmatic has chosen to be uncooperative at every step of this litigation. A lawyer's duty to zealously advocate for his clients does not discharge the lawyer's duty of professionalism toward other members of the bar. Smartmatic's motion should be denied, and Smartmatic should file its reply on or before December 27, 2021.

DATED: December 22, 2021

Respectfully submitted,

DANIELS & TREDENNICK, PLLC

*/s/ Douglas A. Daniels*
Douglas A. Daniels
Texas State Bar No. 00793579
doug.daniels@dtlawyers.com (E-mail)
Heath A. Novosad
Texas State Bar No. 24037199
heath@dtlawyers.com (E-mail)

6363 Woodway Drive, Suite 700
Houston, Texas 77057
(713) 917-0024 (Telephone)
(713) 917-0026 (Facsimile)

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties of record through the Court's CM ECF system on December 22, 2021.

*/s/ Douglas A. Daniels*
Douglas A. Daniels