UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    *Plaintiffs/Counter-Defendants*,<br><br>    v.<br><br>MY PILLOW, INC., and MICHAEL J. LINDELL,<br><br>    *Defendants/Counter and Third- Party Plaintiffs*,<br><br>    v.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC,<br><br>    *Third-Party Defendants*. | Civil Case No. 1:21-cv-00445 (CJN) |

**MEET AND CONFER REPORT
REGARDING CONSOLIDATED DISCOVERY SCHEDULE**

Defendant and Counter-Plaintiffs My Pillow, Inc. ("MyPillow"), and Defendant, Counter, and Third-Party Plaintiff Michael J. Lindell ("Lindell") submit this Meet and Confer Report ("Report") under the Court's November 15, 2021 Order (Dkt. No. 85) ("Order") that required the parties to "participate in discussions about a consolidated discovery schedule."

In accordance with the Order, MyPillow and Lindell engaged in a lengthy discussion with Plaintiffs ("Dominion") regarding discovery scheduling and other discovery matters. On November 24, 2021, December 15, 2021, and January 6, 2022, and via email throughout and after these dates, counsel for Dominion, MyPillow, Lindell, Powell, Giuliani, and Smartmatic

communicated and negotiated concerning numerous discovery topics including proposed deadlines. Throughout this correspondence, MyPillow and Lindell took the position that the deadlines should be calculated from the date on which the then-pending appeal to the D.C. Circuit was resolved. On Thursday, January 20, 2022, the D.C. Circuit granted Dominion's Motion to Dismiss MyPillow's and Lindell's appeals. On Monday, January 24, 2022, Lindell's counsel informed Dominion that Lindell and My Pillow were willing to participate in filing a joint report with the other parties, if Dominion felt strongly about this, but reaching agreement on language would require additional time and it would likely be quicker for the parties simply to file separate reports.

The gratuitous allegations at the beginning of Dominion's Joint Meet and Confer (Dkt. No. 111) are flatly wrong and not germane to any issue before the parties or the Court. No response to them is necessary other than to vehemently deny their accuracy – they are not correct in tone or substance – and to clarify two of the more egregious mischaracterizations. First, Dominion failed to inform MyPillow or Lindell that it was abandoning the plan previously discussed by the parties, of filing two reports, until January 24, 2022, only hours before Dkt. No. 111 was filed. MyPillow and Lindell only learned of Dominion's change of mind because counsel for Lindell sent Dominion the above-referenced email on January 24, in response to which Dominion disclosed that it intended to file a separate report with Giuliani and Powell that evening. Apparently, after receiving MyPillow and Lindell's positions on January 13, 2022, Dominion unilaterally excluded MyPillow and Lindell from its further discussions with Smartmatic, Giuliani, Powell, and HPS concerning the joint meet and confer report.

Second, while is it true that MyPillow and Lindell disagreed with Dominion on whether the Court had jurisdiction to proceed with discovery during the pendency of their appeal,

MyPillow and Lindell have never contended that the Court would lack jurisdiction after the appeal was resolved. Accordingly, MyPillow and Lindell fully acknowledge that the Court now has jurisdiction for discovery to proceed. Contrary to Dominion's suggestion, MyPillow and Lindell intend to immediately engage in the discovery process and have prepared this Report with accompanying dates for the Court's consideration.

**A.     MyPillow and Lindell's Positions on Discovery and Case Management Issues**

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Dominion's reference to "the consolidated cases" is misplaced. This Court has not issued an order consolidating this case with any other case filed by Dominion, nor should it do so. Should a motion for consolidation be filed, or should the Court request briefing on the appropriateness of consolidation of this case with any other, MyPillow and Lindell will submit arguments and authorities concerning why it is not appropriate to consolidate this case with any other. The Court has merely ordered that the parties meet and confer to discuss a *consolidated schedule* for discovery in some—but not all—of the cases filed *seriatim* by Dominion; MyPillow and Lindell have complied with that order.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Neither MyPillow nor Lindell currently foresee the need to amend their pleadings or add additional parties. The parties reserve all rights to seek to add parties or amend the pleadings as provided under the Federal Rules of Civil Procedure as their ongoing investigations and discovery in this case unfold.

3

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Pursuant to Local Rule 16.3(d), as is evident from the separate filing by Dominion, Smartmatic, and HPS (Dkt. No. 111), the parties are not in agreement on assignment of this case to a magistrate for all purposes, including trial.

**(4) Whether there is a realistic possibility of settling the case.**

Given Counter-Defendants and Third-Party Defendants' assault on the rights guaranteed to all citizens under the First Amendment, their continued crusade to weaponize the court system to silence political dissent, and their utter lack of willingness to halt their destructive behavior, MyPillow and Lindell do not believe there is a realistic prospect to settle this matter.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

MyPillow and Lindell do not believe these cases would benefit from the Court's alternative dispute resolution procedures at this time.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

MyPillow and Lindell intend to seek dismissal of Dominion's claims by summary judgment because the evidence will conclusively demonstrate no genuine issue of material fact that, among other things, MyPillow and Lindell did not speak with actual malice, and that Dominion has suffered no damages as a result of any statements by MyPillow and Lindell. MyPillow and Lindell have proposed a briefing schedule as part of their overall proposed pre-trial schedule submitted along with this Report.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

MyPillow and Lindell are in agreement with Dominion, Smartmatic, and HPS to exchange initial disclosures on February 25, 2022. (*See* Dkt. No. 111).

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

- **Anticipated extent of discovery and limits on discovery:** MyPillow and Lindell intend to conduct discovery related to the truth of their allegedly defamatory statements, as well as the inherent plausibility of any statements that cannot be proven true due to Dominion's suspected spoliation of evidence. MyPillow and Lindell intend to conduct discovery related to Dominion's alleged damages and the causation of those alleged damages. Examples of the categories of discovery MyPillow and Lindell intend to receive from Dominion, HPS, Smartmatic, and other third-parties include, but are not limited to, source code for every Dominion machine used in the 2020 election; history of software updates for every Dominion machine used in the 2020 election; correspondence and other submissions to federal, state and other regulators for certification of Dominion machines; all correspondence, corporate history and ownership documentation for Dominion, HPS, and Smartmatic; communications with every individual who has made allegations regarding the vulnerability of Dominion machines, including but not limited to, the media and politicians identified in MyPillow and Lindell's motions to dismiss and counter- and third-party claims; contracts and contractual negotiations with states, counties and other governmental officials; and contractual and other institutional and historical connections between Dominion and Smartmatic pertaining to technology used in voting systems in the 2020 general election. This will include written discovery, document discovery, third-party subpoenas,

public information requests, corporate representative depositions, fact witness depositions, and expert discovery. In addition, MyPillow and Lindell intend to conduct similar forms of discovery in furtherance of their counterclaims and, in the case of Lindell, third-party claims against Smartmatic.

- **How long discovery should take:** MyPillow and Lindell anticipate significant resistance to their discovery from Dominion, HPS, and Smartmatic and from third parties, such as state and county election officials. In addition, Dominion has filed approximately a half-dozen lawsuits *seriatim*, at different times, against different defendants, such that the various cases are at different stages. For example, Lindell's third-party claims against Smartmatic are in the briefing stages for dispositive motions, Lindell's and My Pillow's counterclaims against Dominion and third-party claims against HPS are pending briefing for dispositive motions, Dominion's cases against Patrick Byrne and OAN are still in the briefing stages for dispositive motions, all while the cases against Powell and Giuliani are ready to commence discovery. The point at which the various dispositive motions have been decided, such that discovery can begin for whatever remains of Dominion's claims and for Defendants' various counter- and third-party claims, is still months away. Simply coordinating deposition schedules for so many witnesses, cases, and lawyers will take many months. For this reason, MyPillow and Lindell believe a nine-month timetable to complete fact discovery is unrealistic and propose instead a schedule that targets completion of fact discovery by April 28, 2023 and expert discovery by October 31, 2023.

- **On whether a protective order is appropriate:** MyPillow and Lindell will agree to an appropriate protective order.

- **Date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions:** MyPillow and Lindell propose a fact discovery cutoff of April 28, 2023, a deadline for serving document requests of November 30, 2022, and propose that other written discovery continue to the end of fact discovery. MyPillow and Lindell propose an expert fact discovery cutoff of October 31, 2023.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

MyPillow and Lindell are willing to agree to a reasonable ESI search and production protocol. However, MyPillow and Lindell have significant concerns regarding Dominion's spoliation of evidence directly relevant to MyPillow and Lindell's alleged defamatory statements, and MyPillow and Lindell anticipate bringing a motion on that issue.

**(10) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

MyPillow and Lindell agree to confer on the manner and timing for asserting a privilege claim, including in the cases of inadvertent disclosure under Federal Rule of Evidence 502, and will include any agreement reached in any protective order the Court enters.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

MyPillow and Lindell believe there is no need for the Court or Parties to modify the requirement of exchange of expert witness reports. However, MyPillow and Lindell propose a different schedule for expert discovery. Proponents should designate experts and produce expert reports on June 30, 2023. Opponents should designate experts and produce rebuttal expert

reports on July 31, 2023. Proponents should produce rebuttal reports by August 31, 2023. Expert depositions should occur after the parties exchange expert reports and before October 31, 2023.

**(12) In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

MyPillow and Lindell believe this is not applicable.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

MyPillow and Lindell do not propose bifurcation for discovery or trial. MyPillow and Lindell oppose consolidation for any purpose other than fact witness depositions. MyPillow and Lindell agree fact discovery should precede expert discovery, but propose a different timetable for discovery: Fact discovery should be completed by April 28, 2023, and expert discovery should be completed by October 31, 2023.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

MyPillow and Lindell propose a trial date of the Court's choosing in April or May 2024.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

MyPillow and Lindell oppose consolidation of this case with any other case for any purpose other than fact witness depositions.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

MyPillow and Lindell oppose consolidation of this case with any other case for any purpose other than fact witness depositions.

B.   **MyPillow and Lindell's Positions as to a Proposed Scheduling Order**

1. Deadline to Exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **February 25, 2022**

2. Deadline to Join Additional Parties or Amend Pleadings: **N/A**

3. Deadline to Serve Document Requests under Fed. R. Civ. P. 34: **November 30, 2022**

4. Deadline for Completion of Fact Discovery: **April 28, 2023**

5. Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **June 30, 2023**

6. Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **July 31, 2023**

7. Deadline for Proponents to Produce Responsive Expert Reports: **August 31, 2023**

8. Deadline for Expert Depositions: **October 31, 2023**

9. Deadline to File Dispositive Motions: **December 15, 2023**

10. Deadline to File Oppositions to Dispositive Motions: **January 15, 2024**

11. Deadline to File Replies in Support of Dispositive Motions: **January 29, 2024**

Dated: January 26, 2022                     Respectfully submitted,

*/s/ Douglas A. Daniels*
Douglas A. Daniels
D.C. Bar No. TX0205
Heath A. Novosad
D.C. Bar No. TX0207
DANIELS & TREDENNICK PLLC
6363 Woodway Dr., Suite 700
Houston, TX 77057-1759
(713) 917-0024 Telephone
(713) 917-0026 Facsimile
Email: doug.daniels@dtlawyers.com
Email: heath.novosad@dtlawyers.com

Earl N. "Trey" Mayfield, III
459998
JURIS DAY, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Telephone: (703) 268-5600
tmayfield@jurisday.com

*Counsel for Defendant Michael J. Lindell*

By: */s/ Andrew D. Parker*
Andrew D. Parker (MN Bar No. 195042)*
Joseph A. Pull (D.C. Bar No. 982468)
Abraham S. Kaplan (MN Bar No. 399507)*
Ryan P. Malone (MN Bar No. 395795)*
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
malone@parkerdk.com
* Admitted Pro Hac Vice

*Counsel for Defendant My Pillow, Inc.*

By: */s/ Nathan Lewin*
Nathan Lewin (D.C. Bar No. 38299)
888 17th Street NW
Fourth Floor
Washington, DC 20006
Telephone: (202) 828-1000
nat@lewinlewin.com

*Counsel for Defendant My Pillow, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which I understand to have served counsel for Parties.

                                                */s/ Douglas A. Daniels*
                                                Douglas A. Daniels