UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

    *Plaintiffs*,

v.

MY PILLOW, INC., et al.,

    *Defendants*.

Civil Action No. 1:21-cv-445 (CJN)

## ORDER

US Dominion, Inc. and other related corporate entities sued My Pillow, Inc. and Michael J. Lindell, among others, on the grounds that those Defendants defamed the Plaintiffs based on statements made in connection with the 2020 presidential election. *See* Memorandum Opinion, ECF No. 54. Defendants moved to dismiss all of Dominion's claims, *see* My Pillow, Inc.'s Motion to Dismiss, ECF No. 30; *see also* Michael J. Lindell's Motion to Dismiss, ECF No. 34, and for the reasons explained in the Court's August 11, 2021 Memorandum Opinion, the Court denied those motions. *See* Order, ECF No. 53; *see also* Memorandum Opinion, ECF No. 54. Days later, My Pillow moved to modify the Court's Order and its Memorandum Opinion as well as to certify two questions for interlocutory appeal. *See* Defs.'s Mot. to Modify and for Interlocutory Appeal ("Defs.'s Mot."), ECF No. 58. Lindell joins My Pillow's Motion. *See* Lindell's Notice of Joinder, ECF No. 77. The Court denies the Motion for the reasons that follow.[1]

---

[1] Less than a month after the Court denied Defendants' motion to dismiss, and less than two weeks after Defendants filed the motion to certify both questions for appeal, Defendants also filed a notice of appeal from the same order. *See* Notice of Appeal, ECF No. 64. The Court of Appeals has since dismissed the appeal and the mandate has been returned to this Court. *See* Mandate Issued to District Court in *US Dominion, Inc., et al. v. My Pillow, Inc., et al.*, 21-7103 (March 1, 2022).

1

28 U.S.C. § 1292(b) authorizes a district court to certify a nonfinal order for interlocutory appeal in certain circumstances. The statute states in relevant part that:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The party seeking certification must demonstrate that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Citizens for Resp. & Ethics in Washington v. Am. Action Network*, 415 F. Supp. 3d 143, 144–45 (D.D.C. 2019) (quotation omitted); *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) (unpacking the history of 28 U.S.C. § 1292(b)). All three criteria must be satisfied, *see Azima v. RAK Inv. Auth.*, 325 F. Supp. 3d 30, 34 (D.D.C. 2018), but even then, a court maintains the discretion to decline certification because a piecemeal appeal "undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation," *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quotation omitted).

Defendants request that the Court modify its August 11, 2021 Order and Memorandum Opinion to include two questions for certification:

> (1) "Whether a defamation complaint by a public official against critics of its official conduct must be dismissed at the pleading stage under *New York Times v. Sullivan* if the complaint (a) fails to allege any direct evidence of a statement or act that the defendant knew was false, and (b) relies only on circumstantial inferences to prove reckless disregard; and

> (2) whether, under *New York Times v. Sullivan*, a court may deny a motion to dismiss a defamation complaint by a public official against critics of its official conduct without taking judicial notice of material establishing a robust public debate on the issues set forth in the complaint." Defs.'s Mot. at 5.

2

The Court declines to certify both questions.

As to the first, My Pillow has not demonstrated that there is a substantial ground for difference of opinion regarding whether a public official must proffer "direct" evidence, and not rely just on circumstantial evidence, in seeking to prove that a speaker acted with actual malice. The request to impose a higher burden of proof on public-official plaintiffs—such that direct evidence is necessary and circumstantial evidence alone is insufficient to plausibly allege actual malice—runs headfirst into binding precedent. It is well established that circumstantial evidence can prove a defendant's state of mind in the defamation context, *see Herbert v. Lando*, 441 U.S. 153, 165 (1979); *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 589 (D.C. Cir. 2016) (quotation omitted) ("The plaintiff can prove the defendant's subjective state of mind through the cumulation of circumstantial evidence, as well as through direct evidence."), and Defendants have not pointed to (and the Court is not otherwise aware of) a decision suggesting that a different rule applies where the plaintiff is a public official. Indeed, the cases are legion in which public-official plaintiffs have been permitted to pursue claims of malice based on circumstantial evidence. *See, e.g., Tah v. Glob. Witness Publ'g, Inc.*, 413 F. Supp. 3d 1, 12 (D.D.C. 2019), *aff'd*, 991 F.3d 231 (D.C. Cir. 2021); *Fairfax v. CBS Corp.*, 2 F.4th 286, 293 (4th Cir. 2021).

The Court declines to certify the first question for an additional reason: it does not involve a "controlling" question of law. *See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002) (quotation omitted) ("[A] controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources."). The Court assumed without deciding that Dominion is a public official, and even if the rule proposed by My Pillow were adopted for certain public officials, it is not clear that it would apply here. Moreover, Dominion

relies on exhibits that may in fact establish direct evidence of knowledge of falsity or reckless disregard of the truth.  *See* Pls.'s Mem. in Opp'n, ECF No. 72 at 12.  All of this means litigation would continue apace even in the unlikely event the Court of Appeals resolved the first question in the Defendants' favor.

As to the second question, My Pillow has not made a serious argument that a court is required, at the motion to dismiss stage in a defamation case, to consider and weigh factual materials outside the pleadings and relied on by the defendant.  That is obviously not the way it typically works, *see Menoken v. Dhillon*, 975 F.3d 1, 8 (D.C. Cir. 2020) (concluding that at the motion to dismiss stage, "the district court erred by relying on two documents outside the complaint"), and My Pillow has not pointed to (and again the Court is not aware of) any decision suggesting that a different rule should apply in the defamation context.

Nor does this second question necessarily involve a controlling question of law.  Defendants presume that had the Court taken judicial notice of certain exhibits, the Court would have arrived at a different outcome because the allegedly defamatory statements would have been deemed plausible, *see* Defs.'s Mot. at 7, and thus, as a matter of law, Dominion could not prove knowledge of falsity or reckless disregard for the truth.  But that is certainly not an obvious conclusion, and the Court will reserve "weighing and considering the facts relied upon by each party" until the summary judgment stage.  *In re Domestic Airline Travel Antitrust Litig.*, 221 F. Supp. 3d 46, 71–72 (D.D.C. 2016).

One last note.  Even if the Court concluded that Defendants satisfied all three prongs on both questions (which they have not), the Court would exercise its discretion and decline to certify under 28 U.S.C. § 1292(b) either question for interlocutory appeal.  *See Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003) (quotation omitted) (noting that "district court

judges retain unfettered discretion to deny certification of an order for interlocutory appeal even where the three legislative criteria of § 1292(b) appear to be met"); *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015).  It is for good reason that "interlocutory appeals are rarely allowed." *Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.*, 597 F. Supp. 2d 120, 122 (D.D.C. 2009) (quotation omitted).  Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Id.* (quotation omitted).  The questions raised for certification here are far from exceptional.  Plus, additional fact development would aid in the resolution of the fact-based nature of the proposed certification questions.

In conclusion, and upon review of Defendants' Motion for an Interlocutory Appeal under 28 U.S.C. § 1292(b), ECF No. 58, it is **ORDERED** that Defendants' Motion is **DENIED**.

It is so **ORDERED**.

DATE:  March 1, 2022

CARL J. NICHOLS
United States District Judge