UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., <br><br> *Plaintiffs/Counter-Defendants*, <br><br> v. <br><br> SIDNEY POWELL, et al., <br><br> *Defendants/Counter-Plaintiffs*. | Civil Action No. 1:21-cv-00040 (CJN) |
| US DOMINION, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> RUDOLPH W. GIULIANI, <br><br> *Defendant*. | Civil Action No. 1:21-cv-00213 (CJN) |
| US DOMINION, INC., et al., <br><br> *Plaintiffs/Counter-Defendants*, <br><br> v. <br><br> MY PILLOW, INC., et al., <br><br> *Defendants/ Counter- and Third- Party Plaintiffs*, <br><br> v. <br><br> SMARTMATIC USA CORP., et al., <br><br> *Third-Party Defendants.* | Civil Action No. 1:21-cv-00445 (CJN) |

# SCHEDULING ORDER

Upon review of the Parties' Joint Meet and Confer Statement, the Court enters the following schedule to govern discovery in all of the above-captioned cases:

1. Deadline to Exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1):  **March 25, 2022**

2. Deadline to Serve Document Requests under Fed. R. Civ. P. 34:  **August 29, 2022**

3. Deadline for Completion of Fact Discovery:  **January 12, 2023**

4. Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2):  **February 28, 2023**

5. Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2):  **March 29, 2023**

6. Deadline for Proponents to Produce Responsive Expert Reports:  **May 4, 2023**

7. Deadline for Expert Depositions: **June 23, 2023**

8. Status Conference:  **In-person on July 11, 2023 at 10:00am**

9. Deadline to File Dispositive Motions:  **July 29, 2023**

10. Deadline to File Oppositions to Dispositive Motions: **August 31, 2023**

11. Deadline to File Replies in Support of Dispositive Motions:  **September 18, 2023**

The Court intends to discuss a potential date for the final pretrial conference and potential trial dates at the status conference scheduled for July 11, 2023 at 10:00am.

It is so **ORDERED**.[1]

---

[1] The Court acknowledges that My Pillow, Inc. and Michael J. Lindell have refused to join the Joint Meet and Confer Report entered pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3(c). My Pillow and Lindell have opted instead to submit their own Meet and Confer Report, *see* My Pillow and Lindell's Meet and Confer Report in 21-cv-445, ECF No. 112, even though the Court directed the Parties to "participate in discussions about a *consolidated* discovery schedule."  *See* Order Entered on November 11, 2021, ECF No. 85 (emphasis added).  According to the Joint Meet and Confer Statement, My Pillow and Lindell at first stated that they would refuse to participate in consolidated discovery unless and until they had fully exhausted their appeal of the Court's denial of their Motions to Dismiss.  *See* Joint Meet and Confer Report in 21-cv-40, ECF No. 63 at 5.  MyPillow and Lindell later acknowledged that the Court "has jurisdiction for discovery to proceed" and that they both "intend to immediately engage in the

DATE:  March 1, 2022

                                                                   CARL J. NICHOLS
                                                                   United States District Judge

---

discovery process." *See* My Pillow and Lindell's Meet and Confer Report in 21-cv-445, ECF No. 112 at 3.  That acknowledgement aligns with case law on a court's authority to in most situations proceed with discovery despite a party appealing an order under the collateral order doctrine.  *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014) ("Generally, when an appeal is taken pursuant to the collateral order doctrine, district courts retain their jurisdiction to proceed with trial pending resolution from the court above.").