# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-7103**                                    **September Term, 2021**

**1:21-cv-00445-CJN**

**Filed On: January 20, 2022**

US Dominion, Inc., et al.,

      Appellees

    v.

My Pillow, Inc.,

      Appellant

Michael J. Lindell,

      Appellee

------------------------------

Consolidated with 21-7104

**BEFORE:**   Wilkins, Rao, and Jackson, Circuit Judges

## O R D E R

Upon consideration of the motion to dismiss for lack of jurisdiction, the joint opposition thereto, and the corrected reply, it is

**ORDERED** that the motion to dismiss be granted. The district court's order denying appellants' motions to dismiss does not qualify for immediate review under the collateral order doctrine. Appellants have not demonstrated that the order denied a "colorable" immunity defense, see Broidy Cap. Mgmt. LLC v. Muzin, 12 F.4th 789, 796 (D.C. Cir. 2021), and the order is effectively reviewable on appeal from final judgment, see, e.g., Kilburn v. Socialist People's Libyan Arab Jamahiriya, 376 F.3d 1123, 1133 (D.C. Cir. 2004).

Further, the district court has not certified the nonfinal order for immediate appeal pursuant to 28 U.S.C. § 1292(b). See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 474–75 (1978) ("[T]he discretionary power to permit an interlocutory appeal [under 28 U.S.C. § 1292(b)] is not, in the first instance, vested in the courts of appeals.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-7103**                                    **September Term, 2021**

A party seeking review of a nonfinal order must first obtain the consent of the trial
judge.").  Appellants therefore have not provided any valid basis upon which this court
could exercise appellate jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk
is directed to withhold issuance of the mandate herein until seven days after resolution
of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App.
P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Manuel J. Castro
Deputy Clerk