UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    *Plaintiffs/Counter-Defendants*,<br><br>vs.<br><br>MY PILLOW, INC., *Defendant/Counter-Claimant*.<br><br>MICHAEL J. LINDELL, *Defendant/Counter-Claimant/Third-Party Plaintiff*,<br><br>vs.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC,<br><br>    *Third-Party Defendants*. | Case No. 21-cv-445-CJN |

**SMARTMATIC'S UNOPPOSED MOTION TO STAY DISCOVERY ON THIRD-PARTY PLAINTIFF MIKE LINDELL'S CLAIMS AGAINST SMARTMATIC**

Third-party defendants SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp. (collectively, "Smartmatic"), respectfully move the Court to stay discovery on Mike Lindell's third-party complaint (ECF No. 87) against Smartmatic while its motion to dismiss (ECF No. 94) remains pending. If granted, the motion to dismiss would entirely dispose of Mr. Lindell's claims against Smartmatic. Smartmatic has met and conferred with counsel on the cases this Court has consolidated for discovery,[1] and none has expressed opposition to this motion. In further support of a stay, Smartmatic states as follows.

---

[1] The cases are: *US Dominion, Inc. v. Powell*, No. 21-cv-40; *US Dominion, Inc. v. Giuliani*, No. 21-cv-213; and *US Dominion, Inc. v. My Pillow, Inc.*, No. 21-cv-445. Smartmatic is a third-party defendant in No. 21-cv-445.

**BACKGROUND**

1.      Mr. Lindell's claims against Smartmatic have been pending without any discovery since June 2021, and Smartmatic respectfully requests that they stay that way until its motion to dismiss is resolved. Mr. Lindell originally filed suit against Smartmatic in the United States District Court for the District of Minnesota on June 3, 2021. (No. 21-cv-1332, ECF No. 1). Smartmatic moved to dismiss after the case was transferred to this Court in September 2021. (No. 21-cv-2296, ECF No. 81).

2.      Mr. Lindell subsequently: withdrew his complaint in Case No. 21-cv-2296; refiled it in this matter, No. 21-cv-445, as a combination of "Counterclaims" (against US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation) and a "Third-Party Complaint" against Hamilton Place Strategies, LLC and Smartmatic; and added new factual allegations, new theories of liability to support his existing claims, and a new cause of action against Smartmatic.

3.      Smartmatic again moved to dismiss Mr. Lindell's complaint in December 2021. That motion is fully briefed and pending before the Court. The motion presents several independent grounds to dismiss each of Mr. Lindell's third-party claims against Smartmatic.

4.      Separately, Smartmatic has filed a Motion for Rule 11 Sanctions against Mr. Lindell and his counsel for the allegations and claims they brought against Smartmatic. That motion is fully briefed as of today. (See ECF Nos. 118, 119, 124).

5.      In February 2022, Mr. Lindell propounded a first set of document requests upon Smartmatic. (*See* Ex. A, 02/11/21 email; Ex. B, Lindell's First Set of Requests for Production to Smartmatic).

6. Smartmatic's counsel thereafter contacted Mr. Lindell's counsel, as well as counsel of record in the other cases the Court has consolidated for discovery, and requested a stay of discovery on Mr. Lindell's third-party claims against Smartmatic while its motion to dismiss is pending. (*See* Ex. C, 02/24/21 email).

7. Mr. Lindell's counsel took no position on Smartmatic's request. (*See* Ex. D, 02/25/22 email). The other counsel of record did not object either.

8. On March 1, 2022, the Court entered a schedule to govern discovery in all of the cases that have been consolidated for discovery. (ECF No. 121; *see supra* n. 1).

## LEGAL STANDARD

9. [C]ourts in this district have often stayed discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *See Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016); *see also Sai v. Dep't of Homeland Sec.*, 99 F.Supp.3d 50, 58–59 (D.D.C. 2015) (staying "the initiation of discovery…pending resolution of Defendants' motion to dismiss" because the motion "raise[d] significant issues," and "their resolution [would] likely define the scope of discovery" and "indeed, may resolve the entire dispute"); *He v. Oath Holdings, Inc.*, No. 17-cv-635, 2020 WL 12115482, at *2 (D.D.C. Dec. 16, 2020) (same, where the defendants' motion to dismiss "raise[d] a substantial question of" law, "and the resolution of that question could end the case"); *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (same, because defendants' motions to dismiss raised "preliminary questions that may dispose of the case").

10. "In fact, it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet*, 225 F. Supp. 3d at 82. "Courts are vested with broad discretion to manage the conduct

of discovery, with the ultimate goal of ensuring the just, speedy, and inexpensive determination of every action and proceeding." *Sai*, 99 F. Supp. 3d at 58. "In that vein, a stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.*; *see also He*, 2020 WL 12115482, at *2 (staying discovery because "proceeding with [it] on even a limited basis could subject the parties to an unnecessary burden" given the defendant's pending motion to dismiss); *Loumiet*, 225 F. Supp. 3d at 84 (same, while stressing that if the defendants prevailed on their motion to dismiss, "even partially," "the scope of the case and the nature of [the defendants'] involvement…will change significantly").

## **ARGUMENT**

11.  Discovery against Smartmatic should be stayed while its motion to dismiss is pending for two reasons. *First*, a stay is proper because Smartmatic's motion to dismiss raises substantial, threshold questions that "may resolve the entire dispute." *Sai*, 99 F. Supp. 3d at 58–59. Mr. Lindell alleges five third-party claims against Smartmatic: violations of the Racketeer Influenced and Corrupt Organization Act under 18 U.S.C. § 1962 (Count III); violations of the Support or Advocacy Clause of 42 U.S.C. § 1985 (Count IV); violations of the Equal Protection Clause and the First Amendment under 42 U.S.C. § 1983 (Counts V and VI); and civil conspiracy (Count VII). In its motion to dismiss, Smartmatic has identified several dispositive deficiencies in each claim. If the Court grants Smartmatic's motion to dismiss, no claims against Smartmatic will exist in this litigation, and Smartmatic will no longer be a party. Alternatively, if the Court grants Smartmatic's motion to dismiss "even partially," the scope of Mr. Lindell's claims and the "nature" of Smartmatic's involvement "will change significantly." *Loumiet*, 225

F. Supp. 3d at 84. Either way, the preliminary questions Smartmatic's motion to dismiss raises against Mr. Lindell's claims warrant staying discovery until the Court can resolve them.

12.  *Second*, a stay of discovery would spare the parties and the Court from needless discovery and discovery-related disputes between Mr. Lindell and Smartmatic. *See Loumiet*, 225 F. Supp. at 83 (citing the plaintiff's "extensive" discovery requests as grounds for staying discovery). Mr. Lindell seeks 76 categories of documents, including purported communications between Smartmatic and a gamut of persons including George Soros, the Gates Foundation, Jeff Bezos, Doug Emhoff (the husband of Vice President Kamala Harris), Mark Zuckerberg, various public officials, governmental bodies, media outlets, and so forth. (*See* Ex. B). Smartmatic will object to many, if not all of Mr. Lindell's document requests, on several grounds. Staying discovery will thus avoid costly, likely unnecessary motion practice and conserve judicial resources. *See Loumiet*, 225 F. Supp. at 84 ("Additionally, in light of how far-reaching the Discovery Request appears, it is almost certain that Defendants will seek to litigate its scope. It would not be a prudent use of the Court's—or the parties'—resources to litigate a discovery dispute while the dispositive motions, which may significantly change the nature of the case, are pending.").

13.  Smartmatic does not seek to stay discovery on Mr. Lindell's third-party claims to delay or frustrate progress of this matter. Smartmatic agrees that, as Mr. Lindell previously argued to this Court, discovery should "proceed in the ordinary course after [] answers and counterclaims are filed." (ECF No. 83 at 9). Smartmatic has no claims before this Court and will not be a party to any of the cases this Court has consolidated for discovery, if the Court grants Smartmatic's pending motion to dismiss.

14. For these reasons, Smartmatic respectfully requests that the Court stay discovery on Mr. Lindell's third-party complaint against Smartmatic, including initial disclosures, until Smartmatic's motion to dismiss is resolved.

Dated: March 4, 2022

/s/ J. Erik Connolly

J. Erik Connolly
   D.C. Bar No. IL0099
   Email: econnolly@beneschlaw.com
Nicole E. Wrigley
   D.C. Bar No. IL0101
   Email: nwrigley@beneschlaw.com
Lee B. Muench (*admitted pro hac vice*)
   Illinois ARDC No. 6305846
   Email: lmuench@beneschlaw.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949

*Counsel for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*