IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> MYPILLOW, INC. and MICHAEL J. LINDELL, <br><br> Defendants/Counter-Plaintiffs/Third-Party Plaintiffs, <br><br> v. <br><br> SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC. <br><br> Third-Party Defendants. | Case No. 1:21-cv-0445-CJN |

**CONSENT MOTION FOR LEAVE TO FILE BRIEF
IN EXCESS OF PAGE LIMITATIONS AND TO EXTEND TIME FOR REPLY IN
SUPPORT OF MOTION TO DISMISS**

Under Rule 9 of this Court's Standing Order for Civil Cases, Local Rule 7, and Fed. R. Civ. P. 6(b), Plaintiffs/Counter-Defendants U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corp. (collectively, "Dominion"), and Third-Party Defendant Hamilton Place Strategies, LLC, with the consent of Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Michael J. Lindell and My Pillow, Inc., respectfully request leave to file one omnibus reply in support of their omnibus motion to dismiss in excess of the 25-page limit and move to extend the current deadline for Dominion's and Hamilton's reply briefs in support of their omnibus

1

motion to dismiss MyPillow's counterclaims and Lindell's counterclaims and third-party claims (ECF No. 115) by seven days to April 8, 2022.

## I. Consent Motion for Leave to File Brief in Excess of Page Limitations

Dominion and Hamilton will file one omnibus reply brief in support of their omnibus motion to dismiss Michael Lindell's counterclaims against Dominion, (ECF No. 87), MyPillow's counterclaims against Dominion, (ECF No. 90), and Lindell's third-party claims against Hamilton, (ECF No. 87). Dominion and Hamilton request leave to file one reply brief of no more than 40 pages in support of their joint motion to dismiss, rather than three separate reply briefs of up to 25 pages each, which will allow them to streamline presentation of the issues and reduce the number of pages filed.

Because this motion is not contested and there are no novel issues of law being presented, Dominion and Hamilton request that the requirement under Local Civil Rule 7(a) that all motions be accompanied by a separate memorandum of law be waived.

For the foregoing reasons, Dominion and Hamilton respectfully request that the Court grant this motion and enter an order permitting Dominion and Hamilton to exceed the 25-page limit by filing a single reply brief in support of their omnibus motion to dismiss that is no more than 40 pages.

## II. Consent Motion to Extend Time for Reply in Support of Motion to Dismiss

In accordance with Local Rule 7(m), counsel for Dominion, MyPillow, Lindell, and Hamilton conferred about, and agreed on, the proposed extension of Dominion and Hamilton's deadline to file a reply in support of their omnibus motion to dismiss MyPillow's counterclaims and Lindell's counterclaims and third-party claims. Dominion and Hamilton move to extend the current deadline for their reply brief by seven days, from April 1, 2022, to April 8, 2022.

In support of this motion, Dominion and Hamilton state as follows:

1. Lindell moved to dismiss Dominion's complaint on April 23, 2021. (ECF No. 34.) On August 11, 2021, the Court issued an Order and Memorandum Opinion denying the motion to dismiss. (ECF Nos. 53, 54.)

2. On November 15, 2021, the Court ordered Lindell and MyPillow to answer Dominion's complaint on or before December 2, 2021, and refile their affirmative claims, which they had brought in separate actions, as counterclaims in this action. (ECF No. 85.) On December 1, 2021, Lindell voluntarily dismissed the claims in his separate action, Case No. 21-cv-2296, and filed his counterclaims and answer to Dominion's complaint along with third-party claims against Hamilton, Smartmatic International Holding B.V., SGO Corporation Limited, and Smartmatic USA Corporation. (ECF No. 87.) The next day, MyPillow voluntarily dismissed Case No. 21-cv-2294 and filed its counterclaims and answer to Dominion's complaint.

3. Hamilton waived service of process under Fed. R. Civ. P. 4(d). (ECF No. 89.)

4. Dominion and Hamilton filed an omnibus motion to dismiss MyPillow's counterclaims and Lindell's counterclaims and third-party claims in full on January 31, 2022. (ECF No. 115.) Dominion and Hamilton consented to Lindell's request to file a 65-page opposition brief, a request which the Court granted. (ECF No. 123.) Lindell and MyPillow filed their oppositions to Hamilton's motion to dismiss on March 11, 2022, which total 98 combined pages, plus exhibits. (ECF Nos. 126, 127.) Dominion and Hamilton's deadline to file replies in support of their omnibus motion to dismiss is April 1, 2022.

5. Dominion, MyPillow, Lindell, and Hamilton requested one previous extension to the briefing schedule for the motions to dismiss MyPillow's counterclaims and Lindell's counterclaims and third-party claims. (ECF No. 103.)

6. Under Paragraph 9(b)(iv)–(v) of this Court's standing order, the requested relief would not affect any other deadlines.

7. Under Paragraph 9(b)(vi) of this Court's standing order, MyPillow and Lindell do not oppose the requested extensions.

8. Under Paragraph 9(b)(iii) of this Court's standing order, Dominion and Hamilton seek the requested extensions for the following good cause:

    a. Counsel for Dominion and Hamilton are responding to 98 pages of briefing, plus exhibits.

    b. The current deadlines fall while counsel for Dominion and Hamilton will be in arbitration for another matter.

Dominion and Hamilton respectfully submit that the foregoing constitutes good cause for an extension under Fed. R. Civ. P. 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time"), that they do not seek these enlargements to delay or frustrate this matter's progress, and that the respective enlargements would not unduly burden the opposite parties.

## STATEMENT OF CONFERENCE

In accordance with Local Rule 7(m), counsel for Plaintiffs/Counter-Defendants U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corp.; Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Michael J. Lindell and MyPillow, Inc.; and Third-Party Defendant Hamilton Place Strategies, LLC conferred; and counsel for Lindell and MyPillow consented to this motion.

Dated: March 25, 2022

                                            Respectfully submitted,

/s/ Laranda Walker
Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443*)*
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117*)*
Jordan Rux (D.C. Bar No. CA00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
jrux@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice)*
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP

5

10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

***Attorneys for Plaintiffs/Counter-Defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation; and Third-Party Defendant Hamilton Place Strategies, LLC***

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 25th day of March 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

                                                /s/ Laranda Walker