IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> MYPILLOW, INC. and MICHAEL J. LINDELL, <br><br> Defendants/Counter-Plaintiffs/Third-Party Plaintiffs, <br><br> v. <br><br> SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC. <br><br> Third-Party Defendants. | Case No. 1:21-cv-0445-CJN |

**Hamilton Place Strategies, LLC's Motion To Stay Discovery**

Third-party defendant Hamilton Place Strategies, LLC respectfully moves the Court to stay discovery on Michael J. Lindell's third-party complaint (ECF No. 87) against Hamilton while its motion to dismiss (ECF No. 115) remains pending. If granted, the motion to dismiss would entirely dispose of Lindell's claims against Hamilton. Hamilton met and conferred with counsel for Lindell and MyPillow, Inc., and neither opposed this motion. In further support of a stay, Hamilton states as follows.

**Background**

1. U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") sued Lindell and MyPillow for defamation on February 22, 2021. (ECF No. 1.)

2. Lindell moved to dismiss Dominion's complaint on April 23, 2021. (ECF No. 34.) On August 11, 2021, the Court issued an Order and Memorandum Opinion denying the motion to dismiss. (ECF Nos. 53, 54.)

3. On November 15, 2021, the Court ordered Lindell to answer Dominion's complaint on or before December 2, 2021, and refile his affirmative claims, which he had brought in a separate action, as counterclaims in this action. (ECF No. 85.) On December 1, 2021, Lindell voluntarily dismissed the claims in his separate action, Case No. 21-cv-2296, and filed his counterclaims and answer to Dominion's complaint along with third-party claims against Hamilton, Smartmatic International Holding B.V., SGO Corporation Limited, and Smartmatic USA Corporation. (ECF No. 87.) Lindell brought third-party claims against Hamilton for alleged violations of the Racketeer Influenced and Corrupt Organization (RICO) Act under 18 U.S.C. § 1962, alleged violations of the Support-and-Advocacy Clause of 42 U.S.C § 1985(3), and for alleged civil conspiracy. (*Id.* at ¶¶ 152–61, 162–68, 180–83.)

4. Hamilton waived service of process under Fed. R. Civ. P. 4(d). (ECF No. 89.)

5. Hamilton filed a motion to dismiss Lindell's third-party claims in full on January 31, 2022. (ECF No. 115.) Lindell filed his opposition to Hamilton's motion to dismiss on March 11, 2022. (ECF No. 127.) Hamilton will file its reply on April 8, 2022.

6. Lindell served Hamilton a first set of document requests on February 11, 2022. (*See* Ex. A, 02/11/21 email; Ex. B, Lindell's First Set of Requests for Production to Hamilton.)

Hamilton's counsel contacted Lindell's counsel, as well as counsel of record for MyPillow, and requested a stay of discovery on Lindell's third-party claims against Hamilton while its motion to dismiss is pending. On March 1, 2022, the Court entered a schedule to govern discovery in all the cases that have been consolidated for discovery.[1] (ECF No. 121.)

7. Lindell's counsel took no position on Hamilton's request. (*See* Exs. C & D, 03/09/22 emails.) Counsel of record in the Related Cases did not object either.

**Legal Standard**

8. "[C]ourts in this district have often stayed discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *See Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016); *see also Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58–59 (D.D.C. 2015) (staying "the initiation of discovery . . . pending resolution of Defendants' motion to dismiss" because the motion "raise[d] significant issues," and "their resolution [would] likely define the scope of discovery" and "indeed, may resolve the entire dispute"); *He v. Oath Holdings, Inc.*, 2020 WL 12115482, at *2 (D.D.C. Dec. 16, 2020) (staying discovery where the defendants' motion to dismiss "raise[d] a substantial question of" law, "and the resolution of that question could end the case"); *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (staying discovery because defendants' motions to dismiss raised "preliminary questions that may dispose of the case").

9. "In fact, it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet*, 225 F. Supp. 3d at 82. "Courts are vested with broad discretion to manage the conduct of discovery,

---

[1] The cases are: *US Dominion, Inc. v. Powell, et al.*, No. 21-cv-40; *US Dominion, Inc. v. Giuliani*, No. 21-cv-213; and US *Dominion, Inc. v. My Pillow, Inc., et al.*, No. 21-cv-445. The cases are referred to herein as the "Related Cases." Hamilton is a third-party defendant in No. 21-cv-445.

with the ultimate goal of ensuring the just, speedy, and inexpensive determination of every action and proceeding." *Sai*, 99 F. Supp. 3d at 58. "In that vein, a stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.*; *see also He*, 2020 WL 12115482, at *2 (staying discovery because "proceeding with [it] on even a limited basis could subject the parties to an unnecessary burden" given the defendant's pending motion to dismiss); *Loumiet*, 225 F. Supp. 3d at 84 (same, while stressing that if the defendants prevailed on their motion to dismiss, "even partially," "the scope of the case and the nature of [the defendants'] involvement . . . will change significantly").

## **Argument**

10. Discovery against Hamilton should be stayed while its motion to dismiss is pending for two reasons. ***First***, a stay is proper because Hamilton's motion to dismiss raises substantial, threshold questions that "may resolve the entire dispute." *Sai*, 99 F. Supp. 3d at 58–59. Lindell alleges three third-party claims against Hamilton: violations of the Racketeer Influenced and Corrupt Organization Act under 18 U.S.C. § 1962 (Count III); violations of the Support-and-Advocacy Clause of 42 U.S.C. § 1985 (Count IV); and civil conspiracy (Count VII). In its motion to dismiss, Hamilton has identified several dispositive deficiencies in each claim. (ECF No. 115.) If the Court grants Hamilton's motion to dismiss, no claims against Hamilton will exist in this litigation, and Hamilton will no longer be a party. Alternatively, if the Court grants Hamilton's motion to dismiss "even partially," the scope of Lindell's claims and the "nature" of Hamilton's involvement "will change significantly." *Loumiet*, 225 F. Supp. 3d at 84. Either way, the preliminary questions Hamilton's motion to dismiss raises against Lindell's claims warrant staying discovery until the Court can resolve them.

4

11. **_Second_**, a stay of discovery would spare the parties and the Court from needless discovery and discovery-related disputes between Lindell and Hamilton. *See Loumiet*, 225 F. Supp. at 83 (citing the plaintiff's "extensive" discovery requests as grounds for staying discovery). Lindell seeks 68 categories of documents, including purported communications between Hamilton and a multitude of persons including George Soros, the Gates Foundation, Jeff Bezos, Doug Emhoff (the husband of Vice President Kamala Harris), Mark Zuckerberg, various public officials, governmental bodies, media outlets, and so forth. (*See* Ex. B.) Hamilton will object to many, if not all, of Lindell's document requests, on several grounds. Given the aggressive approach Lindell has taken in these proceedings thus far, staying discovery will avoid costly, likely unnecessary motion practice and conserve judicial resources. *See Loumiet*, 225 F. Supp. at 84 ("Additionally, in light of how far-reaching the Discovery Request appears, it is almost certain that Defendants will seek to litigate its scope. It would not be a prudent use of the Court's—or the parties'—resources to litigate a discovery dispute while the dispositive motions, which may significantly change the nature of the case, are pending.").

12. Hamilton does not seek to stay discovery on Lindell's third-party claims to delay or frustrate progress of this matter. Hamilton agrees that, as Lindell previously argued to this Court, discovery should "proceed in the ordinary course after [] answers and counterclaims are filed." (ECF No. 83 at 9.) Hamilton has no affirmative claims before this Court and will not be a party to any of the cases this Court has consolidated for discovery if the Court grants Hamilton's pending motion to dismiss.

13. For these reasons, Hamilton respectfully requests that the Court stay discovery on Lindell's third-party complaint against Hamilton, including initial disclosures, until Hamilton's motion to dismiss is resolved.

Dated: March 25, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ Laranda Walker<br>Justin A. Nelson (D.C. Bar No. 490347)<br>Laranda Walker (D.C. Bar No. TX0028)<br>Florence T. Chen (D.C. Bar No. TX0025)<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, #5100<br>Houston, Texas 77002<br>(713) 651-9366<br>jnelson@susmangodfrey.com<br>lwalker@susmangodfrey.com<br>fchen@susmangodfrey.com<br><br>Stephen Shackelford, Jr.<br>(D.C. Bar No. NY0443)<br>Elisha Barron (*admitted pro hac vice*)<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Fl<br>New York, NY 10019<br>(212) 336-8330<br>sshackelford@susmangodfrey.com<br>ebarron@susmangodfrey.com<br><br>Davida Brook (D.C. Bar No. CA00117)<br>Jordan Rux (D.C. Bar No. CA00135)<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>(310) 789-3100<br>dbrook@susmangodfrey.com<br>jrux@susmangodfrey.com<br><br>Stephen E. Morrissey (*admitted pro hac vice*)<br>SUSMAN GODFREY LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA  98101<br>(206) 516-3880<br>smorrissey@susmangodfrey.com | Thomas A. Clare, P.C. (D.C. Bar No. 461964)<br>Megan L. Meier (D.C. Bar No. 985553)<br>Dustin A. Pusch (D.C. Bar No. 1015069)<br>CLARE LOCKE LLP<br>10 Prince Street<br>Alexandria, VA 22314<br>Telephone: (202) 628-7400<br>tom@clarelocke.com<br>megan@clarelocke.com<br>dustin@clarelocke.com<br><br>Rodney Smolla (Bar No. 6327)<br>4601 Concord Pike<br>Wilmington, DE 19803<br>rodsmolla@gmail.com<br>(864) 373-3882<br><br>***Attorneys for Plaintiffs/Counter-Defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation; and Third-Party Defendant Hamilton Place Strategies, LLC*** |

6