# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., AND DOMINION VOTING SYSTEMS CORPORATION,<br>    *Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>MY PILLOW, INC. AND MICHAEL J. LINDELL,<br>    *Defendants/Third-Party Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC,<br>    *Third-Party Defendants*. | Case No. 1:21-cv-00445-CJN |

**MICHAEL J. LINDELL'S FIRST SET OF REQUESTS**
**FOR PRODUCTION TO HAMILTON PLACE STRATEGIES, LLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the District of Columbia's Local Rules, Defendant, Counter-Plaintiff, and Third-Party Plaintiff Michael J. Lindell ("Lindell"), by and through his undersigned counsel, hereby serves the following First Set of Requests for Production of Documents to Third-Party Defendant Hamilton Place Strategies, LLC, ("HPS") and requires the production of the documents, materials, and ESI requested below, at the offices of DANIELS & TREDENNICK LLP, 6363 Woodway, Suite 700, Houston, Texas 77057, within thirty (30) days after service of these requests or at such other time, place, and manner as agreed to in writing by the parties. These requests are continuing and impose upon HPS the obligations set forth in Fed. R. Civ. P. 34.

**PLEASE TAKE FURTHER NOTICE** that Lindell will object to the introduction at trial of any evidence that has not been exchanged in a timely fashion pursuant to this or any subsequent document demand.

Dated: February 11, 2022                                  Respectfully submitted,

                                                          /s/ Douglas A. Daniels
                                                          Douglas A. Daniels
                                                          D.C. Bar No. TX0205
                                                          Heath A. Novosad
                                                          D.C. Bar No. TX0207
                                                          DANIELS & TREDENNICK PLLC
                                                          6363 Woodway Dr., Suite 700
                                                          Houston, TX 77057-1759
                                                          (713) 917-0024 Telephone
                                                          (713) 917-0026 Facsimile
                                                          Email: doug.daniels@dtlawyers.com
                                                          Email: heath.novosad@dtlawyers.com
                                                          Earl N. "Trey" Mayfield, III
                                                          459998
                                                          JURIS DAY, PLLC
                                                          10521 Judicial Drive, Suite 200
                                                          Fairfax, Virginia 22030
                                                          Telephone: (703) 268-5600
                                                          tmayfield@jurisday.com

                                                          ***Counsel for Defendant Michael J. Lindell***

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties of record by email on February 11, 2022.

                            /s/ Heath A. Novosad
                            Heath A. Novosad

**DEFINITIONS & INSTRUCTIONS**

1. "2016 General Election" shall mean the election that occurred on November 8, 2016 for any local, county, state, U.S. Congressional, U.S. Senate, and/or U.S. Presidential candidate through all ballot counting, tabulation, and audits through certification on January 6, 2017.

2. "2018 Election" shall mean the election that occurred on November 6, 2018 for any local, county, state, U.S. Congressional, and/or U.S. Senate candidate through all ballot counting, tabulation, and audits through January 3, 2019.

3. "2020 General Election" shall mean the election that occurred on November 3, 2020 for any local, county, state, U.S. Congressional, U.S. Senate, and/or U.S. Presidential candidate through all ballot counting, tabulation, and audits through certification on January 6, 2021.

4. "And" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of this request any information that might otherwise be considered to be beyond their scope.

5. "Any" includes each, every, and all persons, places, or things to which the term refers.

6. "Complaint" shall mean Michael J. Lindell's Third-Party Complaint filed on or about December 1, 2021 and any subsequent amended complaints.

7. "Document" or "Documents" shall have the broadest meaning that can be ascribed to them pursuant to Fed. R. Civ. P. 34, including, without limitation, all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. Without limiting the foregoing, the term "Document" or "Documents" shall include all electronic data, correspondence, including without limitation any transmission, receipt, or exchange of information between two or more persons, whether orally or in writing, any conversation, discussion, or transfer of information by means of letter, note, memorandum, telephone, e-mail (with attachments), instant message, electronic texts messages, WhatsApp communications, Signal communications or other electronic communications, instant messaging communications, social media messaging, text, message, telegraph, telex, telecopier, cable, computer or some other electronic or other medium, voice or video recordings, Zoom recordings, Teams recordings, screen shots, video tapes, films, audio tapes, electronic mail, computer disks, compact disks, computer chips, website pages, website page archives, books, papers, letters, telegrams, memoranda, communications, minutes, board minutes, notes, bill, payments, receipts, presentations, schedules, tabulations, vouchers, accounts, statements, affidavits, reports, abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, photostats, photographs, charts, graphs and other similar objects, graphic depictions, protocols, invoices, receipts, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information stored on and reproducible in documentary form

from a computer or other electronic information storage device.

8. "Dominion" shall mean US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation, and each of their corporate parents, affiliates, predecessors, co-venture partners, subsidiaries, shareholders, directors, executives, employees, agents, representatives, assigns, professionals, accountants, attorneys, consultants, experts, investigators, trusts, and any Person acting on their behalf.

9. "Financial Documents" shall have the broadest possible meaning and shall include without limitation income statements, cash flow statements, balances sheets, accounts receivables, business plans, budget reports, profit and loss statements, prospectuses, cap tables, earnings before interest, taxes, depreciation, and amortization calculations, shareholder financial presentations, merger and acquisition documents, asset sale documents, sale agreements, acquisition agreements, purchase agreements, shareholder distribution calculations, or any other documents or materials concerning or related to financial analysis, reports, memorandums, or calculations.

10. "HPS" shall mean Hamilton Place Strategies, LLC, and each of their corporate parents, affiliates, predecessors, co-venture partners, partners, subsidiaries, shareholders, directors, executives, employees, agents, representatives, assigns, professionals, accountants, attorneys, consultants, experts, investigators, trusts, and any Person acting on their behalf.

11. "Lindell" shall mean Michael J. Lindell and his principals, agents, representatives, employees, agents, predecessors in interest, all other persons presently or formerly acting or purporting to act on Lindell's behalf, or any individual you believe is acting or purporting to act on Lindell's behalf.

12. "Person" shall mean any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

13. "Relating to," "regarding," "referring to," "concerning," or "pertaining to" shall mean directly or indirectly mentioning, evidencing, or describing, or being connected with, or reflecting upon a stated subject matter, Document, event or Person.

14. "Smartmatic" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., SGO Corporation Limited, and each of their corporate parents, affiliates, predecessors, co-venture partners, subsidiaries, shareholders, directors, executives, employees, agents, representatives, assigns, professionals, accountants, attorneys, consultants, experts, investigators, trusts, and any Person acting on their behalf.

15. "Source Code" shall mean the list of human-readable instruction that You wrote when developing Dominion Voting Equipment and/or Systems including but not limited to JavaScript, Python, Java, Ruby, Perl, PHP, PostScript, and/or VBScript, or the compiler used to turn the human readable instruction into machine code or object code, including but not limited to compilers such as C, C++, Delphi, Swift, Fortran, Haskell, and/or Pascal.

16. "Things" shall mean any items of a tangible nature other than documents.

17. "Voting Equipment and/or System" shall mean any electronic device, mechanical device, computer, software, scanner, tabulator, modem, readers, paper ballots, instruction manuals, scanners, printers, schematic drawings, marketing materials, videos, recordings, video cards, thumb drives, SIM cards, routers, or any other component of a Dominion voting system, used in connection with and relating to any local, municipal, county, state, or federal election in the United States, including but not limited to Dominion Democracy Suite EMS software, Dominion Democracy Suite 4.14-A, Dominion Democracy Suite 4.14.A.1 w/Adjudication 2.4, Dominion's Democracy Suite 5.5 and 5.5A, Democracy Suite 5.5-B, 5.5-B Archival, Image Cast Precinct, Image Cast X, ICX BMD, Prime-Direct-Recording Electronic Voting Machine, Prime Ballot Marking Device, and any other Dominion voting machine including either hardware, software, or system (whether manufactured, licensed, or owned by Dominion).

18. All documents shall either (a) be produced as they are kept in the ordinary course of business, or (b) shall be organized and labeled so as to correspond to these requests.

19. All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged. If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge. If you have knowledge or belief as to the other Persons who have possession, custody, or control of such Documents, you shall so identify said Person to the extent known and based on the best information presently available to you.

20. All responses must be made separately and fully. An incomplete or evasive response will be considered a failure to answer. Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

21. Any Document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of character and not a part of the original text or any reproduction thereof, is to be considered a separate document for purposes of responding to the following specific document requests.

22. Any "Person" identified in these requests shall mean the individual referred to and any and all representatives, employees, agents, attorneys, experts, investigators, predecessors in interest, and all other persons presently or formerly acting or purporting to act on the behalf of the Person or Persons.

23. Audio, video, and Excel files must be produced in their native format with an

5

image placeholder that specifically identifies the appropriate corresponding Bates Number of the audio, video, and Excel file.

24. Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

25. Electronic Data Directive: Electronic records or computerized data, including but not limited to electronic mail and attachments, shall be produced together with all associated metadata on image load files and indicate the document and family breaks, all documents must include any hidden information it may contain, including but not limited to all track changes, hidden content, notes, and hidden rows or columns. Electronic records or computerized data, including but not limited to electronic mail and attachments, shall be produced together with all associated metadata on image load files and indicate the document and family breaks, all documents must include any hidden information it may contain, including but not limited to all track changes, hidden content, notes, and hidden rows or columns.

26. If you object to any document request or part thereof, (a) state with specificity all grounds for such objection, and (b) respond to the document request to the extent not objected to.

27. In the event that a document called for by these Requests for Production has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

28. The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

29. The use of the singular form of any word includes the plural and vice versa.

30. Where a claim of privilege is asserted in objecting to any document request, or part thereof, and the requested documents are not provided on the basis of such assertion:

    a. in the objection, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

    b. provide the following information:

        i. for documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee

      of the document, and where not apparent, the relationship of the author and addressed to each other;

ii.     for oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made, and where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of the communication; and (3) the general subject matter of the communication.

## MICHAEL J. LINDELL'S FIRST SET OF
## REQUESTS FOR PRODUCTION TO HPS

**REQUEST FOR PRODUCTION NO. 1:** Documents regarding, concerning, or with Dominion from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Documents regarding, concerning, or with Eric Coomer regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Documents regarding, concerning, or with Carlyle Group regarding Dominion and/or election fraud from January 1, 2010 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Documents regarding, concerning, or with Staple Street Capital regarding Dominion and/or election fraud from January 1, 2010 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Documents regarding, concerning, or with Smartmatic from January 1, 2005 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Documents regarding, concerning, or with Sequoia Voting Systems from January 1, 2005 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Documents regarding, concerning, or with Sequoia Capital from January 1, 2005 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Documents regarding, concerning, or with Michael Steele regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Documents regarding, concerning, or with ANTIFA regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Documents regarding, concerning, or with George Soros regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Documents regarding, concerning, or with the Clinton Foundation regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Documents regarding, concerning, or with the Gates Foundation regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Documents regarding, concerning, or with the Center for Technology and Civic Life regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Documents regarding, concerning, or with the Republican National Committee regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Documents regarding, concerning, or with the Democratic National Committee regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Documents regarding, concerning, or with Jeff Bezos regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Documents regarding, concerning, or with Kamala Harris regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Documents regarding, concerning, or with Doug Emhoff regarding Dominion and/or election fraud from January 1, 2016 to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Documents regarding, concerning, or with Mark Zuckerberg regarding Dominion and/or election fraud from January 1, 2016 to the present.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Documents concerning any non-recourse litigation funding from November 3, 2020 to the present.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Documents identifying all owners of any interest in HPS from January 1, 2016 to the present.

   **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 22:** Payments, including but not limited to receipts, bills, invoices, and wire transfers, from Dominion from January 1, 2016 to the present.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Documents regarding Board of Directors meeting minutes, minutes of Board of Directors committees, minutes of HPS's senior management team meetings, regular or special meetings (whether in person or virtual), consents in lieu of formal meetings, and discussions or votes by Board of Directors members regarding Dominion and/or election fraud from January 1, 2016 to the present.

   **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 24:** HPS's Financial Documents from January 1, 2020 to the present.

   **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 25:** Federal, state, and local income tax returns filed by HPS for the sequential fiscal years 2020 to present.

   **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 26:** Documents that identify HPS's Board of Directors or the senior management team from January 1, 2020 to the present.

   **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 27:** Documents related to any reduction in market value or market share to Dominion because of any statement made by Lindell.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Documents relating to Dominion's lost profits caused by any statement made by Lindell.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 29:** Documents regarding the retention of security services for Dominion and Dominion's employees.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 30:** Documents from any Dominion customer or potential customer that has reviewed or expressed an intent to cancel, reevaluate, reconsider, reassess, modify, extend, renew, non-renew, or review and reassess contracts with Dominion.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 31:** Documents related to Dominion Voting Equipment and/or Systems with or concerning the State of Texas or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Documents related to Dominion Voting Equipment and/or Systems with or concerning the State of Michigan or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Documents related to Dominion Voting Equipment and/or Systems with or concerning the State of Colorado or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Documents related to Dominion Voting Equipment and/or Systems with or concerning the State of Georgia or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Documents related to Dominion Voting Equipment and/or Systems with or concerning the State of Arizona or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 36:** Documents concerning malfunctions, problems, deficiencies, defects, bugs, vulnerabilities, help desk and call logs, or glitches in any Dominion Voting Equipment and/or System used in or proposed to be used in the 2016 General Election,

2018 Election, and/or the 2020 General Election.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 37:** Documents related to internal or external testing of Dominion Voting Equipment and/or System from January 2016 to present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 38:** Documents with or concerning Home Box Office (HBO) regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 39:** Documents regarding any cease-and-desist letters, retraction demands, or evidence preservation letters sent by or on behalf of Dominion to any Person from January 1, 2016 to present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 40:** Documents regarding, concerning, or with Harri Hursti regarding Dominion and/or election fraud from January 1, 2016.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 41:** Documents regarding, concerning, or with J. Alex Halderman regarding Dominion and/or election fraud from January 1, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Documents regarding, concerning, or with the University of Michigan regarding Dominion and/or election fraud from January 1, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** Documents regarding, concerning, or with Sue Halpern regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 44:** Documents regarding, concerning, or with Thomas Hicks regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 45:** Documents regarding, concerning, or with the Cyber and Infrastructure Security Agency regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Documents regarding, concerning, or with Mikko Hyppönen or F-Secure regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 47:** Documents regarding any ransomware, phishing, zero-day exploits, or other advanced threats which attacked or infiltrated or attempted to attack or infiltrate any Dominion Voting Equipment and/or System from January 2010 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 48:** Documents regarding, concerning, or with Senator Amy Klobuchar regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 49:** Documents regarding, concerning, or with Jake Stauffer, Coherent Cyber, or Freeman, Craft, & McGregor Group regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 50:** Documents regarding, concerning, or with Marilyn Marks regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 51:** Documents related to critical vulnerabilities, remote code execution, or off-line ballot tampering on any Dominion Voting Equipment and/or System from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 52:** Documents related to any malware or asymmetrical attack(s) which infiltrated or attempted to infiltrate Dominion Voting Equipment and/or System from January 1, 2016 to the present.

**REQUEST NO.**

**REQUEST FOR PRODUCTION NO. 53:** Documents related to Dominion Voting Equipment and/or Systems actual or potential connection to the internet from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 54:** Documents regarding, concerning, or with the DELIAN project regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 55:** Documents regarding, concerning, or with Brennan Center for Justice regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 56:** Documents regarding, concerning, or with Michael Haas regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 57:** Documents regarding, concerning, or with Carsten Schürmann regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 58:** Documents regarding, concerning, or with Brian Kemp regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 59:** Documents regarding, concerning, or with Brad Raffensperger regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 60:** Documents regarding, concerning, or with Senator Rob Wyden of Oregon regarding Dominion and/or election fraud from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 61:** Documents regarding or concerning ballot and/or tabulation errors from January 1, 2016 to present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 62:** Documents regarding, concerning, or with any Chinese government agency, Chinese distributor, or Chinese manufacturer related to Dominion Voting Equipment and/or Systems from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 63:** Documents regarding, concerning, or with any

Taiwanese government agency, Taiwanese distributor, or Taiwanese manufacturer related to Dominion Voting Equipment and/or Systems from January 1, 2016 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 64:** Documents regarding or concerning Russian Interference in the 2016 or 2020 General Election.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 65:** Documents regarding, concerning, or with the below-listed individuals and/or entities or any other news organization regarding Dominion and/or election fraud from January 2016 to the present:

- a. New York Times;
- b. Washington Post;
- c. Wall Street Journal;
- d. Forbes;
- e. Associated Press and/or apnews.com;
- f. The Detroit Free Press;
- g. Politifact.com;
- h. Newsweek and/or newsweek.com;
- i. 12news.com;
- j. U.S. News and/or usnews.com;
- k. CBS and/or cbsnews.com;
- l. NBC and/or NBC News and/or nbcnews.com;
- m. ABC and/or abcnews.com;
- n. PBS and/or Public Broadcasting Service;
- o. MEDIAite;
- p. Salon;
- q. Time;
- r. MSNBC;
- s. CNN;
- t. Politico;
- u. The Huffington Post;
- v. The Epoch Times;
- w. NPR;
- x. Media Matters;
- y. Yahoo;
- z. Business Insider;
- aa. Gateway Pundit;
- bb. Fox News;
- cc. OAN;
- dd. Newsmax;
- ee. Epoch Times;
- ff. Atlantic;
- gg. Time Magazine; and/or
- hh. The New Yorker.

**RESPONSE:**

15

**REQUEST FOR PRODUCTION NO. 66:** Documents regarding, concerning, or with the below-listed individuals and/or entities regarding Dominion and/or election fraud from January 2016 to the present:

| | | | | |
|---|---|---|---|---|
| a. | Twitter; | | e. | Reddit; |
| b. | Facebook; | | f. | Parlor; and/or |
| c. | Instagram; | | g. | Gettr. |
| d. | LinkedIn; | | | |

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** Documents, including but not limited to electronic data, photographs, and videos, regarding or concerning any surveillance (including computer hacking or monitoring) you conducted or authorized to be conducted against Michael J. Lindell or any person affiliated with Michael J. Lindell.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 68:** Documents regarding or concerning SolarWinds from regarding Dominion and/or election fraud January 1, 2016 to the present.

    **RESPONSE**: