# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>vs.<br><br>MY PILLOW, INC., *Defendant/Counter-Claimant*.<br><br>MICHAEL J. LINDELL, *Defendant/Counter-Claimant/Third-Party Plaintiff*,<br><br>vs.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC,<br><br>*Third-Party Defendants*. | Case No. 21-cv-445-CJN |

## SMARTMATIC DEFENDANTS' SUPPLEMENTAL RULE 11 BRIEF
## PURSUANT TO THE COURT'S MAY 19, 2022 ORDER

I.  **Introduction**

Michael J. Lindell and his lawyers filed a frivolous lawsuit against Smartmatic. The Court has rightly decided to hold them accountable by ordering them "to pay some of the fees and costs Smartmatic has incurred defending itself and moving for sanctions under Rule 11." (ECF Nos. 135, at 30; 136.) Smartmatic seeks an award of at least $546,156 for reasonable legal fees for 1168.6 hours of work investigating, researching, and drafting several complex motions, plus $400 in costs. A fee award of $546,156 is a 17.1% reduction from the $658,646.73 in fees Smartmatic will have paid. The award is reasonable considering: the volume, gravity, and frivolousness of Mr. Lindell's allegations and claims; the "$2 billion" in damages sought; the range and severity of Mr. Lindell and his counsel's Rule 11 violations; and the amount of fees they caused Smartmatic to incur.

II. **Background**

Mr. Lindell has made a full-time job of spreading false information about Smartmatic and its role in the 2020 election. On June 3, 2021, he and his counsel certified his false narrative to a federal court when he sued Smartmatic in the District of Minnesota. (Case No. 21-cv-1332, ECF No. 1.) Following transfer to this Court, Smartmatic moved to dismiss Mr. Lindell's claims that Smartmatic conspired with Dominion and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Support or Advocacy Clause of 42 U.S.C. § 1985(3). Smartmatic noted in its motion that it would seek Rule 11 sanctions against Mr. Lindell and his counsel for their frivolous pleading. (Case No. 21-cv-2296, ECF No. 81-1 at 2–3 n.1.)

On December 1, 2021, Mr. Lindell dismissed his claims against Smartmatic and re-packaged them as third-party claims in this case. (Case No. 21-cv-445, ECF No. 87.) Despite having the benefit of Smartmatic's first motion to dismiss, Mr. Lindell not only re-filed his RICO,

1

Support or Advocacy Clause, and civil conspiracy claims, but also accused Smartmatic of additional criminal conduct (witness tampering, witness intimidation, and mail fraud) and of violating his First, Fifth, and Fourteenth Amendment rights. (*Id.*)

Smartmatic again moved to dismiss Mr. Lindell's complaint on December 8, 2021. (ECF No. 94-1.) On December 10, 2021, Smartmatic notified Mr. Lindell and his counsel that their complaint violated Rules 11(b)(1), 11(b)(2), and 11(b)(3), and sent them a draft Rule 11 brief explaining their violations in detail. (Decl. of Nicole E. Wrigley, Ex. 1 ¶ 23 ("Decl."); Ex. 2.) They responded by letter that they would not withdraw the complaint (*see* Ex. 3), so Smartmatic moved for Rule 11 sanctions. (ECF No. 118-1.) The lawyers who certified Mr. Lindell's complaint under Rule 11—Douglas A. Daniels and Heath A. Novosad—later withdrew their representation in this matter. (ECF No. 133.)

On May 19, 2022, the Court granted Smartmatic's motion to dismiss and motion for sanctions under Rule 11. (ECF No. 135.) The Court ruled that "Lindell has asserted at least some groundless claims" and that "at the very least" his "claim against Smartmatic under the Support or Advocacy Clause falls on the frivolous side of the line (other claims do too)." (*Id.* at 30.) The Court ordered Mr. "Lindell and his previous counsel to pay some of the fees and costs Smartmatic has incurred defending itself and moving for sanctions under Rule 11." (*Id.*) The Court also ordered briefing on the "appropriate amount" of sanctions, which Smartmatic now submits. (*Id.* at 31.)

**III.   Legal Standard**

District courts enjoy "virtually untrammeled" discretion in crafting Rule 11 sanctions. *Danik, Inc. v. Hartmarx Corp.*, 875 F.2d 890, 897 (D.C. Cir. 1989), *aff'd in part and rev'd in part*

*on other grounds*, 496 U.S. 384.[1] That discretion includes ordering violators to pay "part or all" of the movant's "reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).[2]

Fee awards effectuate the primary goal of Rule 11: "to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*; *see Wash. Bancorp. v. Said*, 812 F. Supp. 1256, 1275 (D.D.C. 1993) (awarding fees under Rule 11 "to demonstrate to [the offending party], as well as to other potential plaintiffs, that it is not permissible to bring insupportable claims"); *cf. Brandt v. Schal Assocs., Inc.*, 960 F.2d 640, 646 (7th Cir. 1992) (without adequate compensation, "aggrieved litigants would have little incentive to pursue sanctions thus diminishing the important deterrent effect of Rule 11"). Fee awards also alleviate the unjustified expense a Rule 11 violation imposes on the aggrieved party. *Hickey v. Scott*, 738 F. Supp. 2d 55, 73–74 (D.D.C. 2010) (awarding fees under Rule 11 because "plainly meritless" claims "required significant expenditures of time, both by the court and by [opposing] counsel"); *Wash. Bancorp.*, 812 F. Supp. at 1275 (same, in part due to the "unnecessary costs incurred in defense"); *Hanson v. Greenspan*, No. 91-cv-1599, 1991 WL 274267, at *4 (D.D.C. Dec. 6, 1991) (same, in part because the violation "wasted the [defendants'] resources").

---

[1] Unless otherwise noted, citations are omitted, internal quotation marks are removed, and emphasis is added.

[2] The Court cannot impose a monetary sanction on Mr. Lindell for filing legal contentions that violate Rule 11(b)(2). *See* Fed. R. Civ. P. 11(c)(5)(A). To the extent Mr. Lindell and his counsel violated Rules 11(b)(1) and 11(b)(3), the Court should impose joint and several liability on Mr. Lindell and his prior counsel, Mr. Daniels and Mr. Novosad. To the extent they violated Rule 11(b)(2), the Court may impose joint and several liability only on Mr. Daniels and Mr. Novosad.

"Reasonable" attorney's fees are calculated by the lodestar method—reasonable hours times reasonable hourly rate. *Allen v. Utley*, 129 F.R.D. 1, 6–7 (D.D.C. 1990). A private attorney's customary billing rate is presumptively reasonable:

> [W]hen fixed market rates already exist, there is no good reason to tolerate the substantial costs of turning every attorneys fee case into a major ratemaking proceeding. *In almost every case, the firms' established billing rates will provide fair compensation*. The established rates represent the opportunity cost of what the firm turned away in order to take the litigation; they represent the lawyers' own assessment of the value of their time.

*Id.* (emphasis in original); *see also Thompson v. Kennickell*, 836 F.2d 616, 620 (D.C. Cir. 1988) ("[T]he presumptively reasonable rate for attorneys with billing histories is the attorney's customary billing rate."), *overruled on other grounds by* 950 F.2d 771; *In re InPhonic, Inc.*, 674 F. Supp. 2d 273, 283 (D.D.C. 2009) (same); *Mattachine Soc'y of Wash., D.C. v. U.S. Dep't of Justice*, 406 F. Supp. 3d 64, 70 (D.D.C. 2019) ("[T]here is no better indication of what the market will bear than what the lawyer in fact charges…and what the clients are willing to pay.").

IV. **Argument**

Mr. Lindell's action cost Smartmatic $658,646.73 in attorney's fees and $11,101.73 in costs. (Decl. ¶¶ 11, 13, 18, 22.) But Smartmatic recognizes that this Court is inclined to award "some" of the fees and costs Mr. Lindell and his counsel imposed. Respecting the Court's discretion, Smartmatic requests a lodestar-calculated fee award of at least $546,156 and $400 in costs—an 18.4% reduction from Smartmatic's actual costs and fees. These amounts are reasonable given the range and severity of the Rule 11 offenses Mr. Lindell and his counsel committed in this case.

    A. **Smartmatic's Attorneys' Rates Are Reasonable and Lower than the Prevailing D.C. and Chicago Rates.**

Smartmatic's private attorneys charge a customary rate that is presumptively reasonable. The attorneys below, with the private law firm Benesch, Friedlander, Coplan & Aronoff, LLP

4

("Benesch"), performed legal services for Smartmatic in this matter at their customary rates. (Decl. ¶¶ 2, 4, 5–7.) Because Benesch completed a significant proportion of the relevant legal work in 2021, and for ease of calculation, Smartmatic is using its attorneys' customary 2021 rates as the proper lodestar rate for all time expended including in 2022. (*Id.*); *Allen*, 129 F.R.D. at 7. Benesch's rates are lower than both the inflation-adjusted *Laffey* matrix rates[3] and the average 2021 rates in D.C. and Chicago,[4] confirming that Smartmatic's proposed rates are reasonable:

| Attorney | Years of Experience | 2022 Actual Rate | 2021 Actual Rate | LSI-Adjusted *Laffey* Rate |
|---|---|---|---|---|
| J. Erik Connolly | 23 | $875 | *$790 | $919 |
| Nicole Wrigley | 20 | $795 | *$690 | $764 |
| Lee Muench | 11 | $615 | *$550 | $676 |
| Olivia Sullivan | 4 | $390 | *$360 | $468 |
| Kevin Carlson | 3 | $360 | *$295 | $381 |
| Samantha Roth | 1 | $325 | *$260 | $381 |
| Nancy Wertheimer (paralegal) | 25 | $335 | $305 | *$208 |

*The proposed lodestar rates.

(Decl. ¶¶ 5–10; Exs. 4–5.)

---

[3] For attorneys without established rates—usually public-interest or government attorneys—courts use an established fee matrix or other market data to assess reasonable rates. *DL v. Dist. of Columbia*, 945 F.3d 585, 590 (D.C. Cir. 2019) (approving the *Laffey* matrix, a survey of complex federal litigation rates in D.C., when adjusted for inflation via the Bureau of Labor Statistics' Legal Services Index ("LSI")). The *Laffey* matrix, however, does not effectively account for paralegal Nancy Wertheimer, who has 25 years of experience. (Ex. 4; Decl. ¶ 4.G.) Smartmatic submits that the LSI-adjusted *Laffey* rate for paralegals of $208 is reasonable.

[4] *See Associate Billing Rates Are Growing Faster than Partner Rates*, The American Lawyer (Feb. 3, 2022), https://www.law.com/americanlawyer/2022/02/03/associates-billing-rates-are-growing-faster-than-partner-rates/ (Ex. 5) (the 2021 D.C. average was $880 per hour for partners and $605 for associates, the 2021 Chicago average was $859 for partners and $565 for associates, and the 2021 national average was $728 for partners and $535 for associates).

### B. The Time Smartmatic Expended in This Case Was Reasonable.

Smartmatic's attorneys worked 1168.6 hours to defend against Mr. Lindell's complaint and obtain Rule 11 sanctions. Smartmatic had to move to dismiss twice—once against the original pleading and again against the third-party complaint. Smartmatic leveraged the work its attorneys performed for the first motion to dismiss to draft the second, but the latter still required original work because the third-party complaint added new claims, theories of liability for Mr. Lindell's prior claims, and inflammatory factual contentions against Smartmatic. Smartmatic's motions required significant time but were necessary and reasonable under the circumstances.

*First*, Mr. Lindell's complaint presented enormous stakes. He: (1) accused Smartmatic, a voting technology and software provider, of criminal wrongdoing and violating his constitutional rights; (2) requested over $2 billion in "actual and special" damages; and (3) sought treble damages under RICO and punitive damages. (Compl. ¶¶ 138, 152–87.) However frivolous the claims, Smartmatic could not risk allowing any aspect of such a massive request to proceed.

*Second*, whatever the merits, failing to secure dismissal would have resulted in tremendously expensive discovery. *Cf. Gross v. Waywell*, 628 F. Supp. 2d 475, 480 (S.D.N.Y. 2009) (though RICO claims overwhelmingly fail, plaintiffs may bring them "to score a tactical edge" and impose the "extraordinary costs associated with defending complex charges"); *Bachi-Reffitt v. Reffitt*, 802 F. App'x 913, 919 (6th Cir. 2020) ("A civil RICO claim is an unusually potent weapon—the litigation equivalent of a thermonuclear device."); *Brandt*, 960 F.2d at 646 (affirming $443,000 sanction for frivolous RICO suit and noting that counsel "who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under Rule 11"). Indeed, while Smartmatic's motion to dismiss was pending, Mr. Lindell served written discovery requests upon Smartmatic, forcing it to seek a stay or lose a critical benefit of dismissal. (ECF Nos.

125, 125-2.) Under these circumstances, Smartmatic's attorneys expended a reasonable amount of time securing early dismissal and sanctions.

*Third*, including the time for these motions in the lodestar produces a sanction that is adequate to deter Mr. Lindell, his counsel, and others similarly situated. Mr. Lindell and his counsel's use of the Court violated three separate proscriptions of Rule 11. (*See* ECF Nos. 118-1, at 11–36; 124, at 2–19); Fed. R. Civ. P. 11(b)(1), (b)(2), (b)(3). These violations: imposed substantial costs on Smartmatic; diverted court resources away from "parties with serious disputes waiting to be heard," *Saltany v. Reagan*, 886 F.2d 438, 440 (D.C. Cir. 1989) (per curiam); and demonstrated an unapologetic cynicism about the federal judiciary. *Id.*; *King v. Whitmer*, 556 F. Supp. 3d 680, 731 (D. Mich. Aug. 25, 2021) ("The nation's courts…are reserved for hearing legitimate causes of action," not "politically motivated accusations, allegations, and gamesmanship[.]"). This case is the pinnacle of what Rule 11 is designed to deter. A substantial fee award will do precisely that.

*Fourth*, the lodestar requested below is reasonable but not the upper limit on sanctions. The Court could impose a sanction of "all" fees incurred in this matter, including every last penny Smartmatic spent on fees this action caused. Fed. R. Civ. P. 11(c)(4); *see, e.g.*, *Hickey v. Scott*, No. 07-1866, 2011 WL 13077482, at *1 (D.D.C. Sept. 26, 2011) ("[T]he objective of deterring [plaintiff] from committing further abuse of the litigation process will be sufficiently accomplished by requiring [him] to pay the fees that *were actually due* to [defendant's] counsel."). Thus, although Smartmatic recognizes that the Court is inclined to award "some" fees and that the lodestar below is presumptively reasonable, the Court could go higher and award up to $658,646.73 within the confines of Rule 11. If ever there were a case to apply the full force of Rule 11, it is this one. *O'Rourke v. Dominion Voting Sys.*, 552 F. Supp. 3d 1168, 1197 (D. Colo.

7

2021) ("[C]laims of the vote being 'stolen' or 'rigged' resulted in, among other things, serious threats to the safety of both public election officials and private [individuals]… [and] raised a substantial doubt about the continuation of what arguably is the United States' greatest political tradition—the unbroken two-century ritual of the peaceful transfer of power."); *King*, 556 F. Supp. 3d at 731.

*Finally*, the amount of fees Smartmatic requests—from an objective lodestar perspective and relative to the Court's options—is entirely reasonable. The tables below reflect the time Smartmatic's attorneys expended on each major task. The tables are calculated using the entries in Ex. 6, which are derived from the invoices billed to Smartmatic. (Decl. ¶¶ 15–21; Exs. 7–14.) Smartmatic does not request fees for every time entry it was billed and has even excluded some timekeepers entirely. (*Id.* ¶ 16.) And, as the tables reflect, Smartmatic staffed this case with several less expensive timekeepers to mitigate expenses. Those timekeepers investigated and researched Mr. Lindell's claims, allowing senior timekeepers to focus on writing and decision-making. The total hours for each timekeeper on each task are multiplied by the rates outlined above to yield task-by-task lodestar calculations that reflect the cost of this case's evolution (*id.* ¶ 20; Ex. 6):

**The First Motion to Dismiss**

|  | Role | Rate | Hours | Task Lodestar |
|---|---|---|---|---|
| J. Erik Connolly | Partner | $790 | 30.1 | $23,779 |
| Nicole Wrigley | Partner | $690 | 38.9 | $26,841 |
| Lee Muench | Of-Counsel | $550 | 142.7 | $78,485 |
| Olivia Sullivan | Associate | $360 | 41.8 | $15,048 |
| Kevin Carlson | Associate | $295 | 58.1 | $17,140 |
| Samantha Roth | Associate | $208 | 30.9 | $8,034 |
| **Total** |  |  | **342.5** | **$169,327** |

**The Second Motion to Dismiss**

|  | Role | Rate | Hours | Task Lodestar |
|---|---|---|---|---|
| J. Erik Connolly | Partner | $790 | 9 | $7,110 |
| Nicole Wrigley | Partner | $690 | 14.7 | $10,143 |

|  | Role | Rate | Hours | Task Lodestar |
|---|---|---|---|---|
| Lee Muench | Of-Counsel | $550 | 101.7 | $55,935 |
| Kevin Carlson | Associate | $295 | 80.8 | $23,836 |
| Nancy Wertheimer | Paralegal | $208 | 7.1 | $1,477 |
| **Total** |  |  | **213.3** | **$98,501** |

### The Motion for Sanctions Under Rule 11

|  | Role | Rate | Hours | Task Lodestar |
|---|---|---|---|---|
| J. Erik Connolly | Partner | $790 | 13.7 | $10,823 |
| Nicole Wrigley | Partner | $690 | 19.9 | $13,731 |
| Lee Muench | Of-Counsel | $550 | 265.4 | $145,970 |
| Kevin Carlson | Associate | $295 | 136.6 | $40,297 |
| Nancy Wertheimer | Paralegal | $208 | 42.1 | $8,757 |
| **Total** |  |  | **477.7** | **$219,578** |

### The Motion to Stay Discovery

|  | Role | Rate | Hours | Task Lodestar |
|---|---|---|---|---|
| Nicole Wrigley | Partner | $690 | 3 | $2,070 |
| Lee Muench | Of-Counsel | $550 | 30.8 | $16,940 |
| Kevin Carlson | Associate | $295 | 0.5 | $148 |
| Nancy Wertheimer | Associate | $208 | 0.5 | $104 |
| **Total** |  |  | **34.8** | **$19,262** |

### This Fee Submission[5]

|  | Role | Rate | Hours | Task Lodestar |
|---|---|---|---|---|
| Nicole Wrigley | Partner | $690 | 4.5 | $3,105 |
| Lee Muench | Of-Counsel | $550 | 17.2 | $9,460 |
| Kevin Carlson | Associate | $295 | 46.8 | $13,806 |
| Nancy Wertheimer | Paralegal | $208 | 2.6 | $541 |
| **Total** |  |  | **71.1** | **$26,912** |

### General Case Work

|  | Role | Rate | Hours | Task Lodestar |
|---|---|---|---|---|
| Nicole Wrigley | Partner | $690 | 5 | $3,450 |
| Lee Muench | Of-Counsel | $550 | 7.8 | $4,290 |
| Kevin Carlson | Associate | $295 | 16.4 | $4,838 |
| **Total** |  |  | **29.2** | **$12,578** |

---

[5] Smartmatic's attorneys have not yet invoiced the time expended on this brief but will do so. (Decl. ¶ 15 n.2.) These hour entries reflect the time Smartmatic's attorneys spent collecting billing information, researching the law, and drafting this submission. (*Id.* ¶ 18.)

9

**Total Fee Lodestar Calculation**

|  | Role | Rate | Total Hours | Final Lodestar |
|---|---|---|---|---|
| J. Erik Connolly | Partner | $790 | 52.8 | $41,712 |
| Nicole Wrigley | Partner | $690 | 86 | $59,340 |
| Lee Muench | Of-Counsel | $550 | 565.6 | $311,080 |
| Olivia Sullivan | Associate | $360 | 41.8 | $15,048 |
| Kevin Carlson | Associate | $295 | 339.2 | $100,064 |
| Samantha Roth | Associate | $260 | 30.9 | $8,034 |
| Nancy Wertheimer | Paralegal | $208 | 52.3 | $10,878 |
| **Total** |  |  | **1168.6** | **$546,156** |

In sum, Smartmatic's attorneys' reasonable rates, multiplied by the reasonable hours worked, yield a lodestar of $546,156. That is a 17.1% reduction from the $658,646.73 in fees Smartmatic will have paid. Smartmatic also requests $400 in court costs for filing four pro hac vice motions (Decl. ¶ 22; Ex. 15), for total fees and costs of at least $546,556. This total amount represents an 18.4% discount from Smartmatic's actual expenses charged.

## VI. Conclusion

Smartmatic respectfully requests that this Court award Smartmatic its reasonable attorneys' fees and costs of at least $546,556. This amount is less than the expense Smartmatic actually incurred and reasonable considering the factual contentions, claims, and relief sought in this case.

10

Dated: May 27, 2022

/s/ Nicole E. Wrigley

J. Erik Connolly
   D.C. Bar No. IL0099
   Email: econnolly@beneschlaw.com
Nicole E. Wrigley
   D.C. Bar No. IL0101
   Email: nwrigley@beneschlaw.com
Lee B. Muench (*admitted pro hac vice*)
   Illinois ARDC No. 6305846
   Email:  lmuench@beneschlaw.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:  312.212.4949

*Counsel for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

11

## CERTIFICATE OF SERVICE

I, Nicole E. Wrigley, certify that on this 27th day of May, 2022, I electronically filed the foregoing SMARTMATIC DEFENDANTS' SUPPLEMENTAL RULE 11 BRIEF PURSUANT TO THE COURT'S MAY 19, 2022 ORDER, with the Clerk of the U.S. District Court for the District of Columbia using the CM/ECF system, which will send a notice of this electronic filing to all counsel.  A copy will also be sent via email and US mail to the following:

>Douglas A. Daniels
>Heath A. Novosad
>Daniels & Tredennick PLLC
>6363 Woodway Drive
>Suite 700
>Houston, TX 77057
>doug.daniels@dtlawyers.com
>heath.novosad@dtlawyers.com

*/s/ Nicole E. Wrigley*