# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>    *Plaintiffs/ Counter-Defendants,*<br><br>v.<br><br>MYPILLOW, INC., *et al.*,<br><br>    *Defendants/Counter-Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., *et. al.*,<br><br>    *Third-Party Defendants.* | Civil Action No. 1:21-cv-0445 (CJN) |

### DECLARATION OF NICOLE E. WRIGLEY

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. My name is Nicole E. Wrigley. I am a Partner with the law firm Benesch, Friedlander, Coplan & Aronoff, LLP ("Benesch"), in its Chicago office located at 71 S. Wacker Dr., Suite 1600, Chicago, IL 60606.

2. Benesch represents Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") in this matter. I offer this declaration in support of Smartmatic's proposed award of attorney's fees and costs pursuant to this Court's Memorandum Opinion (ECF No. 135) and Order (ECF No. 136) in the above-captioned matter.

3. The following statements are based on my personal knowledge of the matters stated in this declaration and/or the records maintained by Benesch in the ordinary course of business. I have been a central part of the representation of Smartmatic in this matter, and personally performed many of the services for Smartmatic in defending against the claims of Third-Party Plaintiff Michael Lindell alleged in this action against Smartmatic.

**A.  Benesch Timekeepers for This Case**

4. The attorneys who worked on this matter are experienced litigators:

    A.  J. Erik Connolly graduated from Northwestern University Pritzker School of Law in 1999. He is a partner at Benesch. Connolly has worked on some of the largest defamation cases in U.S. history and currently represents Smartmatic in multiple defamation suits relating to the 2020 Presidential Election. His decades-long career also includes a variety of "bet the company" cases ranging from securities fraud to trade secret misappropriation to breach of contract.

> B. I graduated from University of Illinois College of Law, *magna cum laude with honors*, in 2002. I am a partner at Benesch. I have worked on some of the largest defamation cases in U.S. history and currently represent Smartmatic in multiple defamation suits relating to the 2020 Presidential Election. I also have extensive complex commercial litigation experience, ranging from nine-figure business disputes and multibillion-dollar class actions to complex MDL proceedings, where I have served as national and coordinating counsel.
>
> C. Lee Muench graduated from University of Illinois College of Law, *summa cum laude*, in 2011. He is of-counsel at Benesch. Muench spent his career litigating complex commercial actions, including breach of contract, corporate governance, business torts, and securities fraud. After law school, he served as a law clerk to a federal district court judge of the United States District Court for the Northern District of Illinois for one year.
>
> D. Olivia Sullivan graduated from Loyola University Chicago School of Law, *magna cum laude*, in 2018. She is an associate at Benesch. Sullivan has experience with complex commercial litigation, including defamation, international arbitration, class actions, and breach of contract.
>
> E. Kevin Carlson graduated from University of Chicago Law School, with honors, in 2019. He is an associate at Benesch. Carlson has experience with complex commercial litigation. After law school, he served as a law clerk to two federal district court judges of the United States District Court for the Eastern District of Tennessee for one year each.
>
> F. Samantha Roth graduated from Northwestern University Pritzker School of Law in 2021. She is an associate at Benesch. Roth has experience with complex commercial litigation.
>
> G. Nancy Wertheimer is a paralegal at Benesch and has 25 years of experience, including extensive work on complex commercial litigation.

**B.     Hourly Rates Charged and Paid for Work Performed on This Case**

5. Benesch charged Smartmatic its customary hourly rate for each attorney who worked on this matter.

6. Benesch charges other clients the same customary hourly rates for the same attorneys.

7. The customary hourly rates Benesch charges reflect: the experience of its attorneys; the sophisticated litigation that Benesch handles; and the market forces that affect legal rates. The customary hourly rates for the relevant attorneys and paralegals in calendar years 2021 and 2022 are below:

| **Attorney** | **2021 Rate** | **2022 Rate** |
|---|---|---|
| J. Erik Connolly | $790 | $875 |
| Nicole Wrigley | $690 | $795 |
| Lee Muench | $550 | $615 |

2

| | | |
|---|---|---|
| Olivia Sullivan | $360 | $390 |
| Kevin Carlson | $295 | $360 |
| Samantha Roth | $260 | $325 |
| Nancy Wertheimer (paralegal) | $305 | $335 |

8.  The 2021 rates are below standard rates for both D.C. and Chicago attorneys of comparable experience, as reflected in surveys. *See* Ex. 5, *Associate Billing Rates Are Growing Faster Than Partner Rates*, The American Lawyer (Feb. 3, 2022). Nationally, the average rate billed in 2021 was $728 per hour for partners and $535 per hour for associates in 2021. *Id.* at 1. In D.C., partners billed an average of $880 per hour in 2021, while associates billed an average of $605 per hour. *Id.* at 2. In Chicago, average partner rates in 2021 were $859 per hour, while associate rates averaged $565 per hour. *Id.*

9.  Considering the prevailing market rates, the rates Benesch charged in this litigation are reasonable, especially considering the constitutional and complex statutory claims alleged, exorbitant damages requested, and fact investigation Lindell's fact contentions required.

10.  Nevertheless, for ease of calculation and because most of the legal services in this matter were performed in 2021, the Brief proposes using Benesch's 2021 rates for the lodestar calculation.[1]

11.  Exhibits 7–14 are invoices Benesch submitted to Smartmatic for legal services rendered by its attorneys and paralegals in this matter prior to this fee submission. The invoices reflect that Benesch has already submitted $756,910 worth of time entries in this matter to Smartmatic. However, Benesch discounted its bills by $130,137.27, for an actual fee charged to Smartmatic of $626,772.73. That amount encompasses what Smartmatic has paid and owes for the work performed on this matter prior to this submission.

12.  Smartmatic has already paid $527,240.23 to Benesch for fees in this matter, and, consistent with prior practice, will pay the remainder in the near future.

13.  Benesch will also invoice the hours expended on this fee submission at its 2022 rates, for a total of $31,874.[2]

14.  The total amount that Smartmatic will pay in this matter, including this submission, is $658,646.73.

---

[1] With the exception of paralegal Nancy Wertheimer, for whom Smartmatic proposes a lower rate. *See* Brief § IV.A.

[2] The invoices attached as exhibits do not include the time period that encompasses the work performed for this submission pursuant to the Court's May 19, 2022 Order. The charge for that work is $31,874, as calculated as of the date of this filing. Benesch will tender the bill to Smartmatic in the ordinary course of business next month.

3

**C.      Time Expended on This Case**

15.     For its fee request to the Court, Smartmatic is discounting what it has paid and owed by $112,490.73, for a final request of $546,156. This figure represents additional adjustments I have made to the entries reflected in the invoices Benesch sent to Smartmatic. Exs. 7–14. The reduced entries for which Smartmatic seeks fees, as well as the applicable rates and lodestar calculations, are compiled in Exhibit 6. Time entries for which Smartmatic is not seeking fees in the litigation have been redacted in the invoices, as has certain Benesch banking information. Exs. 7–14.

16.     The time entries in Ex. 6 originate from the invoices Benesch sent to Smartmatic. The time entries have been modified for purposes of this submission to reflect the additional discounts Smartmatic applied, some timekeepers (including litigation partners) were excluded, and some entries were edited for typographical errors and consistency. Additionally, some invoice entries were broken into multiple entries in Ex. 6 to enable task-by-task coding, which was used to generate the tables in § IV.B of the Brief. The time entries in Ex. 6 all reflect time Benesch attorneys actually expended working on this matter.

17.     Multiplying the time entries in Ex. 6 by the applicable rates described in § IV.A of the Brief yields a lodestar figure of $519,244 for filings prior to this submission. This approach represents a further reduction in the overall fees charged prior to this submission by $107,528.73.

18.     Additionally, investigating, researching, and drafting this filing required 4.5 hours of my time, 17.2 hours of Lee Muench's time, 46.8 hours of Kevin Carlson's time, and 2.6 hours of Nancy Wertheimer's time. For purposes of the fee request lodestar, multiplying those hours by each of those timekeepers' rates yields a lodestar of $26,912. That is less than the amount Smartmatic will actually pay for this submission, which is $31,874.

19.     The total final lodestar in this matter—all reasonable hours expended (including this submission) times a reasonable hourly rate for each timekeeper—is $546,156. That is a 17.1% reduction from the overall fees (including this submission) that Smartmatic will pay in this matter.

20.     For the Court's benefit, Smartmatic has also created a task-by-task breakdown of time entries and fees. *See* Brief § IV.B. Those tables are derived from the entries in Ex. 6. The entries were coded by task. The amount charged for each entry is created by multiplying the hours in the entry by the reasonable rate for each timekeeper described in the Brief at § IV.A. These calculations yield the task-by-task hour and fee breakdowns for the lodestar calculation set forth in the Brief at § IV.B, with the exception of the table for the hours expended on this filing. In all, Smartmatic requests fees for 1168.6 hours expended by Benesch attorneys in this matter.

21.     The filings relevant to the task-by-task tables set forth in the Brief at § IV.B occurred on the dates laid out below. The time and labor required for these filings included extensive review and analysis of Mr. Lindell's lengthy and complex, if largely irrelevant or spurious, factual allegations and legal contentions. Indeed, Mr. Lindell alleged over 100 factual paragraphs, many of which contained multiple factual allegations, for hundreds of total factual allegations. He asserted legal claims for civil conspiracy, under the Racketeer Influenced and Corrupt Organizations Act ("RICO")—predicated on extortion under 18 U.S.C. § 1951, witness intimidation/tampering under 18 U.S.C. § 1512, and mail fraud under 18 U.S.C. § 1341—under the Support or Advocacy Clause of 42 U.S.C. § 1985(3), and under the First, Fifth, and Fourteenth Amendments to the United States Constitution via 42 U.S.C. § 1983. Smartmatic was forced to research the elements and sub-elements of each of those claims because Mr. Lindell and his counsel apparently failed to do so. They also

sought damages of $2 billion, forcing Smartmatic to litigate each factual allegation and legal contention thoroughly and carefully. And, as a party to the action, Smartmatic had to participate in multiple meet and confers and contribute to joint status reports, requiring its attorneys to expend yet more time.

| Date | Event |
|---|---|
| Oct. 27, 2021 | First Motion to Dismiss |
| Dec. 1, 2021 | Lindell Re-Files as Third-Party Complaint |
| Dec. 8, 2021 | Second Motion to Dismiss |
| Dec. 10, 2021 | Rule 11 Notice |
| Jan. 7, 2022 | Second Motion to dismiss Reply |
| Feb. 11, 2022 | Rule 11 Motion |
| Mar. 4, 2022 | Rule 11 Reply |
| Mar. 4, 2022 | Motion to Stay Discovery |

22.     Exhibits 7–14 also reflect non-fee costs incurred in this matter. The costs Benesch submitted to Smartmatic for this matter include research, court costs, and delivery fees for a total of $11,101.73. Smartmatic requests a cost recovery of $400, which reflects four pro hac vice motions Smartmatic filed. Ex. 15. Smartmatic has already paid $9,716.65 of these costs to Benesch. Consistent with prior practice, it will pay the remainder in the near future.

23.     Smartmatic sent Mr. Lindell and his counsel a letter informing them that their complaint violated Rules 11(b)(1), (b)(2), and (b)(3) on December 10, 2021. *See* Ex. 2. That letter was accompanied by a draft of Smartmatic's Rule 11 brief, which ensured that Mr. Lindell and his counsel were on notice as to the full range of their sanctionable conduct. *Id.* Mr. Lindell and his counsel responded by letter and informed Smartmatic they would not withdraw their complaint or otherwise cure their sanctionable conduct. *See* Ex. 3.

      Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

| | |
|---|---|
| Executed on:  May 27, 2022 | _____<br>Nicole E. Wrigley<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>71 South Wacker Drive, Suite 1600<br>Chicago, Illinois 60606-4637<br>Telephone:  312.212.4949<br>Facsimile:  312.767.9192 |