# Exhibit 3



Douglas A. Daniels
6363 Woodway Drive, Suite 700
Houston, TX  77057
(713) 917-0024 Office
(713) 917-0026 Fax
doug.daniels@dtlawyers.com

December 31, 2021

**_Via Email_**
J. Erik Connolly
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
econnolly@beneschlaw.com

        Re:  *US Dominion, Inc., et al. v. My Pillow, Inc., et al.*; Cause No. 1:21-cv-00445-CJN

Counsel:

      We write in response to Smartmatic's December 2, 2021 and December 10, 2021 letters to Michael J. Lindell and draft motion for sanctions against Lindell and his counsel.

      Lindell's Third-Party Complaint against Smartmatic (Dkt. No. 87) does not violate Rule 11 of the Federal Rules of Civil Procedure, and Lindell will not withdraw his claims against Smartmatic.  Lindell intends to vigorously pursue his claims against Smartmatic, and, for the reasons set forth in Lindell's Memorandum in Opposition to Smartmatic's Motion to Dismiss (Dkt. No. 104), Lindell expects the Court to deny Smartmatic's motion to dismiss his claims.

      None of the purported grounds for Smartmatic' sanctions motion are availing.  First, Lindell's Third-Party Complaint contains more than 80 pages of annotated factual allegations against Smartmatic and its co-defendants Dominion and Hamilton Place Strategies.  *See* Complaint, at ¶¶ 1-22, 36-140.  Smartmatic's disagreement with Lindell's factual assertions and/or the sources thereof is not a basis for sanctions under Rule 11(b)(3).  Second, as detailed in Lindell's response to Smartmatic's motion to dismiss, Lindell's causes of action are warranted by existing law.  Third, Lindell's purpose for filing suit against Smartmatic is laid out in both the Third-Party Complaint ("Mike Lindell brings this lawsuit to stop electronic voting machine companies and their co-conspirators from weaponizing the litigation process to silence political dissent and suppress evidence showing voting machines were manipulated to affect outcomes in the November 2020 General Election.") (Dkt. No. 87, at ¶1) and his response ("This



December 31, 2021
Page 2

unprecedented misuse of the courts must stop. Unfortunately, standing up to the government is a monumental task most Americans either cannot afford or are unwilling to do. Lindell fits neither of those. Instead, he is determined to put an end to Defendants' Lawfare efforts to silence him and his fellow Americans. Accordingly, on December 1, 2021, Lindell filed his claims against Smartmatic in this case to streamline two cases on this Court's docket, just as the Court instructed.") (Dkt. No. 104, at 1). As Smartmatic has recognized, "The judicial system would serve little purpose if parties who believe they are aggrieved cannot file a lawsuit to address grievances." Smartmatic's Motion to Dismiss, Dkt. No. 94-1, at 3. Lindell did not violate Rule 11(b)(1) by filing his claims for an improper purpose.

Smartmatic's complaint that Lindell's Third-Party Complaint was somehow procedurally improper is likewise baseless. Smartmatic's argument ignores three key points from the Court's November 15 Order and accompanying docket entries:

1. The Court ordered Lindell to file his "affirmative claims" into this action. (*See* Case No. 21-cv-445, at Dkt. No. 85; Case No. 21-cv-2296, at Dkt. No. 84, at ¶2.)
2. The Court stated its intention to dismiss the standalone case containing Lindell's affirmative claims against Smartmatic. (*See* Case No. 21-cv-445, at Dkt. No. 85; Case No. 21-cv-2296, at Dkt. No. 84 (at n.1.)
3. The docket entry that both "affirmative claims" and counterclaims were due by 12/2/2021. (*See* Case No. 21-cv-2296, at November 15, 2021 entry.)

Smartmatic's interpretation of the Court's November 15 Order assumes the Court had already decided Lindell's claims against Smartmatic should be dismissed by making it impossible for Lindell to file his claims. That is simply not the case, as evidenced by the Court's orders.

Lindell's Original Third-Party Complaint was not only consistent with this Court's orders, but it comports with the Federal Rules of Civil Procedure. Lindell had not previously filed an Answer in response to Dominion's lawsuit against him, there was no deadline for joinder of additional parties, and Lindell had made no affirmative claims against Smartmatic in this action. Accordingly, it was procedurally correct for Lindell to file his claims against Smartmatic as an "Original Third-Party Complaint" included in his Original Answer to Dominion's claims. Federal Rule of Civil Procedure 15 has nothing to do with that pleading. Lindell also dismissed his claims against Smartmatic under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which he was permitted to do because Smartmatic had not filed an answer or a motion for summary judgment. And pursuant to Federal Rule of Civil Procedure 41(a)(1)(B), that dismissal is *without prejudice*, further supporting the propriety of Lindell's Original Third-Party Complaint against Smartmatic.

In sum, Lindell has violated no Court orders or Federal Rules either procedurally or substantively. If you insist on wasting your client's money and the Court's time by filing your motion for sanctions, we will respond accordingly.



December 31, 2021
Page 3

        Very truly yours,

        Daniels & Tredennick PLLC



        Douglas A. Daniels