

August 26, 2022

Hon. Carl J. Nichols
U.S. District Court for the District of Columbia
E. Barrett Prettyman United States Courthouse
333 Constitution Ave., NW
Washington, DC 20001

    RE:    Nos. 1:21-cv-00445, 1:21-cv-00040, 1:21-cv-00213

Dear Judge Nichols:

This letter is filed pursuant to the August 26, 2022, instruction of the courtroom deputy. Though this letter is signed only by counsel for Defendants My Pillow, Inc. and Michael Lindell, the below text was approved for joint submission by counsel for the Dominion, Powell, Defending the Republic, Lindell, and MyPillow Parties:

Per Your Standing Order (at 5 ¶ 11), the parties jointly submit this email communication to alert the Court to a dispute over a few terms of the protective order for these consolidated cases. As background, the parties have met and conferred multiple times over several months on the various provisions of the order, and have reached agreement to most of the terms. A short description of the remaining disagreements the parties would like to raise with the Court follows:

ANDREW D. PARKER
CHRISTOPHER M. DANIELS
JESSE H. KIBORT
ELIZABETH S. WRIGHT
ALEC J. BECK
LORI A. JOHNSON
JOSEPH A. PULL
RYAN P. MALONE
JORDON A. GREENLEE
ABRAHAM S. KAPLAN
GREGORY N. ARENSON
REGINALD W. SNELL

FREDERICK C. BROWN
  OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



Hon. Carl J. Nichols
August 26, 2022
Page 2

| **Disputed Item** | **Plaintiffs' Position** | **Defendants' Position** |
|---|---|---|
| Extent to which protective order governs material produced in the case | The protective order should include a provision that prohibits the parties from using any discovery material from the litigation outside the litigation, except as provided in the protective order. The order should also apply to discovery materials produced from third parties. | The protective order should apply only to material produced in the case by the parties and that is categorized in good faith as confidential or attorneys' eyes only |
| Standard for designating material as attorneys' eyes only | Material can be designated attorneys' eyes only if it is substantially likely to cause injury | Material can be designated attorneys' eyes only if it is likely to cause substantial injury |
| Restrictions on hiring experts who were formerly Plaintiffs' employees | No current or former Plaintiffs' employee subject to a non-disclosure agreement may be retained as a defense expert | Defendants should be permitted to retain a former Plaintiffs' employee if that person is no longer subject to restriction against being employed by a competitor |
| Standard for determining violation of the protective order | The Court has discretion to award sanctions for a violation of the protective order | Sanctions will not be imposed for unintentional violations of the protective order. |

A copy of the protective order proposed by the parties are attached for the Court's review. We stand at the Court's convenience to address these issues.

Respectfully,

*/s/ Andrew D. Parker*

Andrew D. Parker