# EXHIBIT 3

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MY PILLOW, INC. et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:21-cv-00445-CJN |

### MY PILLOW, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Under Rule 34 of the Federal Rules of Civil Procedure, Defendant My Pillow, Inc. by and through undersigned counsel hereby serves the following Requests for Production of Documents and Things ("Requests") on Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively "Dominion").

Dominion's responses to these Requests should be provided in accordance with the Federal Rules of Civil Procedure and shall be served together with all responsive materials **within thirty days of service of these Requests**. The materials requested shall be produced for inspection and copying at the offices of Parker Daniels Kibort, LLC, 888 Colwell Building, 123 North Third Street, Minneapolis, MN 55401, unless otherwise agreed by the parties.

### INSTRUCTIONS

1. The Requests set forth below are continuing in nature. If, after responding, you obtain or become aware of any additional materials responsive to these Requests, or

additional materials responsive to these Requests come into existence or come into your possession, custody, or control, production of such additional materials shall be made forthwith as required by Rule 34 of the Federal Rules of Civil Procedure.

2. Each Request herein requires the production of all responsive materials in the possession, custody, or control of you, or of any of your respective attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom you have the right to obtain materials, whether in hard-copy or electronic form or in any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

3. Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

4. All materials are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific Requests set forth below.

5. If a Request seeks the identification or production of materials that are not within your actual or constructive possession, custody or control, you shall so state and shall answer the Request based on the best information presently available. If you have knowledge or belief as to other Persons who have possession, custody or control of such materials, you shall so identify, to the extent known and based on the best information presently available, such Persons.

6. If any Documents requested herein are withheld under claim of privilege or are not produced for whatever reason, you are requested at the time of responding to these Requests to separately state in writing and with specificity for each Document withheld from production (i) the claim of privilege or other reason asserted for withholding each such Document, and (ii) all information supporting the claim of privilege or other reason for withholding asserted as to each such Document, including without limitation the type or nature of the Document withheld (e.g., letter, memorandum, email, etc.), its author and all recipients (including any and all addressees

and Persons to whom the Document was copied or blind copied, as well as Persons to whom the Document was distributed or given or shown though not reflected on the Document as a recipient), the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow each Document to be described to the Court in order for the Court to rule on the claim of privilege or other reason asserted for withholding it from production. You are further requested to provide all requested information that is not subject to a claim of privilege, or other reason for nonproduction, by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

7. Each of these definitions and instructions shall be fully applicable to each Request, notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

8. ESI shall be produced in black and white single-page TIFF images at not less than 300 dpi resolution, along with associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by this protocol. Each TIFF image must convey all the information the document contains, disclosing all track changes, hidden content, notes, and any hidden slides, rows or columns, subject to any redactions. For ESI that does not contain redactions, the producing party shall produce an extracted text file for each electronic document where text can be extracted, and an optical character recognition ("OCR") text file for each imaged paper document and each electronic document for which text cannot be extracted. For documents that contain redactions, the producing party shall provide an OCR text file for the unredacted portions of such documents.

9. Excel files, and audio and video files, shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning Bates Number of the file, associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing all metadata fields for which metadata exists. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

10. Non-Responsive family members must be produced together with the Responsive Family Members. In instances where you do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with any branding of the documents as confidential on the bottom left, and the bates number on the bottom right of the page. Each slipsheet should be re-OCR'd at time of production to remove any extracted text.

## DEFINITIONS

11. "2020 Presidential Election" means all vote casting, vote collection, vote counting, vote scanning, vote tabulation, vote reporting, or poll administration activities connected with the election of the President of the United States in November 2020, including preparations for any of these activities and early voting activities conducted prior to November 2020.

12. "administer" means to direct, organize, carry out, conduct, lead, complete, advance, document, record, or facilitate a task or objective.

13. "Dominion" means US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, and any representative, director, officer, employee, or agent of any of those entities.

14. "Hardware" means a physical object that makes up part or all of a computerized device. Hardware includes, but is not limited to, any computer, server, scanner, router, modem, copier, printer, mobile phone, and tablet, and the constituent components of any of these.

15. "MyPillow" means My Pillow, Inc. including any director, officer, employee, or agent of My Pillow, Inc. acting with authority to act on behalf of My Pillow, Inc.

16. "Software" means any electronically stored information that has the ability or potential ability to direct the operation of any Hardware. Software includes, but is not limited to, computer programs, source code, patches, updates, revisions, upgrades, and executable electronic files.

17. "State" means any political subdivision of the United States of America, including the fifty states represented in the United States Senate, the District of Columbia, and any territory administered by the United States of America.

18. "Supply" (or, in past tense, "Supplied") means manufacture, distribute, lease, sell, deliver, permit to use, or otherwise provide.

19. "Support" (or, in past tense, "Supported") means directly or indirectly provide services to assist or facilitate the use, management, or operation of an electronic device.

20. "You," "you" and "your" mean Dominion and any persons purporting to act on Dominion's behalf.

21. "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; electronic mail, either sent or received; file, print, negative, or photograph; sound or video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, or cable; summary, report, or record of any telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act, or activity; projection, work paper or draft; computer output or input; data processing card; opinion or report of any consultant; request, order, invoice, or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping; press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, check stubs or register, canceled check, deposit slip, charge slip, tax return, or requisition; file, study, graph, or tabulation; and all other writings and recordings of whatever nature, whether signed, unsigned or transcribed, and any other data compilation from which information can be obtained or translated. The term "document" also shall mean: the original and/or any non-identical original or copy, including those with any marginal note or comment or showing additions, deletions, or substitutions; drafts; attachments to or enclosures with any document; and any other documents referred to or incorporated by reference in the

document. The term "document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" (whether stored electronically or in the form of a hard-copy, print-out, or otherwise) and all attachments thereto.

22. "Communication" or "Communications" means a transfer of information in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties

23. "Electronically stored information" or "ESI" refers to any portion of data available on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, e-mail, spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files,

and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and any other forms of online or offline storage, whether on or off company premises. ESI includes instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voice mail messages, and similar types of messages. ESI includes any records of such communications or messages, including phone records. ESI includes any social media communication (such as but not limited to Twitter, Facebook, Instagram, YouTube, Parler, Gab, and Periscope), including any direct messages. For any document kept in electronic form, the term "document" includes any metadata associated with the document.

    24.    The term "identify" means as follows:

    a.    when used in reference to an artificial person or entity such as a corporation or partnership means to state (1) the organization's full name and trade name, if any; (2) the address and telephone number of its principal place of business; and (3) the names and titles of those officers, directors, managing agents or employees who have knowledge of and would be designated to testify with respect to the matters involved;

    b.    when used in reference to a document means to (1) state the type of document (*e.g.*, letter, memorandum, print-out, report, newspaper, etc.); (2) state the title and date, if any, of the document; (3) state the author's name and address; (4) state the addressee's name and address; (5) provide a brief description of its contents; (6) indicate the present location of the document; and (7) provide the name and address of the person or persons

8

having custody over the document. If any such document was, but is no longer, in your possession, custody, or subject to your control, state what disposition was made of it. In all cases where you are requested to identify particular documents, in lieu of such identification you may supply a fully legible copy of the document in question. This permission, however, shall in no way prejudice Plaintiff's right to require production and allow inspection of all records in your possession

c. when used in reference to a natural person means to state (1) the person's full name; (2) the person's present or last known address; (3) the person's present or last known telephone number; and

d. when used in reference to an oral communication, means to state: (1) the identity of all individuals participating or present; (2) the date and time of the communication; (3) where the communication took place; (4) the type of communication (*e.g.*, in person, telephone, etc.); and (5) the substance of the communication.

25. "Concerning" means without limitation, containing, reflecting, referring to, alluding to, discussing, relating to, describing, evidencing, supporting, or constituting.

26. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

27. The terms "related to," "relates to" or "relating to" mean, refer to, pertain to, reflect, record, describe, allude to, respond to, announce, explain, discuss, show, study, analyze or constitute or be in any other way connected with the matter discussed.

28. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include every gender.

9

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** An exemplar of each piece of Hardware Supplied or Supported by Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 2:** All user manuals, user guides, and owner or user documentation provided by Dominion to any purchaser, lessor, or user of Hardware substantially similar to any piece of Hardware produced in response to Request No. 1 above.

**REQUEST NO. 3:** An exemplar of each piece of Software Supplied or Supported by Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 4:** All user manuals, user guides, and owner or user documentation provided by Dominion to any purchaser, lessor, or user of Software substantially similar to any piece of Software produced in response to Request No. 3 above.

**REQUEST NO. 5:** Any Hardware in the possession, custody, or control of Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 6:** Any Software in the possession, custody, or control of Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 7:** All Documents related to Your contention that a statement by Lindell caused damages to Dominion.

**REQUEST NO. 8:** All Documents showing or tending to show that a statement by any person other than Lindell, related to the 2020 Presidential Election, caused damages to

Dominion.

**REQUEST NO. 9:**   All agreements entered into by Dominion on or after November 4, 2020, to Supply or Support Hardware or Software to any person.

DATED:  August 5, 2022                              **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
 Andrew D. Parker (D.C. Bar No. 63279)
 Joseph A. Pull (D.C. Bar No. 982468)
 Ryan Malone (MN Bar No. 195042)*
 888 Colwell Building
 123 N. Third Street
 Minneapolis, MN 55401
 Telephone: (612) 355-4100
 Facsimile: (612) 355-4101
 parker@parkerdk.com
 pull@parkerdk.com
 malone@parkerdk.com

 * Admitted Pro Hac Vice

**LEWIN & LEWIN, LLP**

 Nathan Lewin (D.C. Bar No. 38299)
 888 17th Street NW
 Fourth Floor
 Washington, DC 20006
 Telephone: (202) 828-1000
 nat@lewinlewin.com

 *Counsel for Defendant My Pillow, Inc.*

## CERTIFICATE OF SERVICE

I, Andrew D. Parker, hereby certify that on August 5, 2022, true and correct copies of My Pillow, Inc.'s First Set of Requests for Production of Documents to Plaintiffs were served via email on counsel of record for every party in *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN).

DATED:  August 5, 2022            **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
Joseph A. Pull (D.C. Bar No. 982468)
Ryan Malone (MN Bar No. 195042)*
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
malone@parkerdk.com

* Admitted Pro Hac Vice