# EXHIBIT 4

| From: | Laranda Walker |
|---|---|
| To: | Courtney Lesley |
| Cc: | Andrew Parker; Joe Pull; Jesse Kibort; Katie Sammons; Stephen Shackelford |
| Subject: | Dominion v. MyPillow; Case no. 21-cv-00445: request for telephonic conference |

Ms. Lesley,

Pursuant to paragraph 11 of Judge Nichols's Standing Order, the parties jointly request a telephonic conference with Judge Nichols regarding a discovery dispute. The parties' positions are summarized below.

**Dominion's Position:** Defendants issued 39 subpoenas upon various counties in several states and the Arizona Secretary of State requesting production of various documents and materials. Dominion would like to file a motion for a protective order concerning certain, specific requests contained in the subpoenas (the "Subject Requests") no later than September 30, the date on which the subpoenas call for compliance. The Subject Requests call for production of "forensic images" and "forensic copies" of materials that are confidential and proprietary to Dominion, that have been classified by the federal government as critical to election infrastructure, and that are irrelevant to the claims and defenses at issue. To be clear, Dominion does not object to the subpoena in its entirety; its objections are limited to the specific requests that call for its confidential and proprietary information.

Dominion is entitled, under Rule 26 of the Federal Rules of Civil Procedure, to move for protection from discovery—including third party subpoenas—that calls for production of trade secrets or other confidential commercial information. Defendants suggest that Dominion's contracts with its customers permit disclosure "in response to…any person properly seeking discovery before any such agency or court." But Defendants' attempt to pursue Dominion's confidential and proprietary information from its customers is improper. Moreover, Dominion's contracts provide that Dominion may defend the confidentiality of its information "to the maximum extent allowable under the law prior to disclosure by the other Party of the Confidential Information," thus giving Dominion a right to object.

Here, the software and information requested are not only confidential and proprietary, but they are also critical to election infrastructure. Any marginal relevance the materials might have is significantly outweighed by the risks associated with disclosing Dominion's confidential and proprietary information, particularly given that Mr. Lindell has repeatedly indicated his intent to publicly display Dominion's proprietary materials. To the extent such materials are relevant and proportionate to the needs of the case, Defendants should pursue the materials from Dominion, rather than burdening third party public entities. There is currently no protective order in place that would protect Dominion's confidential and proprietary information should one of the subpoenaed parties produce documents and information responsive to the Subject Requests.  Pursuing the materials from Dominion will properly ensure that Dominion has

the opportunity to protect its highly confidential and proprietary information, including by working on an agreed protocol—or seeking the Court's assistance in ordering a proper protocol—for any examinations of such critical infrastructure. Dominion notes that other federal courts, including the Northern District of Georgia in the *Curling* case, have been highly protective of just this sort of information and infrastructure. *See Curling v. Raffensperger, et al,* Case No. 1-17-cv-02989-AT (N.D. Ga.) ECF 858 (directing that "[a]ccess to and testing of the [voting machine] equipment shall be subject to the terms of the Protective Order entered in this Case on July 11, 2019 at Doc. 477 in order to address the confidentiality and intellectual property concerns raised by the State Defendants and Dominion.").

**Defendants' Position:**  Defendants have issued subpoenas to numerous counties and the Arizona Secretary of State to obtain copies of computer software and data used to administer the 2020 election. This information relates to the accuracy of allegations in the Complaint that false statements were made by Mr. Lindell about voting machines being hacked and being programmed to miscount votes. It also relates to the issue, relevant to Defendants' defenses, of the inherent probability of Mr. Lindell's statements. Accordingly, Defendants are entitled to obtain discovery of the information sought by the subpoenas.

Dominion has asserted the information sought by the subpoenas is confidential and proprietary to Dominion.  The accuracy of that assertion depends in part on the language of Dominion's contracts with the subpoena recipients, none of which have been produced by Dominion, and Defendants therefore cannot adequately evaluate the assertion. One of the subpoena recipients provided Defendants with a copy of a contract with Dominion, which states that information Dominion claims to be confidential can be disclosed "in response to . . . any person properly seeking discovery before any such agency or court."  If similar language appears in Dominion's other contracts, the plain language of the contracts permits the discovery sought by Defendants – not to mention the principle that a party may not shield information from discovery in a court proceeding merely by entering into a contract or claiming it as proprietary. To the extent Dominion believes confidentiality concerns should affect the information sought by the subpoenas, the remedy for those concerns is to designate, to the extent appropriate, the information as confidential under the protective order to be entered by the Court – not to forbid discovery of the information altogether.

Dominion also asserts that the requested information should be sought from Dominion. However, Dominion responded to Defendants' document requests by stating that "Dominion is not responsible for conducting elections, and state and local jurisdictions have exclusive custody and control over the Dominion technology used in those jurisdictions," and "It is Dominion's understanding that the jurisdictions conducting the elections are responsible for receiving, recording, tallying, and report the vote totals in their jurisdiction." Dominion has claimed it does not possess the information sought by

the subpoenas.

******

Please advise us concerning the Court's availability for a telephonic conference.

Kind regards,

Laranda


**Laranda Moffett Walker | Partner**
**Susman Godfrey LLP**
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**
Office:  713.653.7842
Mobile:  225.485.4533

Susman Godfrey 2019 Year in Review