# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | |
| MY PILLOW, INC., and MICHAEL J. LINDELL, | ) ) ) | |
| Defendants/Third Party Plaintiffs, | ) ) | Case No. 1:21-cv-00445-CJN |
| v. | ) ) | |
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC, | ) ) ) ) ) ) | |
| Third Party Defendants. | ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO MICHAEL J. LINDELL'S**
**FIRST SET OF REQUESTS FOR PRODUCTION**

Under Rules 26 and 34 of the Federal Rules of Civil Procedure and other applicable rules, U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") responds as follows to the Michael J. Lindell's First Set of Requests for Production ("Lindell"):

**PRELIMINARY STATEMENT**

1.      Dominion's responses are based on its investigation to date of those sources within its possession, custody, or control and in which Dominion reasonably believes responsive documents or information may exist. Dominion reserves the right to amend or supplement these responses in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court,

any Court order, and other applicable rules, including based on its discovery of additional documents or information, and to rely upon such information, documents, or objections in any hearing, trial, or other proceeding in this litigation.

2. By responding to these Requests for Production ("Requests"), Dominion does not waive (i) any objections as to the competency, relevancy, materiality, or admissibility as evidence, for any purpose, of any information provided in response to these Requests; (ii) the right to object on any ground to the use of the information provided in response to these Requests at any hearing, trial or other proceeding in this litigation; (iii) the right to object on any ground at any time to a demand for further responses to these Requests; or (iv) the right at any time to revise, correct, add to, supplement or clarify the responses contained herein.

3. Dominion responds to each Request as it currently interprets and understands it. If Lindell subsequently asserts an interpretation of a Request or term that differs from Dominion's understanding, Dominion reserves the right to alter or supplement its objections or responses.

4. Dominion responds to these Requests but will not produce documents until the Court enters an appropriate protective order. Lindell has made repeated attacks on Dominion in the press since this litigation was filed, including through several documentaries (*Absolute Proof*, *Absolute Interference*, and *Scientific Proof*), a website (frankspeech.com), and several "cyber" symposiums. Lindell is even funding at least one lawsuit attempting to decertify Dominion machines and threatening an outlandish class-action lawsuit against "all machines." Dominion will not allow Lindell to use the discovery process as a fishing expedition for his many other baseless conspiracy theories, which is exactly the goal of Lindell's frivolous requests for documents relating to ANTIFA, George Soros, and Kamala Harris, among others. Nor will Dominion allow

Lindell to try this case in the press. Dominion will seek Court intervention to make sure Dominion's rights and interests are secured through an appropriate protective order.

## **GENERAL OBJECTIONS**

Dominion expressly incorporates each of the following General Objections in its Response to each Request as though fully set forth therein and states that, by making a specific objection to a particular Request, Dominion does not imply that any of such General Objections are not applicable to that Request.

1.      Dominion objects to each Request to the extent it purports to seek information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privileges or protections. Dominion will not produce any documents protected by any such privilege or protection.

2.      Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it purports to place a burden on Dominion to investigate, collect, and disclose information that is not relevant to the claims or defenses of any party, or that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This includes, for example, those Requests that purport to require Dominion to identify "each," "any," or "all" of a particular subset of information or otherwise rely on those terms to describe the scope of the Request. To the extent that Dominion states it will search for and produce information responsive to any Request, Dominion's response should be understood to indicate that it intends to conduct a reasonable search for responsive materials in accordance with an agreement between the parties on the

3

discovery of electronically stored information ("ESI"), of those non-public sources in the possession, custody, or control of Dominion, excluding any outside counsel or other persons employed, hired, or retained for purposes of litigation.

3.      Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it fails to comply with, or purports to expand or alter Dominion's obligations under, the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Columbia, any relevant Court orders, and any agreement of the parties. For example, to the extent necessary, Dominion will produce a privilege log once the parties have met and conferred and reached an agreement regarding the mutually applicable scope of such logs.

4.      Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it seeks the production of electronic mail or other ESI in the possession, custody, or control of a particular Dominion custodian. Dominion states that it intends to utilize search terms to locate potentially responsive ESI, and that it is willing to meet and confer with Lindell regarding mutually applicable limits on the conducting of searches for such information, including to attempt to reach agreement on both custodians and search terms. As such, to the extent that Dominion states in response to any particular Request that it will search for and/or produce documents or materials, such responses should be understood as subject to this General Objection.

5.      Dominion objects to the definition of "Dominion" as overly broad, unduly burdensome, and vague. Read literally, Lindell's definition would require the plaintiffs to gather and produce documents that are not within the plaintiffs' possession, custody, or control. In responding to these requests Dominion has construed "Dominion" to include only the plaintiffs and their employees during the tenure of their employment.

6.      Dominion objects to the definition of "Voting Equipment and/or System" as overly broad, unduly burdensome, and vague. Lindell's definition encompasses all of Dominion's technology, even technology that is not relevant to a claim or defense in this case.

7.      Dominion objects to the parameters for production of electronic files set out in the Instructions included with these requests. Dominion will produce electronic documents according to a protocol to be agreed between the parties.

8.      Dominion objects to the timeframe identified in the Requests as unduly burdensome to the extent they request documents before January 1, 2018. Unless otherwise specified, Dominion has responded to these Requests and interprets the relevant time period as the period from January 1, 2018 to the present.

**SPECIFIC RESPONSES AND OBJECTIONS TO**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

An exemplar Dominion Voting Equipment and/or System as it existed in the State of Georgia or any county therein or voting precinct on November 3, 2020.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the word "exemplar." It is unclear what types of information Lindell is seeking. To the extent Lindell is seeking documents, Dominion objects to this request because it contains no date range and would encompass nearly any document related to Georgia's use of Dominion technology.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 2:**

An exemplar Dominion Voting Equipment and/or System as it existed in Antrim County, Michigan on November 3, 2020.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the word "exemplar." It is unclear what types of information Lindell is seeking. To the extent Lindell is seeking documents, Dominion objects to this request because it contains no date range and would encompass nearly any document related to Antrim County, Michigan's use of Dominion technology.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

An exemplar Dominion Voting Equipment and/or System as it existed in Maricopa County, Arizona on November 3, 2020.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the word "exemplar." It is unclear what types of information Lindell is seeking.  To the extent Lindell is seeking documents, Dominion objects to this request because it contains no date range and would encompass nearly any document related to Maricopa County, Arizona's use of Dominion technology.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 4:**

An exemplar Dominion Voting Equipment and/or System as it existed in Mesa County,

Colorado on November 3, 2020.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the word "exemplar." It is unclear what types of information Lindell is seeking. To the extent Lindell is seeking documents, Dominion objects to this request because it contains no date range and would encompass nearly any document related to Mesa County, Colorado's use of Dominion technology.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 5**:

The results of any audit conducted by You or with Your assistance and/or cooperation for the State of Georgia or any county or voting precinct therein after the 2020 General Election through January 6, 2021.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Dominion objects to this request to the degree that it calls for the production of documents in Lindell's possession, custody, or control. In response to this request, Dominion will not produce to Lindell material that is already in Lindell's possession, custody, or control.

Dominion objects to this request to the degree that it implies that Dominion is responsible for verifying election results. It is Dominion's understanding that state and local jurisdictions

conducting elections, including the State of Georgia, are responsible for verifying their results, and Dominion does not offer vote verification services to any of its customers. Dominion construes this request as seeking communications between Dominion and any of its customers concerning recounts of the results of the 2020 Presidential Election being conducted by those customers.

Subject to these objections and to the general objections above, Dominion will produce non-privileged documents responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

The results of any audit conducted by You or with Your assistance and/or cooperation for Antrim County, Michigan after the 2020 General Election through January 6, 2021.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Dominion objects to this request to the degree that it calls for the production of documents in Lindell's possession, custody, or control. In response to this request, Dominion will not produce to Lindell material that is already in Lindell's possession, custody, or control.

Dominion objects to this request to the degree that it implies that Dominion is responsible for verifying election results. It is Dominion's understanding that state and local jurisdictions conducting elections, including Antrim County, Michigan, are responsible for verifying their results, and Dominion does not offer vote verification services to any of its customers. Dominion construes this request as seeking communications between Dominion and any of its customers

concerning recounts of the results of the 2020 Presidential Election being conducted by those customers.

Subject to these objections and to the general objections above, Dominion will produce non-privileged documents responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

The results of any audit conducted by You or with Your assistance and/or cooperation for Maricopa County, Arizona after the 2020 General Election through January 6, 2021.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Dominion objects to this request to the degree that it calls for the production of documents in Lindell's possession, custody, or control. In response to this request, Dominion will not produce to Lindell material that is already in Lindell's possession, custody, or control.

Dominion objects to this request to the degree that it implies that Dominion is responsible for verifying election results. It is Dominion's understanding that state and local jurisdictions conducting elections, including Maricopa County, Arizona, are responsible for verifying their results, and Dominion does not offer vote verification services to any of its customers. Dominion construes this request as seeking communications between Dominion and any of its customers concerning recounts of the results of the 2020 Presidential Election being conducted by those customers.

Subject to these objections and to the general objections above, Dominion will produce

non-privileged documents responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

The results of any audit conducted by You or with Your assistance and/or cooperation for Mesa County, Colorado after the 2020 General Election through January 6, 2021.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Dominion objects to this request to the degree that it calls for the production of documents in Lindell's possession, custody, or control. In response to this request, Dominion will not produce to Lindell material that is already in Lindell's possession, custody, or control.

Dominion objects to this request to the degree that it implies that Dominion is responsible for verifying election results. It is Dominion's understanding that state and local jurisdictions conducting elections, including Mesa County, Colorado, are responsible for verifying their results, and Dominion does not offer vote verification services to any of its customers. Dominion construes this request as seeking communications between Dominion and any of its customers concerning recounts of the results of the 2020 Presidential Election being conducted by those customers.

Subject to these objections and to the general objections above, Dominion will produce non-privileged documents responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

Documents regarding, concerning, or with HPS from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks

documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from November 1, 2020, to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications sent to, or received from, HPS in connection with reporting on alleged voting or election fraud and the 2020 Presidential Election.

**REQUEST FOR PRODUCTION NO. 10**:

Documents regarding, concerning, or with Eric Coomer from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as calling for documents that are not in Dominion's possession, custody, or control. Mr. Coomer is no longer an employee of Dominion and Dominion does not have possession, custody, or control over documents in Mr. Coomer's possession. Dominion will not collect or produce documents from Mr. Coomer in response to this request.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as overly broad and unduly burdensome because it is not limited to issues relevant to this case.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that are related to alleged voting and election fraud and the 2020 Presidential Election and can be located in a reasonable search.

11

**REQUEST FOR PRODUCTION NO. 11:**

Documents regarding, concerning, or with Carlyle Group from January 1, 2010 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it does not seek documents relevant to any claim or defense in this case. Dominion is not aware of any disputed issue in this case concerning Carlyle Group.  Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents regarding, concerning, or with Staple Street Capital from January 1, 2010 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it does not seek documents relevant to any claim or defense in this case. Dominion is not aware of any disputed issue in this case concerning Staple Street Capital. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Dominion objects to this request as overly broad and unduly burdensome in its use of the phrase "regarding" or "concerning." Arguably all of Dominion's business activities since July 2018 are in some sense "regarding" or "concerning" Staple Street and Staple Street's investment. Dominion construes this request as seeking communications between Dominion and Staple Street prior to the investment.

Subject to and without waiving this objection and the general objections above, Dominion

will produce non-privileged, relevant documents and communications between Dominion and Staple Street prior to the investment.

**REQUEST FOR PRODUCTION NO. 13:**

Documents regarding, concerning, or with Smartmatic from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as vague and overly broad and unduly burdensome. Smartmatic and Dominion are competitors and documents "regarding" or "concerning" the two businesses could include many Dominion sales and marketing materials and other business records. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Dominion objects to this request as unduly burdensome to the degree that it encompasses all documents from litigation between Dominion and Smartmatic. Production of the entire litigation file for each such case would be burdensome and would include many documents that have no relevance to any claim or defense in this case.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

Documents regarding, concerning, or with Sequoia Voting Systems from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as overly broad and unduly burdensome. Dominion acquired assets from Sequoia over ten years ago. The request encompasses all documents "regarding" or "concerning" those assets and Sequoia Voting Systems more generally—literally every document relating to those assets or Sequoia Voting Systems.

Dominion will produce the agreements that were executed in conjunction with the asset acquisition. The burden of producing the additional documents sought in this request is not justified because there is no claim or defense in this case to which documents "regarding" or "concerning" Sequoia Voting Systems or the Sequoia Voting Systems assets are relevant.

**REQUEST FOR PRODUCTION NO. 15:**

Documents regarding, concerning, or with Sequoia Capital from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Sequoia Capital. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 16**

Documents regarding, concerning, or with Michael Steele from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Michael Steele.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 17**

Documents regarding, concerning, or with ANTIFA from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning ANTIFA.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 18

Documents regarding, concerning, or with George Soros from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation.   Dominion is not aware of any disputed issue in this case concerning George Soros.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 19

Documents regarding, concerning, or with the Clinton Foundation from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation.   Dominion is not aware of any disputed issue in this case concerning the Clinton Foundation.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 20

Documents regarding, concerning, or with the Gates Foundation from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation.   Dominion is not aware of any disputed issue in this case concerning the Gates Foundation.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 21

Documents regarding, concerning, or with the Center for Technology and Civic Life from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Center for Technology and Civic Life.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 22

Documents regarding, concerning, or with the Republican National Committee from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Republican National Committee. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 23**

 Documents regarding, concerning, or with the Democratic National Committee from January 1, 2016 to the present.

 **RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Democratic National Committee. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

 Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 24**

 Documents regarding, concerning, or with Jeff Bezos from January 1, 2016 to the present.

 **RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Jeff Bezos.

 Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 25**

 Documents regarding, concerning, or with Kamala Harris from January 1, 2016 to the present.

 **RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Kamala Harris.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 26

Documents regarding, concerning, or with Doug Emhoff from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Doug Emhoff.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 27

Documents regarding, concerning, or with Mark Zuckerberg from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Mark Zuckerberg.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 28

Documents concerning any non-recourse litigation funding from November 3, 2020 to the present.

**RESPONSE**: Dominion objects to this request as vague and ambiguous in its use of the phrase "any non-recourse litigation funding." Dominion construes this request as seeking documents concerning loans or other payments by third parties to Dominion or Dominion's legal

counsel for the purpose of paying expenses in this litigation. Dominion objects to this request because it does not seek documents relevant to any claim or defense in this case.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29**

For inspection and testing the Source Code for Dominion Voting Equipment and/or Systems from January 1, 2020 to the present.

**RESPONSE**: Dominion objects to this request as vague and ambiguous in its use of the phrases "Source Code" and "Dominion Voting Equipment and/or Systems." Read literally, this Request would require the production of every version of Dominion's source codes. Dominion will not produce any version of its source code or any portion of its source code unless and until Lindell identifies a particular relevant issue with a particular one of Dominion's source code.

Dominion further objects to production of any version of its source code without sufficient confidentiality protections. Dominion's source code contains trade secrets and other information the value of which depends on maintaining confidentiality. The risk of unauthorized disclosure is particularly acute because source code is digital information subject to exact duplication through electronic means. Nevertheless, Lindell has insisted on a protective order that essentially makes all of Dominion's documents public, including, specifically, versions of its source code. As explained above, Lindell's behavior makes clear that he will disseminate any material produced in this case that he is permitted to view. Dominion will only produce source code once the Court has entered a protective order which contains provisions that protect the confidentiality of the code. Dominion will seek a Court order if an agreement on a strong source-code-protective order cannot be reached.

**REQUEST FOR PRODUCTION NO. 30**

Documents supporting Your allegation that "Dominion has been forced to make significant expenditures in an attempt to mitigate the harm to its reputation and business" as alleged in paragraph 156 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.  In addition, discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered, identified, or obtained.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 31**

Documents supporting Your allegation that "the viral disinformation campaign has irreparably damaged Dominion's reputation and destroyed the resale value of a business that was worth between $450 million and $500 million before the viral disinformation campaign" as alleged in paragraph 159 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly

burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.  In addition, discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered, identified, or obtained.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 32**

Documents identifying all owners of any interest in Dominion from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving this objection and the general objections above, Dominion will produce documents sufficient to identify all owners of Dominion since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 33**

Documents regarding Dominion's corporate formation (original and amended) including but not limited to articles of incorporation, certificate of incorporation, and by-laws from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents from a timeframe that is not relevant to any claim or defense in this litigation.

Subject to this objection and to the general objections above, Dominion will produce non-privileged documents from January 1, 2016 that are responsive to this request and can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 34**

Payments, including but not limited to receipts, bills, invoices, and wire transfers, to HPS from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by producing documents from November 1, 2020, to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that can

be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 35

Documents regarding Board of Directors meeting minutes, minutes of Board of Directors committees, minutes of Dominion's senior management team meetings, regular or special meetings (whether in person or virtual), consents in lieu of formal meetings, and discussions or votes by Board of Directors members from January 1, 2005 to present.

**RESPONSE**: Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents from a timeframe that is not relevant to any claim or defense in this litigation. Dominion objects to this request as vague and overbroad in its use of the phrase "senior management team meetings." Dominion construes this request as seeking materials related to Dominion's Board of Directors.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 36

Documents regarding a potential or actual "resale" or potential or actual sale of Dominion as alleged in paragraph 159 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify

or produce all such evidence in response to this request.  In addition, discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered, identified, or obtained.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 37**

Dominion's Financial Documents from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome to the degree that it seeks production of all documents reflecting Dominion's historical financial record. The burden of identifying and producing all documents reflecting Dominion's financial performance would be extreme and the information contained in such documents would be duplicative. Dominion objects to this request as vague and overbroad in its use of the phrase "Financial Documents." Dominion will interpret this request as seeking documents sufficient to show Dominion's quarterly and annual financial statements.

Subject to and without waiving this objection and the general objections above, Dominion responds that it will produce its quarterly and annual financial statements issued since January 1, 2016 in response to this request.

**REQUEST FOR PRODUCTION NO. 38**

Federal, state, and local income tax returns filed by Dominion for the sequential fiscal years 2016 to present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome

and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request because it seeks documents that are not relevant to any claim or defense in this litigation.

Based on these objections and the general objection above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 39**

Documents that identify Dominion's Board of Directors or the senior management team from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 40**

Documents reflecting Dominion's senior management team's investment in or acquisition of an interest in Dominion from January 1, 2016 to present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Dominion objects to this request as vague and overbroad in its use of the phrase

"Dominion's senior management team's investment in or acquisition of an interest in Dominion." Dominion construes this request to be seeking information concerning whether Dominion's executive leaders and board of directors own equity interests in Dominion.

Subject to these objections and to the general objections above, Dominion will produce documents sufficient to identify the owners of equity interests in Dominion.

**REQUEST FOR PRODUCTION NO. 41**

Financial Documents reflecting third-party investment in or ownership of an interest in Dominion from January 1, 2005 to present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Dominion objects to this request as vague and overbroad in its use of the phrases "Financial Documents" and "third-party investment in or ownership of an interest in Dominion." Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion construes this request to be seeking documents showing persons who own an equity interest in Dominion.

Subject to this objection and to the general objections above, Dominion will produce non-privileged documents from January 1, 2018 that are sufficient to identify the owners of equity interests in Dominion.

## REQUEST FOR PRODUCTION NO. 42

Documents that support your general contention that you have been damaged by Lindell.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 43

Documents related to any reduction in market value or market share to Dominion because of any statement made by Lindell.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion

is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 44

Documents relating to Dominion's lost profits caused by any statement made by Lindell.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion

must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 45

Documents regarding the retention of security services for Dominion and Dominion's employees as alleged in paragraph 155 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this

request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 46

Documents related to "death threats and other threatening messages prompted by the lies told by Lindell and his allies" as alleged in paragraph 155 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 47

Documents from any customer or potential customer that has reviewed or expressed an intent to cancel, reevaluate, reconsider, reassess, modify, extend, renew, non-renew, or "review and reassess" contracts with Dominion as alleged in paragraph 158 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 48**

Documents regarding Your allegation that "financial track record, contract pipeline, retention and renewal rates, and new business capture rates, as well as the nature, severity, pervasiveness, and permanence of the viral disinformation campaign, current projections show lost profits of $200 million over the next five years, when reduced to present value" as alleged in paragraph 159 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly

burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 49

Documents related to Voting Equipment and/or Systems with or concerning the State of Texas or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Texas.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to." Nearly all of Dominion's communications and documents with or about the State of Texas are in some sense "related to" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Texas or any of its hundreds of counties or precincts. Dominion cannot understand what documents Lindell is seeking or how they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 50

Documents related to Voting Equipment and/or Systems with or concerning the State of Michigan or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Michigan before the 2020 Presidential Election.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to" and "with or concerning." Nearly all of Dominion's communications and documents with or about the State of Michigan are in some sense "related to" or "concerning" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Michigan or any county or precinct in Michigan. Dominion cannot understand what documents Lindell is seeking or how

they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 51**

Documents related to Voting Equipment and/or Systems with or concerning the State of Colorado or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Colorado before the 2020 Presidential Election.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to" and "with or concerning." Nearly all of Dominion's communications and documents with or about the State of Colorado are in some sense "related to" or "concerning" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Colorado or any county or precinct in Colorado. Dominion cannot understand what documents Lindell is seeking or how they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 52**

Documents related to Voting Equipment and/or Systems with or concerning the State of Georgia or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Georgia before the 2020 Presidential Election.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to" and "with or concerning." Nearly all of Dominion's communications and documents with or about the State of Georgia are in some sense "related to" or "concerning" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Georgia or any county or precinct in Georgia. Dominion cannot understand what documents Lindell is seeking or how they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 53**

Documents related to Voting Equipment and/or Systems with or concerning the State of Arizona or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Arizona before the 2020 Presidential Election.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the

phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to" and "with or concerning." Nearly all of Dominion's communications and documents with or about the State of Arizona are in some sense "related to" or "concerning" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Arizona or any county or precinct in Arizona. Dominion cannot understand what documents Lindell is seeking or how they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 54**

Documents related to software updates to Voting Equipment and/or Systems January 1, 2020 to present.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Lindell has not identified any disputed issue with respect to which "software updates" would be relevant. Dominion objects to this request as vague in its use of the term "software updates."

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 55**

Documents concerning malfunctions, problems, deficiencies, defects, bugs, vulnerabilities, help desk and call logs, or glitches in any Dominion Voting Equipment and/or System used in or proposed to be used in the 2016 General Election, 2018 Election, and/or the

2020 General Election.

**RESPONSE**: Dominion objects to this request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the 2016 and 2018 general elections.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the words "problems," "deficiencies," "defects," "bugs," "help desk and call logs," and "glitches." This request encompasses information about Dominion's software over the past six years with no limitation on the nature of the "problems." Nor is Dominion aware of a "problem" with its products that is in dispute in this case. Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 56**

Documents related to bulletins, updates, news, recalls, warnings, or other notices sent to any Dominion customer from January 1, 2016 to present.

**RESPONSE**: Dominion objects to this request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion objects to this request as overly broad and unduly burdensome in its failure to provide sufficient restrictions on the subject matter of the requested documents. Dominion objects to this request as vague and ambiguous in its use of the words "bulletins," "updates," "news," "warnings," and "other notices." Read literally, the request seeks essentially all

correspondence between Dominion and its customers. The request is not limited to communications that concerned the 2020 election, nor is it limited to Dominion's United States customers. Such a production would include many documents that are not relevant to any claim or defense in this case.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 57

Documents related to internal or external testing of Dominion Voting Equipment and/or System from January 2016 to present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrases "internal or external testing" and "Dominion Voting Equipment and/or Systems." Dominion objects to this request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion objects to this request as overly broad and unduly burdensome in its failure to provide sufficient restrictions on the subject matter of the requested documents. It is unclear what type of "testing" this request targets, and producing all documents related to all testing would be extremely burdensome and would include many documents that are not relevant to any claim or defense in this case.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 58

Documents with or concerning Home Box Office (HBO) from January 1, 2016 to the

present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Home Box Office. Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 59**

Documents regarding any cease-and-desist letters, retraction demands, or evidence preservation letters sent by or on behalf of Dominion to any Person from January 1, 2016 to present.

**RESPONSE**: Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from November 1, 2020 to the present.

Dominion objects to this request as unduly burdensome because it is not tailored to any claim or defense in this litigation. This request seeks "cease-and-desist letters, retraction demands, or evidence preservation letters . . . to any Person," regardless of the subject matter and nature of the underlying letter or demand. Dominion construes this request as seeking cease-and-desist letters, retraction demands, and evidence preservation letters Dominion sent to Michael Lindell concerning his defamatory statements about Dominion relating to the 2020 Presidential Election.

Subject to these objections and to the general objections above, Dominion will produce

cease-and-desist letters, retraction demands, and evidence preservation letters Dominion sent to Michael Lindell concerning his defamatory statements about Dominion relating to the 2020 Presidential Election.

**REQUEST FOR PRODUCTION NO. 60**

Documents regarding, concerning, or with Harri Hursti from January 1, 2016.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Harri Hursti. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 61**

Documents regarding, concerning, or with J. Alex Halderman from January 1, 2016.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that it can locate in a reasonable search.

**REQUEST FOR PRODUCTION NO. 62**

Documents regarding, concerning, or with the University of Michigan from January 1, 2016.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks

documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the University of Michigan. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 63

Documents regarding, concerning, or with Sue Halpern from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Sue Halpern. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 64

Documents regarding, concerning, or with Thomas Hicks from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Thomas Hicks. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 65

Documents regarding, concerning, or with the Cybersecurity and Infrastructure Security Agency from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as calling for the production of documents protected by government information security designations. Dominion will not produce documents with government information security designations in response to this request.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, non-confidential documents and communications responsive to this request that can be located in a reasonable search. Dominion, however, will not produce documents in response to this request until the Court has entered an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 66

Documents regarding, concerning, or with Mikko Hyppönen or F-Secure from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Mikko Hyppönen or F-Secure. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 67**

Documents regarding any ransomware, phishing, zero-day exploits, or other advanced threats which attacked or infiltrated or attempted to attack or infiltrate any Dominion Voting Equipment and/or System from January 2010 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems."

Dominion further objects to this request as vague in its use of the phrases "zero-day exploits" and "advanced threats" and the words "attack" and "infiltrate." Dominion is not aware of any disputed issue in this case concerning ransomware, phishing, zero-day exploits, or "other advanced threats," and Lindell has not identified any disputed issue to which such documents would be relevant.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 68**

Documents regarding, concerning, or with Senator Amy Klobuchar from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Senator Amy Klobuchar. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the

discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 69**

Documents regarding, concerning, or with Jake Stauffer, Coherent Cyber, or Freeman, Craft, & McGregor Group from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Jake Stauffer, Coherent Cyber, or Freeman, Craft & McGregor Group. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 70**

Documents regarding, concerning, or with Marilyn Marks from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Marilyn Marks. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 71**

Documents related to critical vulnerabilities, remote code execution, or off-line ballot tampering on any Dominion Voting Equipment and/or System from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems."

Dominion objects to this request as vague in its use of the phrases "critical vulnerabilities," "remote code execution," and "off-line ballot tampering." Dominion is not aware of any disputed issue in this case concerning critical vulnerabilities, remote code execution, or off-line ballot tampering, and Lindell has not identified any disputed issue to which such documents would be relevant.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 72**

Documents related to any malware or asymmetrical attack(s) which infiltrated or attempted to infiltrate Dominion Voting Equipment and/or System from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the

phrase "Dominion Voting Equipment and/or Systems." Dominion further objects to this request as vague in its use of the phrases "asymmetrical attack(s)." Dominion is not aware of any disputed issue in this case concerning malware or an asymmetrical attack, and Lindell has not identified any disputed issue to which such documents would be relevant.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 73**

Documents related to Dominion Voting Equipment and/or Systems actual or potential connection to the internet from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2020 to the present.

Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion construes this request to be seeking information concerning hardware that Dominion sells or licenses to state and local jurisdictions for the purpose of tabulating election results.

Dominion also objects to this request as vague in its use of the phrase "actual or potential connection to the internet." Dominion construes this request as seeking information about connecting Dominion equipment to the internet without installing additional software or employing additional hardware. Dominion construes this request to exclude functionality available for Dominion systems to use an external modem to connect to a central tabulating

authority (functionality requested by certain jurisdictions for the purpose of transmitting unofficial results after polls have closed), because those systems do not connect to the central tabulating authority through the internet or establish any other connection to the internet.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 74

Documents related to or concerning trusted builds for the State of Georgia or any county therein from January 1, 2019 to the present.

**RESPONSE**: Dominion objects to this request as vague and overbroad in its use of the phrases "related to or concerning trusted builds." Nearly all of Dominion's communications and documents with or about the State of Georgia are in some sense "related to" Dominion's software, which qualifies as a trusted build. Such a broad request encompasses many documents that are not relevant to any claim or defense in this litigation—indeed the request appears to encompass virtually all documents in Dominion's possession that are "related to" its software. Such a production would be extremely burdensome and Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 75

Documents related to or concerning trusted builds for the State of Colorado or any county therein from January 1, 2019 to the present.

**RESPONSE**: Dominion objects to this request as vague and overbroad in its use of the phrases "related to or concerning trusted builds." Nearly all of Dominion's communications and documents with or about the State of Colorado are in some sense "related to" Dominion's

software, which qualifies as a trusted build. Such a broad request encompasses many documents that are not relevant to any claim or defense in this litigation—indeed the request appears to encompass virtually all documents in Dominion's possession that are "related to" its software. Such a production would be extremely burdensome and Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 76**

Documents related to or concerning trusted builds for the State of Arizona or any county therein from January 1, 2019 to the present.

**RESPONSE**: Dominion objects to this request as vague and overbroad in its use of the phrases "related to or concerning trusted builds." Dominion assumes that "trusted builds" refers to "trusted builds" by Dominion, and not Dominion's competitors. Nearly all of Dominion's communications and documents with or about the State of Arizona are in some sense "related to" Dominion's software, which qualifies as a trusted build. Such a broad request encompasses many documents that are not relevant to any claim or defense in this litigation—indeed the request appears to encompass virtually all documents in Dominion's possession that are "related to" its software. Such a production would be extremely burdensome and Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 77**

Documents related to or concerning trusted builds for the State of Michigan or any county therein from January 1, 2019 to the present.

**RESPONSE**: Dominion objects to this request as vague and overbroad in its use of the phrases "related to or concerning trusted builds." Nearly all of Dominion's communications and documents with or about the State of Michigan are in some sense "related to" Dominion's software, which qualifies as a trusted build. Such a broad request encompasses many documents that are not relevant to any claim or defense in this litigation—indeed the request appears to encompass virtually all documents in Dominion's possession that are "related to" its software. Such a production would be extremely burdensome and Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 78**

Documents regarding, concerning, or with the DELIAN project from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the DELIAN project. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 79**

Documents regarding, concerning, or with Brennan Center for Justice from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks

documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Brennan Center for Justice. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 80

Documents regarding, concerning, or with Michael Haas from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Michael Haas. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 81

Documents regarding, concerning, or with Carsten Schürmann from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Carsten Schürmann. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 82**

Documents regarding, concerning, or with Brian Kemp from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or articles, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request. Dominion objects to this request as overly broad and unduly burdensome because it is not limited to issues relevant to this case.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 83**

Documents regarding, concerning, or with Brad Raffensperger from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or articles, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this

request.  Dominion objects to this request as overly broad and unduly burdensome because it is not limited to issues relevant to this case.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 84

Documents regarding, concerning, or with Senator Rob Wyden of Oregon from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or articles, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request. Dominion objects to this request as overly broad and unduly burdensome because it is not limited to issues relevant to this case. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 85

Documents regarding or concerning ballot and/or tabulation errors by any customer or voter from January 1, 2016 to present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks

documents that are not relevant to any claim or defense in this litigation. Dominion objects to this request as ambiguous in its use of the phrase "ballot and/or tabulation errors." Dominion construes this request to be seeking documents or communications received by Dominion from a third-party reporting (whether accurately or not) either (i) misattribution of votes from one candidate to another candidate that is supposedly attributable to Dominion election technology; or (ii) undercounting of votes on properly marked ballots supposedly attributable to Dominion election technology.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 86**

Documents regarding, concerning, or with any Chinese government agency, Chinese distributor, or Chinese manufacturer related to Voting Equipment and/or Systems from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as overly broad because it is not reasonably tailored to identify documents or information relevant to this litigation. Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 87**

Documents regarding, concerning, or with any Taiwanese government agency, Taiwanese distributor, or Taiwanese manufacturer related to Voting Equipment and/or Systems from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning a "Taiwanese government agency, Taiwanese distributor, or Taiwanese manufacturer."

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 88**

Documents regarding or concerning Russian Interference in the 2016 or 2020 General Election.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning "Russian Interference in the 2016 or 2020 General Election."

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 89**

Documents regarding, concerning, or with the below-listed individuals and/or entities from January 2016 to the present:

| | | | |
|---|---|---|---|
| a. | New York Times; | r. | MSNBC; |
| b. | Washington Post; | s. | CNN; |
| c. | Wall Street Journal; | t. | Politico; |
| d. | Forbes; | u. | The Huffington Post; |
| e. | Associated Press and/or apnews.com; | v. | The Epoch Times; |
| f. | The Detroit Free Press; | w. | NPR; |
| g. | Politifact.com; | x. | Media Matters; |
| h. | Newsweek and/or newsweek.com; | y. | Yahoo; |
| i. | 12news.com; | z. | Business Insider; |
| j. | U.S. News and/or usnews.com; | aa. | Gateway Pundit; |
| k. | CBS and/or cbsnews.com; | bb. | Fox News; |
| l. | NBC and/or NBC News and/or nbcnews.com; | cc. | OAN; |
| m. | ABC and/or abcnews.com; | dd. | Newsmax; |
| n. | PBS and/or Public Broadcasting Service; | ee. | Epoch Times; |
| o. | MEDIAite; | ff. | Atlantic; |
| p. | Salon; | gg. | Time Magazine; and/or |
| q. | Time; | hh. | The New Yorker |

**RESPONSE**: Dominion objects to this request as unduly burdensome, as failing to provide sufficient specificity to permit a reasonable search, and encompassing many documents not relevant to any disputed issue in this case. Read literally, the request seeks all documents and communications "regarding" or "concerning" nearly any news organization or other media outlet for the last six years without regard to subject matter. Such a broad request would be extremely burdensome to fulfill and is not reasonably tailored to lead to the discovery of evidence relevant

to any claim or defense in this case.

Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or articles, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 90**

Documents regarding, concerning, or with the below-listed individuals and/or entities from January 2016 to the present:

| | | | | |
|---|---|---|---|---|
| a. | Twitter; | | e. | Reddit; |
| b. | Facebook; | | f. | Parlor; and/or; |
| c. | Instagram; | | g. | Gettr. |
| d. | LinkedIn | | | |

**RESPONSE**: Dominion objects to this request as unduly burdensome, as failing to provide sufficient specificity to permit a reasonable search, and encompassing many documents not relevant to any disputed issue in this case. Read literally, the request seeks all documents and communications "regarding" or "concerning" nearly every major social media site for the last six years without regard to subject matter. Such a broad request would be extremely burdensome to fulfill and is not reasonably tailored to lead to the discovery of evidence relevant to any claim or defense in this case.

Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or social-media posts, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for

Dominion. Dominion will not produce such publicly available documents in response to this request.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 91**

Documents regarding your allegation that "Lindell knew there was not real 'evidence' supporting his claims" as alleged in paragraph 1 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion further objects to this request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this

request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 92**

Documents regarding your allegation that Lindell "purposefully disregarded CISA's announcement…to exploit any opportunity to market MyPillow" as alleged in paragraph 34 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion further objects to this request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the

applicable rules.

**REQUEST FOR PRODUCTION NO. 93**

Documents regarding your allegation that "Mike Lindell Cons People into Buying Pillows by Telling them the 'Big Lie' About Dominion and the Election" as alleged in paragraph 34 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion further objects to this request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 94**

Documents regarding your allegation that "Lindell Sets Out to Find and Manufacture 'Evidence'" as alleged in paragraph 34 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion further objects to this request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 95**

Documents, including but not limited to electronic data, photographs, and videos, regarding or concerning any surveillance (including computer hacking or monitoring) you

conducted or authorized to be conducted against Michael J. Lindell or any person affiliated with Michael J. Lindell.

**RESPONSE**: Dominion is not aware of any documents that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 96

Documents regarding or concerning all statements by Michael J. Lindell that you allege to be defamatory.

**RESPONSE**: Dominion objects that this request seeks documents not in Dominion's possession, custody, and control, including documents that are in Lindell's possession or the possession of third parties. Dominion also objects to this request as premature to the degree that it purports to require Dominion to produce all evidence within the scope of the request at this time. Discovery in this case is only just getting underway and Dominion reserves the right to supplement its response to this request as additional evidence is discovered.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 97

Documents regarding your allegation that Lindell featured "fake documents sourced from dark corners of the internet" as alleged in paragraph 4 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims,

only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 98

Documents regarding your allegation that "Lindell knowingly lied about Dominion to sell more pillows" as alleged in paragraph 69 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion

must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 99

Documents regarding or concerning SolarWinds from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning SolarWinds. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

Dated: April 4, 2022

Respectfully submitted,

*/s/ Justin A. Nelson*

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400

1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No.
NY0443)
Elisha Barron (*admitted pro hac vice*)
Zachary B. Savage (*pro hac vice pending*)
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
Jordan Rux (D.C. Bar No. CA00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
jrux@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Jordan Rux, hereby certify that on April 4, 2022, true and correct copies of Plaintiffs'

First Set of Requests for Production were served via email on counsel of record for every party

in *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN), *US Dominion, Inc.,*

*et al. v. Powell, et al.*, No. 1:21-cv-000040 (CJN), and *US Dominion, Inc., et al. v. Giuliani*, No.

1:21-cv-00213 (CJN).

*s/ Jordan Rux*
Jordan Rux (D.C. Bar No. CA00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
jrux@susmangodfrey.com
