# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> MY PILLOW, INC., and MICHAEL J. LINDELL, <br><br> Defendants/Third Party Plaintiffs, <br><br> v. <br><br> SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC, <br><br> Third Party Defendants. | Case No. 1:21-cv-00445-CJN |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO MYPILLOW, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION**

Under Rules 26 and 34 of the Federal Rules of Civil Procedure and other applicable rules, U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") respond as follows to My Pillow, Inc.'s ("MyPillow") First Set of Requests for Production:

**PRELIMINARY STATEMENT**

1.     Dominion's responses are based on its investigation to date of those sources within its possession, custody, or control and in which Dominion reasonably believes responsive documents or information may exist. Dominion reserves the right to amend or supplement these responses in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court,

any Court order, and other applicable rules, including based on its discovery of additional documents or information, and to rely upon such information, documents, or objections in any hearing, trial, or other proceeding in this litigation.

2.       By responding to these Requests for Production ("Requests"), Dominion does not waive (i) any objections as to the competency, relevancy, materiality, or admissibility as evidence, for any purpose, of any information provided in response to these Requests; (ii) the right to object on any ground to the use of the information provided in response to these Requests at any hearing, trial or other proceeding in this litigation; (iii) the right to object on any ground at any time to a demand for further responses to these Requests; or (iv) the right at any time to revise, correct, add to, supplement or clarify the responses contained herein.

3.       Dominion responds to each Request as it currently interprets and understands it. If MyPillow subsequently asserts an interpretation of a Request or term that differs from Dominion's understanding, Dominion reserves the right to alter or supplement its objections or responses.

4.       Dominion responds to these Requests but will not produce documents until the parties agree to interim protection or the Court enters a protective order.

## **GENERAL OBJECTIONS**

Dominion expressly incorporates each of the following General Objections in its Response to each Request as though fully set forth therein and states that, by making additional specific objections to particular Requests, Dominion is not implying that these General Objections are not applicable to that Request.

1.       Dominion objects to each Request to the extent it purports to seek information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or

any other applicable privileges or protections. Dominion will not produce any documents protected by any such privilege or protection.

2.    Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it purports to place a burden on Dominion to investigate, collect, and disclose information that is not relevant to the claims or defenses of any party, or that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This includes, for example, those Requests that purport to require Dominion to identify "each," "any," or "all" of a particular subset of information or otherwise rely on those terms to describe the scope of the Request. To the extent that Dominion states it will search for and produce information responsive to any Request, Dominion's response should be understood to indicate that it intends to conduct a reasonable search for responsive materials in accordance with an agreement between the parties on the discovery of electronically stored information ("ESI"), of those non-public sources in the possession, custody, or control of Dominion, excluding any outside counsel or other persons employed, hired, or retained for purposes of litigation.

3.    Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it fails to comply with, or purports to expand or alter Dominion's obligations under, the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Columbia, any relevant Court orders, and any agreement of the parties. For example, to the extent necessary, Dominion will produce a privilege log once the

parties have met and conferred and reached an agreement regarding the mutually applicable scope of such logs.

4.      Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it seeks the production of electronic mail or other ESI in the possession, custody, or control of a particular Dominion custodian. Dominion states that it intends to utilize search terms to locate potentially responsive ESI, and that it is willing to meet and confer with MyPillow regarding mutually applicable limits on the conducting of searches for such information, including to attempt to reach agreement on both custodians and search terms. As such, to the extent that Dominion states in response to any particular Request that it will search for and/or produce documents or materials, such responses should be understood as subject to this General Objection.

5.      Dominion objects to the definition of "Election Equipment" as overly broad, unduly burdensome, and vague. MyPillow's definition encompasses all of Dominion's technology, even technology that is not relevant to a claim or defense in this case. Dominion interprets each and every request for documents related to Election Equipment to refer to Dominion's Election Equipment, not Election Equipment from Dominion's competitors or any other entity.

6.      Dominion objects to the definition of "Dominion" as overly broad, unduly burdensome, and vague. Read literally, MyPillow's definition would require Dominion to gather and produce documents that are not within its possession, custody, or control. In responding to these Requests, Dominion has construed "Dominion" to include only the plaintiffs and their employees during the tenure of their employment.

7.      Dominion objects to the inclusion of "any persons purporting to act on Dominion's behalf" in the definition of "You," "you" and "your" as overly broad, unduly burdensome, and vague. MyPillow's definition would require Dominion to gather and produce documents that are

not within its possession, custody, or control. Dominion will treat "You," "you" and "your" as meaning the same as "Dominion."

8.      Dominion objects to the parameters for production of electronic files set out in the Instructions included with these Requests. Dominion will produce electronic documents according to a protocol to be agreed between the parties.

9.      Dominion objects to the timeframe identified in the Requests as unduly burdensome to the extent they Request documents before January 1, 2018. Unless otherwise specified, Dominion has responded to these Requests and interprets the relevant time period as the period from January 1, 2018 to the present.

## SPECIFIC RESPONSES AND OBJECTIONS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Each and every Document and Communication concerning or related to the performance or reliability of any Election Equipment.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "performance or reliability." Dominion also objects to this Request as overly broad and unduly burdensome in its failure to provide sufficient restrictions on the subject matter of the Requested documents and communications. Read literally, this Request seeks almost all of Dominion's documents about its equipment, as almost all are "concerning" or "related to" the performance of Dominion's equipment, including technology not in use during the 2020 presidential election. Producing all of these documents would include many documents that are not relevant to any claim or defense in this case. Dominion is not aware of any disputed

issue in this case concerning "the performance or reliability" of Dominion's technology, and MyPillow has not identified any disputed issue to which such documents would be relevant.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Each and every Document and Communication concerning or related to the vulnerability of Election Equipment to Unauthorized Access.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. This request seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election.  Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion objects to this Request as vague in its use of the phrase "vulnerability." Dominion is not aware of any disputed issue in this case concerning alleged "vulnerabilities" of Election Equipment to Unauthorized Access and MyPillow has not identified any disputed issue to which such documents would be relevant.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Each and every Document and Communication concerning or related to any hardware or software features, mechanisms, devices, or procedures designed to prevent, deter, block, record, or detect Unauthorized Access to Election Equipment.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrases

"Election Equipment" and "Unauthorized Access." Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. This request seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election. Dominion objects to this Request as vague and ambiguous in its use of the words "features," "mechanisms," "devices," and "procedures." Dominion is not aware of any disputed issue in this case concerning "software features, mechanisms, devices, or procedures designed to prevent, deter, block, record, or detect Unauthorized Access to Election Equipment," and MyPillow has not identified any disputed issue to which such documents would be relevant

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Each and every Document and Communication concerning or related to any capability of Election Equipment to connect to a computer network.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "capability to connect to a computer network." Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning a "computer network," and MyPillow has not identified any disputed issue to which such documents would be relevant. This request also seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Each and every Document and Communication concerning or related to any capability of Election Equipment to connect to the Internet.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. This request seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election.

Dominion also objects to this Request as vague in its use of the phrase "capability to connect to the Internet." Dominion construes this Request as seeking information about connecting Dominion equipment to the Internet without installing additional software or employing additional hardware. Dominion construes this Request to exclude functionality available for Dominion systems to use an external modem to connect to a central tabulating authority (functionality requested by certain jurisdictions for the purpose of transmitting unofficial results after polls have closed), because those systems do not connect to the central tabulating authority through the Internet or establish any other connection to the Internet.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request

**REQUEST FOR PRODUCTION NO. 6:**

Each and every Document and Communication concerning or related to any capability of

Election Equipment to connect to a cellular phone network or signal.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment" and "capability to connect to a cellular network or signal." Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning a "cellular phone network or signal," and MyPillow has not identified any disputed issue to which such documents would be relevant. This request also seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Each and every Document and Communication concerning or related to any capability of Election Equipment to be accessed or controlled remotely.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment" or "accessed or controlled remotely." Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. This request seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Each and every Document and Communication concerning or related to in any way the capability of any Election Equipment, when votes in an election are tallied, to accomplish Differential Weighting of votes or ballots, to credit some ballots as registering more than 1 vote for a specific candidate and/or to credit some ballots as registering less than 1 vote for a specific candidate.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. This request seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election.

Dominion also objects to this Request as vague and ambiguous in its use of the phrase "Differential Weighting." Dominion construes this Request as seeking information about fractional or weighted voting, which is not a function of Dominion's technology.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Each and every Document and Communication concerning or related to any known or suspected instance of Differential Weighting of votes by any Election Equipment Supplied or Supported by Dominion.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. This request seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election.

Dominion also objects to this Request as vague and ambiguous in its use of the phrase "Differential Weighting." Dominion construes this Request as seeking information about fractional or weighted voting, which is not a function of Dominion's technology.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 10:

Each and every Document and Communication concerning or related to the origins of the hardware and software designs used for any Election Equipment Supplied or Supported by Dominion, including but not limited to any connection between Dominion and Venezuela, China, or any country outside the United States.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. This request seeks information related to all "Election Equipment," including technology not in use during the 2020 presidential election.

Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment," as well as the terms "related to the origins of" and "connection between." Dominion objects to this Request as overly broad because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion was headquartered and founded in Canada, which is a "country outside of the United States."

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

**REQUEST FOR PRODUCTION NO. 11:**

Each and every Document and Communication concerning or related to the vote totals received, recorded, tallied, or reported in the 2020 Presidential Election, in any jurisdiction which used Election Equipment Supplied or Supported by Dominion.

**RESPONSE**: Dominion objects to this Request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to MyPillow and for which the burden of obtaining copies is no greater for MyPillow than it would be for Dominion. Dominion will not produce such publicly available documents in response to this Request.

Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion objects to this Request to the degree that it implies that Dominion is responsible for all (or any) votes "received, recorded, tallied, or reported" in any jurisdiction that uses its equipment. It is Dominion's understanding that the jurisdictions conducting the elections are responsible for receiving, recording, tallying, and reporting the vote

totals in their jurisdiction.

Subject to and without waiving these objections and the general objections above, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

Each and every Document and Communication concerning or related to the vote totals received, recorded, tallied, or reported in the 2016 Presidential Election, in any jurisdiction which used Election Equipment Supplied or Supported by Dominion.

**RESPONSE**: Dominion incorporates by reference here its objections to RFP No. 11, which apply equally here. In addition, Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2016 Presidential Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Each and every Document and Communication concerning or related to the vote totals received, recorded, tallied, or reported in the 2018 Election, in any jurisdiction which used Election Equipment Supplied or Supported by Dominion.

**RESPONSE**: Dominion incorporates by reference here its objections to RFP No. 11, which apply equally here. In addition, Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2018 Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Each and every Document and Communication concerning or related to any irregularity, glitch, error, unexpected performance, or nonstandard performance of Election Equipment, where the irregularity, glitch, error, unexpected performance, or nonstandard performance occurred between October 1, 2020 and December 31, 2020. Each Document and Communication responsive to this Request should be produced for the period from October 1, 2020 to the present.

**RESPONSE**: Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as vague and ambiguous in its use of the phrases "unexpected performance" and "nonstandard performance," as well as the words "irregularity," "error," and "glitch." Dominion is not aware of any "unexpected performance," "nonstandard performance," "irregularity," "error," and "glitch" with its products that is in dispute in this case. MyPillow has not identified any disputed issue with respect to which such documents would be relevant.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Each and every Document and Communication concerning or related to any unexpected, aberrational, unlikely, impossible, or statistically improbable vote tally in the 2020 Presidential Election, in any jurisdiction that used Election Equipment Supplied or Supported by Dominion.

**RESPONSE**:  Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as vague and ambiguous in its use of the words "unexpected," "aberrational," "unlikely," "impossible," or

"statistically improbable." Dominion objects to this Request to the degree that it implies that Dominion forecasts or predicts election results. Dominion provides jurisdictions with equipment to cast and count votes; it does not analyze the expected, likely, or statistical probability voting outcomes.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 16

Each and every Document and Communication concerning or related to the use or potential use of computers or servers physically located outside of the United States, in connection with the receiving, recording, tallying, or reporting of votes in the 2020 Presidential Election by any local, state, or federal jurisdiction.

**RESPONSE**: Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion also objects to this Request as vague in its use of the phrase "potential use of computers or servers" and the words "receiving," "recording," "tallying," or "reporting." Dominion further objects to this request to the degree that it implies that Dominion is responsible for conducting elections. Dominion is not responsible for conducting elections, and state and local jurisdictions have exclusive custody and control over the Dominion technology used in those jurisdictions. Dominion did not use "computers or servers physically located outside of the United States, in connection with the receiving, recording, tallying, or reporting of votes in the 2020 Presidential Election by any local, state, or federal jurisdiction."

Without waiving this objection or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17**

All Log Files created by or stored on any Election Equipment used in connection with the 2020 Presidential Election, during the period January 1, 2020 through December 31, 2020, including each and every Document and Communication concerning or related thereto.

**RESPONSE**: Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "Log Files." Dominion further objects to this Request as not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning Log Files. Read literally, this Request for "Log Files" encompasses almost all data recorded on all Dominion-supplied technology used in connection with the 2020 Presidential Election. Dominion further objects to this request to the degree that it implies that Dominion is responsible for Dominion-supplied technology (including any "Log Files" created by or stored on such technology) used in the 2020 Presidential Election, as such technology is in the custody and control of local jurisdictions, which conduct elections.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18**

All Log Files created by or stored on any Election Equipment used in connection with the 2016 Presidential Election, including each and every Document and Communication concerning or related thereto.

**RESPONSE**: Dominion incorporates by reference here its objections to RFP No. 17, which apply equally here. In addition to the objections given in that response, Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2016 Presidential Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion

will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 19**

All Log Files created by or stored on any Election Equipment used in connection with the 2018 Election, including each and every Document and Communication concerning or related thereto.

**RESPONSE**: Dominion incorporates by reference here its objections to RFP No. 17, which apply equally here. In addition to the objections given in that response, Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2018 Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20**

The source code for any software application or program that was stored on any Election Equipment used in connection with the 2020 Presidential Election, including each and every Document and Communication concerning or related thereto.

**RESPONSE**:  Dominion objects to this Request as vague and ambiguous in its use of the phrases "source code" and "Election Equipment." Read literally, this Request would require the production of every version of Dominion's source codes used in Dominion technology during the 2020 Presidential Election. Dominion will not produce any version of its source code or any portion of its source code. MyPillow has not identified any particular relevant issue with any particular one of Dominion's source codes.

Dominion further objects to production of any version of its source code without a protective order with sufficient confidentiality protections. Dominion's source code contains trade secrets and other information the value of which depends on maintaining confidentiality.

The risk of unauthorized disclosure is particularly acute because source code is digital information subject to exact duplication through electronic means.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21**

Each and every Document and Communication concerning or related to the deletion or loss from any Election Equipment, after October 1, 2020, of any electronically stored data related to the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "electronically stored data." Dominion further objects to this request to the degree that it implies that Dominion is responsible for maintaining data stored by state and local jurisdictions using Dominion technology. Dominion is not responsible for storing it, ever. Moreover, state and local jurisdictions have exclusive custody and control over election data, and their obligations as to the preservation of that data are established by law.

Dominion also objects to any implication that Dominion has access or the capability to delete electronically stored data or records except under the direction and oversight of election officials who have custody and control over that data. Again, the extent to which state and local jurisdictions are required or permitted to preserve electronically stored data, including as related to the 2020 Presidential Election, is dictated by law.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to clarify the scope of this request, given the above objections. To the extent MyPillow can reasonably identify records over which Dominion

might have custody or control that are relevant to this litigation, Dominion is also willing to discuss production of those documents.

**REQUEST FOR PRODUCTION NO. 22**

Each and every Document and Communication concerning or related to the deletion or loss of any data from any Log File stored on any Election Equipment, where the deleted or lost data was previously stored in the Log File at any time between November 1 and November 30, 2020.

**RESPONSE**:   Dominion incorporates by reference its objections to RFP No. 17. Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "Log File." Dominion further objects to this request to the degree that it implies that Dominion is responsible for maintaining data stored by state and local jurisdictions using Dominion technology. Dominion is not responsible for storing it, ever. Moreover, state and local jurisdictions have exclusive custody and control over election data, and their obligations as to the preservation of that data are established by law.

Dominion also objects to any implication that Dominion has access or the ability to delete electronically stored data or records except under the direction and oversight of election officials who have custody and control over that data. Again, the extent to which state and local jurisdictions are required or permitted to preserve electronically stored data, including as related to the 2020 Presidential Election, is dictated by law.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to clarify the scope of this request, given the above objections. To the extent MyPillow can reasonably identify records over which Dominion might have custody or control that are relevant to this litigation, Dominion is also willing to

discuss production of those documents.

## REQUEST FOR PRODUCTION NO. 23

Each and every Document and Communication concerning or related to actual or potential Voting Fraud in connection with the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as vague, ambiguous, and overbroad in its use of the phrase "Voting Fraud." Dominion construes this Request as seeking information related to MyPillow's defamatory statements that Dominion used its equipment to alter the outcome of the 2020 Presidential Election.

Subject to and without waiving these objections and the general objections above, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

## REQUEST FOR PRODUCTION NO. 24

Each and every Document and Communication concerning or related to actual or potential Voting Fraud in connection with the 2016 Presidential Election.

**RESPONSE**: Dominion objects to this Request as vague, ambiguous, and overbroad in its use of the phrase "Voting Fraud." Dominion further objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2016 Presidential Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 25

Each and every Document and Communication concerning or related to actual or potential Voting Fraud in connection with the 2018 Election.

**RESPONSE**: Dominion objects to this Request as vague, ambiguous, and overbroad in its use of the phrase "Voting Fraud." Dominion further objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2018 Election.

Because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26**

Each and every Document and Communication concerning or related to actual or possible Malware on any Election Equipment.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion further objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "Malware," as well as the phrase "possible Malware," which is unintelligible. Dominion is not aware of any disputed issue in this case concerning "Malware," and MyPillow has not identified any disputed issue to which such documents would be relevant.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27**

Each and every Document and Communication concerning or related to software code actually or potentially affecting the number of votes received, recorded, tallied, or reported by any Election Equipment for one or more candidates in the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as vague and ambiguous in its use of the phrases "Election Equipment" and "software code." If by implication MyPillow is seeking

Dominion source code, Dominion will not produce any version of its source code or any portion of its source code, as stated above. MyPillow has not identified any particular relevant issue with any particular one of Dominion's source codes. Dominion further objects to production of any version of its source code without a protective order with sufficient confidentiality protections.

Dominion objects the use of the phrase "software code actually or potentially affecting the number of votes received, recorded, tallied, or reported" as vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence. Read literally, this Request seeks documents related to any software used during the 2020 presidential election. Dominion construes this Request to mean documents showing Dominion altered election results, which is not a function of Dominion's equipment.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28**

Each and every Document and Communication concerning or related to any Election Equipment that actually or potentially changed, from one candidate to another, one or more votes cast, received, recorded, or tallied, in connection with the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as vague and ambiguous in its use of the phrase "Election Equipment." Dominion further objects to this Request as vague and ambiguous in its use of the phrase "actually or potentially changed . . . votes cast, received, recorder, or tallied." Dominion construes this Request to mean documents showing Dominion altered election results, which is not a function of Dominion's technology.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29**

Each and every Document and Communication concerning or related to the reliability of any data obtained through or stored on Election Equipment Supplied or Supported by Dominion that was used in connection with the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as vague and ambiguous in its use of the phrases "reliability of any data" and "Election Equipment." Dominion cannot understand what documents MyPillow is seeking or how they could be relevant. Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case involving "the reliability of data," and MyPillow has not identified one.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30**

Each and every Document and Communication concerning or related to software code actually or potentially affecting the number of votes received, recorded, tallied, or reported by any Election Equipment for one or more candidates in the 2016 Presidential Election.

**RESPONSE**: Dominion incorporates by reference its objections to RFP No. 27. In addition, Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2016 Presidential Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 31

Each and every Document and Communication concerning or related to any Election Equipment that actually or potentially changed, from one candidate to another, one or more votes cast, received, recorded, or tallied, in connection with the 2016 Presidential Election.

**RESPONSE**: Dominion incorporates by reference its objections to RFP No. 28. In addition, Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2016 Presidential Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 32

Each and every Document and Communication concerning or related to the reliability of any data obtained through or stored on Election Equipment Supplied or Supported by Dominion that was used in connection with the 2016 Presidential Election.

**RESPONSE**: Dominion incorporates by reference its objections to RFP No. 29. In addition, Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2016 Presidential Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 33

Each and every Document and Communication concerning or related to software code

actually or potentially affecting the number of votes received, recorded, tallied, or reported by any Election Equipment for one or more candidates in the 2018 Election.

**RESPONSE**: Dominion incorporates by reference its objections to RFP No. 27. In addition, Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2018 Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 34

Each and every Document and Communication concerning or related to any Election Equipment that actually or potentially changed, from one candidate to another, one or more votes cast, received, recorded, or tallied, in connection with the 2018 Election.

**RESPONSE**: Dominion incorporates by reference its objections to RFP No. 28. In addition, Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2018 Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 35

Each and every Document and Communication concerning or related to the reliability of any data obtained through or stored on Election Equipment Supplied or Supported by Dominion

that was used in connection with the 2018 Election.

**RESPONSE**: Dominion incorporates by reference its objections to RFP No. 29. In addition, Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the use of Dominion equipment in the 2018 Election.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 36

Each and every Document and Communication concerning or related to any known or suspected incident of Unauthorized Access to Election Equipment during the thirty days immediately preceding or following the date of an election.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects the use of the term "election" for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Read literally, this Request seeks documents related to any election conducted with Dominion's technology. Dominion construes this request to be limited to the 2020 Presidential Election.

Dominion also objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "Unauthorized Access." Dominion is therefore unable to respond to respond to the request except to admit its knowledge that Tina Peters, the county clerk for Mesa County, Colorado, and her deputy were indicted this year for helping an unauthorized person make copies of Dominion hard drives and passwords.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

## REQUEST FOR PRODUCTION NO. 37

Each and every Document and Communication concerning or related to a Security Breach of any Election Equipment Supplied or Supported by Dominion to anyone. This Request is not limited to any time period.

**RESPONSE**:  Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion construes this request to be limited to the 2020 Presidential Election.

Dominion also objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "Security Breach." Dominion is therefore unable to respond to respond to the request except to admit its knowledge that Tina Peters, the county clerk for Mesa County, Colorado, and her deputy were indicted this year for helping an unauthorized person make copies of Dominion hard drives and passwords.

Subject to and without waiving these objections and the general objections above, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

## REQUEST FOR PRODUCTION NO. 38

Each and every Document and Communication concerning or related to any instance of a person physically located outside of the United States gaining Unauthorized Access to Election Equipment.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly

burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion further objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "Unauthorized Access." Dominion construes this request to be limited to the 2020 Presidential Election.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39**

Each and every Document and Communication between Dominion and the State of Georgia or any County in Georgia, concerning Election Equipment supplied to or used in any jurisdiction in Georgia.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Georgia before the 2020 Presidential Election.

Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as vague and overly broad in its use of the phrase "concerning." Nearly all of Dominion's communications and documents with or about the State of Georgia are in some sense "concerning" Dominion's technology. Read literally, the Request seeks essentially all documents and communications concerning the State of Georgia or any county or precinct in Georgia. Dominion cannot understand what documents MyPillow is seeking with such a facially overbroad request, or how they could be relevant.

Subject to and without waiving these objections and the general objections above,

Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

**REQUEST FOR PRODUCTION NO. 40**

Each and every Document and Communication between Dominion and the State of Arizona or any County in Arizona, concerning Election Equipment supplied to or used in any jurisdiction in Arizona.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Arizona before the 2020 Presidential Election.

Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as vague and overly broad in its use of the phrase "concerning." Nearly all of Dominion's communications and documents with or about the State of Arizona are in some sense "concerning" Dominion's technology. Read literally, the Request seeks essentially all documents and communications concerning the State of Arizona or any county or precinct in Arizona. Dominion cannot understand what documents MyPillow is seeking with such a facially overbroad request, or how they could be relevant.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

**REQUEST FOR PRODUCTION NO. 41**

Each and every Document and Communication between Dominion and the State of Michigan or any County in Michigan, concerning Election Equipment supplied to or used in any jurisdiction in Michigan.

**RESPONSE**:  Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Michigan before the 2020 Presidential Election.

Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as vague and overly broad in its use of the phrase "concerning." Nearly all of Dominion's communications and documents with or about the State of Michigan are in some sense "concerning" Dominion's technology. Read literally, the Request seeks essentially all documents and communications concerning the State of Michigan or any county or precinct in Michigan. Dominion cannot understand what documents MyPillow is seeking with such a facially overbroad request, or how they could be relevant.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

**REQUEST FOR PRODUCTION NO. 42**

Each and every Document and Communication between Dominion and the State of Pennsylvania or any County in Pennsylvania, concerning Election Equipment supplied to or used

in any jurisdiction in Pennsylvania.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Pennsylvania before the 2020 Presidential Election.

Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as vague and overly broad in its use of the phrase "concerning." Nearly all of Dominion's communications and documents with or about the State of Pennsylvania are in some sense "concerning" Dominion's technology. Read literally, the Request seeks essentially all documents and communications concerning the State of Pennsylvania or any county or precinct in Pennsylvania. Dominion cannot understand what documents MyPillow is seeking with such a facially overbroad request, or how they could be relevant.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

## REQUEST FOR PRODUCTION NO. 43

Each and every Document and Communication between Dominion and the State of Colorado or any County in Colorado, concerning Election Equipment supplied to or used in any jurisdiction in Colorado.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Colorado before the 2020 Presidential Election.

Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as vague and overly broad in its use of the phrase "concerning." Nearly all of Dominion's communications and documents with or about the State of Colorado are in some sense "concerning" Dominion's technology. Read literally, the Request seeks essentially all documents and communications concerning the State of Colorado or any county or precinct in Colorado. Dominion cannot understand what documents MyPillow is seeking with such a facially overbroad request, or how they could be relevant.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

**REQUEST FOR PRODUCTION NO. 44**

Each and every Document and Communication between Dominion and any agency of the Federal government, concerning Election Equipment Supplied or Supported by Dominion.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion also objects to this Request as overly broad and unduly burdensome in its failure to provide sufficient restrictions on the subject matter of the requested documents and

communications. Read literally, this Request encompasses nearly all of Dominion's communications with federal agencies.

Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to MyPillow and for which the burden of obtaining copies is no greater for MyPillow than it would be for Dominion. Dominion will not produce such publicly available documents in response to this Request.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

## REQUEST FOR PRODUCTION NO. 45

Each and every Document and Communication concerning or related to correspondence and other submissions to federal, state, and other regulators for certification of any Election Equipment used in connection with the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to MyPillow and for which the burden of obtaining copies is no greater for MyPillow than it would be for Dominion. Dominion will not produce such publicly available documents in response to this Request. Dominion further objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment."

Subject to and without waiving these objections and the general objections above,

Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

**REQUEST FOR PRODUCTION NO. 46**

Each and every Communication during the period January 1, 2020 through December 31, 2020, including public statements, private statements, and internal Communications, made by any employee or representative of Dominion concerning or alluding to Donald Trump.

**RESPONSE**: Dominion objects to this Request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning Donald Trump.

Dominion also objects this Request as vague, ambiguous, and overly broad in its use of the term "alluding." The burden of locating any document that alludes to, but does not name Donald Trump, vastly outweighs the possibility the Request would lead to the discovery of any relevant evidence.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 47**

Each and every Document and Communication between Dominion and J. Alex Halderman, or concerning or related to J. Alex Halderman.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

**REQUEST FOR PRODUCTION NO. 48**

Each and every Document and Communication between Dominion and the University of Michigan, or concerning or related to the University of Michigan.

**RESPONSE**: Dominion objects to this Request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the University of Michigan. Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 49**

Each and every Document and Communication between Dominion and Harri Hursti, or concerning or related Harri Hursti.

**RESPONSE**:  Dominion objects to this Request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Harri Hursti. Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50**

Each and every Document and Communication concerning or related to Dr. Eric Coomer between January 1, 2019 and the present date, relating to Election Equipment, the 2020 Presidential Election, or Donald Trump.

**RESPONSE**: Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment." Dominion further objects to this Request as calling for documents that are not in Dominion's possession, custody, or control. Dr. Coomer is no longer an employee of Dominion and Dominion does not have possession, custody, or control over documents in Dr. Coomer's possession. Dominion will not collect or produce documents from Dr. Coomer in response to this Request. Dominion further objects to this Request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Dr. Coomer and "Election Equipment, the 2020 Presidential Election, or Donald Trump."

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this Request that are related to alleged voting and election fraud and the 2020 Presidential Election and can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 51

Each and every Document and Communication concerning or related to any statements made by Dr. Eric Coomer concerning the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as calling for documents that are not in Dominion's possession, custody, or control. Dr. Coomer is no longer an employee of Dominion and Dominion does not have possession, custody, or control over documents in Dr. Coomer's possession. Dominion will not collect or produce documents from Dr. Coomer in response to this Request.

Dominion objects to this Request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to MyPillow and for which the burden of obtaining copies is no greater for MyPillow than it would be for Dominion.

Dominion will not produce such publicly available documents in response to this Request.

Dominion further objects to this Request to the extent it purports to require Dominion to produce every single email (or similar communication) by Dr. Coomer that "concerns" the 2020 Presidential Election. That would encompass, for example, virtually the entirety of Dr. Coomer's internal emails addressing Dominion's support of its customers during the 2020 Presidential Election.

Subject to and without waiving this objection and the general objections above, Dominion will meet and confer with MyPillow to try to understand what specific types of documents, not publicly available, if any, MyPillow is seeking to obtain through this request.

**REQUEST FOR PRODUCTION NO. 52**

Each and every Document and Communication concerning or related to Dr. Eric Coomer's departure from Dominion's employment, including correspondence, email, agreements, and payments.

**RESPONSE**: Dominion objects to this Request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Dr. Coomer's departure from Dominion. Dominion further objects to this Request to the extent it calls for documents that are not in Dominion's possession, custody, or control. Dominion does not have possession, custody, or control over documents in Dr. Coomer's possession.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 53**

Each and every cease-and-desist letter sent by Dominion to any person concerning Election Equipment, the 2020 Presidential Election, or any allegedly defamatory statement about

Dominion made by Lindell or MyPillow.

**RESPONSE**: Dominion objects to this Request as unduly burdensome because it is not tailored to any claim or defense in this litigation. This Request seeks "cease-and-desist letters sent to any person concerning Election Equipment." Dominion objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Election Equipment" and "cease-and-desist."

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this Request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 54

Each and every Document concerning or related to Communication between Dominion and any person who made an allegation regarding the vulnerability to Unauthorized Access of Election Equipment supplied or supported by Dominion.

**RESPONSE**: Dominion objects to the unlimited date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion further objects to this Request as vague, ambiguous, and overly broad in its use of the phrase "Unauthorized Access" and "Election Equipment." Dominion is not aware of any disputed issue in this case concerning "vulnerability to Unauthorized Access."

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 55

Each and every Document and Communication concerning or related to the 2020 HBO documentary, The Kill Chain: The Cyber War on America's Elections including but not limited to any cease-and-desist letters sent by Dominion to HBO or those appearing in the documentary,

and any statements contesting the truth or accuracy of content in the documentary.

**RESPONSE**: Dominion objects to this Request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning HBO or the documentary cited in the Request.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 56**

Each and every Document and Communication concerning or related to the bringing or prosecution of this action, between Dominion and any person (excluding counsel) including, but not limited to, Marc Elias, any representative of the Democratic National Committee, Nancy Pelosi, any representative of the United States government, any law enforcement agency or representative thereof, any officials or agents of the United States Central Intelligence Agency, CISA or the United States Federal Bureau of Investigation.

**RESPONSE**:  Dominion objects to this Request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion further objects to this Request as unduly burdensome in that it seeks communications with "any person" related to this action.  Dominion construes this request as seeking communications about the action with the persons named in the Request. Dominion is not aware of any disputed issue regarding communication related to the bringing or prosecution of this action with Marc Elias, any representative of the Democratic National Committee, Nancy Pelosi, any representative of the United States government, any law enforcement agency or representative thereof, any officials or agents of the United States Central Intelligence Agency, or the United States Federal Bureau of Investigation.

Subject to and without waiving these objections and the general objections above, and insofar as this request relates to CISA, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search. Otherwise, for the reasons above, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57**

Each and every Document and Communication concerning or related to any Communication to Dominion from Senators Elizabeth Warren, Amy Klobuchar, Mark Warner, Jack Reed, or Gary Peters regarding Election Equipment, malware or the vulnerability of Election Equipment to Unauthorized Access.

**RESPONSE**: Dominion objects to this Request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning communications to Dominion from Elizabeth Warren, Amy Klobuchar, Mark Warner, Jack Reed, or Gary Peters. Dominion further objects to this Request as vague, ambiguous, and overly broad in its use of the phrases "Election Equipment" and "malware or the vulnerability . . . to Unauthorized Access."

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 58**

Each and every Document and Communication concerning or related to any claim or allegation in the Complaint.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome. Read literally, this request would encompass every document related to Dominion.

40

Dominion further objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request. Dominion further objects to this Request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for MyPillow than it would be for Dominion.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

## REQUEST FOR PRODUCTION NO. 59

Each and every Document and Communication concerning or related to any of the allegedly defamatory statements set forth in Paragraph 165 of the Complaint.

**RESPONSE**: Dominion objects that this Request seeks documents not in Dominion's possession, custody, and control, including documents that are in MyPillow's possession or the

possession of third parties. Dominion also objects to this Request as premature to the degree that it purports to require Dominion to produce all evidence within the scope of the Request at this time. Discovery in this case is just getting underway and Dominion reserves the right to supplement its response to this Request as additional evidence is discovered.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

### REQUEST FOR PRODUCTION NO. 60

Each and every Document and Communication concerning or related to any statement that Dominion alleges was defamatory toward Dominion, concerning the 2020 Presidential Election.

**RESPONSE**: Dominion objects that this Request seeks documents not in Dominion's possession, custody, and control, including documents that are in MyPillow's possession or the possession of third parties. Dominion also objects to this Request as premature to the degree that it purports to require Dominion to produce all evidence within the scope of the Request at this time. Discovery in this case is just getting underway and Dominion reserves the right to supplement its response to this Request as additional evidence is discovered.

Dominion further objects that this Request seeks documents and communications concerning or relating to defamatory statements not at issue in this case. Dominion will neither search for nor produce documents and communications concerning or relating to defamatory statements not at issue in this case. Dominion construes the reasonable scope of this Request as identical to Request No. 59.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to Request No. 59, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 61**

Each and every Document and Communication concerning or related to any marketing campaign or activity by MyPillow related to the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request. Dominion further objects to this Request as unreasonably burdensome to the degree that it seeks documents that are in MyPillow's possession, and for which the burden of obtaining copies is no greater for MyPillow than it would be for Dominion.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it

will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 62**

Each and every Document and Communication concerning or related to any authority allegedly granted by MyPillow to Lindell to speak on behalf of MyPillow on any matter concerning the 2020 Presidential Election.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request. Dominion further objects to this Request as unreasonably burdensome to the degree that it seeks documents in MyPillow's possession, and for which the burden of obtaining copies is no greater for MyPillow than it would be for Dominion.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it

will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 63

Each and every Document and Communication concerning or related to any damages that Dominion alleges it suffered as a result of any alleged defamation by Lindell or MyPillow.

**RESPONSE**:  Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 64

Each and every Document and Communication concerning or related to any damages that

Dominion alleges it suffered as a result of any alleged defamation spoken or published by any person other than Lindell or MyPillow.

**RESPONSE**: Dominion objects to this Request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning defamatory statements by persons other than Lindell or MyPillow.

For these reasons, including because this Request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 65

Each and every contract and agreement, between January 1, 2016 and the present, with any local, state or federal municipality or governmental entity, or any other person, for the Supply or Support of Election Equipment.

**RESPONSE**: Dominion objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. This Request seeks all contracts and agreements from January 1, 2016 to the present, regardless of whether the jurisdiction is relevant to any claim or defense in this litigation, and regardless of whether the contract at issue was in force at the time of the 2020 Election.

Subject to and without waiving these objections and the general objections above, Dominion will meet and confer with MyPillow to try to reach agreement on reasonable search parameters that would result in the identification and production of a reasonable set of responsive documents without undue burden.

## REQUEST FOR PRODUCTION NO. 66

Each and every contract and agreement between Dominion and any person, entity, or jurisdiction relating to the 2020 Presidential Election.

**RESPONSE**: Dominion objects to the date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion construes this Request as seeking all contracts and agreements in place during the 2020 Presidential Election.

Subject to and without waiving this objection or the general objections above, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

## REQUEST FOR PRODUCTION NO. 67

Each and every contract and agreement you claim was cancelled because of Mike Lindell.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it

will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 68

Each and every contract and agreement you claim was cancelled because of MyPillow.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 69

Each and every contract and agreement you claim was cancelled because of MyPillow.

**RESPONSE**: Dominion objects to this Request because it is duplicative of Request for

Production No. 68.

Subject to the objections to Request for Production No. 68 and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 70

Each and every Document that supports your general contention that you have been damaged by Mike Lindell.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the

applicable rules.

**REQUEST FOR PRODUCTION NO. 71**

Each and every Document and Communication regarding, related to or concerning your allegation that "financial track record contract pipeline, retention and renewal rates, and new business capture rates, as well as the nature, severity, pervasiveness, and permanence of the viral disinformation campaign, current projections show lost profits of $200 million over the next five years, when reduced to present value" as alleged in paragraph 159 of the Complaint.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 72**

Each and every Document and Communication from any customer or potential customer that has reviewed or expressed an intent to cancel, reevaluate, reconsider, reassess, modify, extend, renew, non-renew, or "review and reassess" contracts with Dominion as alleged in paragraph 158 of the Complaint.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 73**

Each and every Document and Communication that supports your general contention that you have been damaged by MyPillow.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 74

Each and every Document and Communication related to or concerning any reduction in market value or market share to Dominion because of any statement made by Mike Lindell.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims,

only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 75

Each and every Document and Communication related to or concerning any reduction in market value or market share to Dominion because of any statement made by MyPillow.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion

must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 76

Each and every Document and Communication concerning or related to any contract lost by Dominion after November 1, 2020.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 77

Each and every Document and Communication concerning or related to any occasion after November 1, 2020 on which Dominion sought to enter into a contract to provide Election Equipment or Election Services but failed to do so.

**RESPONSE**: Dominion objects to this Request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this Request.

Dominion objects to this Request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this Request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this Request, subject to an agreed protective order, and that it will supplement consistent with the

applicable rules.

**REQUEST FOR PRODUCTION NO. 78**

All state and federal tax return documents filed by Dominion for years 2016, 2017, 2018, 2019, 2020, and 2021.

**RESPONSE**: Dominion objects to the date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request because it seeks documents that are not relevant to any claim or defense in this litigation.

Based on these objections and the general objection above, Dominion will not produce documents in response to this Request

**REQUEST FOR PRODUCTION NO. 79**

Dominion's quarterly and annual income statements for years 2016, 2017, 2018, 2019, 2020, and 2021.

**RESPONSE**: Subject to and without waiving the general objections above, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

**REQUEST FOR PRODUCTION NO. 80**

Dominion's quarterly and annual balance sheets for years 2016, 2017, 2018, 2019, 2020, and 2021.

**RESPONSE**: Subject to and without waiving the general objections above, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

**REQUEST FOR PRODUCTION NO. 81**

Dominion's bank records from January 1, 2018 to the present.

**RESPONSE**: Dominion objects to this Request because it seeks documents that are not relevant to any claim or defense in this litigation.

Based on these objections and the general objection above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 82**

Each and every Document and Communication concerning or related to any Dominion projection, forecast, or model of its future revenues, where the projection, forecast or model was created or modified during the period 2016 to the present.

**RESPONSE**: Dominion objects to this Request as unduly burdensome because it does not seek documents relevant to any claim or defense in this case. Dominion objects to the date range for this Request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this Request as overly broad and unduly burdensome in its use of the phrase "regarding" or "concerning."

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, responsive documents and communications responsive to this Request that it can locate in a reasonable search.

Dated: May 5, 2022

Respectfully submitted,

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002

*/s/ Justin A. Nelson*

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com

(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No.
NY0443*)*
Elisha Barron (*admitted pro hac vice*)
Zachary B. Savage (*pro hac vice pending*)
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117*)*
Jordan Rux (D.C. Bar No. CA00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
jrux@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jordan Rux, hereby certify that on May 5, 2022, true and correct copies of Plaintiffs' Responses to MyPillow Inc.'s First Set of Requests for Production were served via email on counsel of record for every party in *US Dominion, et al. v. MyPillow, Inc., et al.*, No. 1:21-cv-00445 (CJN), *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-000040 (CJN), and *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN).

*s/ Jordan Rux*
Jordan Rux (D.C. Bar No. CA00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
jrux@susmangodfrey.com