# EXHIBIT M

## Joe Pull

| | |
|---|---|
| **From:** | Joe Pull |
| **Sent:** | Thursday, September 22, 2022 5:30 PM |
| **To:** | Laranda Walker; Andrew Parker |
| **Cc:** | Janene Andersen; Katherine Sotelo; Katie Sammons; Jordan Rux; Brooke Behrens; Bill Dunseth |
| **Subject:** | RE: US Dominion, Inc., et al. v. My Pillow, Inc., et al |
| **Attachments:** | EPC Clerk - Objection to Sub to Produce.pdf |

Ms. Walker,

I assume your email is referring to the Dominion contract with El Paso County, in the attached correspondence. From this contract, Defendants can conclude that Dominion's relationship with El Paso County is subject to the terms of the contract, unless the contract has been superseded or revoked. Defendants cannot, on the basis of this document, conclude the same contractual terms govern Dominion's relationships with other jurisdictions.

If you represent to me that Dominion has identical contractual provisions in place (identical to the terms of the attached contract from El Paso County) for all of its relationships with counties to whom Defendants have issued a subpoena, we will accept that representation for purposes of our discussion tomorrow. However, Defendants insist on receiving copies of the underlying documentation to evidence the contracts with other counties, if Dominion intends to rely on assertions of confidentiality for any proceeding in front of the Court.

Let's plan to talk at 1:00 Central/2:00 Eastern time tomorrow, per your proposal.

Regards,



**PARKER | DANIELS | KIBORT**

JOSEPH A. PULL
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Sent:** Wednesday, September 21, 2022 11:01 PM
**To:** Joe Pull <Pull@parkerdk.com>; Andrew Parker <parker@parkerdk.com>
**Cc:** Janene Andersen <andersen@parkerdk.com>; Katherine Sotelo <Sotelo@parkerdk.com>; Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Jordan Rux <JRux@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>; Bill Dunseth <bdunseth@susmangodfrey.com>
**Subject:** Re: US Dominion, Inc., et al. v. My Pillow, Inc., et al

Mr. Pull,
Dominion's contracts with its customers provide that the Dominion software and related materials purchased by and/or licensed to its customers are considered confidential, and Dominion's customers are obligated to maintain that confidentiality. I am aware, as I was copied on the communication, that

at least one of the subpoenaed parties has provided your team with a copy of its contract with Dominion. The specified requests directly implicate Dominion's right to its confidential and proprietary information, and Dominion therefore has a right to seek protection from the disclosure of same.

I am available to speak between 9-11:30 and 12:00-2:00 Central on Friday. Please let me know if a time within that window works for you.

Thank you,
Laranda

---

**From:** Joe Pull <Pull@parkerdk.com>
**Date:** Wednesday, September 21, 2022 at 11:27 AM
**To:** Laranda Walker <LWalker@susmangodfrey.com>, Andrew Parker <parker@parkerdk.com>
**Cc:** Janene Andersen <andersen@parkerdk.com>, Katherine Sotelo <Sotelo@parkerdk.com>, Katie Sammons <KSAMMONS@SusmanGodfrey.com>, Jordan Rux <JRux@susmangodfrey.com>, Brooke Behrens <BBehrens@susmangodfrey.com>, Billy Dunseth <bdunseth@susmangodfrey.com>
**Subject:** RE: US Dominion, Inc., et al. v. My Pillow, Inc., et al

EXTERNAL Email
Ms. Walker,

We understand that Dominion <u>claims</u> a proprietary interest. However, in the ordinary course a company has no proprietary interest in the secrecy of a product it sells on the market. In order to obstruct discovery by asserting a proprietary interest in products and information held by third parties, Dominion must substantiate its claim to a proprietary interest. If Dominion substantiates its claim, then a discussion of the significance of that claim may be in order.  But to this point, Dominion has not done so. Unless and until Dominion substantiates its claim, Dominion's assertions of a proprietary interest have no bearing on any subpoena issued by the defendants in this case to other persons or entities.

We are willing to meet and confer with you regarding this issue, although the discussion would have much greater potential to bear fruit if Dominion would provide, prior to the conference, the basis upon which Dominion claims a proprietary interest. We have availability on Friday, September 23 and Monday, September 26 for the conference. Please let us know what time would work for you on one of those days, or whether we need to find a workable time on a later date. Again, though, the defendants cannot evaluate, discuss, or meaningfully consider the strength or implications of Dominion's claim to a proprietary interest without first seeing the basis on which Dominion relies to claim that interest.

The cases cited below in your email do not stand for the proposition that a party may assert overbreadth, vagueness, or other form objections to a subpoena issued to an unrelated entity.

Regards,

**PARKER | DANIELS | KIBORT**

JOSEPH A. PULL
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Sent:** Tuesday, September 20, 2022 5:40 PM
**To:** Joe Pull <Pull@parkerdk.com>; Andrew Parker <parker@parkerdk.com>
**Cc:** Janene Andersen <andersen@parkerdk.com>; Katherine Sotelo <Sotelo@parkerdk.com>; Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Jordan Rux <JRux@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>; Bill Dunseth <bdunseth@susmangodfrey.com>
**Subject:** Re: US Dominion, Inc., et al. v. My Pillow, Inc., et al

Mr. Pull,
As stated in my letter, Dominion has a proprietary interest in the information sought through several of the requests and thus has standing to challenge to subpoena. *See United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 175 (D.D.C. 2015) (party had standing to move to quash subpoena because of their concern that subpoenaed materials would disclose personal information); *Amobi v. D.C. Dep't of Corrections*, 257 F.R.D. 8, 10 (D.D.C.2009) ("[A] party may have standing to move to quash a subpoena directed to a third party where that subpoena infringes on the moving party's rights."); *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir.1982) (standing exists "if the subpoena infringes upon the movant's legitimate interests"). Those requests were specified in my September 16 letter. Dominion has made diligent effort to protect and maintain the confidentiality of its proprietary information by, for example, designating its information as confidential in its contracts and requiring its customers to maintain the confidentiality of its confidential information.

Even if Dominion lacked standing to move to quash under Rule 45, it nevertheless has standing to move for protection under Rule 26 on relevancy and proportionality grounds. *See Hesco Bastion Ltd. v. Greenberg Traurig LLP*, No. 09-00357 RWR/DAR, 2009 WL 5216932, at *3 (D.D.C. Dec. 23, 2009) (noting that Rule 26's limits on discovery also apply to the scope of a subpoena) (citing *In re Motion to Compel Compliance with Subpoena Direct[ed] to Department of Veterans Affairs*, 257 F.R.D. 12, 18 (D.D.C. 2009).

Please let me know your availability to meet and confer tomorrow morning.

Thanks,
Laranda

---

**From:** Joe Pull <Pull@parkerdk.com>
**Date:** Monday, September 19, 2022 at 5:46 PM
**To:** Laranda Walker <LWalker@susmangodfrey.com>, Andrew Parker <parker@parkerdk.com>

3

**Cc:** Janene Andersen <andersen@parkerdk.com>, Katherine Sotelo <Sotelo@parkerdk.com>, Katie Sammons <KSAMMONS@SusmanGodfrey.com>, Jordan Rux <JRux@susmangodfrey.com>, Brooke Behrens <BBehrens@susmangodfrey.com>, Billy Dunseth <bdunseth@susmangodfrey.com>
**Subject:** RE: US Dominion, Inc., et al. v. My Pillow, Inc., et al

<mark>EXTERNAL Email</mark>
Dear Ms. Walker,

This email responds to your letter dated September 16, 2022, asserting objections by Dominion to subpoenas issued by the Defendants in case no. 1:21-cv-00445-CJN in the United States District Court for the District of D.C.

As an initial matter, Defendants do not have any basis upon which they can conclude Dominion has standing to object to the subpoenas. The subpoenas were not directed to Dominion or any of its employees. "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, propriety interest, or personal interest in the subpoenaed matter." *W. Coast Prods. v. Doe*, 275 F.R.D. 9, 16 (D.D.C. 2011). While your letter asserts that the subpoenas seek Dominion's "software and confidential proprietary trade secrets and information," Dominion has not provided Defendants any evidence of a contractual or other basis for the assertion that Dominion possesses an interest in the confidentiality of documents and information held by third parties. Dominion may not attempt to shroud in secrecy data held by third parties, absent a clear legal basis to do so. Accordingly, Defendants respectfully decline to conclude that Dominion has standing to object to Defendants' subpoenas served upon third parties.

Even if Dominion did have standing to object to the subpoenas on the basis of confidentiality, Dominion would lack standing to assert other objections. "Other objections raised by movants, such as those based on alleged defects in the form of the subpoenas or improper service, may only be raised by the [subpoena recipients] themselves." *Id*. Further, the other objections stated in your letter are without merit. The requests stated in the subpoenas are not vague or ambiguous, do not pose undue burdens, and do not exceed the scope of Fed. R. Civ. P. 26. Defendants have no obligation to seek Dominion's approval before obtaining discovery of relevant documents and information held in the possession of third parties.

In response to your request to meet and confer concerning the subpoenas, we are happy to do so; however it would be helpful first for Dominion to provide information to support the basis for its standing to object to the subpoenas. We will then quickly set a time to meet and confer.



PARKER | DANIELS | KIBORT

JOSEPH A. PULL
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Sent:** Friday, September 16, 2022 7:43 PM
**To:** Andrew Parker <parker@parkerdk.com>
**Cc:** Joe Pull <Pull@parkerdk.com>; Janene Andersen <andersen@parkerdk.com>; Gina Rice <Rice@parkerdk.com>; Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Jordan Rux <JRux@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>; Bill Dunseth <bdunseth@susmangodfrey.com>
**Subject:** US Dominion, Inc., et al. v. My Pillow, Inc., et al

Mr. Parker,

Please see the attached correspondence regarding certain subpoenas recently served in the referenced matter.

Regards,
Laranda

**Laranda Moffett Walker | Partner**
**Susman Godfrey LLP**
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK**
Office:  713.653.7842
Mobile:  225.485.4533

Susman Godfrey 2019 Year in Review