## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:21-cv-00445-CJN |
| ) | Judge Carl J. Nichols |
| v. ) | |
| ) | |
| MY PILLOW, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**Defendants' Supplemental Memorandum
in Opposition to Plaintiff's Motion for Protective Order
Regarding Third Party Subpoenas**

**LEWIN & LEWIN, LLP**
Nathan Lewin (D.C. Bar No. 38299)
888 17th Street NW
Fourth Floor
Washington, DC 20006
Telephone: (202) 828-1000
nat@lewinlewin.com

*Counsel for Defendants*

Alan Dershowitz (MA Bar No. 121200)
1575 Massachusetts Avenue
Cambridge, MA 02138

*Of Counsel for Defendants*

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker (D.C. Bar No. 63279)
Joseph A. Pull (D.C. Bar No. 982468)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
parker@parkerdk.com
pull@parkerdk.com

*Counsel for Defendants*

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................................. **i**

**TABLE OF AUTHORITIES** ..................................................................................................... **ii**

**I.    THE PROTECTIVE ORDER MOOTS DOMINION'S CONFIDENTIALITY AND TRADE SECRET ARGUMENTS.................................................................................. 2**

**II.   THE PROTECTIVE ORDER DOES NOT AFFECT DOMINION'S RELEVANCE-BASED ARGUMENTS. ........................................................................................... 4**

# TABLE OF AUTHORITIES

**Cases**

*Cienfuegos v. Office of the Architect of the Capitol*,
   34 F. Supp. 3d 1 (D.D.C. 2014) .................................................................................................. 2

*Delquin Plastics USA, Inc. v. Larach, No. CV*
   16-5518-TJH, 2017 U.S. Dist. LEXIS 216042 (C.D. Cal. Sep. 26, 2017) ................................ 3

Fed. R. Civ. P. 26 .......................................................................................................................... 2

*Ferron v. Search Cactus, L.L.C., No. 2:06-cv-327*,
   2007 U.S. Dist. LEXIS 50947 (S.D. Ohio July 13, 2007) ......................................................... 3

*FTC v. Sysco Corp.*,
   308 F.R.D. 19 (D.D.C. 2015) ..................................................................................................... 5

*Pro-Football, Inc. v. Harjo*,
   191 F. Supp. 2d 77 (D.D.C. 2002) ............................................................................................. 3

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................................... 2

The Protective Order entered by the Court on December 6, 2022, ECF No. 152 ("Protective Order"), largely moots one of the arguments advanced by Plaintiffs ("Dominion") in support of their pending Motion for Protective Order Regarding Third Party Subpoenas. However, the Protective Order does not affect the other basis argued by Dominion in support of the Motion. The Court should deny the Motion because the information sought by the subpoenas at issue is relevant and discoverable.

**Dominion's Pending Motion.** The pending Motion, ECF No. 145, asks the Court to enter an unspecified protective order concerning third party subpoenas issued by Defendants. Dominion's memorandum in support of the Motion reveals that Dominion is asking the Court to "enter a protective order prohibiting Defendants from using third party subpoenas to pursue Dominion's confidential and proprietary information." ECF No. 145-1 at 2 ("Dom. Mem."); *see id.* at 15-16. Dominion offers two arguments in support of this request: an assertion that the targeted subpoenas "call for software and information that is confidential and proprietary to Dominion," and an assertion that the information sought by the subpoenas is "Irrelevant to the Claims and Defenses of this Case." Dom. Mem. at 7, 11. In opposition to the Motion, Defendants My Pillow, Inc. and Michael Lindell showed that Dominion lacks standing to challenge the subpoenas, fails to adequately show a confidential or trade secret interest in the information sought by the subpoenas, and that the information sought by the subpoenas is discoverable under the applicable standard because it is relevant to the parties' remaining claims and defenses and because confidential information is discoverable. ECF No. 147 ("Def. Opp.").

**The December 6 Protective Order.** On December 6, 2022, the Court entered a Protective Order Governing the Production and Exchange of Confidential Information. ECF No. 152. This Protective Order applies to documents and any information or material "produced,

1

given, or exchanged, including any information contained therein or derived therefrom ('Discovery Material'), by or among any Party or non-Party providing Discovery Material." *Id.* at 1-2. The Protective Order imposes a blanket prohibition on the use of any Discovery Material outside of this litigation, except for within certain narrowly defined other litigation. *Id*. at 3. The Protective Order allows any Party or non-Party providing Discovery Material to designate such material as "Confidential" or "Attorneys' Eyes Only," which then imposes strong restrictions on the use of and disclosure of the material. *Id*. at 4-5.

    **I.**    **The Protective Order Moots Dominion's Confidentiality and Trade Secret Arguments.**

Dominion's first argument in support of blocking the discovery sought by Defendants through the subpoenas is that the information sought is purportedly confidential and proprietary to Dominion. Dom. Mem. 7-11; Dom. Reply Mem. at 2-3, 11-12 [ECF No. 149]. Under the federal discovery rules, it is elementary that even confidential and proprietary information is discoverable in litigation if the information is relevant to the claims or defenses at issue. The proper means of accommodating a producing party's secrecy interest in confidential or proprietary information is to protect the information with an order restricting disclosure by the party receiving it in discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G); *Cienfuegos v. Office of the Architect of the Capitol*, 34 F. Supp. 3d 1, 3 (D.D.C. 2014).

The Court's December 6 Protective Order provides all the protection that Dominion is entitled to receive for the information it claims is confidential and proprietary. Subpoena recipients can designate information they produce as "Confidential" or "Attorneys' Eyes Only," where appropriate. If the information in the hands of these non-parties truly is confidential and proprietary to Dominion, then those non-parties will necessarily have an obligation to designate it as such. For example the exemplar contract provided by Dominion to the Court in support of

its Motion specifically permits Dominion's customers to produce confidential or proprietary information in connection with court proceedings. Poulos Decl. Ex. A, at § 13.2 [ECF No. 145-3].

Dominion's confidentiality argument boils down to speculation that Defendants would intentionally violate the December 6 Protective Order. Dom. Mem. 10; Dom. Reply Mem. 11-12. That will not happen. Speculation that a protective order might be violated has been rejected on numerous occasions by federal courts, who have declined to bar discovery on the basis of such speculation. *Pro-Football, Inc. v. Harjo*, 191 F. Supp. 2d 77, 80 n.1 (D.D.C. 2002) (rejecting "speculat[ion] that someone may violate" protective order as basis for shielding confidential documents from discovery); *Delquin Plastics USA, Inc. v. Larach*, No. CV 16-5518-TJH, 2017 U.S. Dist. LEXIS 216042, at *4 (C.D. Cal. Sep. 26, 2017) (ordering discovery of competitively sensitive documents because "questions whether defense counsel will abide by the protective order" were "purely speculative and unsupported by any showing that defense counsel would violate a court order"); *Ferron v. Search Cactus, L.L.C.*, No. 2:06-cv-327, 2007 U.S. Dist. LEXIS 50947, at *4 (S.D. Ohio July 13, 2007) ("Defendant's assertions that it is likely that Plaintiff will disclose confidential information and violate the protective order do[] not rise above mere speculation").

Dominion repeatedly asks the Court to give Dominion special treatment. Dominion expects to be given a presumption, without actually providing the evidence, that all of Dominion's contracts have precisely the same confidentiality and trade secret provisions, merely based on a representation that one exemplar contract shown to the Court is "typical" of the others, whatever "typical" means. Def. Opp. 10-11; Dom. Reply Mem. 3.  Dominion expects to be given a presumption, with actually providing the evidence, that it has given its software and

3

products the practical protections necessary to maintain a trade secret status. Def. Opp. 9-10.[1] Dominion asks the Court to block the discovery sought by the subpoenas merely because that information is claimed as confidential and proprietary, even though under the regular rules such a status does not bar discovery of relevant information. And, as discussed below, Dominion seeks to bar the discovery of information plainly relevant to claims in its Complaint by refusing to acknowledge the portions of the Complaint to which the information is relevant.

II.     **The Protective Order Does Not Affect Dominion's Relevance-Based Arguments.**

In addition to its assertions about confidentiality, Dominion offered in support of its Motion several arguments sounding in the relevance of the information sought by the subpoenas. Dom. Mem. 11-15; Dom. Reply Mem. 6-11. These arguments attempt to obfuscate the issues, in part by speculating about Defendants' motivations for seeking the discovery and by ignoring the plain relevance of the requested information to Defendants' available defenses of truth and the inherent plausibility of the statements placed at issue by Dominion's Complaint.

Dominion sued Defendants on a theory that Mr. Lindell's statements about electronic voting machines being hacked in the 2020 election were false. Compl. ¶¶ 164-178 [ECF No. 1]. Dominion specifically alleged as defamatory in its Complaint statements by Mr. Lindell that operatives from foreign countries, including China, hacked into Dominion's voting machines used to conduct the 2020 election. Compl. ¶ 165(x), (y), (z). By including these allegations in its Complaint, Dominion placed at issue the facts of the voting machines used by other counties to conduct the 2020 election. *See* Def. Opp. 3, 16-18. The subpoenas seek evidence relevant to those allegations in the Complaint, and Dominion's refusal in its Reply Memorandum to

---

[1] Dominion's Reply Memorandum fails to respond to Defendants' argument that Dominion did not provide any evidence other than inadequate conclusory statements to support Dominion's assertion that Dominion satisfies the legal elements to treat its information as trade secrets.

acknowledge those allegations in the Complaint does not change the relevance of the information sought by the subpoenas.

A party cannot (reasonably) bring defamation claims and then stop the defendant from discovering information to show whether the statements at issue were true or false. Yet Dominion appears determined to pursue such a strategy in this litigation by seeking to prevent discovery of information from the electronic voting machines used by counties in the 2020 election (just as Dominion has refused, to date, to produce *any* documents in response to Defendants' discovery requests served in February, March, and August 2022). The federal rules allow for "'liberal' pretrial discovery," a standard which extends to discovery sought from third parties. *FTC v. Sysco Corp.*, 308 F.R.D. 19, 23 (D.D.C. 2015) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)). The discovery sought by Defendants' subpoenas far surpasses that threshold.

The Court's December 6 Protective Order does not address Dominion's relevance and relevance-adjacent arguments against the subpoenas. Accordingly, the Court must address the merits of Dominion's pending Motion for another protective order.

DATED:  December 16, 2022.   **LEWIN & LEWIN, LLP**
By */s/ Nathan Lewin*
  Nathan Lewin (D.C. Bar No. 38299)
  888 17th Street NW, Fourth Floor
  Washington, DC 20006
  Telephone: (202) 828-1000
  nat@lewinlewin.com

**PARKER DANIELS KIBORT LLC**
By */s/ Andrew D. Parker*
  Andrew D. Parker (D.C. Bar No. 63279)
  Joseph A. Pull (D.C. Bar No. 982468)
  123 N. Third Street, Suite 888
  Minneapolis, MN 55401
  Telephone: (612) 355-4100
  parker@parkerdk.com
  pull@parkerdk.com

*Counsel for Defendants My Pillow, Inc. and Michael J. Lindell*