UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>　　*Plaintiffs/Counter-Defendants*,<br><br>　　v.<br><br>MY PILLOW, INC., and MICHAEL J. LINDELL,<br><br>　　*Defendants/Counter and Third- Party Plaintiffs*,<br><br>　　v.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC,<br><br>　　*Third-Party Defendants.* | Civil Case No. 1:21-cv-00445 (CJN) |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY SUBPOENAS

In accordance with the Court's December 8, 2022, Minute Order, Dominion respectfully submits this supplemental memorandum in further support of Plaintiffs' Motion for Protective Order Regarding Third Party Subpoenas (the "Motion") [ECF No. 145].

Dominion moved for a protective order for two reasons. First, the third party subpoenas at issue (the "Subpoenas") contain requests that would require Dominion's customers to produce to Defendants software and information that is confidential and propriety to Dominion. Second, the confidential and proprietary materials Defendants subpoenaed from these third parties are either irrelevant to the claims and defenses at issue in this litigation and disproportionate to the needs of

the case or, to the extent production is warranted, can be properly produced by Dominion under strict guidelines that include protocols and safeguards designed to ensure that the materials are not manipulated or further disseminated (protocols like those routinely used in federal court cases involving trade secrets).

Although the Court's entry of the Order Governing the Production and Exchange of Confidential Information (the "Order") [ECF No. 152] prohibits the use of Discovery Material outside the litigation, the Order does not "prejudice [Dominion's] right to petition the Court for a further protective order related to confidential information," *see* Order, at ¶ 18, nor does it eliminate the need for the protective order Dominion seeks through the Motion.

The Court should grant Dominion's Motion and enter the requested protective order because the confidential and proprietary materials Defendants seek from Dominion's customers fall beyond the scope of permissible discovery under Rule 26. Defendants did not tailor their requests to the defamatory statements at issue and are instead engaging in a fishing expedition aimed at fueling their conspiracy theories about the vulnerability of electronic voting machines. Defendants seek to have dozens of Dominion's customers produce essentially all information those customers possess regarding all voting machines used in the 2020 Election. Defendants have not articulated why the documents and information possessed by these particular customers are relevant to the statements at issue, nor have Defendants explained how the breadth of the Subpoenas is proportionate to the needs of this case. Several Subpoenaed Customers objected to the Subpoenas, and two Subpoenaed Customers (Kent County, Michigan; and Monroe County, Florida) moved the quash because the Subpoenas are overly broad, burdensome, and seek Dominion's confidential and proprietary information. On November 29, 2022, United States Magistrate Judge Phillip Green granted Kent County, Michigan, Clerk Lisa Posthumus Lyons the

motion to quash she filed against complying with Defendants' subpoena *and imposed sanctions ordering Defendants to cover Lyons' attorney's fees and costs*. Walker Decl. ¶ 3 and Ex. 1. Monroe County, Florida, Supervisor of Elections' Motion to Quash is still pending.

Defendants claim the Subpoenas are appropriate because they need the requested materials to defend against Dominion's defamation claims.[1] This argument fails for several reasons. First, Lindell has repeatedly stated that he *already has* evidence proving that Dominion's machines were hacked and that Dominion stole the 2020 Election using an algorithm to flip and weight votes in its machines. If this were true (it is not) and Lindell has such evidence (he does not), then Defendants would not need the confidential and proprietary materials they seek. At the very least, Defendants should be required to use the evidence they allegedly already have to make a threshold showing of relevance to support their claim that the discovery they seek is relevant. In fact, no such evidence exists, and independent audits and hand counts have repeatedly disproven false claims that Dominion voting machines used in the 2020 Election changed votes.

Second, as Dominion explained in footnote 15 of its opening brief and on page 10 of its reply brief, to the extent Defendants contend (and the Court agrees) that the *Dominion software* used in the 2020 Election is relevant to their defense, then Defendants should seek those confidential and proprietary materials from Dominion rather than from a random assortment of non-party Dominion customers, and any disclosure and/or testing of the materials should take place in a controlled manner that includes protocols and safeguards designed to ensure that the materials are not manipulated or further disseminated. Dominion's customers are public entities that are not parties to this litigation and should not be burdened with the cost and inconvenience of determining whether and the extent to which Defendants' wide-spanning requests (which

---

[1] Defendants can only claim the materials are relevant for their defenses because their affirmative claims concerning any alleged vulnerabilities of Dominion's voting systems were dismissed by the Court.

include requests for confidential and proprietary materials) fall within the scope of permissible discovery. If, on the other hand, Defendants are asking the Subpoenaed Customers to produce the *voting system components* those customers used during the 2020 Election, then those materials are irrelevant because it is virtually impossible that the system would still exist in the same form as it was for the 2020 Election, given that the machines would have been used to conduct multiple elections since then.

\*   \*   \*

Defendants made damaging, defamatory statements that Dominion stole the 2020 Election. When faced with evidence disproving those lies, Mike Lindell doubled down and dared Dominion to sue him. And now Defendants are trying to use the discovery process to find any shred of support for their many other baseless conspiracy theories, all aimed at destroying Dominion's name. This is an abuse of the discovery process and should not be permitted. Good cause exists for the protective order Dominion seeks, and Dominion respectfully asks the Court to grant the Motion.

Dated: December 16, 2022

Respectfully submitted,

/s/ Laranda Walker
Justin A. Nelson (D.C. Bar No. 490347)
Katie Sammons (D.C. Bar No. TX0030)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
ksammons@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443*)*
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117*)*
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Stephen E. Morrissey
(*admitted pro hac vice)*
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

Thomas A. Clare, P.C.
(D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

***Attorneys for Plaintiffs/Counter-Defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting***

5

*Systems Corporation; and Third-Party Defendant Hamilton Place Strategies, LLC*