IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al. <br><br> Plaintiffs, <br><br> v. <br><br> MY PILLOW, INC., et al. <br><br> Defendants. | Case No. 1:21-cv-00445-CJN <br> Judge Carl J. Nichols |

**DEFENDANTS' RESPONSE TO DOMINION'S ADDITIONAL SUPPLEMENT TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

The Dominion parties have filed memoranda addressing orders issued by two other federal courts in response to subpoenas issued in this matter by Defendants. Doc. 155; Doc. 154 at 2-3. Defendants respond as follows.

1. The information sought by the county subpoenas at issue, electronic data concerning the 2020 election from voting machines actually used by counties to administer that election, remains highly relevant to the truth and the plausibility of the allegedly defamatory statements at issue in this action. The Southern District of Florida Order made "no finding as to the relevance of the information sought," though it expressed doubt that Monroe County, Florida actually possesses data sought by the subpoena. *See* Doc. 155-2 at 10.

2. The Southern District of Florida Order largely rests upon a determination weighing burden against that Court's assessment of the "need" for the information

sought. If cost is the issue, the appropriate remedy is to require the party seeking discovery to bear at least part of the cost of obtaining the information, not to preclude discovery entirely.

3. The Magistrate Judge's Order in the Western District of Michigan is under appeal. The Magistrate Judge based its decision on several propositions: (1) that the discovery scope provisions of Fed. R. Civ. P. 26 are not relevant to discovery sought by subpoena, (2) that a party issuing a subpoena must move to compel compliance with the subpoena *before* the time stated in the subpoena for production arrives, and (3) that a party issuing a subpoena must consult with the subpoena recipient about the scope of the documents requested *prior to* issuing the subpoena. *See* Parker Decl. Ex. 1 at 8:12-22; 9:24-10:5; 10:11-22; 14:14-17; 22:21-24; 29:8-14; 40:17-21. Defendants do not believe any of these are correct statements of the applicable law.

DATED:  December 22, 2022          **PARKER DANIELS KIBORT LLC**

                                            By */s/* Andrew D. Parker
                                               Andrew D. Parker (DC Bar No. 63279)
                                               888 Colwell Building
                                               123 N. Third Street
                                               Minneapolis, MN 55401
                                               Telephone: (612) 355-4100
                                               parker@parkerdk.com

                                       *Counsel for Defendants My Pillow, Inc. and Michael J. Lindell*