**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.S. DOMINION, INC., et al.,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>MY PILLOW INC., et al.,<br><br>   *Defendants*.<br><br>  v.<br><br>SMARTMATIC USA CORP.,<br>SMARTMATIC INT'L HOLDING B.V.,<br>SGO CORPORATION LIMITED, and<br>HAMILTON PLACE STRATEGIES, LLC,<br><br>   *Third-Party Defendants*. | Civil Action No. 1:21-cv-445 (CJN) |

**PROTECTIVE ORDER REGARDING THIRD-PARTY SUBPOENAS**

  This matter is before the Court on Dominion's Motion for a Protective Order Regarding Third-Party Subpoenas, ECF No. 145.  The Court has reviewed the Parties' supplemental memoranda on the issue, and it appreciates the Parties' efforts to narrow the dispute.  Upon consideration of the Parties' positions, the Court concludes that Dominion's proposal, with a modification related to where the forensic images will be stored, is appropriate.  Accordingly, the following process shall apply to the acquisition and maintenance of materials sought through Requests 1 and 2(a) of the third-party subpoenas:

  1. Defendants will choose which counties to approach about imaging Dominion equipment and software and non-Dominion equipment and software that

communicated with the Dominion equipment and software. They may approach as few or as many counties as they like.

2. For each county that Defendants choose, and before embarking on the imaging, Defendants will obtain a certification from the county that (i) the county used Dominion equipment and software during the 2020 presidential election, and (ii) the Dominion equipment and software, and any non-Dominion equipment or software that communicated with the Dominion equipment and software, exist in the same form and condition as they did in the 2020 election.

3. The Parties will agree on a neutral third-party lab ("the Neutral") to conduct the forensic imaging of the equipment and software.

4. Representatives from the Parties may be present during any imaging.

5. The Neutral will keep a log of the equipment and software imaged at each county and provide a copy to each Party.

6. The Parties will agree on a secure and mutually convenient location (or locations) to store the imaging for Defendants' review. The Neutral will deliver the imaging to this location (or locations).

7. If, during the review process, Defendants determine that any part of the imaging discloses or could disclose a potential hack, they shall identify that part of the imaging for the Neutral or any agreed-upon third party, who will create a copy of the relevant imaging for the Defendants and Dominion, which shall be provided to both simultaneously.

8. All imaging will be treated as AEO under the existing protective order in this case.

9. Once Defendants' review is complete, the Neutral or other agreed-upon third party will transport to and maintain the imaging at a secure location.

10. If Dominion decides to review the imaging, the Neutral or other agreed-upon third party will transport the imaging to the offices of Dominion's counsel, Susman Godfrey, in Houston, Texas.  If the Neutral or other agreed-upon third party copies portions of the imaging at Dominion's request, they shall provide copies to Defendants and Dominion simultaneously.

11. If either Party later determines that it requires additional access to the imaging in order to respond to arguments from the other side, the Parties will follow the procedures set forth above in conducting their reviews.

12. At the appropriate time, the imaging will be destroyed according to procedures agreed upon by the Parties.

**IT IS SO ORDERED**.

DATE: February 9, 2023

                                                              CARL J. NICHOLS
                                                              United States District Judge