IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **US DOMINION, INC.**, et al.,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>**MY PILLOW, INC.**, et al.,<br><br>*Defendants/Counter and Third-Party Plaintiffs,*<br><br>v.<br><br>**SMARTMATIC USA CORP.**, et al.,<br><br>*Third-Party Defendants* | No. 1:21-cv-00445 |

**MOTION TO EXTEND**

The United States respectfully moves the Court to extend the United States' deadline to respond to Michael J. Lindell and My Pillow's (collectively "Movants") motions to compel compliance with the third-party subpoenas of Carlotta Wells and John Negroponte from August 28, 2023, until 21 days after resolution of the respective motions to compel regarding subpoenas issued in *Smartmatic USA Corp. v. Lindell*, No. 22-cv-98 (D. Minn.); or, in the alternative, a one-week extension until September 4, 2023.  Good cause exists to grant this motion, as set forth below.

1. On February 22, 2021, U.S. Dominion, Inc. and its related corporate entities ("Dominion") filed this lawsuit alleging that Movants made defamatory statements regarding the use of Dominion's election technology in the 2020 presidential election.  Compl., ECF No. 1.

2. As relevant here, Movants issued subpoenas to two current or former U.S. government officials.  First, by letter dated October 7, 2022, Movants subpoenaed former Director of

1

National Intelligence ("DNI") John Negroponte. The subpoena seeks testimony from DNI Negroponte related to an assertion of the state-secrets privilege DNI Negroponte made in 2006 in *Montgomery v. eTreppid Techs., Inc.*, Civ. A. No. 06-56 (D. Nev. Aug. 29, 2007) ("*eTreppid*"). By letter dated November 17, 2022, the Office of the Director of National Intelligence ("ODNI") declined to authorize the requested deposition testimony of DNI Negroponte pursuant to its Touhy regulations and the Federal Rules of Civil Procedure.

3. Second, by letter dated February 14, 2023, Movants subpoenaed Carlotta Wells, current Assistant Branch Director and former Senior Trial Counsel of the Federal Programs Branch in the Civil Division of the Department of Justice ("DOJ"). The subpoena similarly seeks testimony from Ms. Wells related to her representation of the United States in the United States' assertion of the state-secrets privilege in *eTreppid*. By letter dated March 3, 2023, DOJ declined to authorize the requested deposition testimony of Ms. Wells pursuant to its Touhy regulations and the Federal Rules of Civil Procedure.

4. Movants also sent identical subpoenas to Ms. Wells and DNI Negroponte in *Smartmatic USA Corp. v. Lindell*, No. 22-cv-98 (D. Minn.), a separate defamation case filed by a different election-technology company against Movants, on March 20, 2023, and July 13, 2023, respectively. DOJ declined to authorize the testimony of Ms. Wells in *Smartmatic* on April 3, 2023, and ODNI declined to authorize the testimony of DNI Negroponte in *Smartmatic* on July 26, 2023.

5. In the instant litigation, on May 23, 2023, counsel for Movants and counsel for the United States conferred telephonically regarding Movants' intent to file motions to compel the testimony of DNI Negroponte and Ms. Wells. On May 31, 2023, pursuant to Judge Nichols' Standing Orders, Movants informed Judge Nichols by email of their intent to file

the motions to compel.

6. On June 5, 2023, Judge Nichols conducted a telephonic status conference in which he notified the parties of his recusal in the dispute over the subpoenas of Ms. Wells and DNI Negroponte. On June 14, 2023, Judge Nichols ordered the Clerk to randomly reassign a new District Judge "for purposes of handling the dispute involving the deposition subpoenas" of DNI Negroponte and Ms. Wells. June 14, 2023 Min. Order. Shortly thereafter, the dispute was randomly reassigned to this Court. June 16, 2023 Min Order.

7. On July 17, 2023, the Court ordered Movants to file any motions to compel compliance with the subpoenas by August 7, 2023. July 17, 2023 Min. Order. The Court concurrently ordered the United States to respond by August 28, 2023, and Movants to reply by September 11, 2023. *See id*.

8. On July 28, 2023, Movants filed a motion to compel Ms. Wells' testimony in *Smartmatic*. *See Smartmatic USA Corp. v. Lindell*, No. 23-mc-73 (D.D.C. July 28, 2023), ECF Nos. 1, 1-1.[1] On August 4, 2023, counsel for Movants also emailed counsel for the United States a motion to compel DNI Negroponte's testimony in *Smartmatic* and noted that the motion had been filed in the District of Columbia. That motion was docketed on August 17, 2023. *See Lindell v. Negroponte*, No. 23-mc-00078 (D.D.C. Aug. 10, 2023), ECF Nos. 1, 1-1.[2]

9. The interests of efficiency counsel against simultaneously briefing the *Dominion* and *Smartmatic* motions to compel in two different forums. Although Movants have

---

[1] Movants improperly captioned that case upon filing, and as of this filing the caption has not been corrected. That case is a miscellaneous action challenging DOJ's decision not to authorize the deposition of Ms. Wells in response to a subpoena sent in *Smartmatic USA Corp. v. Lindell*, No. 22-cv-98 (D. Minn.).

[2] The docket shows a filing date of August 10, 2023, but the docket was not available until August 17, 2023.

designated the *Smartmatic* motions to compel as related to the instant case, as of this filing the Clerk's Office has not designated those miscellaneous cases as related to the instant case.³ In both defamation actions, Movants contend that information Ms. Wells obtained as counsel for the United States in connection with its assertion of the State Secret's Privilege in *eTreppid*, a case that predates this lawsuit and the 2020 election by over seventeen years, is relevant to Movant's truth defense. Likewise, Movants contend that testimony from DNI Negroponte, who submitted the declaration in support of that privilege assertion, is needed for the same purpose. Therefore, it is likely that the court's resolution of the motion in *Smartmatic* may inform this Court's decision in the instant case. Accordingly, it would best preserve the resources of this Court and of the parties to stay briefing on the subpoenas in the instant case pending a decision on the subpoenas in *Smartmatic*. Once the court resolves the motions to compel in *Smartmatic*, the parties will be in a better position to decide how to move forward with the motions to compel in the instant litigation.

10. Movants will not be prejudiced by the requested extension because Judge Nichols recently extended the deadline for fact discovery to May 30, 2024. Am. Scheduling Order, ECF No. 180.

11. Fact discovery is scheduled to close in *Smartmatic* on October 20, 2023. Amended Scheduling Order, *Smartmatic*, No. 22-cv-98 (D. Minn. Aug. 15, 2023), ECF No. 168 at 2. The motion to compel Ms. Wells' testimony will be fully briefed by September 8, 2023.

---

³   Movants have designated the motion to compel Ms. Wells' testimony in *Smartmatic* as related to the instant case. *See* Notice of Designation of Related Civil Cases, *Smartmatic*, No. 23-mc-73 (D.D.C. Aug. 4, 2023), ECF No. 4. Movants have indicated that they have also designated the motion to compel DNI Negroponte's testimony in *Smartmatic* as related to the instant case, but that designation has not been docketed as of this filing. *See supra* ¶ 8.

4

Aug. 14, 2023 Min. Order. The parties have also conferred regarding a similar schedule for the motion to compel DNI Negroponte's testimony, and the United States intends to file a motion to that effect shortly.

12. Although Movants are opposed to awaiting the outcome of their *Smartmatic* motions to compel, they consent to the requested extension until September 4, 2023. The additional week would enable the United States to fully brief the pending motions and would account for undersigned counsels' additional obligations in this time period.

13. This is the United States' first requested extension of this deadline. Neither party has previously requested an extension for these motions to compel. The requested extension would affect only Movants' deadline to file a reply in support of their motions to compel. In accordance with the current schedule and per the parties' agreement, the United States requests that Movants have three weeks to reply to the United States' opposition. The requested extension would not affect any other previously set deadlines in this case.

For the reasons set forth above, the United States respectfully requests that the Court extend the United States' deadline to respond to Plaintiffs' forthcoming motions to compel compliance with the subpoenas of Ms. Wells and DNI Negroponte until 21 days after resolution of the respective motions to compel in *Smartmatic* or alternatively until September 4, 2023.

Dated: August 17, 2023                                             Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Principal Deputy Assistant Attorney General
                                      Civil Division

                                      JACQUELINE COLEMAN-SNEAD
                                      Assistant Director
                                      Federal Programs Branch

/s/ *Cassandra Snyder*
CASSANDRA SNYDER, DC Bar #1671667
SAMUEL REBO, DC Bar #1780665
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
Tel (202) 451-7729
Email:  cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/Doc. system, which will notify all counsel of record of such filing.

*/s/ Cassandra Snyder*
CASSANDRA M. SNYDER
Trial Attorney