IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC. et al., | |
| Plaintiffs, | Case No. 1:21-cv-00445-CJN |
| | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**

Andrew Parker, Joseph Pull, Ryan Malone, Abraham Kaplan, Elizabeth Wright, and the law firm of Parker Daniels Kibort LLC (collectively "PDK") move the Court for an Order granting their request to withdraw as counsel of record for Defendants pursuant to Local Civil Rule 83.6(c). Nathan Lewin and the law firm of Lewin & Lewin, LLP similarly move the Court for an order granting their request to withdraw as counsel of record for My Pillow, Inc.

**I.      Factual Background**

In March 2021, Defendant My Pillow, Inc. retained Parker Daniels Kibort LLC ("PDK") to represent it against allegations of defamation in the above-captioned matter. Decl. of Andrew D. Parker ¶ 2 ("Parker Decl."). In February 2022, PDK was also retained by My Pillow to defend it in *Smartmatic USA Corp., et al. v. Lindell, et al.*, No. 22-cv-00098-WMW-JFD, venued in the District of Minnesota ("*Smartmatic*"). Parker Decl. ¶ 3.

1

PDK was subsequently retained by Defendant Michael Lindell to defend him in the above-captioned matter and the *Smartmatic* matter. *Id.* ¶ 4. PDK was also retained to represent both Defendants, along with FrankSpeech LLC, in *Coomer v. Lindell, et al.*, No. 1:22-cv-01129-NYW-SKC, venued in the District of Colorado ("*Coomer*"). *Id.* ¶ 5. Collectively, the above-captioned matter, *Smartmatic*, and *Coomer* will be referred to herein as the "Litigations."

Since its retention, PDK has diligently defended against the plaintiffs' claims in the Litigations. *Id.* ¶¶ 8-9. As a result of PDK's work, Defendants have incurred millions of dollars in fees and costs. *Id.* ¶ 10.

Defendants regularly paid PDK in a timely manner the amounts owed for representation in the above-captioned case, through April 2023. *Id.* ¶ 11. Defendants' payments for the May 2023 invoice were delayed a longer time. *Id.* After that, Defendants made only partial payments. *Id.* No payment has been made for PDK's July 2023 and August 2023 invoices in the above-captioned case. *Id.* ¶ 12. A similar situation exists in the *Smartmatic* and *Coomer* cases. *Id.*

PDK has worked with Defendants over the past few months in hopes that Defendants would find a way to secure the financing to pay their debts to PDK and pay for PDK's continued representation. *Id.* ¶ 13. Beginning in August 2023 and again in September 2023, PDK warned Defendants that if they did not pay the outstanding invoices and continue to pay new invoices as they came due, PDK would have to withdraw its representation of Defendants. *Id.* ¶ 14. In August 2023 Defendants paid the May 2023 invoice, and in September 2023 Defendants made only two partial payments toward the June 2023 invoice. *Id.*

During the week of September 25, 2023, PDK engaged in further discussions with Defendants concerning the debt. *Id.* ¶ 15. PDK again warned Defendants that PDK would have to withdraw its representation if the outstanding invoices were not paid. *Id.* On October 2, 2023, PDK

2

was informed by Defendants that they are not able to get caught up with or make any payment on the large amount they owe in arrears nor pay for anywhere near the estimated expense of continuing to defend against the lawsuits going forward, including either the legal fees or litigation costs. *Id*.

At this time, Defendants are in arrears by millions of dollars to PDK. *Id*. ¶ 16. PDK is a small litigation and trial firm in Minneapolis, MN and cannot afford to finance Defendants' defense in the Litigations. *Id*. ¶¶ 17-18. If forced to continue its representation, PDK would be required to fund all personnel and payroll costs, as well as the costs and fees associated with dispositive and nondispositive motions; anticipated depositions noticed by both the Plaintiffs and Defendants; document review of millions of documents, including the hosting of those documents on litigation management software; and the preparation and submission of expert reports as well as additional expert discovery, such as depositions. *Id*. ¶ 19. These future fees and costs will amount to millions of dollars in addition to the millions of dollars already owed. *Id*. ¶ 20.

Forcing PDK to continue funding Defendants' defense in the above-captioned matter through the conclusion of this billion-dollar litigation would place PDK in serious financial risk and could threaten the very existence of the firm. *Id*. ¶ 21.

Defendants have been made fully aware of this filing. *Id*. ¶ 22. Defendants have been advised to obtain other counsel and, to the undersigned's knowledge and belief, Defendants are in the process of obtaining new counsel. *Id.* Defendant Michael J. Lindell has been advised that if he intends to proceed *pro se* he should notify the Clerk of Court within seven days. *Id*. Defendants have indicated that they understand PDK's position, do not object, and are in the process of finding new counsel. *Id*. ¶ 23.

Mr. Lewin and his law firm were asked by Mr. Parker to assist with the representation of My Pillow, Inc. as part of the PDK team, and his representation of My Pillow, Inc. has been contingent upon PDK's representation from the beginning of the matter. Parker Decl. ¶ 24. Mr. My Pillow, Inc. owes money to Lewin & Lewin, LLP as well, and Mr. Lewin desires to withdraw his representation of My Pillow at the same time as PDK's withdrawal. *Id.*

Under the operative Scheduling Order, fact discovery is not set to close until May 30, 2024 and no trial date has been set. Am. Sched. Order (ECF 180).

**II.   Law**

"[W]hen a party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court." *Honda Power Equip. Mfg. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003) (citing LCvR 83.6). A motion to withdraw should not be denied unless granting the motion would result in an undue delay to the trial date, would be unfairly prejudicial to the parties, or would otherwise not be in the interest of justice. *Id.* (citing *Barton v. District of Columbia*, 209 F.R.D. 274, 277 (D.D.C. 2002)). "[T]he court also may consider factors such as the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required him to remain in the case." *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003) (citing *Barton*, 209 F.R.D. at 277-78).

"[A]n attorney should not be in a position where he or she has not been paid, and yet must continue to work for the client at his or her own expense." *Woodhouse*, 219 F.R.D. at 6. "It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially

4

where he already is owed a substantial sum … Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position." *Lieberman v. Polytop Corp.*, 2 Fed. Appx. 37, 39-40 (1st Cir. 2001) (cited with authority in *Barton*, 209 F.R.D. at 277).

**III.   Analysis**

In this case, granting the Motion to Withdraw would not result in any delay to the trial date. Indeed, no trial date has been set. Instead, the parties have not yet completed document discovery, are still working through a discovery and ESI protocol, and have not yet started depositions. While the present action has been pending for over two years, the parties still have plenty of time to conduct document and other fact discovery and are still yet in the beginning stages of the same. Thus, granting the present Motion will not unfairly prejudice any party.

However, denying the present Motion would impose a serious financial burden on PDK. As discussed above, Defendants are millions of dollars in arrears and PDK cannot afford to fund their litigation without threatening the ongoing business of the firm. Similarly, in view of Mr. Lewin's role in this matter, it would be unfair and impose an improper burden upon him to deny to preclude him from withdrawing at this time as well.

**IV.   Conclusion**

Based on the foregoing, PDK respectfully requests that the Court grant its Motion to Withdraw as Counsel of Record for Defendants, and Lewin & Lewin, LLP respectfully requests that the Court grant its Motion to Withdraw as Counsel of Record for My Pillow, Inc.

DATED: October 5, 2023.                **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    Joseph Pull (D.C. Bar No. 982468)
    Elizabeth Wright (MN Bar No. 184111)
    Abraham Kaplan (MN Bar No. 399507)
    Ryan Malone (MN Bar No. 395795)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    parker@parkerdk.com
    pull@parkerdk.com
    wright@parkerdk.com
    kaplan@parkerdk.com
    malone@parkerdk.com

**LEWIN & LEWIN, LLP**

By */s/ Nathan Lewin*
    Nathan Lewin (D.C. Bar No. 38299)
    888 17th Street NW
    Fourth Floor
    Washington, DC 20006
    Telephone: (202) 828-1000
    nat@lewinlewin.com