**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>    *Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>SIDNEY POWELL, et al.,<br><br>    *Defendants/Counter-Plaintiffs*. | Civil Action No. 1:21-cv-00040 (CJN) |
| US DOMINION, INC., et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>    *Defendant*. | Civil Action No. 1:21-cv-00213 (CJN) |
| US DOMINION, INC., et al.,<br><br>    *Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>MY PILLOW, INC., et al.,<br><br>    *Defendants/ Counter- and Third-Party Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., et al.,<br><br>    *Third-Party Defendants*. | Civil Action No. 1:21-cv-00445 (CJN) |

| | |
|---|---|
| US DOMINION, INC., et al.,<br>  *Plaintiffs*,<br><br> v.<br><br>PATRICK BYRNE,<br><br>  *Defendant*. | Civil Action No. 1:21-cv-02131 (CJN) |
| US DOMINION, INC., *et al.*,<br>  *Plaintiffs/Counter-Defendants*,<br><br> v.<br><br>HERRING NETWORKS, INC. *et al.*,<br>  *Defendants/ Counter- and<br>  Third-Party Plaintiffs*,<br> v.<br><br>AT&T SERVICES, *et al.*,<br>  *Third-Party Defendants*. | Civil Action No. 1:21-cv-02130 (CJN) |

**DOMINION'S OPPOSITION TO DEFENDANTS OAN, POWELL, AND BYRNE'S
MOTIONS FOR ENTRY OF DEPOSITION PROTOCOL**

**INTRODUCTION**

At issue in this dispute over the parties' proposed deposition protocol is a single question: what default rule will promote the most just, efficient, cost-effective, and safe conduct of the more than one hundred depositions that are likely to occur in these discovery-coordinated cases? Dominion has proposed a rule in favor of remote depositions, which still allows for in-person depositions upon agreement or when demonstrable good cause exists. It is important to emphasize here that Dominion does not seek a blanket order that *all* depositions *must* be conducted remotely, without exception. Dominion simply proposes a default in favor of remote depositions, which can be overcome by agreement or on motion based on a particularized showing of prejudice. *See* Powell Dkt. 114-2 (Dominion's Proposed Order)[1]. This default strikes a proper balance between the noticing party's right to conduct a fulsome deposition of opposing witnesses, while securing "the just, speedy, and inexpensive determination of every . . . proceeding," as required by Rule 1.

While Defendants assert, based largely on outdated or inapposite caselaw, that the Federal Rules support an in-person default that may only be overcome on a deposition-by-deposition basis, it is actually the Defendants who seek to rewrite the Rules by imposing a heightened good cause requirement upon the proponent of a remote deposition when the burden is in fact the lesser, legitimate reason test.[2] And, though not explicitly contained in their proposed rule, Defendants'

---

[1] The following abbreviations are used throughout: Powell Dkt. ## refers to the ECF docket entry in *US Dominion, Inc. v. Sidney Powell et al.*, 1:21-cv-00040-CJN (D.D.C.); Lindell Dkt. ## refers to the ECF docket entry in *US Dominion, Inc. v. My Pillow, Inc. et al.*, 1:21-cv-00445-CJN (D.D.C.) OAN Dkt. ## refers to the ECF docket entry in *US Dominion, Inc. v. Herring Networks, Inc. et al.*, 1:21-cv-02130-CJN (D.D.C.); Byrne Dkt. ## refers to the ECF docket entry in *US Dominion, Inc. v. Patrick Byrne*, 1:21-cv-02131-CJN (D.D.C.). All page references to Docket entries are to the ECF pagination.

[2] *See* OAN Dkt. 152 (OAN); OAN Dkt. 153 (Bobb); Powell Dkt. 113 (Powell/Powell, P.C.); Byrne Dkt. 69 (Byrne); Lindell Dkt. 201 (Lindell). Each of Bobb, Powell/Powell, P.C., Byrne, and Lindell/MyPillow indicated they were joining OAN Dkt. 152, though all but Lindell/MyPillow

1

motion papers make clear that Defendants will also seek to conduct in-person depositions in whatever location the noticing party chooses, without any regard for the witness's preference or physical location. Defendants' proposal would impose outsize burdens on Dominion alone while virtually ensuring disorder and delay. Defendants' proposal should be rejected.

## ARGUMENT

### I. Defendants Fail to Articulate How They Would be Prejudiced by Dominion's Proposed Default Rule in Favor of Remote Depositions

At the outset, it is important to note that Defendants in their papers often conflate the "good cause" standard required to obtain a protective order under Rule 26(c) with the "legitimate reason" standard for remote depositions that applies to Rule 30(b)(4). The Defendants cite numerous cases denying parties' motions for protective orders in support of their motion for a default rule favoring in-person depositions.[3] This is the wrong standard, as the burden on a party seeking a protective order is greater than the burden on a party moving the Court for remote deposition. "Rule 30(b)(4) does not explicitly state that there needs to be 'good cause' for the Court to grant a motion. Instead, '[Rule 30(b)(4)] appears to leave it to the court's broad discretion over discovery to determine whether there is *a legitimate reason* to take a deposition by telephone or other remote means under

---

also wrote separately. This brief in opposition to Defendants' motions is filed on each of these dockets. Defendants Giuliani and DTR did not file or join any motion.

[3] *See, e.g.*, *In re Kincaid*, No. 21-CV-259-DCG-JES-JVB, 2023 WL 6459801 at *1 (D.D.C. Oct. 4, 2023) (motion for protective order in connection with motion to quash a third-party subpoena); *Rennenger v. Aquawood, LLC*, No. 4:19-cv-00123-RGE-SBJ, 2022 WL 20854177 at *1 (S.D. Iowa Dec. 20, 2022) (plaintiff's motion for general protective order for all remote depositions); *Dollard v. City of Safety Harbor, Fla.*, No. 8:21-CV-304-MSS-JSS, 2022 WL 1212791 at *1 (M.D. Fla. Apr. 25, 2022) (plaintiff's motion for protective order); *Troxel v. Gunite Pros, LLC*, No. CV 1:21-00057-WS-N, 2022 WL 2762905 at *1 (S.D. Ala. Mar. 17, 2022) (plaintiffs' motion for protective order); *In re Deepwater Horizon Belo*, No. 3:19-CV-1535, 2021 WL 6882434 (N.D. Fla. July 12, 2021) (addressing plaintiffs' motion for a protective order); *Nitz v. Lee*, No. 2:13-CV-379-RL-PRC, 2015 WL 13657144 at *1 (N.D. Ind. June 22, 2015) (named plaintiff's mid-deposition motion for a protective order).

2

all the facts and circumstances of a given case.'" *H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. CV 19-1095 (JNE/BRT), 2020 WL 5512517, at *1 (D. Minn. Sept. 14, 2020) (quoting *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637, 2020 WL 3469166, at *7 (N.D. Ill June 25, 2020) (emphasis added)). *Compare In re Halkin*, 598 F.2d 176, 192-194 (D.C. Cir. 1979) (court must consider nature of harm the protective order seeks to avoid, specific facts advanced in support, and whether less intrusive alternatives exist to achieve the same goal); *United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C. 1981) (movant under Rule 26(c) must make "a particular and specific demonstration of fact" regarding the harm that would be caused) (internal quotation omitted).

Consistent with the standard of Rule 30(b)(4), Dominion has raised a number of legitimate reasons in support of its proposed default rule of remote depositions.[4] *See* Powell Dkt. 114-1 at 5-10 (Dominion's Motion). Defendants, on the other hand, have raised generalized arguments supporting their preference for in-person depositions that are insufficient to demonstrate that they would suffer prejudice from remote depositions of Dominion's witnesses. Defendants raise several reasons in favor of in-person depositions, which Dominion will address in turn.

### A. Witness Credibility and Demeanor

Defendants first articulate a preference for in-person depositions based on a need to assess witness credibility through demeanor, body language, and other unspoken cues. *See* OAN Dkt. 152 at 7; OAN Dkt. 153 at 1-2; Powell Dkt. 113 at 2-3. However, many courts that have recently

---

[4] Byrne complains that Dominion seeks a blanket order for remote depositions and cites cases in which courts have denied such broad-based relief. *See* Byrne Dkt. 69 at 2. This mischaracterizes the parameters of Dominion's protocol. Dominion asserts that *most* depositions in this case should be conducted remotely, to achieve the legitimate goals of efficiency, cost savings, and safety, but unlike the cases cited by Byrne, Dominion's proposed protocol explicitly allows for in-person depositions upon agreement or for good cause shown.

3

considered this question find this to be insufficient grounds upon which to establish prejudice. *Vargas v. Evergreen Product Recoveries Inc.*, No. 2:21-CV-00926-RSL-JRC, 2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022) ("if [evaluating plaintiff's body language and demeanor] were enough to deny a request for a video deposition, it is unclear when a video deposition would be allowed"); *H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. CV 19-1095 (JNE/BRT), 2020 WL 5512517, at *3 (D. Minn. Sept. 14, 2020) (noting that improvements in videoconferencing technology since Rule 30(b)(4) was promulgated obviate concerns over a party's ability to adequately observe witness demeanor in a remote deposition); *Learning Resources, Inc. v. Playgo Toys Enterprises Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill. 2020) ("many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility") (collecting cases); *Cf. United States v. Trabelsi*, No. 06-CR-89 (RDM), 2023 WL 4344526, at *21-*22; *26-*27 (D.D.C. June 5, 2023) (allowing the videotaped deposition of a witness to be played at a *criminal trial*, after finding that the jury would have sufficient opportunity to consider the witness's credibility).

Moreover, most of the cases Defendants cite in which courts have ordered in-person depositions on these grounds relate to the deposition of a crucial, central witness in a case, such as the named plaintiff or a pivotal expert.[5] *See* OAN Dkt. 152 at 3-7. (The cases Bobb cites,

---

[5] *See, e.g.*, *Lewis v. CoreCivic of Tennessee*, LLC, No. 21-CV-01385-JAH-BGS, 2023 WL 5944279 (S.D. Cal. Sept. 12, 2023) (deposition of plaintiff's sole expert, whose credibility was crucial to the case); *Stapleton v. Prince Carpentry, Inc.*, No. 22-CV-004044-JS-JMW, 2023 WL 1785547 (E.D.N.Y. Feb. 6, 2023) (deposition of individual plaintiff); *Troxel v. Gunite Pros, LLC*, No. 1:21-00057-WS-N, 2022 WL 2762905 (S.D. Ala. Mar. 17, 2022) (depositions of plaintiffs in a Fair Labor Standards Act case); *L.D.M. v. LMH Health*, No. 20-2491-DDC-GEB, 2021 WL 5906039, at *4 (D. Kan. Dec. 14, 2021) (deposition of a "crucial causation expert to Plaintiffs' significant damages claim"); *Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 121-008, 2021 WL 6617307 (S.D. Ga. Nov. 12, 2021) (deposition of the named Plaintiff, whose remote deposition in China would also be illegal under Chinese law); *In re Deepwater Horizon Belo*, No. 3:19-CV-963-MCR-GRJ, 2021 WL 6882434 (N.D. Fla. July 12, 2021) (depositions of three named

4

meanwhile, are not even factually related to witness testimony in a deposition.[6]  *See* OAN Dkt. 153 at 1-2.)

Here, the parties have agreed on a total of sixty-three Dominion custodians.  Even if assessing credibility was an appropriate basis upon which to order in-person depositions, it is simply not the case that credibility is at issue for the majority of these Dominion salespeople, equipment techs, engineers, and finance and marketing employees, and Defendants cannot seriously claim otherwise.  It is a much better approach, in a case involving so many potential deponents, to make the general rule remote.

On this point, it is worth noting that Dominion, which has the burden of proof on the element for which witness credibility will be most at issue—actual malice—presently intends to proceed with remote deposition for many of Defendants' witnesses.  Defendants' approach to the remote depositions of their own witnesses is telling here.  Though Defendants strenuously object to remote deposition of Dominion's witnesses, they apparently have no complaints about Dominion's stated intention to conduct depositions of *Defendants'* witnesses remotely.  Across four different motions, not one Defendant even mentions it.

---

plaintiffs); *Manley v. Bellendir*, No. 18-cv-1220-EFM-TJJ, 2020 WL 2766508 (D. Kan. May 28, 2020) (deposition of named plaintiff, whose history of substance abuse suggested he would be better able to stay focused in person); *Guy v. Vilsack*, 293 F.R.D. 8, 13 (D.D.C. 2013) (deposition of individual plaintiff).

[6] *See Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985) (discussing the deference an appellate court owes to the trial court with respect to witness credibility determinations); *Wainwright v. Witt*, 469 U.S. 412 (1985) (considering the trial court's decision to excuse a juror for cause in a capital trial); *United States v. Bell*, 795 F.3d 88, 92-93 (D.C. Cir. 2015) (addressing whether substitution of counsel in the middle of a 10-month trial deprived a defendant of effective assistance of counsel); *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995) (holding that the District Court should have granted a continuance to allow for live witness testimony, instead of relying on a prior transcript, during a pretrial hearing); *United States v. Zeigler*, 994 F.2d 845, 849 (D.C. Cir. 1993) (considering whether an appellate court may assume a jury relied on the defendant's demeanor on the witness stand in reaching its verdict of guilt, when the evidence adduced at trial did not otherwise prove guilt beyond a reasonable doubt).

### B. Exhibits and other Technological Concerns

Defendants also assert that in-person depositions are generally more preferable and convenient, and that the exchange of documents is easier when the questioning lawyer is in the same room. *See* OAN Dkt. 152 at 7-8; Powell Dkt. 113 at 2-3. Like the witness credibility issue discussed above, many post-pandemic courts have found technological concerns not to be a valid grounds upon which prejudice of a remote deposition can be claimed. *See Mosiman v. C & E Excavating, Inc.*, No. 3:19-CV-00451-DRL-MGG, 2021 WL 1100597, at *2 (N.D. Ind. Mar. 23, 2021) (citing *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 575 (S.D.N.Y. 2020) and *Helmsetter v. JPMorgan Chase Bank, N.A.*, No. 2:19-CV-2532-KHV-TJJ, 2021 WL 949330, at *8 (D. Kan. Mar. 13, 2021)).

### C. Attorney Misconduct

Finally, Defendants claim that they could be prejudiced if Dominion or its attorneys commit misconduct during a remote deposition. *See* OAN Dkt. 152 at 7. As an initial matter, it should be noted that Defendants can point to *absolutely nothing* to support their entirely speculative suggestion that this could occur. And although it hardly bears writing, Dominion of course intends to conduct all depositions according to the ethical standards that apply under the Federal Rules and to litigants and attorneys more generally.

In reality, this concern is completely overstated. At this point in November 2023, litigants all across the United States have been conducting depositions by videoconference, without incident, for years. In fact, only one of the two cases Defendant OAN cites actually involved a finding of attorney misconduct. In *Barksdale Sch. Portraits, LLC v. Williams*, 339 F.R.D. 341, 344 (D. Mass. 2021), the plaintiffs' attorney could be heard on video coaching her answer to more than 50 questions. The attorney was removed the case and referred for discipline. *See id.* at 346.

6

In the other case, the court determined there had been no impropriety after an *in camera* review of the witness's text messages with the attorney. *BioConvergence LLC v. Attariwala*, No. CV 20-MC-101 (RC), 2023 WL 2086078, at *7 (D.D.C. Feb. 17, 2023).

### II.     Defendants' Proposal Will Impose Heightened Burdens on Dominion and its Witnesses Alone

While Defendants claim their goal in seeking in-person depositions is simply to enforce an asserted right to cross-examine opposing witnesses while making eye contact with them, the primary consequences of Defendants' proposal will be to increase inefficiency and expense, decrease safety, and impose additional burdens on Dominion and its witnesses alone.

#### A.     Costs

While Defendants' proposal increases inefficiencies and costs for everyone, for no other party is this truer than it is for Dominion.  Recognizing this, Defendants suggest that Dominion can simply elect to have its attorneys appear remotely, leaving its witnesses to appear alone in a room full of opposing counsel and possibly others.  As Dominion has already discussed in its moving papers, this is simply no solution at all.  *See* Powell Dkt. 114-1 at 14, 16.  Therefore, under Defendants' proposal, Dominion attorneys and witnesses will be forced to fly all over the country to attend dozens of depositions in person, while Defendants will be at their leisure to attend in person or virtually.

Contrary to Defendants' assertion, Dominion's suggestion in prior briefing that a party need not attend a deposition if it feels the deposition is not relevant to its case has nothing to do with the issue presently before this court.  *See* OAN Dkt. 152 at 6.  For reasons it has already explained, *see* Powell Dkt. 114-1 at 14-16, Dominion's attorneys must attend every in-person deposition of its own witnesses in person.

7

### B. Improperly Heightened Burden on Moving Party

As discussed in Section I, *supra*, the proper standard for determining a motion for remote deposition under Rule 30(b)(4) is the "legitimate reason" inquiry. Nonetheless, Defendants' proposal seeks to impose a higher "good cause" burden on any party seeking a remote deposition—and because Defendants have made their views on remote depositions clear, this is another burden that will fall disproportionately on Dominion. At the very least, the Court should not enter Defendants' protocol as written, but instead order that a party may, for a legitimate reason, move for any deposition to be taken remotely.

### C. Location

Defendants also suggest in their moving papers that the District of Columbia should be the default location for every deposition in this case, despite the fact that Dominion's sixty-three custodians are located all over North America and even in Europe. *Compare* Powell Dkt. 113 at 2; *with* Powell Dkt. 114-4 at ¶8 (Kurtz Affidavit) (summarizing locations of Dominion custodians). Under the facts of this case, there is no justification for imposing such a rule.

Dominion brought these cases in the District of Columbia because "a substantial part of the events . . . giving rise to the claim[s] occurred" in the District of Columbia. 28 U.S.C. § 1391(b)(2). *See* Powell Complaint ¶¶ 24, 26, 62, 181(b), (e), (g), (k), (z), (aa) & (ff); Giuliani Complaint ¶¶ 18, 19, 24, 26, 27, 29-31, 34, 35, 53, 57, 78, 140, 141, 173, 178(c), (d), (g)-(l), (n)-(q), (s), (t), (v)-(z), (bb), (cc), (ee), (ff), (hh), (ii), (kk), (ll), (oo), (qq)-(tt) & (ww); Lindell Complaint ¶¶ 12, 51, 56, 57, 65, 70, 165(a), (b), (k), (m) & (n); OAN Complaint ¶¶ 17, 20-22, 43, 305(a)-(d) & (f)-(y); Byrne Complaint ¶¶ 16, 22, 43, 82, 90 & 153(k). "Even in a non-pandemic era, the argument [that because plaintiff selected the forum, plaintiff must expect to appear for deposition in the forum] bears little weight on deciding the location of a deposition, where the

8

reason the plaintiff sued in a district was not convenience, but a result of the location of the events in question." *PC-41 DOE v. Poly Prep Country Day Sch.*, No. 20-CV-03628-DG-SJB, 2022 WL 420619, at *1 (E.D.N.Y. Jan. 20, 2022); *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 593 (S.D.N.Y. 1994) (courts may consider external constraints on the plaintiff's choice of forum).

Ultimately, the Court may exercise its discretion to designate the location for depositions. *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 22 (D.D.C. 2013) (citing *Financial General Bankshares, Inc. v. Lance*, 80 F.R.D. 22, 23 (D.D.C.1978)). If the Court does not implement Dominion's default rule in favor of remote depositions, Dominion respectfully submits that it should, at the very least, order that in-person depositions will take place at a location of the *witness's* choosing.

## **CONCLUSION**

For the reasons stated, the Court should reject the Defendants' protocol imposing a default rule of in-person depositions and enter Dominion's proposal for a default rule in favor of remote depositions.

Dated: November 15, 2023                                                     Respectfully submitted,

Thomas A. Clare, P.C.                                                                 */s/ Laranda Walker*
(D.C. Bar No. 461964)                                                               Laranda Walker (D.C. Bar No. TX0028)
**CLARE LOCKE LLP**                                                           Mary K. Sammons (D.C. Bar No. TX0030)
10 Prince Street                                                                            Jonathan Ross (D.C. Bar No. TX0027)
Alexandria, VA 22314                                                                Elizabeth Hadaway (*Admitted pro hac vice*
Tel: (202) 628-7400                                                                    **SUSMAN GODFREY L.L.P.**
tom@clarelocke.com                                                                1000 Louisiana St., Suite 5100
                                                                                                      Houston, TX 77002
                                                                                                      Tel: (713) 651-9366
                                                                                                      Fax: (713) 654-6666
                                                                                                      lwalker@susmangodfrey.com
                                                                                                      ksammons@susmangodfrey.com
                                                                                                      jross@susmangodfrey.com
                                                                                                      ehadaway@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
Mark Hatch-Miller (*Admitted pro hac vice*)
Christina Dieckmann (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl. New York, NY 10019
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
mhatch-miller@susmangodfrey.com
cdieckmann@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*) Katherine Peaslee (*Admitted pro hac vice*) **SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs/Counter-Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ *Christina Dieckmann*
Christina Dieckmann