UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>vs.<br><br>MY PILLOW, INC., *Defendant/Counter-Claimant*.<br><br>MICHAEL J. LINDELL, *Defendant/Counter-Claimant/Third-Party Plaintiff*,<br><br>vs.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC,<br><br>*Third-Party Defendants*. | Case No. 21-cv-445-CJN |

### SMARTMATIC'S MOTION FOR STATUS CONFERENCE

Third-Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic") respectfully move this Court to convene a status conference within the next thirty days to address the status of the Smartmatic third-party defendants in this action with respect to sanctions previously ordered against Defendant/ Counter-Claimant Michael J. Lindell ("Lindell"). Smartmatic met and conferred with counsel for Lindell prior to filing this Motion pursuant to Local Rule 7(m).[1] Lindell does not oppose this Motion but reserves all arguments for conference or hearing. In support of this Motion, Smartmatic submits as follows:

---

[1] Smartmatic also provided notice of this filing to former counsel to Lindell and MyPillow, Douglas A. Daniels and Heath A. Novosad.

1

1. At the start of this action, Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively, "Dominion") brought defamation claims against Lindell and MyPillow in connection with their claims about the 2020 presidential election. ECF No. 1.

2. On December 1, 2021, Lindell filed his Answer and Counterclaims against Dominion, and asserted five new claims against Smartmatic: (1) violation of the Support and Advocacy Clause; (2) participation in a civil conspiracy with Dominion; (3) violation of the Equal Protection Clause and Due Process Clause under 42 U.S.C. § 1983; (4) violation of the First Amendment under Section 1983; and (5) RICO violations. (ECF No. 87.)

3. In response, Smartmatic moved to dismiss Lindell's Counterclaims (ECF No. 94) and moved for sanctions against Lindell and his then-counsel, Douglas A. Daniels and Heath A. Novosad (ECF No. 118).

4. On May 19, 2022, this Court dismissed all counterclaims against Smartmatic and Dominion. (ECF No. 135.) In so doing, the Court "order[ed] Lindell and his previous counsel to pay some of the fees and costs Smartmatic has incurred defending itself and moving for sanctions under Rule 11" and ordered Smartmatic and Lindell to brief the appropriate measure of costs in light of the decision. (*Id.* at 30–31.) Smartmatic filed the requested supplemental fees briefing (ECF No. 137), as did Mr. Lindell and his counsel (ECF No. 140). This Court has not yet ruled on Smartmatic's fee petition.

5. On April 16, 2024, Smartmatic filed a Motion for Status Conference (ECF No. 214) in light of concerns about Lindell's financial position. On April 20, 2024, this Court granted Smartmatic's Motion and ordered the parties to appear for a video status conference. (May 19, 2024 Minute Order.) On May 31, 2024, counsel for Smartmatic and Dominion attended a video

status conference to discuss Smartmatic's pending fee petition and Lindell's financial circumstances.[2] At the status conference, the Court requested Smartmatic's position with respect to whether the sanctions ordered by the Court on May 31, 2022 (ECF No. 135 at 30–31) should—when the appropriate amount of sanctions is determined by the Court—be (1) ordered to be paid into an escrow account held by the Court, or (2) ordered to be paid to Smartmatic, to be held in escrow pending final judgment and appeal.

6. On June 7, 2024, Smartmatic filed a notice providing its position that the ordered sanctions, when determined by this Court, should be ordered to be paid to Smartmatic and held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties. (ECF No. 220.)

7. This Court has not yet ruled on Smartmatic's fee petition (ECF No. 137.)

8. More than two years have now passed since this Court ruled that Smartmatic is owed "the fees and costs incurred in defending itself and moving for sanctions under Rule 11." (ECF No. 135.) The longer this Court waits to rule on Smartmatic's fee petition (ECF No. 137), the more prejudiced Smartmatic will become to collect the fees it is rightfully owed.

9. In light of the foregoing developments, Smartmatic respectfully requests that the Court hold a status conference and adopt the proposed order attached as **Exhibit A**.

---

[2] Counsel for Mr. Lindell had notice of the conference, but was unable to appear.

Dated: October 24, 2024

/s/ *Julie M. Loftus*

J. Erik Connolly
   D.C. Bar No. IL0099
   Email: econnolly@beneschlaw.com
Nicole E. Wrigley
   D.C. Bar No. IL0101
   Email: nwrigley@beneschlaw.com
Timothy M. Frey (*admitted pro hac vice*)
   Illinois ARDC No. 6303335
   Email: tfrey@beneschlaw.com
Julie M. Loftus (admitted *pro hac vice*)
   Illinois ARDC No. 6332174
   Email: jloftus@beneschlaw.com


BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949

*Counsel for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of October, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties. A copy will also be sent via email and U.S. mail to the following:

> Douglas A. Daniels
> Heath A. Novosad
> Daniels & Tredennick PLCC
> 6363 Woodway Drive, Suite 700
> Houston, Texas 77057
> doug.daniels@dtlawyers.com
> heath.novosad@dtlawyers.com

        */s/ Julie M. Loftus*
        Julie M. Loftus (Illinois ARDC No. 6332174)

        *One of the Attorneys for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*