UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>MYPILLOW, INC., *et al.*,<br><br>*Defendants/Counter-Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., *et al.*,<br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-0445 (CJN) |

## ORDER

The Court previously dismissed all counterclaims brought by Defendant Michael Lindell against the Smartmatic Third-Party Defendants. *See generally* ECF 135. The Court also granted in part Smartmatic's motion for sanctions, holding "that at the very least Lindell's claim against Smartmatic under the Support or Advocacy Clause falls on the frivolous side of the line" and ordering Lindell to pay some of Smartmatic's costs incurred defending itself. *Id.* at 30. The Court then ordered additional briefing on Smartmatic's costs. *Id.*

Smartmatic requests $546,156 in sanctions, equal to roughly 82.9% of the fees it paid defending itself against the counterclaims and moving for sanctions. *See generally* ECF 137. Lindell argues that no sanctions should be imposed but that, if sanctions are to be imposed, they should be no greater than Smartmatic's costs of defending against the Support or Advocacy Clause claim. *See generally* ECF 140. The Court agrees with the latter of Lindell's arguments and orders

1

sanctions only as to the claim that it previously found to be frivolous.

Adding up the time entries attributed to defending against that claim, the Court orders Lindell to pay $56,369 to Smartmatic. Pending final judgment and a potential appeal as to Lindell's counterclaims, however, the Court orders that money to be held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties.

It is SO ORDERED.

*[signature]*
CARL J. NICHOLS
United States District Judge

DATE: January 13, 2025