UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>  *Plaintiffs/Counter-Defendants*,<br><br> vs.<br><br>MY PILLOW, INC., *Defendant/Counter-Claimant*.<br><br>MICHAEL J. LINDELL, *Defendant/Counter-Claimant/Third-Party Plaintiff*,<br><br> vs.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC,<br><br>  *Third-Party Defendants*. | Case No. 21-cv-445-CJN |

## SMARTMATIC'S MOTION FOR CIVIL CONTEMPT

Third-Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic") respectfully move this Court for an order holding Defendant Michael J. Lindell ("Lindell") in contempt for violations of this Court's January 13, 2025 Order (ECF No. 234) directing Lindell to pay $56,369 to Smartmatic as a sanction for filing frivolous claims against it.

## BACKGROUND

Smartmatic was improperly made a party to this Action by Mr. Lindell in December 2021. Shortly thereafter, Smartmatic was dismissed and the Court found that sanctions were appropriate for at least some of the claims Lindell had asserted. Now, nearly three full years after that ruling, Smartmatic continues to wait to be made whole. Despite the Court's clear and unambiguous ruling

1

earlier this year that Lindell compensate Smartmatic for the fees it spent litigating Lindell's frivolous claims, Lindell still has not paid, nor has he meaningfully engaged in any discussions or negotiations regarding the terms of payment. Smartmatic accordingly brings this Motion seeking a finding of civil contempt.

In support of its Motion, Smartmatic identifies the following relevant facts:

1. At the start of this action, Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively, "Dominion") brought defamation claims against Lindell and MyPillow in connection with their claims about the 2020 presidential election. (ECF No. 1.)

2. On December 1, 2021, Lindell filed an Answer, Counterclaims, and Third Party Complaint, which included the assertion of five new claims against Smartmatic: (1) violation of the Support and Advocacy Clause; (2) participation in a civil conspiracy with Dominion; (3) violation of the Equal Protection Clause and Due Process Clause under 42 U.S.C. § 1983; (4) violation of the First Amendment under Section 1983; and (5) RICO violations. (ECF No. 87.)

3. In response, Smartmatic moved to dismiss Lindell's third-party claims against it (ECF No. 94) and moved for sanctions against Lindell and his then-counsel, Douglas A. Daniels and Heath A. Novosad (ECF No. 118).

4. On May 19, 2022, this Court dismissed all third party claims against Smartmatic. (ECF No. 135.) In so doing, the Court "order[ed] Lindell and his previous counsel to pay some of the fees and costs Smartmatic has incurred defending itself and moving for sanctions under Rule 11" and ordered Smartmatic and Lindell to brief the appropriate measure of costs in light of the decision. (*Id.* at 30–31.) Smartmatic filed the requested supplemental fees briefing (ECF No. 137), as did Mr. Lindell and his counsel (ECF No. 140).

5. On April 16, 2024, Smartmatic filed a Motion for Status Conference (ECF No. 214) regarding the pending sanctions award. On April 20, 2024, this Court granted Smartmatic's Motion and ordered the parties to appear for a video status conference. (May 19, 2024 Minute Order.) On May 31, 2024, counsel for Smartmatic and Dominion attended a video status conference to discuss Smartmatic's pending fee petition. Counsel for Mr. Lindell had notice of the conference, but was unable to appear. At the status conference, the Court requested Smartmatic's position with respect to whether the sanctions ordered by the Court on May 31, 2022 (ECF No. 135 at 30-31) should—when the appropriate amount of sanctions was determined by the Court—be (1) ordered to be paid into an escrow account held by the Court, or (2) ordered to be paid to Smartmatic, to be held in escrow pending final judgment and appeal.

6. On June 7, 2024, Smartmatic filed a notice providing its position that the ordered sanctions, when determined by this Court, should be ordered to be paid to Smartmatic and held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties. (ECF No. 220.).

7. On January 13, 2025, this Court found the appropriate amount of sanctions to be $56,369, arising out of Smartmatic's costs of defending against the Support or Advocacy Support Clause claim that the Court had previously found to be frivolous. (ECF No. 234.) Accordingly, the Court "order[ed] Lindell to pay $56,369 to Smartmatic." (*Id.*) The Court further held that "[p]ending final judgment and appeal as to Lindell's counterclaims," the money was "to be held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties." (*Id.*).

8. On January 14, 2025, counsel for Smartmatic contacted counsel for Lindell to discuss the escrow agreement. (Declaration of Timothy M. Frey ("Frey Decl.") ¶ 3, Ex. 1.)

9. On January 29, 2025, counsel for Smartmatic provided counsel for Lindell with a draft Escrow Agreement pursuant to which Smartmatic's counsel would hold the sanctions award issued by this Court until such time as judgment in this action becomes final and the time for appeal has passed. Smartmatic requested Lindell's comments or proposed edits. (Frey Decl. ¶ 4, Ex. 2.) On February 5, 2025, Lindell requested through counsel that the proposed agreement be modified to require payments of $5,000 per month as opposed to a lump sum payment of the entire sanctions award. (*Id.*) Lindell did not provide any rationale, documentation or supporting evidence to Smartmatic evidencing a present inability to pay the ordered sum at one time. Lindell did not otherwise have any edits to the proposed agreement.

10. On February 21, 2025, Smartmatic indicated that it would not agree to such amendment to the Court's order and provided a finalized Escrow Agreement executed by both Smartmatic and Smartmatic's counsel. (*Id.*) Smartmatic conveyed its understanding that Lindell did not dispute the actual terms of the Escrow Agreement, but was otherwise refusing to execute the Agreement and pay the sanctions award. (*Id.*) On February 26, 2025, Smartmatic requested that Lindell inform it by February 28, 2025 whether he would execute the Agreement and pay the sanctions award. (*Id.*)

11. As of March 12, 2025, Mr. Lindell has neither executed the Escrow Agreement, offered suggested revisions to the Escrow Agreement, nor paid the sanctions ordered by this Court.

## ARGUMENT

The Court has the inherent power to enforce compliance with its orders through civil contempt. *See, e.g., Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) (noting that this power is "essential to . . . the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice") (quotation omitted). Unlike its criminal

analogue, civil contempt is not designed to punish. *S.E.C. v. Bilzerian*, 613 F. Supp. 2d 66, 70 (D.D.C.), *decision clarified on reconsideration*, 641 F. Supp. 2d 16 (D.D.C. 2009), *and aff'd*, 410 F. App'x 346 (D.C. Cir. 2010). Rather, civil contempt is designed to "coerce compliance or compensate a complainant for losses sustained." *In re Fannie Mae Securities Litigation*, 552 F.3d 814, 823 (D.C. Cir. 2009) (citation omitted). The movant bears the initial burden of "demonstrating by clear and convincing evidence that: (1) there was a clear and unambiguous court order in place; (2) that order required certain conduct by Defendants; and (3) Defendants failed to comply with that order." *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 29–30 (D.D.C. 2014).

"Once Plaintiffs have made the required showing, "the burden shifts to the defendant to justify the noncompliance by, for example, demonstrating its financial inability to pay the judgment or its good faith attempts to comply . . . categorically and in detail." *Id*. at 30 (quotations omitted). Because the defendant's intent is irrelevant to the determination of civil contempt, the court need not find a willful or intentional failure to comply before holding a party in contempt. *Id*. (citation omitted). Similarly, "good faith alone is not sufficient to excuse contempt." *Id*. at 34 (citation omitted). Rather, to avoid contempt, the contemnor must demonstrate "good faith substantial compliance" by showing that it "took all reasonable steps within [its] power to comply." *Id*. at 34 (citation omitted; alteration in original). Once a court has judged a party to be in civil contempt, it has wide discretion to fashion an appropriate remedy that will coerce compliance and/or compensate for losses sustained because of that contempt. *Id*. at 35-36 (citations omitted). "A sanction may be both coercive and compensatory." *S.E.C. v. Levine*, 671 F. Supp. 2d 14, 36 (D.D.C. 2009) (citations omitted).

Here, each of the three elements for a finding of civil contempt indisputably exist. With respect to the first two elements, there is a clear and unambiguous order in place requiring Lindell

to engage in certain conduct—the Court's January 13, 2025 Order plainly states that "Lindell [is] to pay $56,369 to Smartmatic . . . . subject to an escrow agreement negotiated by the relevant parties." (ECF No. 234 at 2.)

Moreover, there is no dispute that Lindell has failed to comply with the Court's Order. Despite several months of attempts, Lindell has not engaged with the exercise of negotiating the Escrow Agreement beyond his initial refusal to pay the full amount owed. What's more, once Smartmatic finalized the Agreement, Lindell neither responded nor paid any amounts into escrow. (Frey Decl. ¶ 4, Ex. 2.)

To the extent Lindell is claiming an "inability to pay," he has not demonstrated any such inability beyond statements or conclusions offered to the media. Indeed, even if it were obligated to do so (it is not), Smartmatic is currently unable to assess any such ability or inability as Lindell has refused to produce his personal financial information in a separate case between Lindell and Smartmatic pending before the United Stated District Court for the District of Minnesota, *Smartmatic et. al. v. Lindell, et. al.*, Case No. 22-cv-0098 (D. Minn.), which refusal itself led to the Minnesota District Court holding Lindell in contempt. (*Id.* at ECF No. 505.)

Accordingly, Smartmatic respectfully requests that the Court hold Lindell in civil contempt for violating the clear and unambiguous terms of the Court's January 13, 2025 Order and issuing an appropriate remedy to coerce his compliance, including but not limited to a *per diem* penalty until such time as Mr. Lindell complies. *See Latney's Funeral Home,*, 41 F. Supp. 3d at 35-36; *see, e.g. Pigford v. Venemen*, 307 F. Supp. 2d 51, 57 (finding *per diem* fine imposed as "incentive" to comply "the epitome of a civil sanction.").

## CONCLUSION

For the foregoing reasons, Smartmatic respectfully requests that the Court hold Lindell in civil contempt for violating the clear and unambiguous terms of the Court's January 13, 2025 Order and issuing an appropriate remedy to coerce his compliance, including but not limited to a *per diem* penalty until such time as Mr. Lindell complies.

Dated: March 12, 2025

                              */s/ J. Erik Connolly*

                              J. Erik Connolly
                                  D.C. Bar No. IL0099
                                  Email: econnolly@beneschlaw.com
                              Nicole E. Wrigley
                                  D.C. Bar No. IL0101
                                  Email: nwrigley@beneschlaw.com
                              Timothy M. Frey (admitted *pro hac vice*)
                                  Illinois ARDC No. 6303335
                                  Email: tfrey@beneschlaw.com
                              Julie M. Loftus (admitted *pro hac vice*)
                                  Illinois ARDC No. 6332174
                                  Email: jloftus@beneschlaw.com

                              BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949

*Counsel for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of March, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

                                                */s/ J. Erik Connolly*
                                                J. Erik Connolly (Bar No. IL0099)

                                                *One of the Attorneys for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*