**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| LIBERTY VOTE HOLDINGS INC., *et al.*, |
| *Plaintiffs*, |
| v. |
| MY PILLOW INC., *et al.*, |
| *Defendants*. |
| v. |
| SMARTMATIC USA CORP., *et al.*, |
| *Third-Party Defendants*. |

Civil Action No. 1:21-cv-445 (CJN)

## <u>ORDER</u>

This matter is before the Court on the Smartmatic Third-Party Defendants' motion for contempt. ECF 235. For the reasons that follow, the Court grants the motion and finds Defendant Michael J. Lindell to be in civil contempt.

The Court previously granted in part Smartmatic's motion for sanctions after concluding that "at the very least Lindell's claim against Smartmatic under the Support or Advocacy Clause falls on the frivolous side of the line (other claims do too)." ECF 135 at 30. Following supplemental briefing on the amount to be paid, the Court ordered "Lindell to pay $56,369 to Smartmatic," with "that money to be held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties." ECF 234 at 2. Smartmatic moved for civil contempt after Lindell failed to execute an escrow agreement or pay the sanction. ECF 235 at 4. At a

subsequent hearing on the motion, the Court ordered Lindell to submit evidence about his and My Pillow's financial situation. *See* Min. Entry of Apr. 16, 2025.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████   █████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

The Court ordered Lindell to respond within a week to Smartmatic's evidence and explain whether his crowdsourced legal-defense funds—████   ████████████████████ by that time—allowed him to pay the sanction. ECF 241 (SEALED) at 1. But after several months passed without a response, the Court ordered Lindell to show cause why he had not filed a response. Min. Order of Oct. 31, 2026. Lindell filed a status report requesting an extension, claiming that he had been unable to access the relevant order because it was sealed.[1] ECF 242 at 1–2. Even after receiving an extension, Lindell still did not initially respond to the original order or the later show cause order. *See* ECF 244. But after another show cause order from the Court warning Lindell that "failure to comply with this order may result in further contempt sanctions," Min. Order of Jan. 5, 2026, he finally responded, ECF 246 (SEALED). In this response, Lindell explained that

---

[1] The Clerk of Court mailed the sealed order to all Parties' addresses of record on the day it was entered.

"his financial picture has not improved and that the legal defense fund about which the Court inquired had been used for legal bills, costs, and expenses" in other proceedings. *Id.* at 2. Smartmatic subsequently submitted evidence that Lindell has recently raised hundreds of thousands of dollars for his campaign to be Governor of Minnesota[2] and continues to raise money through a "Legal Offense Fund" in addition to the aforementioned "Legal Defense Fund." ECF 249 at 9; ECF 251 at 2.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "Nevertheless, civil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous, and the violation must be proved by clear and convincing evidence." *Armstrong v. Exec. Off. of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993) (citations and internal quotation marks omitted). "Once the [party moving for contempt] has made a prima facie showing that [the contemnor] did not comply with the Court's orders, the burden shifts to [the contemnor] to produce evidence justifying his noncompliance." *SEC v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000), *aff'd*, 75 F. App'x 3 (D.C. Cir. 2003). A party "cannot be held in contempt if [he] lacked the financial ability to comply." *SEC v. Ormont Drug & Chem. Co.*, 739 F.2d 654, 657 (D.C. Cir. 1984). But the contemnor "bears the burden of production on such a defense." *Bilzerian*, 112 F. Supp. 2d at 16. "[C]onclusory statements about the financial inability to comply or good faith substantial compliance are insufficient; instead, [the contemnor] must demonstrate any offered justification categorically and in detail." *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 33 (D.D.C. 2014) (citation and internal quotation marks omitted).

---

[2] The campaign finance disclosures submitted by Smartmatic show that Lindell's gubernatorial campaign spent $187,000 on "Mike Lindell Books" from My Pillow, ECF 251-2 at 30—a company of which Lindell is "the Founder, CEO, and Majority Shareholder," ECF 251 at 2.

Smartmatic easily satisfies its burden of proving by "clear and convincing evidence" that Lindell violated "an order that is clear and unambiguous." *Armstrong*, 1 F.3d at 1289 (citations and internal quotation marks omitted). When imposing the sanction, the Court ordered Lindell, in no uncertain terms, "to pay $56,369 to Smartmatic." ECF 234 at 2. It is undisputed that Lindell has not paid that amount to Smartmatic. Lindell's own declaration concedes that he understood what the Court was ordering him to do. *See* ECF 236 (SEALED) at 1–2 ("I do not have the ability to pay the attorneys' fees amount to Smartmatic that this Court has ordered. If I had the ability to pay, I would do so immediately."). And he never contends that Smartmatic has not met its burden, choosing instead to focus his arguments on his inability to pay. *See* ECF 246 (SEALED) at 3–4, 15–16.

With the burden therefore shifted back to him, Lindell fails to establish an inability to pay that excuses his noncompliance. Although Lindell provides documents purporting to prove that he currently has a negative net worth and that My Pillow is losing money, *see, e.g.*, ECF 236-1 (SEALED) at 1; ECF 236-3 (SEALED) at 3–4, those documents are insufficient to establish that he "lacked the financial ability to comply" in light of contrary evidence in the record, *Ormont*, 739 F.2d at 657. Several pieces of unrebutted evidence illustrate that Lindell has paid for legal services in other proceedings since the Court entered the sanction order against him. The Court specified Lindell's sanction in January 2025. *See* ECF 234 at 2. Yet Lindell admits that he spent money from his legal defense fund to pay for proceedings that occurred well after that order—most notably, "a 12-day federal jury trial in Colorado in June of 2025." ECF 246-4 (SEALED) at 2. Furthermore, Smartmatic has put forth evidence suggesting that Lindell continues to raise crowdsourced funds, *see* ECF 249 at 8; ECF 249-8 at 2, and likely received a financial benefit of some kind recently from his gubernatorial campaign's purchase of $187,000 in "Mike Lindell

4

Books," ECF 251-2 at 30. That Lindell has prioritized spending in other legal proceedings over this case—despite those proceedings taking place *after* the Court ordered him to pay Smartmatic for filing frivolous counterclaims against it—does not excuse his failure to pay here.[3] After all, even "good faith substantial compliance" is "insufficient" to avoid contempt. *Latney's Funeral Home*, 41 F. Supp. 3d at 33 (citation and internal quotation marks omitted). Because the record suggests that Lindell had sufficient funds to pay the sanction after it was issued and continues to bring in money from various sources, he has not met his burden "to produce evidence justifying his noncompliance."[4] *Bilzerian*, 112 F. Supp. 2d at 16.

The Court finds Lindell to be in civil contempt for violating the sanction order.[5] Although Lindell's arguments related to his inability to pay are insufficient to meet his burden, they are not so frivolous as to merit an additional sanction of attorney's fees, as requested by Smartmatic in passing. *See* ECF 249 at 14. The Court, however, agrees with Smartmatic that given Lindell's

---

[3] Relatedly, Lindell relies heavily on his claim of having a net worth of negative $18.7 million, but he does not provide any "justification categorically and in detail" as to why his obligation to pay the sanction should be treated as inferior to all his other outstanding liabilities and why he cannot pay the sanction with the $14.8 million in assets he has. *See* ECF 236-1 (SEALED) at 1; *Latney's Funeral Home*, 41 F. Supp. 3d at 33 (citation and internal quotation marks omitted).

[4] The Court does not address Lindell's discussion of "recent evidence of Smartmatic's alleged misconduct" and "substantial evidence undermining Smartmatic's credibility and ethics," ECF 246 (SEALED) at 5–14, 16–18, because those allegations are plainly irrelevant to resolving this motion.

[5] Smartmatic argues in the conclusion of its response to Lindell's discussion of the crowdsourced legal-defense funds that Lindell should be held in contempt for violating both the sanction order and the Court's order requiring him to respond to Smartmatic's introduction of that evidence. ECF 249 at 14. Because compliance with the latter order was not the focus of any briefing in this matter and the issue of whether Lindell's difficulties accessing the sealed documents associated with that order is distinct from his inability to pay, the Court declines to separately find Lindell in civil contempt for not timely responding to that order. Lindell's general lack of timely compliance with the Court's orders—including the order about crowdsourced funds—does, however, factor into the Court's decision about what remedy to impose to coerce compliance here.

history of noncompliance, further sanction in the form of a daily penalty is needed to ensure compliance. *See id.*

Accordingly, it is hereby

**ORDERED** that Smartmatic's motion for contempt, ECF 235, is **GRANTED**; and it is further

**ORDERED** that Lindell shall pay Smartmatic $56,369 pursuant to the sanction order, ECF 234 at 2, on or before April 7, 2026; and it is further

**ORDERED** that such money shall be "held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties," *id.*, that requires a lump-sum payment; and it is further

**ORDERED** that if Lindell does not make the full payment on or before April 7, 2026, he shall be subject to a civil contempt penalty of $500 per day for each day he remains in noncompliance; and it is further

**ORDERED** that Smartmatic and Lindell shall file a joint proposed redacted version of this order that can be entered on the public docket on or before April 7, 2026.

DATE: March 24, 2026

CARL J. NICHOLS
United States District Judge

6