**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIBERTY VOTE HOLDINGS INC., *et al.*, <br><br>     *Plaintiffs/Counter-Defendants*, <br><br> vs. <br><br> MY PILLOW, INC., *Defendant/Counter-Claimant*. <br><br> MICHAEL J. LINDELL, *Defendant/Counter-Claimant/Third-Party Plaintiff*, <br><br> vs. <br><br> SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC, <br><br>     *Third-Party Defendants*. | Case No. 21-cv-445-CJN |

## SMARTMATIC'S MOTION TO ENTER FINAL JUDGMENT

Third Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") hereby move this Court pursuant to Federal Rule of Civil Procedure 58(b)(2) to enter final judgment against Defendant Michael J. Lindell ("Lindell") for the sanctions award Lindell owes Smartmatic.

## BACKGROUND

At the start of this action, Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively, "Dominion")[1] brought defamation claims against Lindell and MyPillow in connection with their claims about the 2020 presidential

---

[1] On February 6, 2026, Dominion filed a motion to amend the case caption to reflect that US Dominion, Inc. is now registered as Liberty Vote Holdings, Inc. and Dominion Voting Systems, Inc. is now registered as Liberty Vote USA Inc. (collectively, "Liberty Vote"). (ECF No. 250.)

1

election. (ECF No. 1.) Smartmatic was improperly made a third-party defendant to this case by Mr. Lindell in December 2021. (ECF No. 87.) On May 19, 2022, Smartmatic and Dominion were dismissed (ECF No. 135) and the Court found that Lindell owed Rule 11 sanctions to Smartmatic for filing frivolous claims (ECF No. 136). On January 13, 2025, this Court found the appropriate amount of sanctions to be $56,369, arising out of Smartmatic's costs of defending against Lindell's frivolous Support or Advocacy Clause claim. (ECF No. 234.) The Court further held that "[p]ending final judgment and appeal as to Lindell's counterclaims," the money was "to be held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties." (*Id*.).

On March 24, 2026, this Court granted Smartmatic's motion for contempt for failure to pay those sanctions. (ECF Nos. 253, 254.) The Order stated that "Lindell shall pay Smartmatic $56,369 pursuant to the sanction order, ECF 234 at 2, on or before April 7, 2026," that "such money shall be 'held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties,'" and that "if Lindell does not make the full payment one or before April 7, 2026, he shall be subject to a civil contempt penalty of $500 per day for each day he remains in noncompliance." (ECF No. 254 at 6.) Thus far, Lindell has failed to pay any sanctions to Smartmatic, and has not executed an escrow agreement. (*See* ECF Nos. 255, 256.) Seventy-nine days have passed since April 7, 2026. Lindell now owes $39,500 in civil contempt penalties in addition to the $56,369 he must pay Smartmatic, totaling $95,369.

On June 22, 2026, Liberty Vote, Lindell, and Defendant My Pillow, Inc. ("MyPillow" and, collectively with Lindell, "Defendants") filed a Stipulated Dismissal with Prejudice as to all of Liberty Vote's claims against Defendants. (ECF No. 257.)

## **ARGUMENT**

Federal Rule of Civil Procedure 58(b)(2) contemplates a court's approval for entry of the form of a judgment for circumstances other than a general jury verdict, an award of exclusively costs or a sum certain, or a complete denial of all requested relief. *See generally* Fed. R. Civ. P. 58(b). Here, Rule 58(b)(2) applies because the sanctions fees Lindell owes are dependent on this Court's determinations regarding pre-judgment interest and the per diem fees imposed on Lindell.

In light of the Stipulated Dismissal (ECF No. 257), the only pending dispute in this action is the sanctions Lindell owes Smartmatic. As Smartmatic has indicated in its updates to the Court, Lindell has done nothing to comply with the Court's sanctions order, nor its subsequent contempt order. Smartmatic respectfully requests that the Court approve the Form of Judgment and direct the Clerk of Court to enter judgment accordingly in Smartmatic's favor and against Lindell. Specifically, Smartmatic requests that the Court approve the form of a final judgment to be entered against Lindell to (1) specify the amount of principal and accrued interest presently due and owing under the sanctions award, (2) specify whether Lindell's per diem fees of $500 will flow, at least in part, to Smartmatic; and (3) apply post-judgment interest from the date of entry pursuant to 28 U.S.C. § 1961.

A Proposed Order to this effect accompanies this Motion.

Dated: June 25, 2026

<u>/s/ Timothy M. Frey</u>

Timothy M. Frey (admitted *pro hac vice*)
   Illinois ARDC No. 6303335
   Email:  tfrey@beneschlaw.com
J. Erik Connolly
   D.C. Bar No. IL0099
   Email: econnolly@beneschlaw.com
Nicole E. Wrigley
   D.C. Bar No. IL0101
   Email: nwrigley@beneschlaw.com
Julie M. Loftus (admitted *pro hac vice*)
   Illinois ARDC No. 6332174
   Email: jloftus@beneschlaw.com


BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:  312.212.4949

*Counsel for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ Timothy M. Frey
Timothy M. Frey (admitted *pro hac vice*)
Illinois ARDC No. 6303335

*One of the Attorneys for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*