**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIBERTY VOTE HOLDINGS INC., *et al.*,<br><br>      *Plaintiffs/Counter-Defendants*,<br><br>  vs.<br><br>MY PILLOW, INC., *Defendant/Counter-Claimant.*<br><br>MICHAEL J. LINDELL, *Defendant/Counter-Claimant/Third-Party Plaintiff*,<br><br>  vs.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC,<br><br>      *Third-Party Defendants*. | Civil Case No. 21-cv-445 (CJN) |

**ORDER**

Upon consideration of Third-Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited's (collectively, "Smartmatic") Motion to Enter Final Judgment, ECF 258, and Defendant Michael J. Lindell's lack of opposition, *see* LCvR 7(b), it is hereby

ORDERED that Smartmatic's Motion pursuant to Federal Rule of Civil Procedure 58(b)(2) is GRANTED; and it is further

1

ORDERED that Michael J. Lindell shall pay the total daily contempt penalty of $51,500 ($500 x 103 days of noncompliance) to the Registry of the Court[1] on or before August 21, 2026[2]; and it is further

ORDERED that the Form of Judgment, ECF 258-2, is APPROVED; and it is further

ORDERED that the Clerk of Court is DIRECTED to enter judgment in favor of Smartmatic and against Michael J. Lindell in accordance with the Form of Judgment. Post-judgment interest shall accrue on the judgment at the statutory rate provided by 28 U.S.C. § 1961, but there shall not be any pre-judgment interest or per diem penalties paid to Smartmatic.

Date: July 20, 2026

_____
CARL J. NICHOLS
United States District Judge

---

[1] "When a sanction is designed to coerce a recalcitrant party to comply, the sanction should be payable to the court, rather than to the opposing party." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006); *see also, e.g.*, *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); *ECIMOS, LLC v. Carrier Corp.*, 479 F. Supp. 3d 730, 736 (W.D. Tenn. 2020). Because the Court imposed the daily civil contempt penalty to coerce compliance, not to compensate Smartmatic, *see* ECF 254 at 5–6 ("The Court . . . agrees with Smartmatic that given Lindell's history of noncompliance, further sanction in the form of a daily penalty is *needed to ensure compliance*." (emphasis added)), Lindell must pay that extra penalty to the Court, not Smartmatic.

[2] If Lindell fails to timely pay that amount to the Court, the Court may impose further sanctions to coerce compliance.