APPEAL,CASREF,CLOSED,TYPE−B

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:21−cv−00445−CJN−MAU

LIBERTY VOTE HOLDINGS INC. et al v. MY PILLOW, INC. et al
Assigned to: Judge Carl J. Nichols
Referred to: Magistrate Judge Moxila A. Upadhyaya
Demand: $1,303,470,000
Cases: 1:21−cv−00213−CJN−MAU
1:21−cv−00040−CJN−MAU
1:21−cv−02130−CJN−MAU
1:21−cv−02296−CJN
1:21−cv−02294−CJN
Related Case: 1:23−mc−00080−APM
Case in other court: 21−07103
21−07104
Cause: 28:1332 Diversity−Libel,Assault,Slander

Date Filed: 02/22/2021
Date Terminated: 06/29/2026
Jury Demand: Plaintiff
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

**Plaintiff**

**US DOMINION, INC.**
*TERMINATED: 03/10/2026*

represented by

**Brittany Fowler**
SUSMAN GODFREY LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067−6029
310−789−3100
Email: bfowler@omm.com *(Inactive)*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street, NW
Suite 550
Washington, DC 20036
617−543−4459
Email: dustin.pusch@mwpp.com
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
SUSMAN GODFREY LLP
One Manhattan West
50th Floor
New York, NY 10001

212−729−2013
Email: ebarron@susmangodfrey.com
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
SUSMAN GODFREY LLP
Susman Godfrey L.L.P.
One Manhattan West
50th Floor
New York, NY 10001
212−338−8330
Email: elevin@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
SUSMAN GODFREY L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002
713−653−7826
Fax: 713−654−6666
Email: fchen@susmangodfrey.com
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
SUSMAN GODFREY L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002
713−653−7842
Fax: 713−654−6666
Email: lwalker@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street, NW
Suite 550
Washington, DC 20036
202−280−4454
Email: megan.meier@mwpp.com
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
SUSMAN GODFREY L.L.P.
One Manhattan West
395 9th Avenue
Ste 50th Floor
New York, NY 10001
212−729−2012
Email: sshackelford@susmangodfrey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Dieckmann**
SUSMAN GODFREY LLP
One Manhattan West
Ste 50th Floor
New York, NY 10001
212−729−2014
Email: cdieckmann@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
SUSMAN GODFREY LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067−6029
310−789−3100
Fax: 310−789−3150
Email: dbrook@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
SUSMAN GODFREY, L.L.P.
401 Union Street
Suite 3000
Seattle, WA 98101−3000
206−516−3880
Email: esargent@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**
SUSMAN GODFREY LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
713−651−9366
Fax: 713−654−6666
Email: ehadaway@susmangodfrey.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
SUSMAN GODFREY LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
713−653−7813
Fax: 713−654−6666
Email: jross@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Jordan Mikhail Rux**
SUSMAN GODFREY LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067−6029
310−789−3143
Email: jrux@susmangodfrey.com
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
SUSMAN GODFREY LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
713−653−7895
Fax: 713−654−6666
Email: jnelson@susmangodfrey.com
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**
SUSMAN GODFREY LLP
One Manhattan West
50th Fl.
New York, NY 10001
212−336−8332
Email: MHatch−Miller@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary Kathryn Sammons**
SUSMAN GODFREY LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
713−653−7864
Fax: 713−654−6666
Email: ksammons@susmangodfrey.com

*ATTORNEY TO BE NOTICED*

**Zachary Savage**
SUSMAN GODFREY LLP
One Manhattan West
50th Floor
New York City, NY 10001
212−471−8358
Email: zsavage@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628−7401
Email: tom@clarelocke.com
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DOMINION VOTING SYSTEMS, INC.**
*TERMINATED: 03/10/2026*

represented by

**Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Dieckmann**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Mikhail Rux**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary Kathryn Sammons**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DOMINION VOTING SYSTEMS CORPORATION**

represented by

**Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Dieckmann**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Mikhail Rux**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary Kathryn Sammons**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LIBERTY VOTE HOLDINGS INC.**

**Plaintiff**

**LIBERTY VOTE USA INC.**

V.

**Defendant**

**MY PILLOW, INC.** represented by

**Andrew D. Parker**
PARKER DANIELS KIBORT LLC
123 North 3rd Street
Suite 888
Minneapolis, MN 55401
612−355−4100
Fax: 612−355−4101
Email: parker@parkerdk.com
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Ivan Kachouroff**
MCSWEENEY, CYNKAR & KACHOUROFF PLLC
13649 Office Place, #101
Woodbridge, VA 22192
703−365−9900
Email: chris@mck−lawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan Lewin**
LEWIN & LEWIN, LLP
888 17th Street, NW

4th Floor
Washington, DC 20006
(202) 828−1000
Fax: (202) 828−0909
Email: nat@lewinlewin.com
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Malone**
123 N. 3rd Street
Ste 888
Minneapolis, MN 55401
612−355−4100
Fax: 612−355−4101
Email: rmalone@bestlaw.com
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Abraham S. Kaplan**
PARKER DANIELS KIBORT LLC
123 3rd Street N
Ste 888
Minneapolis, MN 55401
612−355−4100
Fax: 612−355−4101
Email: kaplan@parkerdk.com
*TERMINATED: 04/03/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth S. Wright**
PARKER DANIELS KIBORT, LLC
123 3rd Street N
Ste 888
Minneapolis, MN 55401
612−355−4100
Fax: 612−355−4101
Email: wright@parkerdk.com
*TERMINATED: 04/03/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory Arenson**
PARKER DANIELS KIBORT LLC
123 N. Third Street
888 Colwell Building
Suite 2150
Minneapolis, MN 55402
612−355−4100

Email: greg.a@swooptech.com
*TERMINATED: 11/18/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Alan Pull**
GREENSTEIN SELLERS PLLC
121 South 8th Street
Suite 1450
Minneapolis, MN 55401
763−219−4568
Email: jpull@greensteinsellers.com
*TERMINATED: 04/03/2024*
*ATTORNEY TO BE NOTICED*

**Matthew R. Eslick**
PARKER DANIELS KIBORT LLC
888 Colwell Building
123 N 3rd Street
Suite 888
Minneapolis, MN 55401
612−355−4100
Email: meslick@cousineaulaw.com
*TERMINATED: 11/01/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL J. LINDELL** represented by **Andrew D. Parker**
(See above for address)
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Ivan Kachouroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas A. Daniels**
DANIELS & TREDENNICK PLLC
6363 Woodway Drive
Suite 700
Houston, TX 77057
713−917−0024
Fax: 713−917−0026
Email: doug.daniels@dtlawyers.com
*TERMINATED: 03/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Earl N. Mayfield , III**
JURIS DAY, PLLC
10521 Judicial Drive
Suite 200
Fairfax, VA 22030
703−268−5600
Fax: 703−268−5602
Email: tmayfield@chalmersadams.com
*TERMINATED: 07/12/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Alan Pull**
(See above for address)
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Cynkar**
MCSWEENEY, CYNKAR & KACHOUROFF, PLLC
3126 Elmendorf Drive
Oakton, VA 22124
703−621−3300
Email: rcynkar@mck−lawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heath Novosad**
DANIELS & TREDENNICK PLLC
6363 Woodway Drive
Suite 700
Houston, TX 77057
713−917−0024
Fax: 713−917−0026
Email: heath.novosad@dtlawyers.com
*TERMINATED: 03/29/2022*
*ATTORNEY TO BE NOTICED*

**Matthew R. Eslick**
(See above for address)
*TERMINATED: 11/01/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Interested Party**

**UNITED STATES OF AMERICA** represented by **Cassandra Snyder**
GOODWIN PROCTER LLP
1900 N Street, N.W.

Washington, DC 20036
202−346−4218
Email: cassiesnyder@goodwinlaw.com
*TERMINATED: 01/21/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**HAMILTON PLACE STRATEGIES, LLC** represented by

**Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Morrissey**
SUSMAN GODFREY LLP
401 Union Street
Suite 3000
Seattle, WA 98101
206−373−7380
Email: smorrissey@susmangodfrey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Dieckmann**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Mikhail Rux**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary Kathryn Sammons**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**LIBERTY VOTE HOLDINGS INC.**

**Counter Defendant**

**LIBERTY VOTE HOLDINGS INC.**

**Counter Defendant**

**LIBERTY VOTE USA INC.**

**Cross Defendant**

**LIBERTY VOTE USA INC.**

**ThirdParty Plaintiff**

**MICHAEL J. LINDELL** represented by **Andrew D. Parker**
(See above for address)
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Ivan Kachouroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas A. Daniels**
(See above for address)
*TERMINATED: 03/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Earl N. Mayfield , III**
(See above for address)
*TERMINATED: 07/12/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heath Novosad**
(See above for address)
*TERMINATED: 03/29/2022*
*ATTORNEY TO BE NOTICED*

V.

**Third Party Defendant**

**SMARTMATIC INTERNATIONAL HOLDING B.V.** represented by

**Joel Erik Connolly**
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive
Suite 1600
Chicago, IL 60606
312−212−4949
Email: econnolly@beneschlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martin Vincent Sinclair , Jr.**
SPERLING KENNY NACHWALTER, LLC
321 N. Clark Street
Ste 25th Floor
Chicago, IL 60654
312−641−3200
Email: mvs@sperlingkenny.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole Wrigley**
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

71 S. Wacker Drive
Suite 1600
Chicago, IL 60606
(312) 212−4949
Email: nwrigley@beneschlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie Loftus**
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
71 S Wacker Drive
Suite 1600
Chicago, IL 60601
312−624−6341
Email: jloftus@beneschlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Muench**
BENESCH FRIEDLANDER COPLAN & ARANOFF
71 S. Wacker Drive
Suite 1600
Chicago, IL 60606
312−624−6405
Email: lmuench@beneschlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy M Frey**
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive
Suite 1600
Chicago, IL 60606
312−212−4949
Email: tfrey@beneschlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**SGO CORPORATION LIMITED** represented by **Joel Erik Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martin Vincent Sinclair , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole Wrigley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie Loftus**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Muench**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy M Frey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**SMARTMATIC USA CORP.** represented by **Joel Erik Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martin Vincent Sinclair , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole Wrigley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie Loftus**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Muench**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy M Frey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**MICHAEL J. LINDELL** represented by **Andrew D. Parker**
(See above for address)
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Ivan Kachouroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas A. Daniels**
(See above for address)
*TERMINATED: 03/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Earl N. Mayfield , III**
(See above for address)
*TERMINATED: 07/12/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Cynkar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heath Novosad**
(See above for address)
*TERMINATED: 03/29/2022*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**DOMINION VOTING SYSTEMS CORPORATION** represented by **Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)

*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**DOMINION VOTING SYSTEMS, INC.**
*TERMINATED: 03/10/2026*

represented by

**Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**US DOMINION, INC.**
*TERMINATED: 03/10/2026*

represented by **Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Brook**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**MY PILLOW, INC.** represented by **Andrew D. Parker**
(See above for address)
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Ivan Kachouroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan Lewin**
(See above for address)
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Malone**

(See above for address)
*TERMINATED: 04/03/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abraham S. Kaplan**
(See above for address)
*TERMINATED: 04/03/2024*
*ATTORNEY TO BE NOTICED*

**Elizabeth S. Wright**
(See above for address)
*TERMINATED: 04/03/2024*
*ATTORNEY TO BE NOTICED*

**Gregory Arenson**
(See above for address)
*TERMINATED: 11/18/2021*
*ATTORNEY TO BE NOTICED*

**Joseph Alan Pull**
(See above for address)
*TERMINATED: 04/03/2024*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**DOMINION VOTING SYSTEMS CORPORATION** represented by **Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**DOMINION VOTING SYSTEMS, INC.**
*TERMINATED: 03/10/2026*

represented by

**Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**US DOMINION, INC.**
*TERMINATED: 03/10/2026*

represented by **Brittany Fowler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dustin Andrew Pusch**
(See above for address)
*TERMINATED: 08/23/2023*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisha Barron**
(See above for address)
*TERMINATED: 07/07/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florence Chen**
(See above for address)
*TERMINATED: 07/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laranda Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
(See above for address)
*TERMINATED: 08/23/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Brook**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edgar Sargent**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth B. Hadaway**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan J. Ross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
(See above for address)
*TERMINATED: 07/11/2023*
*ATTORNEY TO BE NOTICED*

**Mark Hatch−Miller**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2021 | 1 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 402 receipt number ADCDC−8223832) filed by US DOMINION, INC., DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC.. (Attachments: # 1 Summons to My Pillow, Inc., # 2 Summons to Michael Lindell, # 3 Civil Cover Sheet)(Clare, Thomas) (Entered: 02/22/2021) |
| 02/22/2021 | 2 | NOTICE *of Filing Exhibits* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. re 1 Complaint, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 9, # 5 Exhibit 10, # 6 Exhibit 11, # 7 Exhibit 12, # 8 Exhibit 13, # 9 Exhibit 14, # 10 Exhibit 15, # 11 Exhibit 16, # 12 Exhibit 17, # 13 Exhibit 18, # 14 Exhibit 19, # 15 Exhibit 42, # 16 Exhibit 43, # 17 Exhibit 44, # 18 Exhibit 47, # 19 Exhibit 56, # 20 Exhibit 57, # 21 Exhibit 58, # 22 Exhibit 59, # 23 Exhibit 129, # 24 Exhibit 141, # 25 Exhibit 154, # 26 Exhibit 167, # 27 Exhibit 168, # 28 Exhibit 169, # 29 Exhibit 219, # 30 Exhibit 228, # 31 Exhibit 230, # 32 Exhibit 231, # 33 Exhibit 232, # 34 Exhibit 233, # 35 Exhibit 234, # 36 Exhibit 235, # 37 Exhibit 236, # 38 Exhibit 237, # 39 Exhibit 238, # 40 Exhibit 239, # 41 Exhibit 240, # 42 Exhibit 241, # 43 Exhibit 242, # 44 Exhibit 243, # 45 Exhibit 244, # 46 Exhibit 245, # 47 Exhibit 246, # 48 Exhibit 247, # 49 Exhibit 248, # 50 Exhibit 249, # 51 Exhibit 252, # 52 Exhibit 253, # 53 Exhibit 254, # 54 Exhibit 255, # 55 Exhibit 256, # 56 Exhibit 257, # 57 Exhibit 258, # 58 Exhibit 259, # 59 Exhibit 260, # 60 Exhibit 261, # 61 Exhibit 262, # 62 Exhibit 263, # 63 Exhibit 264, # 64 Exhibit 265, # 65 Exhibit 266, # 66 Exhibit 267, # 67 Exhibit 268, # 68 Exhibit 269, # 69 Exhibit 270, # 70 Exhibit 271, # 71 Exhibit 272, # 72 Exhibit 273, # 73 Exhibit 274, # 74 Exhibit 275, # 75 Exhibit 276, # 76 Exhibit 277, # 77 Exhibit 278, # 78 Exhibit 279, # 79 Exhibit 280, # 80 Exhibit 281, # 81 Exhibit 282, # 82 Exhibit 283, # 83 Exhibit 284, # 84 Exhibit 285, # 85 Exhibit 286, # 86 Exhibit 287, # 87 Exhibit 288, # 88 Exhibit 289, # 89 Exhibit 290, # 90 Exhibit 291, # 91 |

| | | |
|---|---|---|
| | | Exhibit 292, # 92 Exhibit 293, # 93 Exhibit 294, # 94 Exhibit 295, # 95 Exhibit 296, # 96 Exhibit 297, # 97 Exhibit 298, # 98 Exhibit 299, # 99 Exhibit 300, # 100 Exhibit 301, # 101 Exhibit 302, # 102 Exhibit 303, # 103 Exhibit 304, # 104 Exhibit 305, # 105 Exhibit 306, # 106 Exhibit 307, # 107 Exhibit 308, # 108 Exhibit 309, # 109 Exhibit 310, # 110 Exhibit 311, # 111 Exhibit 312, # 112 Exhibit 313, # 113 Exhibit 314, # 114 Exhibit 315, # 115 Exhibit 316, # 116 Exhibit 317, # 117 Exhibit 318, # 118 Exhibit 319, # 119 Exhibit 320, # 120 Exhibit 321, # 121 Exhibit 322, # 122 Exhibit 323, # 123 Exhibit 324, # 124 Exhibit 325, # 125 Exhibit 326, # 126 Exhibit 327, # 127 Exhibit 328, # 128 Exhibit 329, # 129 Exhibit 330, # 130 Exhibit 331, # 131 Exhibit 332, # 132 Exhibit 333, # 133 Exhibit 334, # 134 Exhibit 335, # 135 Exhibit 336, # 136 Exhibit 337, # 137 Exhibit 338, # 138 Exhibit 339, # 139 Exhibit 340, # 140 Exhibit 341, # 141 Exhibit 342, # 142 Exhibit 343, # 143 Exhibit 344, # 144 Exhibit 345, # 145 Exhibit 346, # 146 Exhibit 347, # 147 Exhibit 348)(Clare, Thomas) (Entered: 02/22/2021) |
| 02/22/2021 | 3 | NOTICE of Appearance by Megan Lambart Meier on behalf of All Plaintiffs (Meier, Megan) (Entered: 02/22/2021) |
| 02/22/2021 | 4 | NOTICE of Appearance by Dustin Andrew Pusch on behalf of All Plaintiffs (Pusch, Dustin) (Entered: 02/22/2021) |
| 02/22/2021 | 5 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 1:21−cv−00040. (Clare, Thomas) (Entered: 02/22/2021) |
| 02/22/2021 | 6 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 1:21−cv−00213. (Clare, Thomas) (Entered: 02/22/2021) |
| 02/22/2021 | 7 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Clare, Thomas) (Entered: 02/22/2021) |
| 02/22/2021 | | NOTICE OF ERROR re 1 Complaint; emailed to tom@clarelocke.com, cc'd −1 associated attorneys −− The PDF file you docketed contained errors: 1. Missing/incorrect summonses. Please submit using the event Request for Summons to issue. (adh, ) (Entered: 02/22/2021) |
| 02/22/2021 | | Case Assigned to Judge Carl J. Nichols. (adh, ) (Entered: 02/22/2021) |
| 02/22/2021 | | SUMMONS Not Issued as to MICHAEL J. LINDELL, MY PILLOW, INC. (adh, ) (Entered: 02/22/2021) |
| 02/22/2021 | 8 | REQUEST FOR SUMMONS TO ISSUE re 1 Complaint, filed by US DOMINION, INC., DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC.. Related document: 1 Complaint, filed by DOMINION VOTING SYSTEMS CORPORATION, US DOMINION, INC., DOMINION VOTING SYSTEMS, INC..(Clare, Thomas) (Entered: 02/22/2021) |
| 02/22/2021 | 9 | SUMMONS (2) Issued Electronically as to MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Notice and Consent)(eg) (Entered: 02/22/2021) |
| 03/04/2021 | 10 | WAIVER OF SERVICE. MICHAEL J. LINDELL waiver sent on 2/22/2021, answer due 4/23/2021. (Meier, Megan) (Entered: 03/04/2021) |
| 03/08/2021 | 11 | STANDING ORDER. Signed by Judge Carl J. Nichols on March 8, 2021. (lccjn2) (Entered: 03/08/2021) |

| | | |
|---|---|---|
| 03/08/2021 | 12 | LEAVE TO FILE DENIED− Motion; Jeffrey Cutler This document is unavailable as the Court denied its filing. "Leave to file DENIED for failure to comply with Local Civil Rule 7(o)(2)." Signed by Judge Carl J. Nichols. (eg) (Entered: 03/09/2021) |
| 03/09/2021 | 13 | LEAVE TO FILE DENIED− Jeffrey Cutler; Motion This document is unavailable as the Court denied its filing. "The Court construes this document as a Motion for Leave to File and Amicus Brief. Leave to file DENIED for failure to comply with Local Civil Rule 7(o)(2)." Signed by Judge Carl J. Nichols. (zeg) (Entered: 03/10/2021) |
| 03/26/2021 | 14 | NOTICE of Appearance by Justin A. Nelson on behalf of All Plaintiffs (Nelson, Justin) (Entered: 03/26/2021) |
| 03/26/2021 | 15 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Stephen Shackelford, Filing fee $ 100, receipt number ADCDC−8333025. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Stephen Shackelford, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 03/26/2021) |
| 03/26/2021 | 16 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Davida Brook, Filing fee $ 100, receipt number ADCDC−8333034. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Davida Brook, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 03/26/2021) |
| 03/26/2021 | 17 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Stephen E. Morrissey, Filing fee $ 100, receipt number ADCDC−8333044. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Stephen E. Morrissey, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 03/26/2021) |
| 03/26/2021 | 18 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Elisha Barron, Filing fee $ 100, receipt number ADCDC−8333054. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Elisha Barron, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 03/26/2021) |
| 03/26/2021 | 19 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Emily Cronin, Filing fee $ 100, receipt number ADCDC−8333070. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Emily Cronin, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 03/26/2021) |
| 03/26/2021 | 20 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Brittany Fowler, Filing fee $ 100, receipt number ADCDC−8333094. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Brittany Fowler, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 03/26/2021) |
| 03/30/2021 | | MINUTE ORDER. The Court having considered Plaintiffs' 15 Motion for Leave to Appear *Pro Hac Vice* of Stephen Shackelford, Jr., and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Stephen Shackelford, Jr., is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for** |

| | | |
|---|---|---|
| | | **instructions**. Signed by Judge Carl J. Nichols on March 30, 2021. (lccjn2) (Entered: 03/30/2021) |
| 03/30/2021 | | MINUTE ORDER. The Court having considered Plaintiffs' 16 Motion for Leave to Appear *Pro Hac Vice* of Davida Brook, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Davida Brook is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Carl J. Nichols on March 30, 2021. (lccjn2) (Entered: 03/30/2021) |
| 03/30/2021 | | MINUTE ORDER. The Court having considered Plaintiffs' 17 Motion for Leave to Appear *Pro Hac Vice* of Stephen E. Morrissey, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Stephen E. Morrissey is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Carl J. Nichols on March 30, 2021. (lccjn2) (Entered: 03/30/2021) |
| 03/30/2021 | | MINUTE ORDER. The Court having considered Plaintiffs' 18 Motion for Leave to Appear *Pro Hac Vice* of Elisha Barron, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Elisha Barron is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Carl J. Nichols on March 30, 2021. (lccjn2) (Entered: 03/30/2021) |
| 03/30/2021 | | MINUTE ORDER. The Court having considered Plaintiffs' 20 Motion for Leave to Appear *Pro Hac Vice* of Brittany Fowler, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Brittany Fowler is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Carl J. Nichols on March 30, 2021. (lccjn2) (Entered: 03/30/2021) |
| 03/30/2021 | 21 | Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Emily Cronin, Filing fee $ 100, receipt number ADCDC−8339985. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Emily Cronin, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 03/30/2021) |
| 04/01/2021 | | MINUTE ORDER. The Court having considered Plaintiffs' 21 Motion for Leave to Appear *Pro Hac Vice* of Emily Cronin, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Emily Cronin is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Carl J. Nichols on April 1, 2021. (lccjn2) (Entered: 04/01/2021) |

| | | |
|---|---|---|
| 04/02/2021 | 22 | NOTICE of Appearance by Stephen Shackelford, Jr on behalf of All Plaintiffs (Shackelford, Stephen) (Entered: 04/02/2021) |
| 04/02/2021 | 23 | NOTICE of Appearance by Davida Brook on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Brook, Davida) (Entered: 04/02/2021) |
| 04/02/2021 | 24 | NOTICE of Appearance by Brittany Fowler on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Fowler, Brittany) (Entered: 04/02/2021) |
| 04/02/2021 | 25 | NOTICE of Appearance by Elisha Barron on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Barron, Elisha) (Entered: 04/02/2021) |
| 04/15/2021 | 26 | NOTICE of Appearance by Nathan Lewin on behalf of MY PILLOW, INC. (Lewin, Nathan) (Main Document 26 replaced on 4/16/2021) (zeg). (Entered: 04/15/2021) |
| 04/15/2021 | 27 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Elizabeth Wright, Andrew Parker, Abraham Kaplan, Filing fee $ 100, receipt number ADCDC−8377396. Fee Status: Fee Paid. by MY PILLOW, INC.. (Attachments: # 1 Declaration of Elizabeth Wrights, # 2 Certificate of Good Standing − Elizabeth Wright, # 3 Declaration of Andrew Parker, # 4 Certificate of Good Standing − Andrew ParkerAn, # 5 Declaration of Abraham Kaplan, # 6 Certificate of Standing Abraham Kaplan, # 7 Proposed Order)(Lewin, Nathan) Modified on 4/19/2021 (znmw). (Entered: 04/15/2021) |
| 04/16/2021 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 27 MOTION for Leave to Appear Pro Hac Vice, 26 NOTICE of Appearance by Nathan Lewin on behalf of MY PILLOW, INC. (Lewin, Nathan).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−admissions−and−renewal−information.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 4/23/2021. (znmw) Modified on 5/13/2021 (znmw). (Entered: 04/16/2021) |
| 04/16/2021 | 28 | NOTICE of Appearance by Joseph Alan Pull on behalf of MY PILLOW, INC. (Pull, Joseph) (Entered: 04/16/2021) |
| 04/19/2021 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 28 NOTICE of Appearance by Joseph Alan Pull on behalf of MY PILLOW, INC. (Pull, Joseph).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−admissions−and−renewal−information. |

| | | |
|---|---|---|
| | | Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 4/26/2021. (znmw) Modified on 5/13/2021 (znmw). (Entered: 04/19/2021) |
| 04/19/2021 | 29 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Gregory Arenson, Filing fee $ 100, receipt number ADCDC−8382658. Fee Status: Fee Paid. by MY PILLOW, INC.. (Attachments: # 1 Declaration of Gregory Arenson, # 2 Certificate of Good Standing, # 3 Proposed Order)(Lewin, Nathan) (Entered: 04/19/2021) |
| 04/19/2021 | 30 | MOTION to Dismiss by MY PILLOW, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Text of Proposed Order)(Lewin, Nathan) (Entered: 04/19/2021) |
| 04/22/2021 | | MINUTE ORDER. Upon review of Defendant's 27 Motion for Leave to Appear *Pro Hac Vice*, it is hereby ORDERED that the Motion is DENIED for noncompliance with Local Civil Rule 83.2(d). Each attorney seeking to appear *pro hac vice* must individually submit a Motion for leave to appear *pro hac vice*. Signed by Judge Carl J. Nichols on April 22, 2021. (lccjn2) (Entered: 04/22/2021) |
| 04/22/2021 | 31 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Andrew D. Parker, Filing fee $ 100, receipt number ADCDC−8393782. Fee Status: Fee Paid. by MY PILLOW, INC.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Proposed Order)(Lewin, Nathan) (Entered: 04/22/2021) |
| 04/22/2021 | 32 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Abraham S. Kaplan, Filing fee $ 100, receipt number ADCDC−8393914. Fee Status: Fee Paid. by MY PILLOW, INC.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Proposed Order)(Lewin, Nathan) (Entered: 04/22/2021) |
| 04/22/2021 | 33 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Elizabeth S. Wright, Filing fee $ 100, receipt number ADCDC−8393977. Fee Status: Fee Paid. by MY PILLOW, INC.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Proposed Order)(Lewin, Nathan) (Entered: 04/22/2021) |
| 04/23/2021 | 34 | MOTION to Dismiss by MICHAEL J. LINDELL. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Text of Proposed Order)(Mayfield, Earl) (Entered: 04/23/2021) |
| 04/26/2021 | 35 | Unopposed MOTION for Extension of Time to File Response/Reply as to 34 MOTION to Dismiss , 30 MOTION to Dismiss by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Text of Proposed Order)(Meier, Megan) (Entered: 04/26/2021) |
| 04/26/2021 | 36 | MOTION Use Business/Attorney Address by MICHAEL J. LINDELL. (Attachments: # 1 Text of Proposed Order)(Mayfield, Earl) (Entered: 04/26/2021) |
| 04/26/2021 | 37 | RESPONSE re 35 Unopposed MOTION for Extension of Time to File Response/Reply as to 34 MOTION to Dismiss , 30 MOTION to Dismiss filed by MY PILLOW, INC.. (Attachments: # 1 Text of Proposed Order)(Lewin, Nathan) (Entered: 04/26/2021) |
| 04/26/2021 | 38 | RESPONSE re 35 Unopposed MOTION for Extension of Time to File Response/Reply as to 34 MOTION to Dismiss , 30 MOTION to Dismiss filed by MICHAEL J. LINDELL. (Attachments: # 1 Text of Proposed Order)(Mayfield, Earl) (Entered: 04/26/2021) |

| | | |
|---|---|---|
| 04/28/2021 | | MINUTE ORDER. The Court having considered Defendant's 29 Motion for Leave to Appear *Pro Hac Vice* of Gregory N. Arenson, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Gregory N. Arenson is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Carl J. Nichols on April 28, 2021. (lccjn2) (Entered: 04/28/2021) |
| 04/28/2021 | | MINUTE ORDER. The Court having considered Defendant's 31 Motion for Leave to Appear *Pro Hac Vice* of Andrew D. Parker, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Andrew D. Parker is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Carl J. Nichols on April 28, 2021. (lccjn2) (Entered: 04/28/2021) |
| 04/28/2021 | | MINUTE ORDER. The Court having considered Defendant's 32 Motion for Leave to Appear *Pro Hac Vice* of Abraham S. Kaplan, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Abraham S. Kaplan is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Carl J. Nichols on April 28, 2021. (lccjn2) (Entered: 04/28/2021) |
| 04/28/2021 | | MINUTE ORDER. The Court having considered Defendant's 33 Motion for Leave to Appear *Pro Hac Vice* of Elizabeth S. Wright, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Elizabeth S. Wright is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Carl J. Nichols on April 28, 2021. (lccjn2) (Entered: 04/28/2021) |
| 04/29/2021 | 39 | NOTICE of Appearance by Abraham S. Kaplan on behalf of MY PILLOW, INC. (Kaplan, Abraham) (Entered: 04/29/2021) |
| 04/29/2021 | 40 | NOTICE of Appearance by Gregory Arenson on behalf of MY PILLOW, INC. (Arenson, Gregory) (Entered: 04/29/2021) |
| 04/29/2021 | 41 | NOTICE of Appearance by Andrew D. Parker on behalf of MY PILLOW, INC. (Parker, Andrew) (Entered: 04/29/2021) |
| 04/30/2021 | 42 | NOTICE of Appearance by Elizabeth S. Wright on behalf of MY PILLOW, INC. (Wright, Elizabeth) (Entered: 04/30/2021) |
| 04/30/2021 | | MINUTE ORDER. Upon review of Plaintiffs' 35 Motion for Extension of Time, it is hereby ORDERED that the Motion is GRANTED. Plaintiffs shall file their Response to Defendants' 30 and 34 Motions to Dismiss by May 28, 2021. Defendants may file their Replies by June 18, 2021. Signed by Judge Carl J. Nichols on April 30, 2021. (lccjn2) (Entered: 04/30/2021) |
| 04/30/2021 | | |

| | | |
|---|---|---|
| | | Set/Reset Deadlines: Response due by 5/28/2021. Reply due by 6/18/2021. (zcal) (Entered: 05/04/2021) |
| 05/04/2021 | 43 | NOTICE of Appearance by Douglas A. Daniels on behalf of MICHAEL J. LINDELL (Daniels, Douglas) (Entered: 05/04/2021) |
| 05/04/2021 | 44 | NOTICE of Appearance by Heath Novosad on behalf of MICHAEL J. LINDELL (Novosad, Heath) (Entered: 05/04/2021) |
| 05/11/2021 | | MINUTE ORDER. Upon review of Defendant's 36 Motion to Use Business/Attorney Address, it is hereby ORDERED that the Motion is DENIED. Pursuant to Local Civil Rule 5.1(h)(1), Defendant may move for leave to file his residence address under seal and *ex parte* to address the concerns raised in his 36 Motion. Signed by Judge Carl J. Nichols on May 11, 2021. (lccjn2) (Entered: 05/11/2021) |
| 05/14/2021 | 45 | Unopposed MOTION for Leave to File *Defendant Michael J. Lindell's Home Address Under Seal and Ex Parte* by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Daniels, Douglas) (Entered: 05/14/2021) |
| 05/18/2021 | | MINUTE ORDER. Upon review of Defendant's unopposed 45 Motion for Leave to File his home address under seal and *ex parte*, it is hereby ORDERED that the 45 Motion is GRANTED for the reasons raised in the Motion. Signed by Judge Carl J. Nichols on May 18, 2021. (lccjn2) (Entered: 05/18/2021) |
| 05/24/2021 | 46 | SEALED DOCUMENT filed by MICHAEL J. LINDELL re 45 Unopposed MOTION for Leave to File *Defendant Michael J. Lindell's Home Address Under Seal and Ex Parte*, Order on Motion for Leave to File, (This document is SEALED and only available to authorized persons.)(Daniels, Douglas) (Entered: 05/24/2021) |
| 05/28/2021 | 47 | Memorandum in opposition to re 34 MOTION to Dismiss , 30 MOTION to Dismiss filed by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Meier, Megan) (Entered: 05/28/2021) |
| 06/07/2021 | | MINUTE ORDER. Upon review of Defendants' 30 and 34 Motions to Dismiss, it is hereby ORDERED that a hearing on the 30 and 34 Motions, as well as the pending Motions in *US Dominion, Inc. v. Giuliani*, 1:21−cv−00213, and *US Dominion, Inc. v. Powell*, 1:21−cv−00040, is scheduled for 2:00 p.m. on June 24, 2021, in Courtroom 19. Signed by Judge Carl J. Nichols on June 7, 2021. (lccjn2) (Entered: 06/07/2021) |
| 06/07/2021 | | Set/Reset Hearings: Motion Hearing set for 6/24/2021 at 02:00 PM in Courtroom 19 before Judge Carl J. Nichols. (zcal) (Entered: 06/08/2021) |
| 06/18/2021 | 48 | REPLY to opposition to motion re 34 MOTION to Dismiss filed by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit A)(Daniels, Douglas) (Entered: 06/18/2021) |
| 06/18/2021 | 49 | REPLY to opposition to motion re 30 MOTION to Dismiss filed by MY PILLOW, INC.. (Parker, Andrew) (Entered: 06/18/2021) |
| 06/22/2021 | | Set/Reset Hearings: Motion Hearing RESET for 6/24/2021 at 02:00 PM in Courtroom 17 before Judge Carl J. Nichols. Note Location Change. (zcal) (Entered: 06/22/2021) |
| 06/23/2021 | | Set/Reset Hearings: Motion Hearing RESET for 6/24/2021 at 02:00 PM in Courtroom 30A before Judge Carl J. Nichols. Note Location Change. (zcal) (Entered: 06/23/2021) |
| 06/23/2021 | 50 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Rodney A. Smolla, Filing fee $ 100, receipt number ADCDC−8551585. Fee Status: Fee Paid. by |

| | | |
|---|---|---|
| | | DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Rodney A. Smolla, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 06/23/2021) |
| 06/23/2021 | | MINUTE ORDER. The Court having considered Plaintiffs' 50 Motion for Leave to Appear *Pro Hac Vice* of Rodney A. Smolla, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Rodney A. Smolla is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Carl J. Nichols on June 23, 2021. (lccjn2) (Entered: 06/23/2021) |
| 06/24/2021 | | Minute Order and Entry for Proceedings held before Judge Carl J. Nichols: Motion Hearing held on 6/24/2021 re 30 and 34 MOTIONS to Dismiss. Motions taken under advisement. Further Order and Opinion to be issued by the Court. Court Reporter: Lorraine Herman. (zcal) (Entered: 06/24/2021) |
| 08/10/2021 | 51 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 21−cv−2130. (Nelson, Justin) (Main Document 51 replaced on 8/12/2021) (zeg). (Entered: 08/10/2021) |
| 08/10/2021 | 52 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 21−cv−2131. (Nelson, Justin) (Main Document 52 replaced on 8/12/2021) (zeg). NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 21−cv−2131. (Nelson, Justin) (Main Document 52 replaced on 8/12/2021) (zeg). (Entered: 08/10/2021) |
| 08/11/2021 | 53 | ORDER. Signed by Judge Carl J. Nichols on August 11, 2021. (lccjn2) (Entered: 08/11/2021) |
| 08/11/2021 | 54 | MEMORANDUM AND OPINION. Signed by Judge Carl J. Nichols on August 11, 2021. (lccjn2) (Entered: 08/11/2021) |
| 08/20/2021 | 55 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, by MICHAEL J. LINDELL. (Attachments: # 1 Text of Proposed Order)(Daniels, Douglas) (Entered: 08/20/2021) |
| 08/20/2021 | 56 | Consent MOTION for Extension of Time *to Respond to Complaint* by MY PILLOW, INC.. (Attachments: # 1 Proposed Order)(Parker, Andrew) Modified event title on 8/24/2021 (znmw). (Entered: 08/20/2021) |
| 08/20/2021 | 57 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by MY PILLOW, INC. (Parker, Andrew) (Entered: 08/20/2021) |
| 08/23/2021 | | MINUTE ORDER. After review of Defendant's 55 Unopposed Motion for Extension of Time to File Answer, it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Defendant shall answer or otherwise respond to the Complaint by September 24, 2021. Signed by Judge Carl J. Nichols on August 23, 2021. (lccjn2) (Entered: 08/23/2021) |
| 08/23/2021 | | MINUTE ORDER. After review of Defendant's 56 Unopposed Motion for Extension of Time to File Answer, it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Defendant shall answer or otherwise respond to the Complaint by September 24, 2021. Signed by Judge Carl J. Nichols on August 23, 2021. (lccjn2) (Entered: 08/23/2021) |

| | | |
|---|---|---|
| 08/23/2021 | | Set/Reset Deadlines: Answer due by 9/24/2021. (zcal) (Entered: 08/25/2021) |
| 08/23/2021 | | Set/Reset Deadlines: Answer due by 9/24/2021. (zcal) (Entered: 08/25/2021) |
| 08/24/2021 | 58 | MOTION for Certification for interlocatory appeal by MY PILLOW, INC.. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Parker, Andrew) (Entered: 08/24/2021) |
| 08/25/2021 | 59 | NOTICE *of Joinder* by MICHAEL J. LINDELL re 58 MOTION for Certification for interlocatory appeal (Attachments: # 1 Text of Proposed Order)(Daniels, Douglas) (Entered: 08/25/2021) |
| 08/30/2021 | 60 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Ryan P. Malone, Filing fee $ 100, receipt number ADCDC−8700219. Fee Status: Fee Paid. by MY PILLOW, INC.. (Attachments: # 1 Declaration of Ryan P. Malone, # 2 Certificate of Good Standing #1, # 3 Certificate of Good Standing #2, # 4 Certificate of Good Standing #3, # 5 Proposed Order)(Lewin, Nathan) (Entered: 08/30/2021) |
| 08/30/2021 | 61 | MOTION for Extension of Time to File Response/Reply as to 58 MOTION for Certification for interlocatory appeal *Defendants' Motion for Modification of Memorandum Opinion and Order Dated August 11, 2021 to Include Certification of Controlling Quesions of Law* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Text of Proposed Order)(Nelson, Justin) (Entered: 08/30/2021) |
| 09/02/2021 | | The Court having considered Defendants' 60 Motion For Admission *Pro Hac Vice* of Ryan P. Malone, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Ryan P. Malone is ADMITTED to practice before the Court *pro hac vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions** Signed by Judge Carl J. Nichols on September 2, 2021. (lccjn2) (Entered: 09/02/2021) |
| 09/02/2021 | | MINUTE ORDER. After review of Plaintiffs' 61 Motion for Extension of Time, it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Plaintiffs shall respond to Defendants' Motion for Modification of Memorandum Opinion and Order on or before September 21, 2021. Signed by Judge Carl J. Nichols on September 2, 2021. (lccjn2) (Entered: 09/02/2021) |
| 09/02/2021 | 62 | NOTICE of Appearance by Ryan Malone on behalf of MY PILLOW, INC. (Malone, Ryan) (Entered: 09/02/2021) |
| 09/02/2021 | | Set/Reset Deadlines: Response due by 9/21/2021. (zcal) (Entered: 09/03/2021) |
| 09/03/2021 | 63 | LEAVE TO FILE DENIED− Leonardo Ramos−Hernandez; Motion. This document is unavailable as the Court denied its filing. "LEAVE TO FILE DENIED: Plaintiff did not serve opposing counsel or file proof of such service. See LCvR 5.3" Signed by Judge Carl J. Nichols (zeg) (Entered: 09/07/2021) |
| 09/09/2021 | 64 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 53 Order on Motion to Dismiss, by MY PILLOW, INC.. Filing fee $ 505, receipt number ADCDC−8722494. Fee Status: Fee Paid. Parties have been notified. (Parker, Andrew) (Entered: 09/09/2021) |
| 09/10/2021 | 65 | |

| | | |
|---|---|---|
| | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 64 Notice of Appeal to DC Circuit Court. (zjf) (Entered: 09/10/2021) |
| 09/10/2021 | 66 | NOTICE OF APPEAL TO DC CIRCUIT COURT 53 ORDER 54 MEMORANDUM AND OPINION by MICHAEL J. LINDELL. Filing fee $ 505, receipt number ADCDC−8723870. Fee Status: Fee Paid. Parties have been notified. (Daniels, Douglas) (Entered: 09/10/2021) |
| 09/10/2021 | 67 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 66 Notice of Appeal to DC Circuit Court. (zjf) (Entered: 09/10/2021) |
| 09/14/2021 | 68 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 1:21−cv−02296−RBW. (Shackelford, Stephen) (Entered: 09/14/2021) |
| 09/14/2021 | 69 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 1:21−cv−02294−RBW. (Shackelford, Stephen) (Entered: 09/14/2021) |
| 09/15/2021 | | USCA Case Number 21−7103 for 66 Notice of Appeal to DC Circuit Court filed by MICHAEL J. LINDELL. (eg) (Entered: 09/15/2021) |
| 09/15/2021 | | USCA Case Number 21−7104 for 64 Notice of Appeal to DC Circuit Court filed by MY PILLOW, INC.. (eg) (Entered: 09/17/2021) |
| 09/21/2021 | 70 | NOTICE of Appearance by Laranda Walker on behalf of All Plaintiffs (Walker, Laranda) (Entered: 09/21/2021) |
| 09/21/2021 | 71 | NOTICE of Appearance by Florence Chen on behalf of All Plaintiffs (Chen, Florence) (Entered: 09/21/2021) |
| 09/21/2021 | 72 | Memorandum in opposition to re 58 MOTION for Certification for interlocutory appeal filed by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Text of Proposed Order)(Walker, Laranda) (Entered: 09/21/2021) |
| 09/23/2021 | 73 | TRANSCRIPT OF PROCEEDINGS before Judge Carl J. Nichols held on June 24, 2021; Page Numbers: 1−144. Date of Issuance: September 23, 2021. Court Reporter/Transcriber: Lorraine Herman. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 day s, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/14/2021. Redacted Transcript Deadline set for 10/24/2021. Release of Transcript Restriction set for 12/22/2021.(Herman, Lorraine) (Entered: |

| | | |
|---|---|---|
| | | 09/23/2021) |
| 09/23/2021 | 74 | NOTICE *in Lieu of Filing Answer* by MY PILLOW, INC. (Parker, Andrew) (Entered: 09/23/2021) |
| 09/24/2021 | 75 | NOTICE *in Lieu of Filing Answer* by MICHAEL J. LINDELL (Daniels, Douglas) (Entered: 09/24/2021) |
| 09/28/2021 | 76 | REPLY to opposition to motion re 58 MOTION for Certification for interlocatory appeal filed by MY PILLOW, INC.. (Parker, Andrew) (Entered: 09/28/2021) |
| 09/28/2021 | 77 | NOTICE *of Joinder* by MICHAEL J. LINDELL re 76 Reply to opposition to Motion (Daniels, Douglas) (Entered: 09/28/2021) |
| 10/07/2021 | 78 | MOTION for Hearing *(Defendants' Motion for Status Conference)* by MY PILLOW, INC.. (Attachments: # 1 Exhibit I (Parker Daniels Kibort October 1, 2021 Letter), # 2 Exhibit II (Daniels & Tredennick October 1, 2021 Letter))(Parker, Andrew) (Entered: 10/07/2021) |
| 10/07/2021 | 79 | MEET AND CONFER STATEMENT. (Parker, Andrew) (Entered: 10/07/2021) |
| 10/07/2021 | 80 | NOTICE of Proposed Order by MY PILLOW, INC. re 78 MOTION for Hearing *(Defendants' Motion for Status Conference)* (Parker, Andrew) (Entered: 10/07/2021) |
| 10/08/2021 | 81 | MOTION for Hearing *(Plaintiffs' Motion for Status Conference* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Text of Proposed Order)(Walker, Laranda) (Entered: 10/08/2021) |
| 10/11/2021 | | MINUTE ORDER. In light of the Defendants' 78 Motion for a Status Conference, it is ORDERED that the Motion is GRANTED. It is ORDERED that the Parties shall appear for a telephonic status conference on October 25, at 11 a.m. Signed by Judge Carl J. Nichols on October 11, 2021. (lccjn2) (Entered: 10/11/2021) |
| 10/25/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference held on 10/25/2021. Status Conference Concluded. (Court Reporter Lorraine Herman.) (ztl) (Entered: 10/25/2021) |
| 11/04/2021 | 82 | TRANSCRIPT OF PROCEEDINGS before Judge Carl J. Nichols. Held on October 25, 2021. Page Numbers: 1−37. Date of Issuance: November 4, 2021. Court Reporter/Transcriber: Lorraine Herman. Telephone number: 202−354−3196. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court re porter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 11/25/2021. Redacted Transcript Deadline set for 12/5/2021. Release of Transcript Restriction set for 2/2/2022.(Herman, Lorraine) (Entered: 11/04/2021) |
| 11/05/2021 | 83 | Joint STATUS REPORT *of Parties* by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit A)(Daniels, Douglas) (Entered: 11/05/2021) |
| 11/07/2021 | 84 | TRANSCRIPT OF PROCEEDINGS before Judge Carl J. Nichols, held on October 25, 2021. Page Numbers: 1−37. Date of Issuance: November 7, 2021. Court Reporter/Transcriber: Lorraine Herman. Telephone number: 202−354−3196. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court repo rter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/28/2021. Redacted Transcript Deadline set for 12/8/2021. Release of Transcript Restriction set for 2/5/2022.(Herman, Lorraine) (Entered: 11/07/2021) |
| 11/15/2021 | 85 | ORDER. Signed by Judge Carl J. Nichols on November 15, 2021. (lccjn2) (Entered: 11/15/2021) |
| 11/15/2021 | | Set/Reset Deadlines: Answer due by 12/2/2021. (zcal) (Entered: 11/16/2021) |
| 11/18/2021 | 86 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MY PILLOW, INC.. Attorney Gregory Arenson terminated. (Parker, Andrew) (Entered: 11/18/2021) |
| 12/01/2021 | 87 | ANSWER to Complaint with Jury Demand , THIRD PARTY COMPLAINT against SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, SMARTMATIC USA CORP., Hamilton Place Strategies, LLC, COUNTERCLAIM against DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Daniels, Douglas) (Entered: 12/01/2021) |
| 12/01/2021 | 88 | ENTERED IN ERROR.....REQUEST FOR SUMMONS TO ISSUE re 87 Answer to Complaint,,, Third Party Complaint,,, COUNTERCLAIM,, filed by MICHAEL J. LINDELL. Related document: 87 Answer to Complaint,,, Third Party Complaint,,, COUNTERCLAIM,, filed by MICHAEL J. LINDELL.(Daniels, Douglas) Modified on 12/6/2021 (zeg). (Entered: 12/01/2021) |
| 12/02/2021 | 89 | WAIVER OF SERVICE. Hamilton Place Strategies, LLC waiver sent on 12/1/2021, answer due 1/30/2022. (Daniels, Douglas) (Entered: 12/02/2021) |

| | | |
|---|---|---|
| 12/02/2021 | 90 | ANSWER to Complaint with Jury Demand , COUNTERCLAIM against All Plaintiffs by MY PILLOW, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Parker, Andrew) (Entered: 12/02/2021) |
| 12/06/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 88 Request for Summons to Issue, was entered in error and counsel was instructed to refile said pleading with the appropriate third−party summons (AO 441). (zeg) (Entered: 12/06/2021) |
| 12/08/2021 | 91 | NOTICE of Appearance by Joel Erik Connolly on behalf of SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. (Connolly, Joel) (Entered: 12/08/2021) |
| 12/08/2021 | 92 | NOTICE of Appearance by Martin Vincent Sinclair, Jr on behalf of SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. (Sinclair, Martin) (Entered: 12/08/2021) |
| 12/08/2021 | 93 | NOTICE of Appearance by Nicole Wrigley on behalf of SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. (Wrigley, Nicole) (Entered: 12/08/2021) |
| 12/08/2021 | 94 | MOTION to Dismiss by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit List, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Text of Proposed Order)(Connolly, Joel) (Entered: 12/08/2021) |
| 12/10/2021 | 95 | NOTICE of Appearance by Laranda Walker on behalf of Hamilton Place Strategies, LLC (Walker, Laranda) (Entered: 12/10/2021) |
| 12/10/2021 | 96 | NOTICE of Appearance by Stephen Shackelford, Jr on behalf of Hamilton Place Strategies, LLC (Shackelford, Stephen) (Entered: 12/10/2021) |
| 12/10/2021 | 97 | NOTICE of Appearance by Davida Brook on behalf of Hamilton Place Strategies, LLC (Brook, Davida) (Entered: 12/10/2021) |
| 12/10/2021 | 98 | NOTICE of Appearance by Justin A. Nelson on behalf of Hamilton Place Strategies, LLC (Nelson, Justin) (Entered: 12/10/2021) |
| 12/10/2021 | 99 | NOTICE of Appearance by Florence Chen on behalf of Hamilton Place Strategies, LLC (Chen, Florence) (Entered: 12/10/2021) |
| 12/10/2021 | 100 | NOTICE of Appearance by Elisha Barron on behalf of Hamilton Place Strategies, LLC (Barron, Elisha) (Entered: 12/10/2021) |
| 12/10/2021 | 101 | NOTICE of Appearance by Brittany Fowler on behalf of Hamilton Place Strategies, LLC (Fowler, Brittany) (Entered: 12/10/2021) |
| 12/10/2021 | 102 | NOTICE of Appearance by Stephen Morrissey on behalf of Hamilton Place Strategies, LLC (Morrissey, Stephen) (Entered: 12/10/2021) |
| 12/10/2021 | 103 | Joint MOTION for Extension of Time to *for Motion to Dismiss, Opposition, and Reply* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., Hamilton Place Strategies, LLC. (Attachments: # 1 Text of Proposed Order)(Walker, Laranda) (Entered: 12/10/2021) |
| 12/15/2021 | | MINUTE ORDER. The Court having considered the 103 Joint Motion for an Extension of Time, it is ORDERED that the Motion is GRANTED. Plaintiffs shall file |

| | | |
|---|---|---|
| | | their Motion to Dismiss Defendants' Counterclaims on or before January 31, 2022. Defendants shall file their Motions in Opposition on or before March 11, 2022. And Plaintiffs shall file their Replies on or before April 1, 2022. Signed by Judge Carl J. Nichols on December 15, 2021. (lccjn2) (Entered: 12/15/2021) |
| 12/15/2021 | | Set/Reset Deadlines: Motions due by 1/31/2022. Responses due by 3/11/2022 Replies due by 4/1/2022. (zcal) (Entered: 12/16/2021) |
| 12/20/2021 | 104 | Memorandum in opposition to re 94 MOTION to Dismiss filed by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Daniels, Douglas) (Entered: 12/20/2021) |
| 12/21/2021 | 105 | MOTION for Extension of Time to File Response/Reply as to 94 MOTION to Dismiss by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Text of Proposed Order)(Connolly, Joel) (Entered: 12/21/2021) |
| 12/22/2021 | 106 | RESPONSE re 105 MOTION for Extension of Time to File Response/Reply as to 94 MOTION to Dismiss filed by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Daniels, Douglas) (Entered: 12/22/2021) |
| 12/22/2021 | | MINUTE ORDER. Upon review of the Defendants' 105 Motion for an Extension of Time to Reply in Support of their Motion to Dismiss, it is ORDERED that the Motion is GRANTED. Defendants shall file their Reply on or before January 7, 2022. Signed by Judge Carl J. Nichols on December 22, 2021. (lccjn2) (Entered: 12/22/2021) |
| 12/22/2021 | | Set/Reset Deadlines: Reply due by 1/7/2022. (zcal) (Entered: 12/22/2021) |
| 01/07/2022 | 107 | REPLY to opposition to motion re 94 MOTION to Dismiss filed by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Connolly, Joel) (Entered: 01/07/2022) |
| 01/18/2022 | 108 | Consent MOTION for Leave to File Excess Pages *Brief in Excess of Page Limitations* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Text of Proposed Order Order Granting Motion for Leave)(Walker, Laranda) Modified event on 1/24/2022 (znmw). (Entered: 01/18/2022) |
| 01/21/2022 | 109 | NOTICE of Appearance by Mary Kathryn Sammons on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC. (Sammons, Mary) (Entered: 01/21/2022) |
| 01/21/2022 | | MINUTE ORDER. Upon review of 108 the Consent Motion for Leave to File a Brief in Excess of the Court's Page Limitations, it is ORDERED that the Motion is GRANTED. Signed by Judge Carl J. Nichols on January 21, 2022. (lccjn2) (Entered: 01/21/2022) |
| 01/24/2022 | 110 | NOTICE of Appearance by Jordan Mikhail Rux, I on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC. (Rux, Jordan) (Entered: 01/24/2022) |
| 01/24/2022 | 111 | MEET AND CONFER STATEMENT. (Attachments: # 1 Plaintiffs' Proposed Scheduling Order, # 2 Defendants' Proposed Scheduling Order)(Sammons, Mary) |

| | | |
|---|---|---|
| | | (Entered: 01/24/2022) |
| 01/26/2022 | 112 | MEET AND CONFER STATEMENT. (Attachments: # 1 Proposed Scheduling Order)(Daniels, Douglas) (Entered: 01/26/2022) |
| 01/26/2022 | 113 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Zachary B. Savage, Filing fee $ 100, receipt number ADCDC−9004909. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Shackelford, Stephen) (Entered: 01/26/2022) |
| 01/28/2022 | | MINUTE ORDER. The Court having considered Plaintiffs' 113 Motion for Leave to Appear Pro Hac Vice of Zachary B. Savage, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Zachary B. Savage is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions** Signed by Judge Carl J. Nichols on January 28, 2022. (lccjn2) (Entered: 01/28/2022) |
| 01/28/2022 | 114 | NOTICE of Appearance by Zachary Savage on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC. (Savage, Zachary) (Entered: 01/28/2022) |
| 01/31/2022 | 115 | MOTION to Dismiss *(Dominion's and Hamilton's Motion to Dismiss Lindell's and MyPillow's Counterclaims and Lindell's Third−Party Claims)* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Zachary B. Savage, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Text of Proposed Order)(Savage, Zachary) (Entered: 01/31/2022) |
| 02/01/2022 | 116 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Lee B. Muench, Filing fee $ 100, receipt number ADCDC−9016089. Fee Status: Fee Paid. by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Exhibit A − Declaration of Lee B. Muench, # 2 Text of Proposed Order)(Sinclair, Martin) (Entered: 02/01/2022) |
| 02/02/2022 | | MINUTE ORDER. The Court having considered Plaintiffs' 116 Motion for Leave to Appear Pro Hac Vice of Lee B. Muench, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Lee B. Muench is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions** Signed by Judge Carl J. Nichols on February 2, 2022. (lccjn2) (Entered: 02/02/2022) |
| 02/04/2022 | 117 | NOTICE of Appearance by Lee Muench on behalf of SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. (Muench, Lee) (Entered: 02/04/2022) |
| 02/11/2022 | 118 | MOTION for Sanctions − *Smartmatic Defendants' Motion for Rule 11 Sanctions* by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING |

| | | |
|---|---|---|
| | | B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit List, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43)(Connolly, Joel) (Entered: 02/11/2022) |
| 02/25/2022 | 119 | Memorandum in opposition to re 118 MOTION for Sanctions − *Smartmatic Defendants' Motion for Rule 11 Sanctions* filed by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B)(Daniels, Douglas) (Entered: 02/25/2022) |
| 03/01/2022 | 120 | ORDER. Signed by Judge Carl J. Nichols on March 1, 2022. (lccjn2) (Entered: 03/01/2022) |
| 03/01/2022 | 121 | SCHEDULING ORDER. Signed by Judge Carl J. Nichols on March 1, 2022. (lccjn2) (Entered: 03/01/2022) |
| 03/01/2022 | 122 | MANDATE of USCA as to 66 Notice of Appeal to DC Circuit Court filed by MICHAEL J. LINDELL ; USCA Case Number 21−7103. (Attachments: # 1 Order)(zeg) (Entered: 03/02/2022) |
| 03/01/2022 | | Set/Reset Deadlines/Hearings: Discovery due by 1/12/2023. Dispositive Motions due by 7/29/2023. Response to Dispositive Motions due by 8/31/2023. Reply to Dispositive Motions due by 9/18/2023. Expert Discovery due by 2/28/2023. Initial Disclosure due by 3/25/2022. due by 8/29/2022. Status Conference set for 7/11/2023 at 10:00 AM in Courtroom 19− In Person before Judge Carl J. Nichols. (zcal) (Entered: 03/03/2022) |
| 03/03/2022 | 123 | Unopposed MOTION for Leave to File Excess Pages by MICHAEL J. LINDELL. (Attachments: # 1 Text of Proposed Order)(Daniels, Douglas) (Entered: 03/03/2022) |
| 03/04/2022 | 124 | REPLY to opposition to motion re 118 MOTION for Sanctions − *Smartmatic Defendants' Motion for Rule 11 Sanctions* filed by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Exhibit List, # 2 Exhibit 44, # 3 Exhibit 45, # 4 Exhibit 46, # 5 Exhibit 47, # 6 Exhibit 48, # 7 Exhibit 49, # 8 Exhibit 50, # 9 Exhibit 51, # 10 Exhibit 52, # 11 Exhibit 53, # 12 Exhibit 54)(Connolly, Joel) (Entered: 03/04/2022) |
| 03/04/2022 | 125 | Unopposed MOTION to Stay *Discovery on Third−Party Plaintiff Mike Lindell's Claims Against Smartmatic* by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Connolly, Joel) (Entered: 03/04/2022) |
| 03/07/2022 | | MINUTE ORDER. Upon review of 123 the Unopposed Motion for Leave to File a Brief in Excess of Page Limitations, it is ORDERED that the Motion is GRANTED. Defendant may file one brief of no more than 65 pages in support of the opposition to the Motion to Dismiss, ECF No. 94. Signed by Judge Carl J. Nichols on March 7, 2022. (lccjn2) (Entered: 03/07/2022) |

| | | |
|---|---|---|
| 03/07/2022 | | MINUTE ORDER. Upon review of 125 Unopposed Motion to Stay Discovery on Third−Party Plaintiff's Claims, it is ORDERED that the Motion is GRANTED. Discovery on Mike Lindell's Third−Party Complaint against Smartmatic, including initial disclosures, is stayed pending the Court's ruling on Smartmatic's Motion to Dismiss, ECF No. 94. Signed by Judge Carl J. Nichols on March 7, 2022. (lccjn2) (Entered: 03/07/2022) |
| 03/11/2022 | 126 | Memorandum in opposition to re 115 MOTION to Dismiss *(Dominion's and Hamilton's Motion to Dismiss Lindell's and MyPillow's Counterclaims and Lindell's Third−Party Claims)* filed by MY PILLOW, INC.. (Attachments: # 1 Text of Proposed Order)(Parker, Andrew) (Entered: 03/11/2022) |
| 03/11/2022 | 127 | Memorandum in opposition to re 115 MOTION to Dismiss *(Dominion's and Hamilton's Motion to Dismiss Lindell's and MyPillow's Counterclaims and Lindell's Third−Party Claims)* filed by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit Index, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Daniels, Douglas) (Entered: 03/11/2022) |
| 03/18/2022 | 128 | NOTICE *of Subpoena to the University of Michigan* by MICHAEL J. LINDELL (Attachments: # 1 Subpoena)(Daniels, Douglas) (Entered: 03/18/2022) |
| 03/18/2022 | 129 | NOTICE *of Subpoena to Dr. J. Alex Halderman* by MICHAEL J. LINDELL (Attachments: # 1 Subpoena)(Daniels, Douglas) (Entered: 03/18/2022) |
| 03/25/2022 | 130 | Consent MOTION for Extension of Time to File Response/Reply as to 115 MOTION to Dismiss *(Dominion's and Hamilton's Motion to Dismiss Lindell's and MyPillow's Counterclaims and Lindell's Third−Party Claims)* , Consent MOTION for Leave to File Excess Pages by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Text of Proposed Order)(Walker, Laranda) (Entered: 03/25/2022) |
| 03/25/2022 | 131 | MOTION to Stay *Discovery* by HAMILTON PLACE STRATEGIES, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Walker, Laranda) (Entered: 03/25/2022) |
| 03/28/2022 | 132 | NOTICE of Appearance by Andrew D. Parker on behalf of MICHAEL J. LINDELL (Parker, Andrew) (Entered: 03/28/2022) |
| 03/29/2022 | 133 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MICHAEL J. LINDELL. Attorney Douglas A. Daniels and Heath Novosad terminated. (Daniels, Douglas) (Entered: 03/29/2022) |
| 04/01/2022 | | MINUTE ORDER. Upon review of 131 Motion to Stay Discovery, it is ORDERED that the Motion is GRANTED. It is further ORDERED that discovery is stayed on Lindell's third−party complaint against Hamilton, including initial disclosures, until Hamiltons motion to dismiss is resolved. Signed by Judge Carl J. Nichols on April 1, 2022. (lccjn2) (Entered: 04/01/2022) |
| 04/01/2022 | | MINUTE ORDER. Upon review of 130 Consent Motion for Extension of Time, it is ORDERED that the Motion is GRANTED. It is further ORDERED that Dominion and Hamilton may file one reply brief of no more than 40 pages in support of their joint motion to dismiss on or before April 8, 2022. Signed by Judge Carl J. Nichols on April 1, 2022. (lccjn2) (Entered: 04/01/2022) |
| 04/01/2022 | | Set/Reset Deadlines: Reply Brief due by 4/8/2022. (zcal) (Entered: 04/04/2022) |

| | | |
|---|---|---|
| 04/08/2022 | 134 | REPLY to opposition to motion re 115 MOTION to Dismiss *(Dominion's and Hamilton's Motion to Dismiss Lindell's and MyPillow's Counterclaims and Lindell's Third−Party Claims)* filed by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Declaration of Zachary B. Savage, # 2 Exhibit 1)(Savage, Zachary) (Entered: 04/08/2022) |
| 05/19/2022 | 135 | MEMORANDUM OPINION. Signed by Judge Carl J. Nichols on May 19, 2022. (lccjn2) (Entered: 05/19/2022) |
| 05/19/2022 | 136 | ORDER. Signed by Judge Carl J. Nichols on May 19, 2022. (lccjn2) (Entered: 05/19/2022) |
| 05/19/2022 | | Set/Reset Deadlines: Brief due by 5/27/2022. Brief due by 6/3/2022. (zcal) (Entered: 05/20/2022) |
| 05/27/2022 | 137 | SUPPLEMENTAL MEMORANDUM to re 135 Memorandum & Opinion − *Smartmatic Defendants' Supplemental Rule 11 Brief Pursuant to the Court's May 19, 2022 Order* filed by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15)(Wrigley, Nicole) (Entered: 05/27/2022) |
| 06/02/2022 | 138 | NOTICE of Appearance by Douglas A. Daniels on behalf of MICHAEL J. LINDELL (Daniels, Douglas) (Entered: 06/02/2022) |
| 06/02/2022 | 139 | NOTICE of Appearance by Heath Novosad on behalf of MICHAEL J. LINDELL (Novosad, Heath) (Entered: 06/02/2022) |
| 06/03/2022 | 140 | SUPPLEMENTAL MEMORANDUM to re 136 Order *of May 19, 2022* filed by MICHAEL J. LINDELL. (Attachments: # 1 Exhibit Index, # 2 Exhibit A, # 3 Exhibit B)(Daniels, Douglas) (Entered: 06/03/2022) |
| 07/12/2022 | 141 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MICHAEL J. LINDELL. Attorney Earl N. Mayfield, III terminated. (Mayfield, Earl) (Entered: 07/12/2022) |
| 08/11/2022 | 142 | MOTION to Amend re 121 Order *to Amend Scheduling Order* by MY PILLOW, INC.. (Parker, Andrew) Modified docket event/text on 8/17/2022 (zed). (Entered: 08/11/2022) |
| 08/19/2022 | | MINUTE ORDER. It is ORDERED that the 142 Stipulated Motion to Amend Scheduling Order is GRANTED. Signed by Judge Carl J. Nichols on August 19, 2022. (lccjn2) (Entered: 08/19/2022) |
| 08/19/2022 | 143 | AMENDED SCHEDULING ORDER. Signed by Judge Carl J. Nichols on August 19, 2022. (lccjn2) (Entered: 08/19/2022) |
| 08/19/2022 | | Set/Reset Deadlines/Hearings: Discovery due by 4/14/2023. Dispositive Motions due by 11/3/2023. Response to Dispositive Motions due by 12/18/2023. Reply to Dispositive Motions due by 1/17/2024. Expert Discovery due by 5/26/2023. Plaintiff Rule 26(a)(1) due by 6/24/2022. Defendant Rule 26(a)(1) due by 6/24/2022. Time to effectuate service upon party due by 12/2/2022. Status Conference set for 10/4/2023 at 10:00 AM in Courtroom 19− In Person before Judge Carl J. Nichols. (zcal) (Entered: 08/19/2022) |

| | | |
|---|---|---|
| 08/26/2022 | 144 | ENTERED IN ERROR.....MOTION for Hearing *Correspondence to Court* by MICHAEL J. LINDELL. (Attachments: # 1 Draft Protective Order)(Parker, Andrew) Modified on 9/1/2022 (zed). (Entered: 08/26/2022) |
| 09/01/2022 | | NOTICE OF ERROR regarding 144 MOTION for Hearing *Correspondence to Court*. The following error(s) need correction: Incorrect format (Letter)− correspondence is not permitted (LCvR 5.1(a)). Please refile. (zed) (Entered: 09/01/2022) |
| 09/06/2022 | | Set/Reset Hearings: Status Conference set for 9/16/2022 at 10:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcal) (Entered: 09/06/2022) |
| 09/16/2022 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference held on 9/16/2022. Counsel meet and confer and email Courtroom Deputy by 9/23/2022. Court Reporter: Lorraine Herman. (zcal) (Entered: 09/16/2022) |
| 09/29/2022 | | MINUTE ORDER. It is ORDERED that Plaintiffs' September 28, 2022 request for leave to file a motion for a protective order is GRANTED. Signed by Judge Carl J. Nichols on September 29, 2022. (lccjn2) (Entered: 09/29/2022) |
| 09/30/2022 | 145 | MOTION for Protective Order by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Text of Proposed Order)(Walker, Laranda) (Entered: 09/30/2022) |
| 10/12/2022 | 146 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Matthew R. Eslick, Filing fee $ 100, receipt number ADCDC−9593379. Fee Status: Fee Paid. by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Pull, Joseph) (Attachment 2 replaced on 10/13/2022) (zed). (Entered: 10/12/2022) |
| 10/14/2022 | 147 | Memorandum in opposition to re 145 Motion for Protective Order, filed by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Declaration Declaration of Andrew D. Parker, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M)(Parker, Andrew) (Entered: 10/14/2022) |
| 10/19/2022 | | MINUTE ORDER. The Court having considered Defendants' 146 Motion for Leave to Appear Pro Hac Vice of Matthew R. Eslick, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Matthew R. Eslick is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Carl J. Nichols on October 19, 2022. (lccjn2) (Entered: 10/19/2022) |
| 10/20/2022 | 148 | NOTICE of Appearance by Matthew R. Eslick on behalf of All Defendants (Eslick, Matthew) (Entered: 10/20/2022) |
| 10/21/2022 | 149 | REPLY to opposition to motion re 145 MOTION for Protective Order *Regarding Third Party Subpoenas* filed by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Declaration of Laranda Walker, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Walker, Laranda) (Entered: 10/21/2022) |

| | | |
|---|---|---|
| 12/01/2022 | 150 | MOTION to Amend/Correct 143 Scheduling Order *Stipulated Motion to Amend Scheduling Order* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Walker, Laranda) (Entered: 12/01/2022) |
| 12/02/2022 | 151 | AMENDED SCHEDULING ORDER. Signed by Judge Carl J. Nichols on December 2, 2022. (lccjn2) (Entered: 12/02/2022) |
| 12/06/2022 | 152 | PROTECTIVE ORDER setting forth procedures for handling confidential material. Signed by Judge Carl J. Nichols on December 6, 2022. (lccjn2) (Entered: 12/06/2022) |
| 12/08/2022 | | MINUTE ORDER. In light of the Court's entry of the 152 Protective Order, it is ORDERED that the Parties shall file supplemental briefing regarding Plaintiffs' pending 145 Motion for Protective Order on or before December 16, 2022. Each side shall file a brief, not exceeding five pages, discussing what effect, if any, the 152 Protective Order has on the issues raised in Plaintiffs' 145 Motion for Protective Order, including whether the 152 Protective Order would prohibit disclosure of any information sought through the third party subpoenas. Signed by Judge Carl J. Nichols on December 8, 2022. (lccjn2) (Entered: 12/08/2022) |
| 12/08/2022 | | Set/Reset Deadlines: Supplemental Briefing due by 12/16/2022. (zcam) (Entered: 12/13/2022) |
| 12/16/2022 | 153 | Memorandum in opposition to re 145 Motion for Protective Order, *Supplemental* filed by MICHAEL J. LINDELL, MY PILLOW, INC.. (Parker, Andrew) (Entered: 12/16/2022) |
| 12/16/2022 | 154 | SUPPLEMENTAL MEMORANDUM to re 145 MOTION for Protective Order filed by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of Laranda Walker in Further Support of Plaintiff's Motion for Protective Order Regarding Third Party Subpoenas, # 2 Exhibit 1)(Walker, Laranda) (Entered: 12/16/2022) |
| 12/22/2022 | 155 | Supplemental MOTION for Order *Protective Order Regarding Third Party Subpoenas* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC. (Attachments: # 1 Affidavit of Laranda Walker, # 2 Exhibit 1)(Walker, Laranda) (Entered: 12/22/2022) |
| 12/22/2022 | 156 | RESPONSE re 155 Supplemental MOTION for Order *Protective Order Regarding Third Party Subpoenas* filed by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Declaration Declaration of Andrew Parker, # 2 Exhibit Ex. 1 to Parker Declaration)(Parker, Andrew) (Entered: 12/22/2022) |
| 01/03/2023 | | MINUTE ORDER. Upon review of Plaintiffs' 145 Motion for Protective Order, Defendants' opposition, and the Parties' supplemental briefing, it is ORDERED that the Parties shall appear for a telephonic hearing at 2:00 PM on January 10, 2023. Signed by Judge Carl J. Nichols on January 3, 2023. (lccjn2) (Entered: 01/03/2023) |
| 01/03/2023 | | Set/Reset Hearings: Telephone Conference set for 1/10/2023 at 2:00 PM via Telephone before Judge Carl J. Nichols. (zjch, ) (Entered: 01/03/2023) |
| 01/03/2023 | | ENTERED IN ERROR.....Set/Reset Hearings: Status Conference set for 1/10/2023 at 10:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcam) Modified on 1/9/2023 (zcam). (Entered: 01/04/2023) |

| | | |
|---|---|---|
| 01/10/2023 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference held on 1/10/2023. The Court directed the parties to meet and confer no later than January 20, 2023, make a good faith effort to narrow the set of information requested of the counties and follow with the Court no later than January 27, 2023, on their agreement or respective proposals; filings shall be no more than 10 pages long. (Court Reporter Jeff Hook.) (ztg) (Entered: 01/10/2023) |
| 01/27/2023 | 157 | SUPPLEMENTAL MEMORANDUM to re 153 Memorandum in Opposition, 147 Memorandum in Opposition, 156 Response to motion, filed by MICHAEL J. LINDELL, MY PILLOW, INC.. (Parker, Andrew) (Entered: 01/27/2023) |
| 01/27/2023 | 158 | SUPPLEMENTAL MEMORANDUM to re 145 MOTION for Protective Order *Supplemental Memorandum In Support* filed by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Exhibit A − Subpoena to Dakota County, # 2 Text of Proposed Order)(Walker, Laranda) (Entered: 01/27/2023) |
| 02/09/2023 | 159 | PROTECTIVE ORDER regarding third−party subpoenas. Signed by Judge Carl J. Nichols on February 9, 2023. (lccjn2) (Entered: 02/09/2023) |
| 04/06/2023 | 160 | NOTICE OF SUPPLEMENTAL AUTHORITY by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. (Attachments: # 1 Exhibit Exhibit A)(Muench, Lee) (Entered: 04/06/2023) |
| 05/05/2023 | 161 | MOTION to Amend/Correct 143 Scheduling Order, 151 Order on Motion to Amend/Correct, Set/Reset Deadlines/Hearings, 121 Order , MOTION for Scheduling Order by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Exhibit Proposed Order)(Pusch, Dustin) (Entered: 05/05/2023) |
| 05/15/2023 | 162 | AMENDED SCHEDULING ORDER. Signed by Judge Carl J. Nichols on May 15, 2023. (lccjn2) (Entered: 05/15/2023) |
| 05/15/2023 | | Set/Reset Deadlines: Proponents To Designate Expert Witnesses And Produce Expert Reports Under Fed. R. Civ. 26(a)(2) due by 2/12/2024. (mac) (Entered: 05/15/2023) |
| 05/31/2023 | | MINUTE ORDER. It is ORDERED that the Defendants and the third−party subpoena recipients shall appear for a telephonic status conference on June 5, 2023 at 11:30 AM. It is further ORDERED that the Defendants shall notify the third parties of this Order by 5:00 PM today. Signed by Judge Carl J. Nichols on May 31, 2023. (lccjn2) (Entered: 05/31/2023) |
| 06/05/2023 | | Minute Entry for proceedings held Telephonically before Judge Carl J. Nichols: Telephonic Status Conference held on 6/5/2023. (Court Reporter SARA WICK.) (mac) (Entered: 06/05/2023) |
| 06/08/2023 | 163 | NOTICE of Appearance by Eve Levin on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Levin, Eve) (Entered: 06/08/2023) |
| 06/08/2023 | 164 | Joint MOTION to Amend/Correct 152 Protective Order by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Text of Proposed Order)(Walker, Laranda) (Entered: 06/08/2023) |

| | | |
|---|---|---|
| 06/14/2023 | | MINUTE ORDER. It is ORDERED that the Clerk shall randomly assign a District Judge for noticing on this case for purposes of handling the dispute involving the deposition subpoenas. Signed by Judge Carl J. Nichols on June 14, 2023. (lccjn2) (Entered: 06/14/2023) |
| 06/15/2023 | | NOTICE of Random Assignment of Judge Trevor N. McFadden pursuant to MINUTE ORDER dated 6/14/23 ORDERING that the Clerk shall randomly assign a District Judge for noticing on this case for purposes of handling the dispute involving the deposition subpoenas. (ztnr) (Entered: 06/15/2023) |
| 06/16/2023 | | NOTICE of Random Reassignment of Judge Timothy J. Kelly pursuant to MINUTE ORDER dated 6/14/23 ORDERING that the Clerk shall randomly assign a District Judge for noticing on this case for purposes of handling the dispute involving the deposition subpoenas. (ztnr) (Entered: 06/16/2023) |
| 06/16/2023 | 165 | AMENDED PROTECTIVE ORDER. Signed by Judge Carl J. Nichols on June 16, 2023. (lccjn2) (Entered: 06/16/2023) |
| 06/28/2023 | 166 | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to MICHAEL J. LINDELL, MY PILLOW, INC.. Attorney Matthew R. Eslick terminated. (Parker, Andrew) Modified on 6/30/2023 (zed). (Entered: 06/28/2023) |
| 06/30/2023 | | NOTICE OF ERROR regarding 166 Notice of Withdrawal of Appearance. The following error(s) need correction: Notice of withdrawal must be signed and filed by the withdrawing attorney and signed by the party/parties represented (LCvR 83.6(b)). (zed) (Entered: 06/30/2023) |
| 07/07/2023 | 167 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Edgar Sargent, Filing fee $ 100, receipt number BDCDC−10188481. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Declaration Declaration of Edgar Sargent in Support of Motion for Admission Pro Hac Vice, # 2 Text of Proposed Order [Proposed] Order)(Shackelford, Stephen) (Entered: 07/07/2023) |
| 07/07/2023 | 168 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Elizabeth B. Hadaway, Filing fee $ 100, receipt number ADCDC−10188527. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Declaration of Elizabeth B. Hadaway, # 2 Text of Proposed Order)(Shackelford, Stephen) (Entered: 07/07/2023) |
| 07/07/2023 | 169 | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. Attorney Brittany Fowler; Justin A. Nelson; Jordan Mikhail Rux, I; Elisha Barron and Florence Chen terminated. (Shackelford, Stephen) Modified on 7/11/2023 (zed). (Entered: 07/07/2023) |
| 07/07/2023 | 170 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Mark H. Hatch−Miller, Filing fee $ 100, receipt number ADCDC−10188554. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Declaration of Mark H. Hatch−Miller, # 2 Text of Proposed Order)(Shackelford, Stephen) (Entered: 07/07/2023) |

| | | |
|---|---|---|
| 07/07/2023 | 171 | NOTICE of Appearance by Eve Levin on behalf of HAMILTON PLACE STRATEGIES, LLC (Levin, Eve) (Entered: 07/07/2023) |
| 07/07/2023 | 172 | NOTICE of Appearance by Jonathan J. Ross on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC. (Ross, Jonathan) (Entered: 07/07/2023) |
| 07/07/2023 | | NOTICE OF ERROR regarding 170 Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Mark H. Hatch−Miller, Filing fee $ 100, receipt number ADCDC−10188554. Fee Status: Fee Paid., 167 Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Edgar Sargent, Filing fee $ 100, receipt number BDCDC−10188481. Fee Status: Fee Paid., 168 Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Elizabeth B. Hadaway, Filing fee $ 100, receipt number ADCDC−10188527. Fee Status: Fee Paid.. The following error(s) need correction: Pro Hac Vice motion must be accompanied by a Certificate of Good Standing issued within the last 30 days (LCvR 83.2(c)(2)). Please file certificate as an Errata (zed) (Entered: 07/07/2023) |
| 07/07/2023 | 173 | ERRATA *Certificate of Good Standing of Edgar Sargent* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC. re 167 Motion for Leave to Appear Pro Hac Vice,. (Shackelford, Stephen) (Entered: 07/07/2023) |
| 07/07/2023 | 174 | ERRATA *Certificate of Good Standing of Elizabeth B. Hadaway* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC. re 168 Motion for Leave to Appear Pro Hac Vice,. (Shackelford, Stephen) (Entered: 07/07/2023) |
| 07/10/2023 | 175 | ERRATA *Certificate of Good Standing of Mark Hatch−Miller* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. re 170 Motion for Leave to Appear Pro Hac Vice,. (Shackelford, Stephen) (Entered: 07/10/2023) |
| 07/11/2023 | | NOTICE OF ERROR regarding 169 Notice of Withdrawal of Appearance,. The following error(s) need correction: Notice of withdrawal must be signed and filed by the withdrawing attorney and signed by the party/parties represented (LCvR 83.6(b)). (zed) (Entered: 07/11/2023) |
| 07/11/2023 | 176 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. Attorney Jordan Mikhail Rux, I terminated. (Rux, Jordan) (Entered: 07/11/2023) |
| 07/11/2023 | 177 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. Attorney Justin A. Nelson terminated. (Nelson, Justin) (Entered: 07/11/2023) |
| 07/12/2023 | 178 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. Attorney Florence Chen terminated. (Chen, Florence) (Entered: 07/12/2023) |
| 07/12/2023 | 179 | |

| | | |
|---|---|---|
| | | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Christina M. Dieckmann, Filing fee $ 100, receipt number ADCDC−10201457. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC.. (Attachments: # 1 Declaration of Christina M. Dieckmann in support of Motion for Admission Pro Hac Vice with Certificate of Good Standing, # 2 Text of Proposed Order Granting Plaintiff's Motion for Admission Pro Hac Vice of Christina M. Dieckmann)(Shackelford, Stephen) (Entered: 07/12/2023) |
| 07/17/2023 | | MINUTE ORDER: Upon consideration of the parties' dispute related to three third−party subpoenas served by Defendants Lindell and My Pillow, Inc., it is hereby ORDERED that Defendants shall file a motion to compel compliance with the subpoenas by August 7, 2023; the United States shall respond by August 28, 2023; and Defendants shall reply by September 11, 2023. It is further ORDERED that Defendants shall promptly provide a copy of this Order to counsel for the United States. Signed by Judge Timothy J. Kelly on 7/17/2023. (lctjk1) (Entered: 07/17/2023) |
| 07/24/2023 | 180 | AMENDED SCHEDULING ORDER. Signed by Judge Carl J. Nichols on July 24, 2023. (lccjn2) (Entered: 07/24/2023) |
| 07/25/2023 | | MINUTE ORDER. The Court having considered Plaintiffs' Motions for Leave to Appear Pro Hac Vice of Edgar Sargent, Elizabeth Hadaway, Mark Hatch−Miller, and Christina Dieckmann, and it appearing to the Court that the attorneys referenced therein meet the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motions are GRANTED. It is further ORDERED that Edgar Sargent, Elizabeth Hadaway, Mark Hatch−Miller, and Christina Dieckmann are ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Carl J. Nichols on July 25, 2023. (lccjn2) (Entered: 07/25/2023) |
| 07/31/2023 | 181 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Nathaniel R. Greene, Filing fee $ 100, receipt number ADCDC−10243419. Fee Status: Fee Paid. by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Declaration Declaration of Nathaniel Greene with Certificates of Good Standing, # 2 Text of Proposed Order)(Pull, Joseph) (Entered: 07/31/2023) |
| 08/03/2023 | | MINUTE ORDER. The Court having considered Defendants' 181 Motion for Leave to Appear Pro Hac Vice of Nathaniel R. Greene, and it appearing to the Court that the attorney referenced therein meet the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Nathaniel R. Greene is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Carl J. Nichols on August 3, 2023. (lccjn2) (Entered: 08/03/2023) |
| 08/07/2023 | 182 | MOTION to Compel *Deposition Testimony of Carlotta Wells* by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Declaration, # 4 Exhibit Ex. A−T to Declaration of Parker, # 5 Text of Proposed Order)(Parker, Andrew) (Entered: 08/07/2023) |
| 08/07/2023 | 183 | MOTION to Compel *Deposition Testimony of John Negroponte* by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Memorandum in Support, # 2 |

| | | |
|---|---|---|
| | | Declaration, # 3 Declaration, # 4 Exhibit Ex. A−T to Declaration of Parker, # 5 Text of Proposed Order)(Parker, Andrew) (Entered: 08/07/2023) |
| 08/10/2023 | 184 | NOTICE of Appearance by Christina Dieckmann on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., HAMILTON PLACE STRATEGIES, LLC, US DOMINION, INC. (Dieckmann, Christina) (Entered: 08/10/2023) |
| 08/17/2023 | 185 | MOTION for Extension of Time to File Response/Reply as to 183 MOTION to Compel *Deposition Testimony of John Negroponte*, 182 MOTION to Compel *Deposition Testimony of Carlotta Wells* by United States. (Attachments: # 1 Text of Proposed Order)(Snyder, Cassandra) (Entered: 08/17/2023) |
| 08/23/2023 | 186 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. Attorney Megan Lambart Meier and Dustin Andrew Pusch terminated. (Meier, Megan) (Entered: 08/23/2023) |
| 08/30/2023 | 187 | NOTICE of Appearance by Elizabeth B. Hadaway on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Hadaway, Elizabeth) (Entered: 08/30/2023) |
| 08/30/2023 | 188 | NOTICE of Appearance by Mark Hatch−Miller on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Hatch−Miller, Mark) (Entered: 08/30/2023) |
| 09/01/2023 | 189 | Memorandum in opposition to re 185 Motion for Extension of Time to File Response/Reply, filed by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Declaration Declaration of Joseph Pull, # 2 Exhibit Ex. A to Declaration of Pull, # 3 Text of Proposed Order)(Parker, Andrew) (Entered: 09/01/2023) |
| 09/04/2023 | 190 | Memorandum in opposition to re 182 Motion to Compel, filed by United States. (Snyder, Cassandra) Modified on 9/5/2023 to correct date filed (zjm). (Entered: 09/05/2023) |
| 09/04/2023 | 191 | Memorandum in opposition to re 183 Motion to Compel, filed by United States. (Snyder, Cassandra) Modified on 9/5/2023 to correct date filed (zjm). (Entered: 09/05/2023) |
| 09/08/2023 | 192 | NOTICE of Appearance by Edgar Sargent on behalf of DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Sargent, Edgar) (Entered: 09/08/2023) |
| 09/11/2023 | 193 | REPLY to opposition to motion re 183 MOTION to Compel *Deposition Testimony of John Negroponte* filed by MICHAEL J. LINDELL, MY PILLOW, INC.. (Parker, Andrew) (Entered: 09/11/2023) |
| 09/11/2023 | 194 | REPLY to opposition to motion re 182 MOTION to Compel *Deposition Testimony of Carlotta Wells* filed by MICHAEL J. LINDELL, MY PILLOW, INC.. (Parker, Andrew) (Entered: 09/11/2023) |
| 09/14/2023 | | Set/Reset Hearings: Status Conference set for 9/21/2023 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcam) (Entered: 09/14/2023) |
| 09/21/2023 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephonic Status Conference held on 9/21/2023. Parties are ordered to meet & confer and conclude discussions by 10/6/2023. Motions from these discussions, if any, due by 10/17/2023. Dominion's Motion to Compel due by 10/13/2023. Oppositions due by 10/27/2023. Parties are ordered to meet & confer and conclude discussions regarding depositions by 10/20/2023. Motions from these discussions, if any, due by 11/1/2023. (Court Reporter: Jan Dickman) (zkh) (Entered: 09/21/2023) |
| 10/05/2023 | 195 | MOTION to Withdraw as Attorney by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Text of Proposed Order, # 4 Certificate of Service)(Parker, Andrew) (Entered: 10/05/2023) |
| 10/06/2023 | 196 | MEET AND CONFER STATEMENT. (Parker, Andrew) (Entered: 10/06/2023) |
| 10/20/2023 | 197 | MOTION for Hearing re 195 MOTION to Withdraw as Attorney by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Text of Proposed Order Proposed Order)(Parker, Andrew) (Entered: 10/20/2023) |
| 11/01/2023 | 198 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MY PILLOW, INC.. Attorney Matthew R. Eslick terminated. (Eslick, Matthew) (Entered: 11/01/2023) |
| 11/02/2023 | 199 | NOTICE *Concerning Discovery Protocol Proposals* by MICHAEL J. LINDELL, MY PILLOW, INC. (Parker, Andrew) (Entered: 11/02/2023) |
| 11/06/2023 | 200 | TRANSCRIPT OF PROCEEDINGS before Judge Carl J. Nichols held on September 21, 2023; Page Numbers: 1−69. Date of Issuance: November 6, 2023. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/27/2023. Redacted Transcript Deadline set for 12/7/2023. Release of Transcript Restriction set for 2/4/2024.(Dickman, Janice) (Entered: 11/06/2023) |
| 11/09/2023 | 201 | NOTICE *of Joinder* by MICHAEL J. LINDELL, MY PILLOW, INC. (Parker, Andrew) (Entered: 11/09/2023) |
| 11/15/2023 | 202 | RESPONSE re 201 Notice (Other) *Defendants Oan, Powell, and Byrne's Motions for Entry of Deposition Protocol* filed by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Text of Proposed Order)(Walker, Laranda) (Entered: 11/15/2023) |
| 12/12/2023 | | MINUTE ORDER granting in part the United States' 185 motion to extend its deadline to respond to Defendants Lindell and My Pillow, Inc.'s 182 and 183 motions |

| | | |
|---|---|---|
| | | to compel and referring Defendants' motions to Magistrate Judge Moxila A. Upadhyaya. Upon consideration of the United States' 185 motion to extend its deadline to respond to Defendants Lindell and My Pillow, Inc.'s 182 and 183 motions to compel, it is hereby ORDERED, *nunc pro tunc*, that the motion is GRANTED as far as it sought an extension until September 4, 2023, which Defendants did not oppose. The Court will treat the United States' 190 and 191 oppositions as timely. Additionally, the parties' briefing on this matter alerted the Court that Defendants are seeking to subpoena deposition testimony by the same two individuals at issue here, Carlotta Wells and John Negroponte, in a similar lawsuit in the District of Minnesota, *Smartmatic USA Corp. v. Lindell*, No. 22−cv−98 (D. Minn.). They have moved to compel compliance with those subpoenas in separate miscellaneous actions in this District, *Smartmatic USA Corp. et al v. Lindell et al*, No. 23−mc−73−CKK−MAU, ECF No. 1 (D.D.C. July 28, 2023) (Wells) and *Lindell et al v. John Negroponte*, 23−mc−78−ACR, ECF No. 1 (D.D.C. Aug. 10, 2023). In light of the above, the Court finds that the interests of judicial economy would be served by litigating these issues before one judge. Therefore, it is further ORDERED that, pursuant to Local Civil Rule 72.2(a), Defendants' 182 and 183 motions to compel are REFERRED directly to Magistrate Judge Moxila A. Upadhyaya. Signed by Judge Timothy J. Kelly on 12/12/2023. (lctjk1) (Entered: 12/12/2023) |
| 12/12/2023 | | CASE DIRECTLY REFERRED to Magistrate Judge Moxila A. Upadhyaya for motions to compel. (zrtw) (Entered: 12/12/2023) |
| 01/10/2024 | 203 | NOTICE of Appearance by Robert J. Cynkar on behalf of MICHAEL J. LINDELL (Cynkar, Robert) (Entered: 01/10/2024) |
| 01/31/2024 | | MINUTE ORDER. It is ORDERED that this matter be referred to Magistrate Judge Upadhyaya for resolution of all discovery disputes before Judge Nichols. So ORDERED by Judge Carl J. Nichols on January 31, 2024. (lccjn2) (Entered: 01/31/2024) |
| 01/31/2024 | | CASE DIRECTLY REFERRED to Magistrate Judge Moxila A. Upadhyaya for resolution of all discovery disputes. (zrtw) (Entered: 02/01/2024) |
| 02/09/2024 | 204 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Deborah B. McIlhenny, Filing fee $ 100, receipt number ADCDC−10679468. Fee Status: Fee Paid. by MICHAEL J. LINDELL. (Attachments: # 1 Declaration Declaration and Attorney Certification, # 2 Exhibit Kansas Certificate of Good Standing, # 3 Exhibit Georgia Certificate of Good Standing, # 4 Text of Proposed Order)(Cynkar, Robert) (Entered: 02/09/2024) |
| 03/06/2024 | | MINUTE ORDER: The Parties shall appear for a status conference on March 18, 2024 at 3:00 PM in person in Courtroom 5 before Magistrate Judge Moxila A. Upadhyaya. The Parties shall meet and confer with each other and the Parties to the cases that are consolidated and/or voluntarily coordinated for discovery related to this litigation, and by March 13, 2024, file on each relevant docket a joint status report that includes (1) the current list of cases that are consolidated/voluntarily coordinated for discovery; and (2) a chart detailing all discovery disputes in these cases using the guidance the Court will email to counsel for the Parties. SO ORDERED. Signed by Magistrate Judge Moxila A. Upadhyaya on 03/06/2024. (lchk) (Entered: 03/06/2024) |
| 03/13/2024 | 205 | Joint STATUS REPORT by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Brook, Davida) |

| | | |
|---|---|---|
| | | (Entered: 03/13/2024) |
| 03/15/2024 | 206 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. Attorney Thomas A. Clare terminated. (Clare, Thomas) (Entered: 03/15/2024) |
| 03/18/2024 | | Minute Entry for proceedings held before Magistrate Judge Moxila A. Upadhyaya: Status Conference held on 3/18/2024. Parties are to abide by deadlines set forth on the record. Order Forth With. Court Reporter: FTR− GOLD; FTR Time Frame: CRTM 5: [3:08:03−4:38:30] (znjb) (Entered: 03/19/2024) |
| 03/19/2024 | | MINUTE ORDER: The Parties shall abide by the deadlines set forth on the record at the March 18, 2024 Discovery Status Hearing. The Parties shall submit to Chambers a word version of their proposed Deposition Protocol as the Court ordered by March 20, 2024. Additionally, the Parties shall submit to Chambers a word version of their proposed discovery protocol and update on any previously identified disputes that they have resolved by March 20, 2024. SO ORDERED. Signed by Magistrate Judge Moxila A. Upadhyaya on 03/19/2024. (lchk) (Entered: 03/19/2024) |
| 03/21/2024 | 207 | TRANSCRIPT OF STATUS CONFERENCE before Magistrate Judge Moxila A. Upadhyaya held on March 18, 2024; Page Numbers: 1−93. Date of Issuance: March 21, 2024. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354−3269. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/11/2024. Redacted Transcript Deadline set for 4/21/2024. Release of Transcript Restriction set for 6/19/2024.(Edwards, Lisa) (Entered: 03/21/2024) |
| 03/21/2024 | 208 | TRANSCRIPT OF STATUS CONFERENCE before Magistrate Judge Moxila A. Upadhyaya held on March 18, 2024; Page Numbers: 1−93. Date of Issuance: March 21, 2024. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354−3269. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal |

| | | |
|---|---|---|
| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/11/2024. Redacted Transcript Deadline set for 4/21/2024. Release of Transcript Restriction set for 6/19/2024.(Edwards, Lisa) (Entered: 03/21/2024) |
| 03/21/2024 | 209 | Amended Protective Order. Signed by Magistrate Judge Moxila A. Upadhyaya on 03/21/2024. (lchk) (Entered: 03/21/2024) |
| 03/21/2024 | 210 | ORDER on Fact Witness Deposition Protocol. Signed by Magistrate Judge Moxila A. Upadhyaya on 03/21/2024. (lchk) (Entered: 03/21/2024) |
| 03/25/2024 | 211 | NOTICE of Change of Address by Eve Levin (Levin, Eve) (Entered: 03/25/2024) |
| 04/03/2024 | 212 | NOTICE of Appearance by Christopher Ivan Kachouroff on behalf of MICHAEL J. LINDELL, MY PILLOW, INC. (Kachouroff, Christopher) (Entered: 04/03/2024) |
| 04/03/2024 | 213 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MICHAEL J. LINDELL, MY PILLOW, INC.. Attorney Ryan Malone; Andrew D. Parker; Joseph Alan Pull; Elizabeth S. Wright; Abraham S. Kaplan and Nathan Lewin terminated. (Parker, Andrew) (Entered: 04/03/2024) |
| 04/16/2024 | 214 | MOTION for Hearing − *Smartmatic's Motion for Status Conference* by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Exhibit A − Proposed Order)(Connolly, Joel) (Entered: 04/16/2024) |
| 04/20/2024 | 215 | TRANSCRIPT OF VIDEO STATUS CONFERENCE PROCEEDINGS before Judge Carl J. Nichols, held on September 16, 2022. Page Numbers: 1−34. Date of Issuance: April 20, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/11/2024. Redacted Transcript Deadline set for 5/21/2024. Release of Transcript Restriction set for 7/19/2024.(Herman, Lorraine) (Entered: 04/20/2024) |
| 05/19/2024 | | MINUTE ORDER. The 214 Motion for Status Conference is GRANTED. It is further ORDERED that the parties shall appear for a video status conference on May 31, 2024 at 10 AM. So ORDERED by Judge Carl J. Nichols on May 19, 2024. (lccjn2) |

| | | |
|---|---|---|
| | | (Entered: 05/19/2024) |
| 05/29/2024 | 216 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Timothy M. Frey, Filing fee $ 100, receipt number ADCDC−10927708. Fee Status: Fee Paid. by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Exhibit A− Certificate of Good Standing, # 2 Declaration of Timothy M. Frey, # 3 Text of Proposed Order)(Connolly, Joel) (Entered: 05/29/2024) |
| 05/29/2024 | 217 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Julie M. Loftus, Filing fee $ 100, receipt number ADCDC−10927871. Fee Status: Fee Paid. by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Exhibit A− Certificate of Good Standing, # 2 Declaration of Julie M. Loftus, # 3 Text of Proposed Order)(Connolly, Joel) (Entered: 05/29/2024) |
| 05/31/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference held on 5/31/2024. Court Reporter: Lorraine Herman. (zcam) (Entered: 05/31/2024) |
| 06/07/2024 | 218 | ORDER denying 182 Motion to Compel; denying 183 Motion to Compel. Signed by Magistrate Judge Moxila A. Upadhyaya on 06/07/2024. (lchk) (Entered: 06/07/2024) |
| 06/07/2024 | 219 | MEMORANDUM OPINION accompanying Order 218 denying 182 Motion to Compel; denying 183 Motion to Compel. Signed by Magistrate Judge Moxila A. Upadhyaya on 06/07/2024. (lchk) (Entered: 06/07/2024) |
| 06/07/2024 | 220 | NOTICE − *Smartmatic's Position Statement Following the Status Conference Held on May 31, 2024* by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. (Connolly, Joel) (Entered: 06/07/2024) |
| 06/13/2024 | | MINUTE ORDER. The Court having considered the 204 Motion for Leave to Appear Pro Hac Vice of Deborah B. McIlhenny, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Deborah B. McIlhenny is ADMITTED to practice before the Court pro hac vice. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a) Click for instructions. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on June 13, 2024. (lccjn2) (Entered: 06/13/2024) |
| 06/13/2024 | | MINUTE ORDER: On June 3, 2024, the District Judge granted the Parties' Joint Motion to Amend the Schedule and entered the order in 21−cv−2130. *See* ECF No. 181 in 21−cv−2130. This Order requires the Parties to abide by the following deadlines: Completion of Fact Discovery: September 30, 2024; Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): October 28, 2024; Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports Under Fed. R. Civ. P. 26(a)(2): December 9, 2024; Deadline for Proponents to Produce Responsive Expert Reports: January 20, 2025; Deadline for Expert Depositions: February 24, 2025; Status Conference: In−Person Status Conference at 11:00 am on February 18, 2025; Deadline to File Dispositive Motions: March 14, 2025; Deadline to File Oppositions to Dispositive Motions: April 21, 2025; Deadline to File Replies in Support of Dispositive Motions: June 2, 2025. The deadlines in this case are therefore updated accordingly. SO |

| | | |
|---|---|---|
| | | ORDERED. Signed by Magistrate Judge Moxila A. Upadhyaya on 06/13/2024. (lchk) (Entered: 06/13/2024) |
| 07/26/2024 | | MINUTE ORDER. The 195 Motion to Withdraw and 197 Motion for a Hearing Regarding the Motion to Withdraw and DENIED AS MOOT in light of the withdrawals noticed in docket entry 213. So ORDERED by Judge Carl J. Nichols on July 26, 2024. (lccjn2) (Entered: 07/26/2024) |
| 08/09/2024 | 221 | NOTICE *of Filing* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Attachments: # 1 Exhibit A − Letter to Judge Upadhyaya)(Brook, Davida) (Entered: 08/09/2024) |
| 08/13/2024 | | MINUTE ORDER: The Parties shall appear for a virtual discovery status hearing on August 20, 2024 at 10:30 AM before Magistrate Judge Moxila A. Upadhyaya. By August 16, 2024, the Parties shall file one joint status report that lists the current remaining discovery disputes, the Parties' efforts to resolve them, and the order in which the Parties seek Court intervention to resolve the disputes. As part of this joint status report, the Parties shall update the Court on which if any disputes related to the Discovery Protocol they have resolved and which disputes remain. SO ORDERED. Signed by Magistrate Judge Moxila A. Upadhyaya on 08/13/2024. (lchk) Signed by Magistrate Judge Moxila A. Upadhyaya on 08/13/2024. (lchk) (Entered: 08/13/2024) |
| 08/16/2024 | | MINUTE ORDER. The Court having considered the 216 and 217 Motions for Leave to Appear Pro Hac Vice of Timothy Frey and Julie Loftus, and it appearing to the Court that the attorneys referenced therein meet the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motions are GRANTED. It is further ORDERED that those individuals are ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 08/16/2024. (lccjn2) (Entered: 08/16/2024) |
| 08/16/2024 | 222 | Joint STATUS REPORT *Second Joint Status Report* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Brook, Davida) (Entered: 08/16/2024) |
| 08/20/2024 | | Minute Entry for proceedings held before Magistrate Judge Moxila A. Upadhyaya: Discovery Conference and Status Hearing held on 8/20/2024. Parties to submit final Discovery Protocol Order incorporating Court's oral rulings no later than August 23, 2024. Court Reporter FTR− GOLD; FTR Time Frame: CRTM 5: [10:54:18−12:15:24][RECESS: 12:15:25−12:26:58][12:26:59−12:59:21]. (znjb) (Entered: 08/20/2024) |
| 08/21/2024 | 223 | NOTICE of Appearance by Julie Loftus on behalf of SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. (Loftus, Julie) (Entered: 08/21/2024) |
| 08/22/2024 | 224 | TRANSCRIPT OF PROCEEDINGS before Magistrate Judge Moxila A. Upadhyaya held on August 20, 2024; Page Numbers: 1−90. Date of Issuance:August 21, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354−3246, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/12/2024. Redacted Transcript Deadline set for 9/22/2024. Release of Transcript Restriction set for 11/20/2024.(Reeves, Sonja) (Entered: 08/22/2024) |
| 08/22/2024 | 225 | NOTICE of Appearance by Timothy M Frey on behalf of SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. (Frey, Timothy) (Entered: 08/22/2024) |
| 08/23/2024 | 226 | NOTICE of Proposed Order *Final Discovery Protocol Order re Discovery Hearing* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Brook, Davida) (Entered: 08/23/2024) |
| 09/10/2024 | | MINUTE ORDER: Dominion and OAN submitted three joint discovery disputes to the Court on August 22, August 26, and September 6, 2024. It appears that only the Parties US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, Herring Networks, Inc., Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb are party to these disputes. To resolve these disputes, the Court hereby ORDERS the aforementioned Parties to appear before Magistrate Judge Moxila A. Upadhyaya for a virtual discovery hearing by Zoom on Thursday, September 12, 2024 at 1 PM. For each of the disputes, each Party should be prepared to explain its positions in no more than five minutes.<br><br>All Parties in the list of cases that are consolidated and/or voluntarily coordinated for discovery related to this litigation have been notified and are welcome, but not required, to attend this hearing.<br><br>Discovery Hearing set for 9/12/2024 at 01:00 PM in Telephonic/VTC before Magistrate Judge Moxila A. Upadhyaya. SO ORDERED. Signed by Magistrate Judge Moxila A. Upadhyaya on 09/10/2024. (lcrd) (Entered: 09/10/2024) |
| 09/12/2024 | | Minute Entry for proceedings held before Magistrate Judge Moxila A. Upadhyaya: Discovery Hearing held and concluded on 9/12/2024. Court Reporter Sara Wick. (znjb) (Entered: 09/12/2024) |
| 09/13/2024 | 227 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− George El−Khoury, Filing fee $ 100, receipt number ADCDC−11156201. Fee Status: Fee Paid. by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Declaration of George El−Khoury, # 2 Text of Proposed Order)(Shackelford, Stephen) (Entered: 09/13/2024) |
| 09/13/2024 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: No later than September 18, 2024, the Parties shall file a joint status report that lists the updated current remaining discovery disputes, the Parties' efforts to resolve them, and the order in which the Parties seek Court intervention to resolve the disputes. As part of this joint status report, the Parties shall update the Court on which, if any, disputes previously submitted to the Court have been resolved or are now moot. SO ORDERED. Joint Status Report due by 9/18/2024. Signed by Magistrate Judge Moxila A. Upadhyaya on 09/13/2024. (lcrd) (Entered: 09/13/2024) |
| 09/13/2024 | | MINUTE ORDER: On September 12, 2024, the Court held a discovery hearing relating to discovery disputes between only US Dominion Inc., et al. ("Dominion") and Herring Networks, Inc. et al. ("Herring"). For the reasons stated on the record at that hearing, it is hereby ORDERED that: (1) Herring's request to depose James Hoover is GRANTED, with such deposition to be limited to no more than three hours of testimony time. The Parties shall meet and confer and submit by email draft letters rogatory to the Court by no later than September 16, 2024; (2) With respect to the question of whether Defendant Robert Herring, Sr. must be compelled to testify, the Parties shall submit their positions in letter briefs not to exceed two pages per side, except Herring may file a one−page reply to Dominion's response. The Parties shall submit the briefing as one document to the Court no later than September 20, 2024; (3) the Parties shall work cooperatively on a subpoena to the three OAN employees for a search of any personal devices for responsive information and shall submit a joint status report to the Court by no later than September 20, 2024; and (4) with the agreement of both Parties, either Party may reschedule already−noticed depositions of third−party witnesses, if such witnesses have made such a request based on burden, up to and including October 31, 2024, notwithstanding the fact discovery cutoff of September 31, 2024. SO ORDERED. Draft letters rogatory due by 9/16/2024. Joint Status Report on subpoenas due by 9/20/2024. Letter Briefs due by 9/20/2024. Signed by Magistrate Judge Moxila A. Upadhyaya on 09/13/2024. (lcrd) (Entered: 09/13/2024) |
| 09/16/2024 | | Set/Reset Deadlines: Joint Status Report due by 9/18/2024. (znjb) (Entered: 09/16/2024) |
| 09/16/2024 | 228 | ORDER: For the reasons stated on the record at the hearing on August 20, 2024, the Parties' Joint Final Discovery Protocol Order 226 is GRANTED. Signed by Magistrate Judge Moxila A. Upadhyaya on 09/16/2024. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (lcrd) (Entered: 09/16/2024) |
| 09/18/2024 | 229 | Joint STATUS REPORT by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Brook, Davida) (Entered: 09/18/2024) |
| 09/23/2024 | | MINUTE ORDER. The Court having considered the 227 Motion for Leave to Appear Pro Hac Vice, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Attorney George El−Khoury is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on September 23, 2024. (lccjn2) (Entered: 09/23/2024) |
| 10/03/2024 | | Set/Reset Hearings: Discovery Hearing set for 10/8/2024 at 02:00 PM in Telephonic/VTC before Magistrate Judge Moxila A. Upadhyaya. (lcrd) (Entered: 10/03/2024) |

| | | |
|---|---|---|
| 10/08/2024 | | Minute Entry for proceedings held before Magistrate Judge Moxila A. Upadhyaya: Discovery Hearing held on 10/8/2024. Order to be issued. Court Reporter Sonja Reeves. (znjb) (Entered: 10/09/2024) |
| 10/09/2024 | | MINUTE ORDER: Pursuant to the Court's order at the discovery hearing on 10/08/2024, the Parties in all five cases consolidated/coordinated for discovery shall submit one joint proposed order incorporating the Court's rulings (which includes the Parties' agreements on certain issues as presented to the Court after the break) by no later than 10/16/2024. SO ORDERED. Signed by Magistrate Judge Moxila A. Upadhyaya on 10/09/2024. (lcrd) (Entered: 10/09/2024) |
| 10/16/2024 | 230 | NOTICE of Proposed Order *Concerning Scheduling and Discovery Disputes* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC. (Dieckmann, Christina) (Entered: 10/16/2024) |
| 10/24/2024 | 231 | MOTION for Status Conference by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Text of Proposed Order)(Loftus, Julie) (Entered: 10/24/2024) |
| 10/24/2024 | 232 | TRANSCRIPT OF PROCEEDINGS before Magistrate Judge Moxila A. Upadhyaya held on October 8, 2024; Page Numbers: 1−73. Date of Issuance:October 24, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354−3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/14/2024. Redacted Transcript Deadline set for 11/24/2024. Release of Transcript Restriction set for 1/22/2025.(Reeves, Sonja) (Entered: 10/24/2024) |
| 11/08/2024 | 233 | ORDER Regarding Scheduling and Discovery Disputes. Signed by Magistrate Judge Moxila A. Upadhyaya on 11/08/2024. (lcrd) (Entered: 11/08/2024) |
| 11/12/2024 | | Set/Reset Deadlines: Dispositive Motions due by 6/13/2025; Opposition to Dispositive Motions due by 7/18/2025; Replies in Support of Dispositive Motions due by 8/29/2025. (znjb) (Entered: 11/12/2024) |
| 01/13/2025 | 234 | ORDER as to 118 Motion for Sanctions. Signed by Judge Carl J. Nichols on January 13, 2025. (lccjn2) (Entered: 01/13/2025) |
| 02/07/2025 | | MINUTE ORDER. The status conference scheduled for February 18, 2025, is hereby VACATED. The Court will reschedule the conference for a date after the close of all discovery. So ORDERED by Judge Carl J. Nichols on February 7, 2025. (lccjn2) |

| | | |
|---|---|---|
| | | (Entered: 02/07/2025) |
| 03/12/2025 | 235 | MOTION for Contempt by SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, SMARTMATIC USA CORP.. (Attachments: # 1 Declaration of Timothy M. Frey, # 2 Exhibit 1 − January 14, 2025 Email, # 3 Exhibit 2 − January 29, 2025 to February 26, 2025 Emails)(Connolly, Joel) (Entered: 03/12/2025) |
| 03/13/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 235 MOTION for Contempt by SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, SMARTMATIC USA CORP.. (Attachments: # 1 Declaration of Timothy M. Frey, # 2 Exhibit 1 − January 14, 2025 Email, # 3 Exhibit 2 − January 29, 2025 to February 26, 2025 Emails)(Connolly, Joel).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/20/2025. (zapb) Modified on 3/14/2025 (zhcn). (Entered: 03/13/2025) |
| 04/03/2025 | | MINUTE ORDER. Upon consideration of the 235 Motion for Contempt, Defendant Mike Lindell and the Third−Party Smartmatic Defendants are ORDERED to appear for a video status conference on April 16, 2025, at 3:30 PM. So ORDERED by Judge Carl J. Nichols on April 3, 2025. (lccjn2) (Entered: 04/03/2025) |
| 04/16/2025 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Video Status Conference held on 4/16/2025. Defense Financial Records due by 4/18/2025. Court Reporter: Lorraine Herman. (zcam) (Entered: 04/16/2025) |
| 04/18/2025 | 236 | SEALED DOCUMENT filed by MICHAEL J. LINDELL, MY PILLOW, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A − PFS, # 2 Exhibit B − AP, # 3 Exhibit C − PL, # 4 Exhibit D)(Kachouroff, Christopher) (Entered: 04/18/2025) |
| 04/29/2025 | 237 | MOTION for Leave to File by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Text of Proposed Order)(Connolly, Joel) (Entered: 04/29/2025) |
| 05/05/2025 | | MINUTE ORDER. The 237 Motion for Leave to File is GRANTED, but the Third−Party Smartmatic Defendants may file the relevant documents only if they first receive (1) written consent from Defendant Mike Lindell or (2) an order from the District Court for the District of Minnesota permitting the documents to be filed under seal in this Court. So ORDERED by Judge Carl J. Nichols on May 5, 2025. (lccjn2) (Entered: 05/05/2025) |
| 05/20/2025 | 238 | Joint MOTION for Extension of Time to *re Amended Scheduling Order* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC.. (Attachments: # 1 Exhibit A − Proposed Amended Scheduling Order)(Walker, Laranda) (Entered: 05/20/2025) |

| | | |
|---|---|---|
| 06/03/2025 | 239 | ORDER GRANTING the Parties' 238 Motion for Extension of Time. See Order for further details. Signed by Magistrate Judge Moxila A. Upadhyaya on June 3, 2025. (lcrd) (Entered: 06/03/2025) |
| 06/03/2025 | | Set/Reset Deadlines: Dispositive Motions due by 10/20/2025. Response to Dispositive Motions due by 11/24/2025. Reply to Dispositive Motions due by 1/5/2026. (lcrd) (Entered: 06/03/2025) |
| 06/09/2025 | 240 | SEALED DOCUMENT filed by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. re Order on Motion for Leave to File, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Frey, Timothy) (Entered: 06/09/2025) |
| 06/16/2025 | 241 | SEALED ORDER. Signed by Judge Carl J. Nichols on 6/16/2025. (This document is SEALED and only available to authorized persons.)(zcam) (Entered: 06/16/2025) |
| 10/31/2025 | | MINUTE ORDER. The Parties are hereby ORDERED to file a Joint Status Report on or before November 14, 2025, that updates the Court about the current status of this case. The report should address whether the Parties still intend to file dispositive motions and whether there are any outstanding motions on which the Court should rule. It is further ORDERED that Defendant Michael J. Lindell shall SHOW CAUSE on or before November 14, 2025, for why he has not complied with the 241 Sealed Order. So ORDERED by Judge Carl J. Nichols on 10/31/2025. (lccjn2) (Entered: 10/31/2025) |
| 11/14/2025 | 242 | Consent MOTION for Extension of Time to *File Joint Status Report and Response to ECF 240* by MICHAEL J. LINDELL, MY PILLOW, INC.. (Kachouroff, Christopher) (Entered: 11/14/2025) |
| 11/14/2025 | 243 | STATUS REPORT by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Brook, Davida) (Entered: 11/14/2025) |
| 11/18/2025 | | ENTERED IN ERROR.....MINUTE ORDER. The 242 Consent Motion for Extension of Time is GRANTED nunc pro tunc. The Parties shall file a Joint Status Report on or before December 14, 2025. Plaintiffs may supplement their 243 Status Report, if necessary, in the Joint Status Report. The Clerk's Office is directed to resend the 240 Sealed Document, including its attached exhibits, and the 241 Sealed Order to the address of record for Defendants. So ORDERED by Judge Carl J. Nichols on 11/18/2025. (lccjn2) Modified on 11/18/2025 (zcam). (Entered: 11/18/2025) |
| 11/18/2025 | | MINUTE ORDER. The 242 Consent Motion for Extension of Time is GRANTED nunc pro tunc. The Parties shall file a Joint Status Report on or before December 14, 2025. Plaintiffs may supplement their 243 Status Report, if necessary, in the Joint Status Report. The Clerk's Office is directed to resend the 241 Sealed Order to the address of record for Defendants. Because the 240 Sealed Document was filed by Third−Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited−−not the Court−−those Third−Party Defendants are directed to ensure that Defendants are served with the 240 Sealed Document and its attached exhibits. So ORDERED by Judge Carl J. Nichols on 11/18/2025. (lccjn2) (Entered: 11/18/2025) |
| 12/12/2025 | 244 | Joint STATUS REPORT by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Brook, Davida) |

| | | |
|---|---|---|
| | | (Entered: 12/12/2025) |
| 12/16/2025 | 245 | STATUS REPORT *Regarding Minute Order Dated November 18, 2025* by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Connolly, Joel) (Entered: 12/16/2025) |
| 01/05/2026 | | MINUTE ORDER. Upon consideration of the 244 Joint Status Report and 245 Status Report, it is hereby ORDERED that Defendants shall file a motion to amend the 239 Amended Scheduling Order on or before January 19, 2026, if they wish to file a motion for summary judgment. If necessary, Plaintiffs shall file a response to that motion to amend on or before February 2, 2026. Neither filing shall exceed five pages. It is further ORDERED that Defendant Michael J. Lindell shall SHOW CAUSE on or before January 19, 2026, for why he has still not complied with the 241 Sealed Order and the Minute Order of October 31, 2025. The Court warns Defendant Lindell that failure to comply with this order may result in further contempt sanctions. So ORDERED by Judge Carl J. Nichols on 01/05/2026. (lccjn2) (Entered: 01/05/2026) |
| 01/19/2026 | 246 | SEALED DOCUMENT filed by MICHAEL J. LINDELL, MY PILLOW, INC. re Order to Show Cause,,,, Set Deadlines,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Affidavit Kachouroff Decl., # 2 Exhibit Kach Decl. Ex. 1, # 3 Exhibit Kach Decl. Ex. 2, # 4 Affidavit Lindell Decl.)(Kachouroff, Christopher) (Entered: 01/19/2026) |
| 01/19/2026 | 247 | Unopposed MOTION for Extension of Time to by MICHAEL J. LINDELL, MY PILLOW, INC.. (Attachments: # 1 Text of Proposed Order)(Kachouroff, Christopher) (Entered: 01/19/2026) |
| 01/21/2026 | 248 | ORDER granting 247 Motion for Extension of Time. Signed by Judge Carl J. Nichols on 01/21/2026. (lccjn2) (Entered: 01/21/2026) |
| 01/21/2026 | | MINUTE ORDER. Upon counsel's request, the Clerk of Court is directed to terminate Cassandra Snyder from this matter. So ORDERED by Judge Carl J. Nichols on 01/21/2026. (lccjn2) (Entered: 01/21/2026) |
| 02/02/2026 | 249 | RESPONSE re 246 Sealed Document, *Smartmatic's Response to Lindell's Brief to Show Cause and Memorandum in Support of Its Motion for Contempt and Request for Fees* filed by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Declaration of T. Frey ISO Smartmatic's Response, # 2 Exhibit 1 to Frey Declaration ISO Smartmatic's Response, # 3 Exhibit 2 to Frey Declaration ISO Smartmatic's Response, # 4 Exhibit 3 to Frey Declaration ISO Smartmatic's Response, # 5 Exhibit 4 to Frey Declaration ISO Smartmatic's Response, # 6 Exhibit 5 to Frey Declaration ISO Smartmatic's Response, # 7 Exhibit 6 to Frey Declaration ISO Smartmatic's Response, # 8 Exhibit 7 to Frey Declaration ISO Smartmatic's Response, # 9 Declaration of C. Flannery, # 10 Exhibit 1 to Flannery Declaration, # 11 Declaration of T. Frey ISO Fee Petition, # 12 Exhibit 1 to Frey Declaration ISO Fee Petition)(Connolly, Joel) (Entered: 02/02/2026) |
| 02/06/2026 | 250 | MOTION to Amend/Correct *Case Caption* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., US DOMINION, INC.. (Attachments: # 1 Supplement Addendum A, # 2 Exhibit A, # 3 Text of Proposed Order)(Brook, Davida) (Entered: 02/06/2026) |

| | | |
|---|---|---|
| 02/09/2026 | 251 | NOTICE of Supplemental Evidence re 249 Response to Document,,,, filed by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Declaration of Timothy Frey, # 2 Exhibit 1− To Declaration)(Frey, Timothy) Modified event on 2/10/2026 (znmw). (Entered: 02/09/2026) |
| 03/10/2026 | 252 | ORDER granting 250 Motion to Amend Case Caption. Signed by Judge Carl J. Nichols on 03/10/2026. (lccjn2) (Entered: 03/10/2026) |
| 03/24/2026 | 253 | SEALED ORDER granting Motion 235 Motion for Contempt. Signed by Judge Carl J. Nichols on 3/24/2026. (This document is SEALED and only available to authorized persons.)(zcam) (Entered: 03/24/2026) |
| 04/07/2026 | 254 | REDACTED DOCUMENT− Redacted Order to 253 Sealed Order by MICHAEL J. LINDELL. (Kachouroff, Christopher) (Entered: 04/07/2026) |
| 04/08/2026 | 255 | NOTICE *Regarding the Court's Order on Smartmatic's Motion for Contempt* by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. re 254 Redacted Document, 253 Sealed Order (Frey, Timothy) (Entered: 04/08/2026) |
| 06/18/2026 | 256 | NOTICE */ SMARTMATIC'S SECOND NOTICE REGARDING THE COURT'S ORDER ON SMARTMATIC'S MOTION FOR CONTEMPT* by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP. re 254 Redacted Document, 253 Sealed Order (Frey, Timothy) (Entered: 06/18/2026) |
| 06/22/2026 | 257 | STIPULATION of Dismissal *with Prejudice* by DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS, INC., LIBERTY VOTE HOLDINGS INC., LIBERTY VOTE USA INC., US DOMINION, INC.. (Brook, Davida) (Entered: 06/22/2026) |
| 06/25/2026 | 258 | MOTION for Entry of Final Judgment by SGO CORPORATION LIMITED, SMARTMATIC INTERNATIONAL HOLDING B.V., SMARTMATIC USA CORP.. (Attachments: # 1 Text of Proposed Order, # 2 [Proposed] Form of Judgment in a Civil Action)(Frey, Timothy) (Entered: 06/25/2026) |
| 07/20/2026 | 259 | ORDER granting 258 Motion for Entry of Final Judgment. Signed by Judge Carl J. Nichols on 07/20/2026. (lccjn2) (Entered: 07/20/2026) |
| 07/21/2026 | 260 | JUDGMENT in favor of Smartmatic against Michael J. Lindell. Approved by Judge Carl J. Nichols on 7/21/2026. (zcam) (Entered: 07/21/2026) |
| 08/20/2026 | 261 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 254 Redacted Document, 258 MOTION for Entry of Final Judgment , 124 Reply to opposition to Motion, 119 Memorandum in Opposition, 249 Response to Document,,,, 253 Sealed Order, Order on Motion for Leave to File, 118 MOTION for Sanctions − *Smartmatic Defendants' Motion for Rule 11 Sanctions*, 251 Supplemental Memorandum, Status Conference, Set Deadlines, 94 MOTION to Dismiss , 255 Notice (Other), 250 MOTION to Amend/Correct *Case Caption*, Order,, Set Hearings, 235 MOTION for Contempt , 234 Order on Motion for Miscellaneous Relief, 104 Memorandum in Opposition, 246 Sealed Document, 237 MOTION for Leave to File , 256 Notice (Other), 120 Order on Motion for Certification for Interlocatory Appeal, 236 Sealed Document, 252 Order on Motion to Amend/Correct, 107 Reply to opposition to Motion, 160 NOTICE OF SUPPLEMENTAL AUTHORITY, 260 Judgment, 259 Order by MICHAEL J. |

| | | |
|---|---|---|
| | | LINDELL. Filing fee $ 605, receipt number ADCDC−12624421. Fee Status: Fee Paid. (Kachouroff, Christopher) (Entered: 08/20/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MY PILLOW, INC., and MICHAEL J. LINDELL,<br><br>Defendants. | ) | Case No. 1:21-cv-00445 (CJN) |

## <u>MICHAEL J. LINDELL'S NOTICE OF APPEAL</u>

Notice is hereby given that Defendant Michael J. Lindell ("Appellant") hereby appeals to the U.S. Court of Appeals for the D.C. Circuit from the following:

1. Document No. 135 Filed 05/19/22 (order of dismissal)
2. Document No.234 Filed January 13, 2025 (sanction order)
3. Document No. 253 Filed March 24, 2026
4. Document No. 260 Filed July 21, 2026

This appeal encompasses all prior rulings and orders merged into or subsumed by the final judgment, including but not limited to the Court's summary judgment rulings, evidentiary rulings, jury instructions, and all other orders adverse to Appellant that are properly reviewable on appeal from the final judgment.

**CERTIFICATE OF SERVICE**

I, Christopher I. Kachouroff, hereby certify that on August 20, 2026, that I caused a true and correct copy of the foregoing document to be filed under seal the ECF filing system in *US Dominion, Inc., et al. v. My Pillow, Inc., and Michael J. Lindell*, Case No. 1:21-cv-00445 (CJN). I also manually served a copy to Smartmatic's attorney Timothy M. Frey, Esq. of Benesch, Friedlander, Coplan, & Aronoff LLP at the following email address: tfrey@beneschlaw.com.

*/s/ Christopher Kachouroff*

Christopher I. Kachouroff, Esq.
**McSweeney, Cynkar & Kachouroff, PLLC**
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
703.365.9900
chris@mck-lawyers.com

AO 450 (Rev. 01/09; DC-03/10) Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| Liberty Vote Holdings Inc., et al. *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV 21-445 (CJN) |
| My Pillow Inc., et al. *Defendant* | ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one):*

❐ the plaintiff *(name)* ______ recover from the defendant *(name)* ______ the amount of ______ dollars ($ ______ ), which includes prejudgment interest at the rate of ______ %, plus postjudgment interest at the rate of ______ %, along with costs.

❐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* ______ recover costs from the plaintiff *(name)* ______ .

☑ other: Third Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corp. Ltd. recover $56,369. Post-judgment interest shall accrue at the rate provided by 28 USC § 1961.

This action was *(check one)*:

❐ tried by a jury with Judge ______ presiding, and the jury has rendered a verdict.

❐ tried by Judge ______ without a jury and the above decision was reached.

☑ decided by Judge Carl J. Nichols on a motion for Rule 11 Sanctions (ECF No. 118); Contempt (ECF Nos. 253, 254)

Date: 07/21/2026

*ANGELA D. CAESAR, CLERK OF COURT*

Courtney Moore — Digitally signed by Courtney Moore Date: 2026.07.21 15:34:30 -04'00'

*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIBERTY VOTE HOLDINGS INC., *et al.*,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>vs.<br><br>MY PILLOW, INC., *Defendant/Counter-Claimant*.<br><br>MICHAEL J. LINDELL, *Defendant/Counter-Claimant/Third-Party Plaintiff*,<br><br>vs.<br><br>SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC,<br><br>*Third-Party Defendants*. | Civil Case No. 21-cv-445 (CJN) |

**ORDER**

Upon consideration of Third-Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited's (collectively, "Smartmatic") Motion to Enter Final Judgment, ECF 258, and Defendant Michael J. Lindell's lack of opposition, *see* LCvR 7(b), it is hereby

ORDERED that Smartmatic's Motion pursuant to Federal Rule of Civil Procedure 58(b)(2) is GRANTED; and it is further

ORDERED that Michael J. Lindell shall pay the total daily contempt penalty of $51,500 ($500 x 103 days of noncompliance) to the Registry of the Court[1] on or before August 21, 2026[2]; and it is further

ORDERED that the Form of Judgment, ECF 258-2, is APPROVED; and it is further

ORDERED that the Clerk of Court is DIRECTED to enter judgment in favor of Smartmatic and against Michael J. Lindell in accordance with the Form of Judgment. Post-judgment interest shall accrue on the judgment at the statutory rate provided by 28 U.S.C. § 1961, but there shall not be any pre-judgment interest or per diem penalties paid to Smartmatic.

Date: July 20, 2026

CARL J. NICHOLS
United States District Judge

[1] "When a sanction is designed to coerce a recalcitrant party to comply, the sanction should be payable to the court, rather than to the opposing party." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006); *see also, e.g.*, *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); *ECIMOS, LLC v. Carrier Corp.*, 479 F. Supp. 3d 730, 736 (W.D. Tenn. 2020). Because the Court imposed the daily civil contempt penalty to coerce compliance, not to compensate Smartmatic, *see* ECF 254 at 5–6 ("The Court . . . agrees with Smartmatic that given Lindell's history of noncompliance, further sanction in the form of a daily penalty is *needed to ensure compliance*." (emphasis added)), Lindell must pay that extra penalty to the Court, not Smartmatic.

[2] If Lindell fails to timely pay that amount to the Court, the Court may impose further sanctions to coerce compliance.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>MYPILLOW, INC., *et al.*,<br><br>*Defendants/Counter-Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., *et al.*,<br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-0445 (CJN) |

**ORDER**

The Court previously dismissed all counterclaims brought by Defendant Michael Lindell against the Smartmatic Third-Party Defendants. *See generally* ECF 135. The Court also granted in part Smartmatic's motion for sanctions, holding "that at the very least Lindell's claim against Smartmatic under the Support or Advocacy Clause falls on the frivolous side of the line" and ordering Lindell to pay some of Smartmatic's costs incurred defending itself. *Id.* at 30. The Court then ordered additional briefing on Smartmatic's costs. *Id.*

Smartmatic requests $546,156 in sanctions, equal to roughly 82.9% of the fees it paid defending itself against the counterclaims and moving for sanctions. *See generally* ECF 137. Lindell argues that no sanctions should be imposed but that, if sanctions are to be imposed, they should be no greater than Smartmatic's costs of defending against the Support or Advocacy Clause claim. *See generally* ECF 140. The Court agrees with the latter of Lindell's arguments and orders

sanctions only as to the claim that it previously found to be frivolous.

Adding up the time entries attributed to defending against that claim, the Court orders Lindell to pay $56,369 to Smartmatic. Pending final judgment and a potential appeal as to Lindell's counterclaims, however, the Court orders that money to be held in escrow by Smartmatic's counsel, subject to an escrow agreement negotiated by the relevant parties.

It is SO ORDERED.

CARL J. NICHOLS
United States District Judge

DATE: January 13, 2025

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

US DOMINION, INC., *et al.*,

*Plaintiffs/Counter-Defendants*,

v.

MYPILLOW, INC., *et al.*,

*Defendants/Counter-Plaintiffs*,

v.

SMARTMATIC USA CORP., *et al.*,

*Third-Party Defendants*.

Civil Action No. 1:21-cv-0445 (CJN)

**ORDER**

As set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that Smartmatic's Motion to Dismiss, ECF No. 94, is GRANTED. It is further ORDERED that Dominion and Hamilton Place's Motion to Dismiss, ECF No. 115, is GRANTED. It is further ORDERED that Smartmatic's Motion for Sanctions, ECF No. 118, is GRANTED IN PART. It is further ORDERED that Smartmatic and Lindell must provide briefs of no more than 10 pages discussing the appropriate amount of costs in light of the Court's Memorandum Opinion. Smartmatic shall file its brief on or before May 27, 2022. Lindell shall file his brief on or before June 3, 2022.

It is SO ORDERED.

CARL J. NICHOLS
United States District Judge

DATE: May 19, 2022

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>MYPILLOW, INC., *et al.*,<br><br>*Defendants/Counter-Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., *et al.*,<br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-0445 (CJN) |

**MEMORANDUM OPINION**

Michael Lindell and MyPillow assert various counterclaims and "third-party" claims against U.S. Dominion, Inc. and its related corporate entities, as well as against Smartmatic, its related corporate entities, and Hamilton Place Strategies, LLC. *See* Lindell's Counterclaims, ECF No. 87; MyPillow's Counterclaims, ECF No. 90. The counter- and third-party-claim defendants have moved to dismiss the claims lodged against them. *See* Dominion's Motion to Dismiss ("Dominion's Mot."), ECF No. 115; Smartmatic's Motion to Dismiss ("Smartmatic's Mot."), ECF No. 94. The Court grants those motions.

## I. The Relevant Procedural and Factual Background

In early 2021, Dominion filed three separate lawsuits against Sidney Powell and entities related to her, Rudy Giuliani, and Michael Lindell and MyPillow, alleging that they each defamed Dominion in connection with the 2020 presidential election. *See US Dominion, Inc. v. Powell*,

554 F. Supp. 3d 42, 49 (D.D.C. 2021). As to Lindell and MyPillow, Dominion alleges *inter alia* that Lindell (the founder of MyPillow) appeared on a Newsmax show and declared that "the biggest fraud is the Dominion machines;" claimed that Dominion machines "were built to cheat" and "steal elections;" and welcomed Dominion to come after him "because he had all the evidence and then they'll finally see it." *Id.* at 54. Dominion also alleges that Lindell leveraged MyPillow as a sponsor of several rallies in support of President Trump, while also offering discounts on products using discount codes such as "FightforTrump," "45," and "PROOF." *Id.*

All defendants moved to dismiss. *Id.* at 56. Lindell and MyPillow filed separate motions, providing a variety of arguments as to why Dominion failed to state a single claim for relief. *Id.* The Court denied both motions (as well as Powell's and Giuliani's motions) in full. *See generally id.* Lindell and MyPillow attempted to appeal the Court's Order. *See* MyPillow's Notice of Appeal, ECF No. 65; Lindell's Notice of Appeal, ECF No. 66. As Lindell and MyPillow saw things, the order denying their motions to dismiss was appealable under the collateral-order doctrine. *See* MyPillow's Notice of Appeal, ECF No. 65; Lindell's Notice of Appeal, ECF No. 66.

While the appeals were pending, the Court ordered Lindell and MyPillow to answer Dominion's Complaint on or before December 2, 2021. *See* Order, ECF No. 85. The Court also ordered Lindell and MyPillow to coordinate and refile as counterclaims in the present action the claims they had asserted against Dominion in separate lawsuits. *See id.* Lindell and MyPillow filed separate answers and lodged their claims against Dominion as counterclaims. *See* Lindell's Counterclaims; *see also* MyPillow's Counterclaims. Meanwhile, the Court of Appeals dismissed Lindell and MyPillow's appeals, *see US Dominion, Inc. v. My Pillow, Inc.*, No. 21-7103, 2022 WL

774080, at *1 (D.C. Cir. Jan. 20, 2022), and the mandate has since issued, *see* Mandate, ECF No. 122.

The allegations supporting Lindell's and MyPillow's claims against Dominion span about five (nearly identical) paragraphs of their separate pleadings. *Compare* Lindell's Counterclaims ¶¶ 130–135 *with* MyPillow's Counterclaims ¶¶ 130–135. According to both Lindell and MyPillow, "Dominion seeks to intimidate those who might dare to come forward with evidence of election fraud, stop criticism of election voting machines, and suppress information about how its machines have been hacked in American elections." Lindell's Counterclaims ¶ 130; *see also* MyPillow's Counterclaims ¶ 130 ("Dominion seeks to stop criticism of electronic election equipment and suppress information about how equipment that it supplied has been hacked in American elections."). Both also allege that "Dominion's exaggerated lawsuits . . . are not about any damages it has suffered; they are designed to intimidate those who exercise their right to free speech about the election." Lindell's Counterclaims ¶ 131; *see also* MyPillow's Counterclaims ¶ 131. Both protest Dominion's decision to send "at least 150 attorney letters, threatening the recipients with legal action;" Lindell's Counterclaims ¶ 132(a); MyPillow's Counterclaims ¶ 132(a); complain about Dominion's decision to file lawsuits against them; Lindell's Counterclaims ¶ 131; MyPillow's Counterclaims ¶ 131; and protest Dominion's "publiciz[ing]" of its lawsuits; Lindell's Counterclaims ¶ 133; MyPillow's Counterclaims ¶ 133.

Lindell asserts eight claims against Dominion: (1) abuse of process, (2) defamation, (3) civil conspiracy, (4) violations of the Racketeer Influenced and Corrupt Organization Act of 18 U.S.C. § 1962 (better known as RICO), (5) violations of the Support or Advocacy Clause of 42 U.S.C. §1985(3), and under 42 U.S.C. § 1983, (6) violations of the Fourteenth Amendment's Equal Protection Clause, (7) violations of the Fourteenth Amendment's Due Process Clause, and (8)

unlawful retaliation and viewpoint discrimination under the First Amendment. *See* Lindell's Counterclaims ¶¶ 142–183. MyPillow asserts five claims against Dominion: (1) abuse of process, (2) tortious interference with prospective economic advantage, and under § 1983, (3) violations of the Fourteenth Amendment's Due Process Clause, (4) unlawful retaliation and viewpoint discrimination under the First Amendment, and (5) reprisal. *See* MyPillow's Counterclaims ¶¶ 145–183.

Lindell has also filed what he styles as a "Third-Party Complaint" against Smartmatic and Hamilton Place. *See generally* Lindell's Counterclaims.[1] Lindell alleges that Dominion's public-relations firm, Hamilton Place, worked with Dominion and "threatened Lindell with financial ruin if he did not stop publicly expressing his political speech regarding the issues surrounding the use of electronic voting machines in the 2020 General Election." *Id.* ¶ 9. He also claims that Smartmatic, together with Dominion and Hamilton Place, has "weaponized the court system and the litigation process in an attempt to silence Lindell's and others' political speech about election fraud and the role of electronic voting machines in it." *Id.* ¶ 36. According to Lindell, Smartmatic, working with Dominion and Hamilton Place, has sought "to punish and deter important constitutionally-protected activity-free expression about a matter of public concern." *Id.* ¶ 136.

[1] In Smartmatic's motion to dismiss, Smartmatic argues that Lindell filed "third-party claims" rather than counterclaims against Smartmatic in an effort to get around the Court's prior Orders as well as the Federal Rules of Civil Procedure. *See* Smartmatic's Mot. at 20–21. Lindell, by contrast, claims that he "has complied with the Court's orders and the Federal Rules of Civil Procedure." Lindell's Opp'n to Smartmatic's Mot. to Dismiss ("Lindell's Opp'n"), ECF No. 104 at 13 n.5. For purposes of the pending motions to dismiss, the Court will construe Lindell's claims against Smartmatic and Hamilton Place as third-party claims rather than as counterclaims. *See* Smartmatic's Reply in Support of the Motion to Dismiss ("Smartmatic's Reply"), ECF No. 107 at 31 (requesting that "the Court dismiss all of Mr. Lindell's third-party claims . . . with prejudice"); *see also* Dominion's Mot. at 64 (requesting that the Court dismiss Lindell's "third-party claims against Hamilton").

Lindell asserts three claims against both Smartmatic and Hamilton Place: (1) civil conspiracy, (2) violations of RICO, and (3) violations of the Support or Advocacy clause. *See Id.* ¶¶ 142–183. Lindell also sues Smartmatic (but not Hamilton Place) under § 1983 for (4) violations of the Fourteenth Amendment's Equal Protection Clause, (5) violations of the Fourteenth Amendment's Due Process Clause, and (6) unlawful retaliation and viewpoint discrimination under the First Amendment. *See id.*

Dominion, Hamilton Place, and Smartmatic (and related entities) have moved to dismiss all of Lindell and MyPillow's claims against them. *See* Dominion's Mot.; *see also* Smartmatic's Mot. The Court addresses the claims in turn.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss filed under Rule 12(b)(6), a plaintiff must plead "facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court treats the "complaint's factual allegations as true and afford[s] the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Atlas Brew Works, LLC v. Barr*, 391 F. Supp. 3d 6, 11 (D.D.C. 2019) (quotation omitted). Although the court accepts all well-pleaded facts in the complaint as true, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The claim to relief must be "plausible on its face," *id.*, meaning that the plaintiff must have pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Lindell's and MyPillow's Claims

### 1. Lindell's and MyPillow's Abuse of Process Claims

Both Lindell and MyPillow assert abuse of process claims against Dominion (and Dominion alone). *See* Lindell's Counterclaims ¶ 142; MyPillow's Counterclaims ¶ 175. At root, Lindell and MyPillow claim that Dominion initiated its lawsuit against them not to recover for the harms that Lindell and MyPillow may have caused Dominion, but rather for the "ulterior purpose" of "silencing" and retaliating against them for speaking out about alleged vulnerabilities of Dominion's election machines. *See* Lindell's Counterclaims ¶ 144; MyPillow's Counterclaims ¶ 177. Lindell, for example, alleges that Dominion "brought suit against Lindell as part of a widespread 'lawfare' campaign designed by Dominion . . . not to compensate for any harm to Dominion caused by the public statements by Lindell and others, but to weaponize the judicial system in order to quash political dissent and silence those who would have the citizens of the United States (and the world, for that matter) know the truth about the grave flaws in Dominion's voting machines (as well as the voting machines of others)." Lindell's Counterclaims ¶ 145. MyPillow likewise contends that Dominion "filed a lawsuit against MyPillow" so that MyPillow would not "criticize" or at least stop criticizing Dominion for its alleged role in the 2020 election. MyPillow's Counterclaims ¶ 178.

To state a claim for the tort of abuse of process under District law, a plaintiff must allege "(1) the existence of an ulterior motive; and (2) an *act* in the use of process other than such as would be proper in the regular prosecution of the charge." *Spiller v. D.C.*, 362 F. Supp. 3d 1, 6 (D.D.C. 2019) (quotation omitted).[2] An ulterior motive is necessary but not sufficient. The second

---

[2] Lindell contends that Minnesota law governs his abuse of process claim. *See* Lindell's Counterclaims ¶ 144. Dominion suggests that either Minnesota law, Colorado law, or District law governs the abuse of process claims. *See* Dominion's Mot. at 19. The elements of a claim of

element of the tort requires "a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." *Spiller*, 362 F. Supp. 3d at 6 (quotation omitted); *Wood v. Neuman*, 979 A.2d 64, 76 (D.C. 2009) (quotation omitted) (noting that the tort of abuse of process "lies where the legal system has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do").

The mere initiation of a lawsuit does not satisfy the second element. *Rockwell Cap. Partners, Inc. v. CD Int'l Enterprises, Inc.*, 311 F. Supp. 3d 52, 55 (D.D.C. 2018); *see also Bannum, Inc. v. Citizens for a Safe Ward Five, Inc.*, 383 F. Supp. 2d 32, 46 n.10 (D.D.C. 2005) (safeguarding "unfettered access to the courts" is paramount); *Ammerman v. Newman*, 384 A.2d 637, 639 (D.C. 1978) (noting that the separate and distinct tort of "malicious prosecution" may expose a defendant to liability for initiating a lawsuit "maliciously and without probable cause"). Rather, the tort targets "improper use" of the judicial process "after issuance" of process. *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980) (quotation omitted); *see also id.* ("Thus, in addition to ulterior motive, one must allege and prove that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge.").

Thus, even assuming that Dominion had an ulterior motive when initiating the lawsuit, Lindell's and MyPillow's abuse of process claims still fail. The "mere issuance of the process is not actionable, no matter what ulterior motive may have prompted it; the gist of the action lies in

---

abuse of process in Minnesota, Colorado, and the District appear to be the same, and the parties do not appear to argue to the contrary. *Compare Stevens v. Mulay*, No. 19-CV-01675-REB-KLM, 2021 WL 1153059, at *1 (D. Colo. Mar. 26, 2021), *with Young v. Klass*, 776 F. Supp. 2d 916, 924 (D. Minn. 2011), *with Hall v. Hollywood Credit Clothing Co.*, 147 A.2d 866, 868 (D.C. 1959). The Court, as a result, will apply District law. *See Lemon v. Kramer*, 270 F. Supp. 3d 125, 144 n.13 (D.D.C. 2017) (quotation omitted) ("Under District of Columbia choice-of-law principles, the absence of a true conflict compels the application of District of Columbia law by default.").

the improper use after issuance." *Kopff v. World Rsch. Grp., LLC*, 519 F. Supp. 2d 97, 99 (D.D.C. 2007) (quotation omitted); *see id.* at 100 ("[S]imply filing a lawsuit is not actionable, regardless of the motive that may have prompted the suit."). Here, Lindell and MyPillow root their abuse of process claims on Dominion's decision to file a lawsuit. *See* Lindell's Counterclaims ¶ 142; MyPillow's Counterclaims ¶ 175. But an abuse of process claim may not be based on the mere filing of a lawsuit. *See Simon v. Navon*, 71 F.3d 9, 15–16 (1st Cir. 1995).

MyPillow essentially concedes that the filing of a lawsuit does not constitute abuse of process but argues that it "clearly alleges Dominion is abusing process by *pursuing* the action, and by mailing copies of papers from the action to individuals whom Dominion seeks to intimidate." MyPillow's Opp'n to Dominion's Mot. to Dismiss ("MyPillow's Opp'n"), ECF No. 126 at 34. But the mere pursuit of a lawsuit, just like the mere filing a lawsuit, does not support an abuse of process claim. *See Camm v. Kennickell*, No. CIV. A. 85-3844(CRR), 1990 WL 198621, at *3 (D.D.C. Nov. 20, 1990), *aff'd*, 946 F.2d 1563 (D.C. Cir. 1991); *see also Kaufmann v. Irvin*, No. 18-CV-02091-JLK, 2019 WL 2544070, at *3 (D. Colo. June 20, 2019) (quotation omitted) ("bringing a . . . case and carrying it to its natural end to obtain a result such an action is designed to achieve doesn't constitute an improper use of process, no matter the motive").

Lindell presents a different argument. In his view, rather than targeting Dominion's lawsuit, his claim targets Dominion's "overarching Lawfare campaign to silence viewpoint-based speech." *See* Lindell's Opp'n to Dominion's Mot. to Dismiss ("Lindell's Dominion Opp'n"), ECF No. 127 at 73. But Lindell fails to identify any *act* that Dominion has taken other than filing and pursuing its lawsuit. His abuse of process claim therefore also fails.

### 2. Lindell's Claims under RICO

Lindell (and not MyPillow) asserts a RICO claim against Dominion, Smartmatic, and Hamilton Place. *See* Lindell's Counterclaims ¶ 152. He claims that Dominion, Smartmatic, and Hamilton Place had the "common purpose of suppressing speech and dissent to the use of electronic voting machines and suppressing demands for investigations into the possible use of electronic voting machines to artificially manipulate voting, vote tabulations, and election results reporting in the 2020 Presidential Election." *Id.* ¶ 156.

Congress enacted RICO in large part to target "the exploitation and appropriation of legitimate business by corrupt individuals." *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Loc. Union 639*, 883 F.2d 132, 139 (D.C. Cir. 1989). To achieve that aim, RICO creates among other things a civil cause of action for "[a]ny person injured in his business or property by reason of a violation" of the Act, § 1964(c); *see also id.* (allowing "[a]ny person injured in his business or property by reason of a violation of section 1962" to bring a civil suit for treble damages, costs, and attorneys' fees).

To state a plausible civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Pyramid Sec. Ltd. v. IB Resol., Inc.*, 924 F.2d 1114, 1116 (D.C. Cir. 1991) (quotation omitted); *E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 11 (D.D.C. 2014) (quotation omitted) (noting that a plaintiff bringing a civil RICO claim must also show a "direct relation between the injury asserted and the injurious conduct alleged" and that the compensable injury flowing from a RICO violation resulted from the defendant's predicate acts). An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Bates v. Nw. Hum. Servs., Inc.*, 466 F. Supp. 2d 69, 78 (D.D.C. 2006) (quotation

omitted). "Racketeering activity" encompasses any act indictable under a list of numerous state and federal offenses known in RICO parlance as "predicate offenses." *See RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 329–30 (2016). And a pattern of racketeering activity involves at least two acts of racketeering activity within the last ten years. *See Republic of Kazakhstan v. Stati*, 380 F. Supp. 3d 55, 60 (D.D.C. 2019).

Lindell contends that Dominion, Smartmatic, Hamilton Place, and Dominion's attorneys at Clare Locke constitute an "association-in-fact" enterprise. *See* Lindell's Counterclaims ¶ 156. An association-in-fact enterprise "is simply a continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009) (quotation omitted) ("[A]n association-in-fact enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct."). Such an enterprise "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.* What's more, the members of a RICO enterprise must be "distinct"—that is, "one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 158 (2001).

Lindell's RICO claim against Smartmatic fails because he fails to allege that Smartmatic shared the requisite common purpose with Dominion or other members of the alleged RICO enterprise. Lindell claims that Smartmatic and Dominion acted in furtherance of the purpose of "suppressing speech and dissent" and "suppressing demands for investigations" about electronic voting machines and their use in the 2020 election. Lindell's Counterclaims ¶ 156. He also claims that Smartmatic and Dominion shared "a common purpose of suppressing dissent to protect their commercial and financial interests shown by their coordinated attack on dissenting speech, which

is akin to a price fixing scheme." *Id.* But Lindell alleges no fact raising an inference that Smartmatic worked with Dominion (or anyone else for that matter) "to pursue by common, coordinated efforts what they could not do on their own." *Browning v. Flexsteel Indus., Inc.*, 955 F. Supp. 2d 900, 913 (N.D. Ind. 2013). He also does not allege that Smartmatic communicated, met, or otherwise coordinated with Dominion or Hamilton Place in furtherance of their supposed "suppressive" aims. In short, Lindell offers no allegations from which to infer a "continuing unit that functions with a common purpose." *Boyle*, 556 U.S. at 948; *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1213 (11th Cir. 2020) ("[Lindell has] failed to allege concrete facts from which the inference may plausibly be drawn that [Smartmatic] shared a common purpose to [engage in suppressive and otherwise illegal conduct] with the other participants of the purported association-in-fact enterprise.").

Lindell challenges the conclusion that Smartmatic and Dominion lacked a common purpose because, in his view, the intertwined and "shared corporate history" between the two businesses satisfies the requirement. *See* Lindell's Dominion Opp'n at 77. Yet the corporate history between Dominion and Smartmatic in no way suggests that the two companies "joined together" to achieve an alleged illegal purpose. And Lindell's Complaint contains no allegation that Dominion and Smartmatic did anything to coordinate their supposedly illegal "lawfare" campaign.

As for Lindell's RICO claim against Dominion and Hamilton Place, he fails to allege that Dominion formed a RICO enterprise with its law firm, Clare Locke, or its public-relations firm, Hamilton Place. Plaintiffs "may not plead the existence of a RICO enterprise between a corporate defendant and its agents or employees acting within the scope of their roles for the corporation because a corporation necessarily acts through its agents and employees." *Ray v. Spirit Airlines,*

*Inc.*, 836 F.3d 1340, 1357 (11th Cir. 2016). As courts have repeatedly recognized, a contrary rule would make little sense, because if a corporate defendant were to face RICO liability "for participating in an enterprise comprised only of its agents," then RICO liability "will attach to any act of corporate wrong-doing and the statute's distinctness requirement" between the "person" and the "enterprise" would be "rendered meaningless." *U1it4less, Inc. v. Fedex Corp.*, 871 F.3d 199, 205–06 (2d Cir. 2017). Lindell's Complaint acknowledges that Hamilton Place and Clare Locke operated as Dominion's agents. *See* Lindell's Counterclaims ¶ 156 ("At the direction of Dominion, [Hamilton Place] carried out a vast and never-ending public relations campaign . . . "); *id.* ("[A]t the direction of Dominion, Clare Locke sent hundreds of cease and desist letters . . ."). These allegations are entirely inconsistent with the idea that Dominion, Hamilton Place, and Clare Locke formed a RICO enterprise.

Lindell argues that because "a parent company and its wholly owned subsidiary can be sufficiently distinct for RICO purposes, . . . Dominion, Clare Locke, and [Hamilton Place] can be as well." *Id.* at 46. It is true that in some situations a corporate parent can be distinct from a subsidiary for purposes of forming a RICO enterprise. *See Bates v. Nw. Hum. Servs., Inc.*, 466 F. Supp. 2d 69, 84 (D.D.C. 2006). But Lindell's Complaint contains no allegations that Clare Locke or Hamilton Place did anything outside the scope of their relationship with Dominion. *See Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1382–83 (S.D. Fla. 2010) (finding no RICO enterprise between lawyers and clients because lawyers "were agents of the . . . clients who provided legal and other services").

One other note. These claims fail for an additional, independent reason. Litigation-related activity, even if abusive or meritless, does not "constitute a RICO predicate act." *E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 13 (D.D.C. 2014). Put differently, "allegations of frivolous,

fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018). A contrary rule "would inundate the federal courts with procedurally complex RICO pleadings," and could "chill litigants and lawyers and frustrate the well-established public policy goal of maintaining open access to the courts because any litigant's or attorney's pleading and correspondence in an unsuccessful lawsuit could lead to drastic RICO liability." *Id.* (quotation omitted). Lindell alleges that the supposed RICO enterprise engaged in racketeering activity when it issued "over 150 'cease and desist' letters threatening companies and individuals" with "ruinous litigation." Lindell's Counterclaims ¶ 158. But those cease-and-desist letters, no matter how threatening, constitute litigation-related activity. Indeed, courts have dismissed RICO actions targeting pre-litigation communications. *See Neal v. Second Sole of Youngstown, Inc.*, No. 1:17-CV-1625, 2018 WL 340142, at *3 (N.D. Ohio Jan. 9, 2018) (dismissing a RICO claim premised on a demand letter).

**3. Lindell's Claims under the Support or Advocacy Clause**

Lindell claims that Dominion, Smartmatic, and Hamilton Place violated the Support or Advocacy Clause of 42 U.S.C. § 1985(3) by "silencing speech, dissent, and opposition to the use of electronic voting machines in the 2020 Presidential Election." Lindell's Counterclaims ¶ 166. He also claims that Dominion, Smartmatic, and Hamilton Place "determined to carry out this conspiracy through a coordinated campaign of lawfare—weaponizing the court system and litigation process to threaten, intimidate, and force private citizens like Lindell into silence and retract their public statements regarding opposition to the use of electronic voting machines and their vulnerabilities." *Id.*

The Support or Advocacy Clause provides in pertinent part that:

> [I]f two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a

> legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; to injure any citizen in person or property on account of such support or advocacy.

42 U.S.C. § 1985(3); *see also Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 486 (S.D.N.Y. 2020) (noting that courts and commentators refer to clause of § 1985(3) at issue here as the "Support or Advocacy Clause"); Note, *The Support or Advocacy Clause of § 1985(3)*, 133 HARV. L. REV. 1382, 1386 (2020) (remarking that "the Support or Advocacy Clause has received relatively little attention from litigants or scholars"). Congress enacted the statute during the Reconstruction Era to combat the Ku Klux Klan's use of organized violence "to prevent[] African Americans and their white Republican allies from gaining political power in the South." Richard Primus & Cameron O. Kistler, *The Support or Advocacy Clauses*, 89 FORDHAM L. REV. 145, 151–52 (2020).

To state a claim under the Support or Advocacy Clause, a plaintiff must at a minimum allege a conspiracy. *See* 42 U.S.C. § 1985(3) ("[I]f two or more persons conspire to prevent by force . . . . ").[3] A conspiracy, of course, requires an agreement among defendants. *See Barber v. D.C. Gov't*, 394 F. Supp. 3d 49, 66 (D.D.C. 2019) (Jackson, K.B., J.); *McManus v. D.C.*, 530 F.

---

[3] The Court need not discuss the other elements required to state a plausible claim under the Support or Advocacy Clause. *See Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 487 (S.D.N.Y. 2020) (mentioning the elements of a claim under the Support or Advocacy Clause); Michael Weingartner, *Remedying Intimidating Voter Disinformation Through* § 1985(3)'s *Support-or-Advocacy Clauses*, 110 GEO. L.J. ONLINE 83, 104 (2021) (same); Note, *The Support or Advocacy Clause of* § 1985(3), 133 Harv. L. Rev. 1382, 1386–87 (2020) (same).

Supp. 2d 46, 74 (D.D.C. 2007) (quotation omitted) ("A conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage."). To survive a motion to dismiss, a plaintiff usually must point to some "events, conversations, or documents" indicating an "agreement or a meeting of the minds" among the alleged co-conspirators. *Burnett v. Sharma*, 511 F. Supp. 2d 136, 143 (D.D.C. 2007) (quotation omitted).

Lindell fails to adequately allege an agreement. *See generally Busby v. Cap. One, N.A.*, 932 F. Supp. 2d 114, 141 (D.D.C. 2013) (dismissing a civil conspiracy claim where plaintiff offered just conclusory allegations of an agreement). Lindell's Complaint points to no event, no conversation, no document—really, nothing at all—to suggest that Dominion, Smartmatic, or Hamilton Place reached any sort of "agreement." *See* Lindell's Counterclaims ¶ 166 (alleging generally that the Defendants "had a meeting of the minds to agree on the common purpose of silencing speech, dissent, and opposition to the use of electronic voting machines in the 2020 Presidential Election and the exposure of such machines' vulnerability to cyber-attacks and election tampering"); *id.* (alleging generally that the Defendants "coordinated [a] campaign of lawfare—weaponizing the court system and litigation process to threaten, intimidate, and force private citizens like Lindell into silence"); *id.* ¶ 168 (alleging that the Defendants "conspired to send out over 150 baseless cease and desist letters—including to Lindell—with the express purpose of threatening and intimidating Lindell and others who brought forth evidence of election fraud in the November 2020 general election as part of their support and advocacy for President Trump"). Nor does Lindell offer allegations from which an agreement could be inferred. *See Kurd v. Republic of Turkey*, 374 F. Supp. 3d 37, 52 (D.D.C. 2019) ("While Courts can infer a

conspiracy from indirect evidence, Plaintiffs have not pled facts that would reasonably allow the Court to make such an inference."). At best, Lindell alleges that Dominion and Smartmatic engaged in "parallel conduct." But parallel conduct, without more, does not adequately allege a conspiratorial agreement. *See Lynn v. Amoco Oil Co.*, 459 F. Supp. 2d 1175, 1182 (M.D. Ala. 2006) ("[E]vidence of parallel conduct alone is insufficient to show a conspiratorial agreement."); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, 587 F. Supp. 2d 27, 32 (D.D.C. 2008) (noting the same in the antitrust context). In short, Lindell has made no non-conclusory allegations of a meeting of the minds or any formation of an agreement among Dominion, Smartmatic, Hamilton Place, or others.

**4. Lindell's Civil Conspiracy Claims**

Lindell (and not MyPillow) claims that he may "recover for common law civil conspiracy" against Dominion, Smartmatic, and Hamilton Place "for their collusion and agreement to the common objective or course of action, acting under color of state law, to deprive Plaintiff Lindell of his constitutional rights under the First Amendment, and their overt acts in connection with that common purpose." Lindell's Counterclaims ¶ 181.

To state a common-law civil-conspiracy claim, a plaintiff must allege "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." *He Depu v. Oath Holdings, Inc.*, 531 F. Supp. 3d 219, 246 (D.D.C. 2021) (quotation omitted).[4] Civil conspiracy

[4] Lindell's Complaint suggests that Minnesota law applies to his civil conspiracy claim. *See* Lindell's Counterclaims ¶ 182. The Court need not conduct a choice-of-law analysis because under Minnesota law, Colorado law, and District law, a common-law civil-conspiracy claim does not represent a standalone tort claim. *See Strei v. Blaine*, 996 F. Supp. 2d 763, 795 (D. Minn. 2014) (quotation omitted) ("[A] civil conspiracy claim is merely a vehicle for asserting vicarious

does not represent an independent tort. *See Ford v. Maryland Att'y Gen.*, No. CV 17-2525 (ABJ), 2018 WL 5251742, at *5 n.4 (D.D.C. Oct. 22, 2018). Rather, such a claim depends on one co-conspirator having taken some tortious or criminal act. *Id.*

Even assuming Lindell adequately alleged some underlying illegal conduct,[5] this claim fails because, much like his claim under the Support or Advocacy Clause, he does not adequately allege an agreement. For a claim of civil conspiracy to survive, the complaint must contain "enough factual matter (taken as true) to suggest that an agreement was made." *Lagayan v. Odeh*, 199 F. Supp. 3d 21, 30 (D.D.C. 2016) (quotation omitted). A court may infer such an agreement, as a "plaintiff need not allege that an express or formal agreement was entered into." *Id.* (quotation omitted); *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983) ("Proof of a tacit, as opposed to explicit, understanding is sufficient to show agreement."). But the plaintiff, at a minimum, must allege that "members of the conspiracy in some way or manner . . . came to a mutual understanding to try to accomplish a common and unlawful plan." *Thompson v. Trump*, No. 21-CV-00400

---

or joint and several liability, and thus such a claim is dependent upon a valid underlying tort claim."); *Johnstown Feed & Seed, Inc. v. Cont'l W. Ins. Co.*, 641 F. Supp. 2d 1167, 1183 (D. Colo. 2009) ("Under Colorado law, civil conspiracy is a derivative cause of action, not an actionable claim in and of itself."); *Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000) (noting that "there is no recognized independent tort action for civil conspiracy in the District of Columbia").

[5] Lindell claims that he has pleaded underlying illegal acts based on his claims of "(1) abuse of process; (2) defamation; (3) extortion by threatening and then bringing frivolous litigation against him; (4) violating his rights under 42 U.S.C. § 1985(3); (5) violating 42 U.S.C. § 1983 by depriving him of his rights of equal protection, due process, and First Amendment rights by first threatening and then bringing sham litigation motivated by discriminatory animus against his political viewpoint and speech; and (6) violations of 18 U.S.C. § 1512 and related state laws." Lindell's Dominion Opp'n at 74. The Court, however, has determined for the reasons explained herein that none of those claims survive past this point. As a result, Lindell has failed to allege underlying illegal acts to support his common-law civil-conspiracy claim. *See McMullen v. Synchrony Bank*, 300 F. Supp. 3d 292, 307 (D.D.C. 2018) ("Plaintiff here relies on the underlying fraud claim—which was just deemed insufficient—her conspiracy claim must also founder.").

(APM), 2022 WL 503384, at *30 (D.D.C. Feb. 18, 2022) (quotation omitted). For the reasons discussed above, Lindell fails that requirement here.

Lindell counters that Dominion "and Smartmatic engaged in a 'mutually supportive,' parallel, and calculated pattern of litigation." Lindell's Dominion Opp'n at 76. He claims, too, that Smartmatic and Dominion engaged "in a 'facilitating practice' through which they coordinate their abuses of the legal process." *Id.* at 77. And he points to the "shared histories and past business transactions" between Dominion and Smartmatic. *Id.* at 78. But these are wholly conclusory allegations unsupported by any alleged facts. At best, Lindell claims that Dominion and Smartmatic shared the "common goal" of holding actors like Lindell accountable for allegedly defamatory statements. *See Busby v. Cap. One, N.A.*, 932 F. Supp. 2d 114, 141 (D.D.C. 2013) (noting that "conclusory allegations of an agreement do not suffice; parties must allege facts showing the existence or establishment of an agreement"). That is not enough.

**5. Lindell's Claims under the Equal Protection Clause**

Lindell (and not MyPillow) asserts an Equal Protection Clause claim under 42 U.S.C. § 1983 against Dominion and Smartmatic. *See generally* Lindell's Counterclaims. In particular, Lindell claims that Dominion and Smartmatic violated his "rights under the Equal Protection Clause of the United States Constitution and under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution." *Id.* ¶ 170. Lindell bases his claim on the theory "that Dominion and Smartmatic disfavored the conservative political viewpoint of [] Lindell over those of left-leaning or Democrat-supporting individuals who also publicized the role of Dominion voting machines in election fraud and election tampering." *Id.* ¶ 173.

Without an express (or an implied cause) of action, a plaintiff cannot seek money damages to vindicate an alleged violation of a constitutional or a federal right. *See Comcast Corp. v. Nat'l*

*Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1015 (2020); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1869 (2017) (Thomas, J., concurring in part). *But see Ex parte Young*, 209 U.S. 123, 167–68 (1908) (recognizing a federal court's authority to grant injunctive rather monetary relief); *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015).

Section 1983 provides an express cause of action, as it makes liable every "person" who "under color of" state law "subjects, or causes to be subjected," another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. That provision, however, creates no substantive rights. It rather "provides a vehicle for vindicating rights found in the Constitution or another federal law." *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1160 (6th Cir. 2021); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) ("[Section 1983] entitles an injured person to money damages if a state official violates his or her constitutional rights."). The threshold inquiry under § 1983, then, is to identify a specific federal or constitutional right at issue. *Dibrell*, 984 F.3d at 1160. After that, courts can determine whether the identified right has been violated. *Id.*[6]

Lindell claims that Dominion and Smartmatic violated his rights under the Equal Protection Clause. The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Equal Protection Clause guarantees that the states and the federal government will treat similarly situated individuals in a similar manner. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Bolling v. Sharpe*, 347 U.S. 497 (1954) (embracing reverse incorporation to apply the

[6] The Court recognizes that it may not always be necessary to address as a threshold matter whether the identified right has been violated. Under the doctrine of qualified immunity, *see Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam), courts may consider whether a right "was clearly established" before addressing whether the plaintiff has alleged sufficient facts to make out a violation of a federal right, *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Equal Protection Clause of the Fourteenth Amendment to the federal government). By contrast, "[d]issimilar treatment of dissimilarly situated persons, does not violate equal protection." *Frederick Douglass Found., Inc. v. D.C.*, 531 F. Supp. 3d 316, 339 (D.D.C. 2021) (quotation omitted). One of the keys, then, in evaluating an equal protection claim is "to determine whether a person is similarly situated to those persons who allegedly received favorable treatment." *Id.*

Lindell fails to identify a similarly situated person who has allegedly received more favorable treatment than him. Dominion's suit against Lindell turns on dozens of allegedly false and defamatory statements that Lindell allegedly made with actual malice. Lindell points to no comparator who bears even a slight resemblance to him.

Lindell's claim against Smartmatic fares no better. Lindell fails to allege any interaction with Smartmatic until the start of this litigation. *See Bundy v. Sessions*, 812 F. App'x 1, 2 (D.C. Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Indeed, until this case, "Lindell and Smartmatic had never been parties to the same litigation or had any communication with one another." Smartmatic's Mot. at 35. And even if Lindell and Smartmatic had a requisite connection, Lindell does not even attempt to show that Smartmatic treated him differently relative to a similarly situated comparator.

**6. Lindell and MyPillow's Claims under the First Amendment**

Lindell and MyPillow also assert First Amendment claims under 42 U.S.C. § 1983. Lindell claims that Dominion and Smartmatic "engaged in First Amendment retaliation by sending hundreds of cease and desist letters, filing lawsuits, threatening to sue, and/or waging Lawfare against Lindell for his constitutionally protected speech concerning election integrity and security and Dominion and Smartmatic's role in the November 2020 Presidential Election." Lindell's

Counterclaims ¶ 179. MyPillow likewise contends that Dominion (but not Smartmatic) launched an "illegal campaign to punish and silence their critics violated the First Amendment rights of MyPillow by (a) intentionally seeking, through threats, intimidation, and litigation, to deter MyPillow from exercising its free speech rights, thereby chilling the future exercise of its Constitutional rights." MyPillow's Counterclaims ¶ 150.

To establish a claim for retaliation under the First Amendment, an individual must prove that (1) he engaged in conduct protected under the First Amendment, (2) that a state actor took some retaliatory action sufficient to deter a person of ordinary firmness in plaintiff's position from speaking again; and (3) a causal link exists between the exercise of a constitutional right and the adverse action taken against him. *Doe v. D.C.*, 796 F.3d 96, 106 (D.C. Cir. 2015). To satisfy the causation element, a plaintiff must allege that his "constitutional speech was the 'but for' cause of the defendants' retaliatory action." *Id.* (quotation omitted). The causation inquiry, in this context, is a "subjective one," *BEG Invs., LLC v. Alberti*, 144 F. Supp. 3d 16, 22 (D.D.C. 2015), requiring a plaintiff to "demonstrate that the defendants were 'subjectively motivated' to take their allegedly retaliation action because of the plaintiff's protected activity," *id.* (quotation omitted).

A First Amendment retaliation claim requires that the retaliatory act be taken in response to First Amendment protected speech. But Lindell and MyPillow allege that Dominion has retaliated against them by engaging in pre-litigation activity and by pursuing lawsuits for allegedly defamatory speech (which is not protected by the First Amendment). The Court finds no support—and Lindell and MyPillow have pointed to none—for the proposition that a First Amendment retaliation claim can proceed against an alleged state actor for filing a defamation suit, much less a defamation suit that has survived a motion to dismiss. *See US Dominion, Inc. v. Powell*, 554 F.

Supp. 3d 42 (D.D.C. 2021), *appeal dismissed sub nom. US Dominion, Inc. v. My Pillow, Inc.*, No. 21-7103, 2022 WL 774080 (D.C. Cir. Jan. 20, 2022).

As for Lindell's First Amendment unlawful retaliation claim against Smartmatic, Lindell has failed adequately to allege causation. Recall that to satisfy the causation element, a plaintiff must demonstrate that his "constitutional speech was the 'but for' cause of the defendants' retaliatory action, " *Doe v. D.C.*, 796 F.3d 96, 106 (D.C. Cir. 2015) (quotation omitted), "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive," *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). Here, Lindell fails adequately to allege a causal connection because he has pointed to no First Amendment protected speech of his own that Smartmatic targeted out of retaliatory animus. Smartmatic has allegedly "threatened" Lindell with litigation, but not because of his "constitutionally protected speech concerning election integrity," rather because of his allegedly defamatory statements about Smartmatic and others.

Even assuming that Lindell and MyPillow's allegations plausibly showed that they engaged in conduct protected under the First Amendment and that a causal link exists between the protected activity and the adverse action taken against them, the Court doubts that either Dominion or Smartmatic qualify as state actors with respect to their litigation-related conduct. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019); *see also* Justin Aimonetti, *Derivative Immunity As Savior from State Actor Status*, 34 REGENT U. L. REV. 107, 119 (2022) (noting that the "Supreme Court has forged several different paths for plaintiffs to allege that a private actor should be categorized as a state actor for purposes of Section 1983," and proceeding to describe those various paths). It is at least conceivable that Dominion and Smartmatic may qualify as state actors for some purposes, but the Court very much doubts that their litigation-

related activity counts as state action in this case.[7] Indeed, neither Lindell nor MyPillow allege anything to suggest that the state had involvement with Smartmatic's or Dominion's litigation-related conduct. And both Lindell and MyPillow's claims focus on Dominion and Smartmatic's "lawfare" litigation campaigns rather than their role in the election.

Two last notes. First, and though not clear from the pleadings, Lindell and MyPillow assert what appear to be claims of viewpoint discrimination under the First Amendment. *See* Lindell's Counterclaims ¶ 173 (claiming that "state actor like the Dominion Defendants and Smartmatic Defendants cannot engage in viewpoint-based discrimination in attempting to suppress a private citizen's exercise of its First Amendment right to free speech"); MyPillow's Counterclaims ¶ 150.[8] But neither responds to Dominion's arguments as to why their viewpoint discrimination must be dismissed. *See* Lindell's Dominion Opp'n; MyPillow's Opp'n to Mot. to Dismiss ("MyPillow's Opp'n"), ECF No. 126 at 36 ("MyPillow does not attempt to or need to establish viewpoint discrimination to prevail on its counterclaims."). The Court therefore concludes that Lindell and MyPillow have abandoned their claims of viewpoint discrimination. *See Mosleh v. Howard Univ.*, No. 1:19-CV-0339 (CJN), 2022 WL 898860, at *15 n.6 (D.D.C. Mar. 28, 2022). Second, MyPillow pleads as Count II a claim for unlawful "reprisal." *See* MyPillow's Claims ¶¶ 145–

[7] The Court notes that its limited discussion of the state-actor doctrine in this Memorandum Opinion in no way affects whether Dominion, Smartmatic, or any related entity may qualify as public figures for purposes of defamation law. *See US Dominion, Inc. v. Byrne*, No. 1:21-CV-02131 (CJN), 2022 WL 1165935, at *6 (D.D.C. Apr. 20, 2022) ("Discovery may bear additional fruit on [the question whether Dominion and like entities count as a public officials or as a public figures], which in turn will permit the Court to determine whether the actual malice standard or a negligence standard applies").

[8] Viewpoint discrimination represents "an egregious form of content discrimination," in which the government favors or restricts certain speech based on the "motivating ideology or the opinion or perspective of the speaker." *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995).

157. Although it pleads this in a separate count, MyPillow does not explain how it is any different from the retaliation claim in Count I; indeed, MyPillow treats the two as one and the same in its opposition brief. *See* MyPillow's Opp'n at 17; *id.* at 24 ("Dominion was 'motivated' to engage in 'reprisal' for the exercise of free-speech rights under the First Amendment."). The reprisal/retaliation claim fails for the reasons already explained.

**7. Lindell and MyPillow's Claims under the "Substantive" Due Process Clause**

Both Lindell and MyPillow assert Substantive Due Process Clause claims under 42 U.S.C. § 1983. Lindell claims that Dominion and Smartmatic "acted under color of state law to engage in conduct that shocks the conscious because it was so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal, that it amounted to brutal and inhumane abuse of official power literally shocking to the conscience." Lindell's Counterclaims ¶ 174. MyPillow contends that Dominion also deprived it of "due process" when it tried to harm MyPillow as part of its allegedly illegal lawfare campaign. MyPillow's Counterclaims ¶¶ 161–62.

As noted earlier, the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. For an unenumerated right to be protected under the Substantive Due Process Clause that right must at a minimum be "deeply rooted in this Nation's history and tradition." *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 768 (2010) (quotation omitted).

Determining what unenumerated rights qualify as deeply rooted is no easy task. *See Est. of Phillips v. D.C.*, 455 F.3d 397, 403 (D.C. Cir. 2006) (quotation omitted) (noting that the Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-

ended"). Indeed, some judges have suggested that inferior courts should not (or should at least be very hesitant to) recognize unenumerated rights because no "thread of principle" can be derived from Supreme Court case law in the area. *Dronenburg v. Zech*, 741 F.2d 1388, 1391 (D.C. Cir. 1984) (Bork, J.). Current law, nonetheless, recognizes that a substantive due process violation may occur when "the defendant official's behavior [is] so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Est. of Phillips*, 455 F.3d at 403 (quotation omitted).

But neither Lindell nor MyPillow alleges anything that shocks the conscience. *See Smothers v. D.C.*, No. CV 19-2632 (ABJ), 2020 WL 5411294, at *6 (D.D.C. Sept. 9, 2020) (quotation omitted) ("For governmental action to be arbitrary and conscience shocking in the constitutional sense, it must violate the decencies of civilized conduct."). Filing a lawsuit, sending cease-and-desist letters in anticipation of a lawsuit, and discussing a lawsuit with the media all fall well short of satisfying the shock-the-conscience test. *See Viehweg v. City of Mount Olive*, 559 F. App'x 550, 553 (7th Cir. 2014) ("Forcing a person to defend a pointless suit is objectionable, but [a person in such a scenario has] available to him—as part of that very litigation—remedies to protect him from a vexatious suit.").

**8. MyPillow's Claim of Tortious Interference with Prospective Economic Advantage**

MyPillow asserts a claim of tortious interference with prospective economic advantage against Dominion (and Dominion alone). MyPillow claims that Dominion "intentionally and improperly interfered with MyPillow's prospective contractual relations by falsely maligning MyPillow in public, thereby inducing many of MyPillow's commercial suppliers and buyers to terminate their long-standing relationships with MyPillow so that MyPillow lost the benefit of its expected future sales to and from these entities." MyPillow's Counterclaims ¶ 168.

To recover under Minnesota law for tortious interference with prospective economic advantage,[9] a plaintiff "must plausibly allege: (1) the existence of a reasonable expectation of economic advantage belonging to the plaintiff; (2) the defendant's knowledge of that expectation; (3) the defendant's wrongful interference with that expectation; (4) a reasonable probability that the plaintiff would have realized the expectation absent the defendant's conduct; and (5) damages." *Marco Techs., LLC v. Midkiff*, No. 19-CV-2323 (PJS/LIB), 2020 WL 12442072, at *8 (D. Minn. Feb. 24, 2020); *see also Gieseke ex rel. Diversified Water Diversion, Inc. v. IDCA, Inc.*, 844 N.W.2d 210, 217 (Minn. 2014) (clarifying "that a cause of action for tortious interference with prospective economic advantage is a viable claim in Minnesota"). The third element—the defendant's wrongful interference with the plaintiff's reasonable expectation of economic advantage—requires that the defendant's intentional interference is either independently tortious or in violation of state or federal law. *Id.* That requirement ensures that "fair competition is not chilled." *Id.* (quotation omitted).

Here, Dominion's alleged interference is neither independently tortious nor in violation of state or federal law. Recall that MyPillow alleges that Dominion interfered with its expectation of economic advantage by "fil[ing] . . . [a] lawsuit against MyPillow," by making allegedly "false statements about MyPillow" in public, and by "threaten[ing] to bring additional similar lawsuits against others." MyPillow's Counterclaims ¶ 169. In other words, and as MyPillow put it in its opposition brief, Dominion committed independently tortious or unlawful conduct when it violated the federal constitution and committed the tort of abuse of process. *See* MyPillow's Opp'n at 30 ("MyPillow's counterclaims under § 1983, for violation of the First and Fourteenth Amendments

[9] The Parties agree that Minnesota law governs MyPillow's claim against Dominion for tortious interference with prospective economic advantage. *See* Dominion's Mot. at 59; *see also* MyPillow's Opp'n at 30 (analyzing the under Minnesota law).

and for abuse of process each allege conduct by Dominion that is independently tortious or in violation of state or federal law."). But for the reasons discussed above, none of the conduct underlying this claim violates federal or state law or is independently tortious. *See Engelhardt v. Qwest Corp.*, 918 F.3d 974, 982 (8th Cir. 2019) (dismissing a claim of tortious interference with prospective economic advantage under Minnesota law because defendant's conduct neither violated "federal or state law" nor constituted "independently tortious" conduct).

**9. Lindell's Defamation Claim**

Lindell (and not MyPillow) has brought a defamation claim against only Dominion. As Lindell sees it, Dominion has made numerous defamatory statements targeting Lindell during the course of its lawsuit against him. *See* Lindell's Counterclaims. Lindell claims that Dominion has defamed him "by calling him a 'liar' and a purveyor of 'the Big Lie'" in its Complaint against him. *Id.* ¶ 150. In Lindell's view, "[l]abeling a private citizen a 'liar' or purveyor of lies is defamation per se, and therefore Lindell is entitled to monetary relief even in the absence of proof of economic loss or special damages." *Id.* ¶ 151.

State law establishes the elements of a defamation claim. *See Devin G. Nunes v. WP Company LLC*, No. 20-7121, 2022 WL 997826, at *3 (D.C. Cir. Apr. 1, 2022).[10] A privilege may shield an individual or entity from liability for making an allegedly defamatory statement even where a plaintiff may have an otherwise colorable defamation claim. *See US Dominion, Inc., et al., v. Patrick Byrne*, No. 1:21-CV-02131 (CJN), 2022 WL 1165935, at *6 (D.D.C. Apr. 20, 2022).

---

[10] Lindell asserts that Minnesota law governs his defamation claim. *See* Lindell's Claims ¶ 149. Dominion contends, and the Court agrees, that no choice-of-law analysis need be undertaken because Minnesota law, Colorado law, and District law all recognize "absolute privilege" for statements made during the life cycle of a lawsuit. *See* Dominion's Mot. at 26 n.6; *Compare Sturdivant v. Seaboard Serv. Sys., Ltd.*, 459 A.2d 1058, 1060 (D.C. 1983) *with Seidl v. Greentree Mortg. Co.*, 30 F. Supp. 2d 1292, 1313 (D. Colo. 1998), *with Pinto v. Internationale Set, Inc.*, 650 F. Supp. 306, 308 (D. Minn. 1986).

One such privilege is the "judicial-proceedings privilege." *Park v. Brahmbhatt*, 234 A.3d 1212, 1215 (D.C. 2020); *Teltschik v. Williams & Jensen, PLLC*, 748 F.3d 1285, 1287 (D.C. Cir. 2014) (Kavanaugh, J.). Under that privilege, both an attorney and an attorney's client receive "absolute immunity from actions in defamation for communications related to judicial proceedings." *Park v. Brahmbhatt*, 234 A.3d 1212, 1215 (D.C. 2020). Two requirements must be satisfied for the privilege to attach. *Id.* First, the allegedly defamatory statement must have been made in the course of or preliminary to a judicial proceeding. *Id.* Second, the allegedly defamatory statement must be related in some way to the underlying proceeding. *Id.*; *see also id.* (quotation omitted) (noting that statements made preliminary to judicial proceedings relate to the underlying proceeding "so long as an attorney [made the statements] while performing his function as such, there is a reasonable nexus between the publication in question and the litigation under consideration, and the statements had a genuine relationship to potential litigation and were not made as a mere afterthought or [with a] sham rationale").

The judicial-proceedings privilege attaches to Dominion's allegedly defamatory statements. Lindell's defamation claim is based on two allegedly defamatory statements: Dominion called him a "liar" and Dominion labelled him the purveyor of "the Big Lie." Lindell's Counterclaims ¶ 150. Lindell attempts to "supplement" those two statements by referencing additional allegedly defamatory statements. *See* Lindell's Dominion Opp'n at 71 (claiming that Dominion's Complaint further labels Lindell as "deceptive," associates him with "con artists," and claims that he "sells the lie to this day," that he is "duping people," and that he "exploit[s]" people and "knowing lied" to customers). But Dominion made each of these allegedly defamatory statements (including the supplemental ones) during the course of a judicial proceeding, meaning

that the judicial-proceedings privilege attaches. Indeed, even Lindell admits that Dominion made the allegedly defamatory statements "in the D.C. Lawsuit." Lindell's Counterclaims ¶ 150.

Lindell asks the Court to infer "that Dominion and its attorneys made [the allegedly defamatory] statements simply to 'gratify private malice' against Lindell." Lindell's Dominion Opp'n at 71. Even if the Court were prepared to draw such an inference, what makes the judicial-proceedings privilege an "absolute" privilege is that it applies even if someone makes an allegedly defamatory statement with malice. *See Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 339 (D.C. 2001), *overruled on different grounds by McNair Builders, Inc. v. Taylor*, 3 A.3d 1132 (D.C. 2010); *see also Khan v. Yale Univ.*, 511 F. Supp. 3d 213, 220 (D. Conn. 2021) ("The effect of an absolute privilege in a defamation action . . . is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously.").

## IV. Smartmatic's Motion for Sanctions

Smartmatic moves to sanction Lindell and his previous counsel[11] under Federal Rule of Civil Procedure 11 for filing a "frivolous case." Smartmatic's Sanction Motion ("Sanction's Mot."), ECF No. 118; *see* Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."). In particular, Smartmatic argues that Lindell and his counsel should be sanctioned for: (1) "predicat[ing] [Lindell's] claims on allegations that have been disproven by credible,

[11] Douglas A. Daniels and Health A. Novosad had represented Lindell and submitted his counterclaims in the present action. *See* Lindell's Counterclaims at 139. Both Daniels and Novosad withdrew from this action soon after Smartmatic filed its motions for sanctions. *See* Notice of Withdrawal, ECF No. 133.

publicly available sources and rejected by other federal district courts," (2) for filing "claims [that] lack a plausible basis in the law," and (3) for "fil[ing] suit to undermine confidence in the 2020 U.S. election." *Id.* at 8–10. Smartmatic further contends that "Lindell and his counsel must be held jointly and severally liable for the fees Smartmatic has expended defending itself and preparing the instant motion." *Id.* at 47–48. Lindell and his previous counsel oppose the motion for sanctions. *See* Lindell's Opp'n to the Sanctions Motion ("Lindell's Sanctions Opp'n"), ECF No. 119.

The Court will grant Smartmatic's motion in part. The Court agrees with Smartmatic that Lindell has asserted at least some groundless claims. *See* Sanction's Mot. at 18 (contending that Lindell has asserted groundless "factual allegations, accusations of criminality, theories of liability within his existing claims, and causes of action . . . against Smartmatic"). In particular, the Court concludes that at the very least Lindell's claim against Smartmatic under the Support or Advocacy Clause falls on the frivolous side of the line (other claims do too). As a result, the Court orders Lindell and his previous counsel to pay some of the fees and costs Smartmatic has incurred defending itself and moving for sanctions under Rule 11. *See Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 23 (D.D.C. 2004) ("The test under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim."); *Hickey v. Scott*, 738 F. Supp. 2d 55, 74 (D.D.C. 2010) (concluding that "the appropriate sanction is to require [the offending party] to pay for the 'reasonable attorney's fees" the opposing party incurred in defending against the sanctionable claims and moving for Rule 11 sanctions). But the Court requires additional briefing on the amount of appropriate costs under the circumstances.

## V. Conclusion

For the foregoing reasons, Smartmatic's motion to dismiss is **GRANTED**, and its motion for sanctions is **GRANTED IN PART**. Dominion and Hamilton Place's motion to dismiss is also **GRANTED**. Furthermore, the Court **ORDERS** Smartmatic and Lindell to provide briefs of no more than 10 pages discussing the appropriate amount of costs in light of this decision. Smartmatic shall file its brief on or before May 27, 2022. Lindell shall file his brief on or before June 3, 2022. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE: May 19, 2022

CARL J. NICHOLS
United States District Judge